**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748T |

FILED
JUL 12 2005
U.S. COURT OF FEDERAL CLAIMS

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER SECTION 6226 OF THE INTERNAL REVENUE CODE**

**Nature of Action**

1. This is a petition for readjustment of partnership items for the tax year ended December 31, 2000 brought pursuant to Section 6226(b) of the Internal Revenue Code of 1986, as amended (the "Code") and Appendix F of the Rules of the United States Court of Federal Claims to contest the Notice of Final Partnership Administrative Adjustment dated March 9, 2005, a copy of which is attached hereto as Exhibit A (the "FPAA").

2. The Plaintiff is JFW Enterprises, Inc. ("JFW"), a Delaware corporation, a Notice Partner, as defined in Code Section 6231(a)(8), of Stobie Creek Investments LLC, a Delaware limited liability company. The Plaintiff is also the Tax Matters Partner as defined in Code Section 6231(a)(7) with respect to Stobie Creek.

3. The address of JFW and Stobie Creek is 780 Third Avenue, Suite 3400, New York, New York 10017. The taxpayer identification number of Stobie Creek is 13-4106264. The federal income tax return (Form 1065) for Stobie Creek for the period in controversy was filed with the Internal Revenue Service Center, Holtsville, New York.

4. The FPAA was issued on March 9, 2005 for Stobie Creek's taxable year ended December 31, 2000 by the St. Louis, Missouri office of the Internal Revenue Service ("IRS").

**Statement of Claim**

5. The Plaintiff, in its capacity as tax matters partner, did not file a complaint within the time period required by Code Section 6226(a); rather, the plaintiff is filing this Complaint as a notice partner within the time period prescribed by Code Section 6226(b) and in accordance with Rule 2(d)(2) of Appendix F of the Rules of the United States Court of Federal Claims.

6. The Plaintiff's Partnership Items as defined in Code Section 6231(a)(3) have not become Nonpartnership Items within the meaning of Code Section 6231(a)(4) by reason of any of the events described in Code Section 6231(b), and the period within which tax attributes to partnership items may be assessed has not expired. Therefore, the Plaintiff satisfies the requirements of Code Section 6226(d).

7. The Plaintiff hereby seeks:

a. A refund (with interest provided by law) of $4,149,521.35 illegally collected by the IRS;

b. The determination that the IRS erred in determining that:

(i) the basis in the stock of Therma-Tru Corp. ("Therma-Tru") claimed on the federal income tax return of the partners of Stobie Creek is disallowed because Stobie Creek, for the tax year ending April 30, 2000, is a sham and should not be recognized for federal income tax purposes;

(ii) the basis of the Therma-Tru stock is disallowed because it is attributable to transactions that were entered into for purposes of tax avoidance;

(iii) the transactions giving rise to the basis in the Therma-Tru stock including the Code Section 754 election made by Stobie Creek had no business purpose other than tax avoidance, lacked economic substance, and constituted an economic sham for federal income tax purposes;

(iv) even if Stobie Creek existed as a partnership for the tax year ending April 30, 2000 and a Code Section 754 election was properly filed, that there was no excess of outside basis over inside basis;

(v) Stobie Creek, did not establish for either of the periods ending April 30, 2000 and December 31, 2000, that the basis in the Therma-Tru stock was greater than $0 under Code Section 723 thereby increasing the capital gain income with respect to the sale of the Therma-Tru stock by $205,709,374;

(vi) the basis in the Therma-Tru stock and the partners' interest in Stobie Creek is not allowed to the extent that the provisions of Chapter 1, Subchapter K of the Code were used to calculate basis in the Therma-Tru stock and the partners' interest in Stobie Creek;

(vii) Stobie Creek was formed or availed of in connection with the transaction or transactions in the taxable year ending April 30, 2000, a principal purpose of which was to reduce substantially the present value of the partners' federal income tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code;

(viii) the manner in which Stobie Creek and its partners accounted for written call option transactions violated the intent of Subchapter K of the Code;

(ix) the existence of Stobie Creek should be ignored and treating the various transactions engaged in by Stobie Creek as having been engaged in directly by its partners;

(x) the basis in the Therma-Tru stock and the partners' interest in Stobie Creek for the periods ending April 30, 2000 and December 31, 2000 should be disallowed to the extent that the provisions of Chapter 1, Subchapter K of the Code were used to calculate basis in the Therma-Tru stock;

(xi) Stobie Creek for the period ending December 31, 2000 was formed or availed of in connection with a transaction or transactions, the principal purpose of which was to reduce substantially the present value of the partners' federal tax liability in a manner that was inconsistent with the intent of Subchapter K of the Code;

(xii) the manner in which Stobie Creek for the period ending December 31, 2000 and its partners accounted for the basis in the Therma-Tru stock sold and the computation of gain violated the intent of Subchapter K of the Code;

(xiii) the parties accounting for the transaction should be adjusted pursuant to the authority contained in Treas. Reg. Sec. 1.701-2, to achieve results that are consistent with the purported intent of Subchapter K of the Code by ignoring the existence of Stobie Creek for the period ending December 31, 2000 or by treating the transactions engaged in by Stobie Creek for the period ending December 31, 2000 as engaged in directly by its partners;

(xiv) the obligations under various written call options transferred to Stobie Creek for the period ending April 30, 2000 constituted liabilities for purposes of the Treasury regulations;

(xv) even if various options that had been contributed to Stobie Creek for the period ending April 30, 2000 are treated as contributed by its partners, the amount treated as contributed should be reduced by amounts received by the contributing partners from the sale of other call options and that the basis of the contributed options should correspondingly be reduced, both in the hands of the contributing partners and Stobie Creek;

(xvi) the adjusted basis of purchased call options and other contributions by the partners to Stobie Creek during the period ending April 30, 2000 has not been established;

(xvii) neither Stobie Creek nor its partners had established that the basis of the partners' partnership interests was greater than $0 for purposes of determining gain or loss to such partners from the sale, exchange or liquidation of such partnership interests;

(xviii) Treasury Reg. Sec. 1.701-2 is not vague and not ambiguous and, accordingly, enforceable;

(xix) Treasury Reg. Sec. 1.752-6T is not vague, may be applied retroactively and is enforceable, but in attempting to give the provision retroactive effect, the Defendant confirms that the manner in which Stobie Creek and the Plaintiff reflected the transactions in question on their tax returns was correct;

(xx) the adjustments of partnership items of Stobie Creek for the period ending December 31, 2000 are attributable to a tax shelter for which no substantial authority has been established or for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the related transactions; and

(xxi) the underpayments of tax were attributable to substantial understatements of income tax, gross valuation misstatements or negligence resulting in the imposition of penalties pursuant to Code Section 6662.

c. The determination that:

(i) the FPAA fails to describe the factual basis for adjustments or the assertion of any penalties and, therefore, the burden of proof, with respect to such adjustments and penalties, is upon the Defendant.

(ii) the Defendant bears the burden of proof with respect to any issue set forth in the FPAA pursuant to Code Section 7491.

**The Parties**

8. The partners of Stobie Creek for the period ending April 30, 2000 were as follows:

a. DKW Senior Investments, LLC, a Delaware limited liability company, the sole member of which is David K. Welles, Sr. Its address is 3240 Savannah Place, Vero Beach, Florida 32963. Its taxpayer identification number is 34-1923034. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii).

b. DKW Junior Investments, LLC, a Delaware limited liability company, the sole member of which is David K. Welles, Jr. Its address is 112 Rockledge Drive,

Perrysburg, Ohio 43551. Its taxpayer identification number is 34-1922749. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii).

c. JFW Investments, LLC, a Delaware limited liability company, the sole member of which is Jeffrey F. Welles. Its address is 780 Third Avenue, Suite 3400, New York, New York 10017. Its taxpayer identification number is 31-1706252. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii).

d. CSW Investments, LLC, a Delaware limited liability company, the sole member of which is Christopher S. Welles. Its address is 218 Hart Street, Beverly Farms, Massachusetts 01915. Its taxpayer identification number is 31-1706472. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii).

e. PCW Investments, LLC, a Delaware limited liability company, the sole member of which is Peter C. Welles. Its address is 2160 6th Avenue North, Orono, Minnesota 58356. Its taxpayer identification number is 31-1706260. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii).

f. VJ Investments, LLC, a Delaware limited liability company, the sole member of which is Virginia W. Jordan. Its address is 8277 North 39th Street, Longmont, Colorado 80503. Its taxpayer identification number is 34-1923500. It is a disregarded entity pursuant to Treas. Reg. Sec. 301.7701-3(b)(1)(ii).

g. Family trust under the David Welles 1994 Trust. Its address is 3240 Savannah Place, Vero Beach, Florida 32963. Its taxpayer identification number is 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.

9. The partners of Stobie Creek for the period ending December 31, 2000 were as follows:

a. Welles Asset Management, Inc., a Delaware corporation. Its address is 780 Third Avenue, Suite 3400, New York, New York 10017. Its taxpayer identification number is 34-1923048.

b. DKW Senior Enterprises, Inc., a Delaware corporation. Its address is 780 Third Avenue, Suite 3400, New York, New York 10017. Its taxpayer identification number is 34-1923033.

c. DKW Junior Enterprises, Inc., a Delaware corporation. Its address is 112 Rockledge Drive, Perrysburg, Ohio 43551. Its taxpayer identification number is 34-1922752.

d. VJ Enterprises, Inc., a Delaware corporation. Its address is 8277 North 39th Street, Longmont, Colorado 80503. Its taxpayer identification number is 84-1544282.

e. JFW Enterprises, Inc., a Delaware corporation. Its address is 780 Third Avenue, Suite 3400, New York, New York 10017. Its taxpayer identification number is 31-1706253.

f. PCW Enterprises, Inc., a Delaware corporation. Its address is 2160 6th Avenue North, Orono, Minnesota 55356. Its taxpayer identification number is 31-1706261.

g. CSW Asset Management, Inc., a Delaware corporation. Its address is 218 Hart Street, Beverly Farms, Massachusetts 01915. Its taxpayer identification number is 31-1706470.

h. Trust FBO Taylor Jordan. Its address is 2336 Pearl Street, Suite 100, Boulder, Colorado 80302. Its taxpayer identification number is 84-6342281.

i. Trust FBO Christopher W. Welles. Its address is 1220 Park Avenue, New York, New York 10128. Its taxpayer identification number is 04-6764881.

j. Trust FBO Caroline R. Welles. Its address is 1220 Park Avenue, New York, New York 10128. Its taxpayer identification number is 04-6764880.

k. Trust FBO George E. Welles. Its address is 1220 Park Avenue, New York, New York 10128. Its taxpayer identification number is 04-6764878.

l. Trust FBO Wyatt Welles. Its address is 1220 Park Avenue, New York, New York 10128. Its taxpayer identification number is 04-6797597.

m. Trust U/A 12/22/93 FBO Timothy S. Welles. Its address is 1220 Park Avenue, New York, New York 10128. Its taxpayer identification number is 13-7030266.

n. Trust U/A 3/14/95 FBO Emilie D. Welles. Its address is 1220 Park Avenue, New York, New York 10128. Its taxpayer identification number is 13-7077293.

o. Hope V. Welles Gift Trust. Its address is 112 Rockledge Drive, Perrysburg, Ohio 43551. Its taxpayer identification number is 34-7011990.

p. David E. Welles Gift Trust. Its address is 112 Rockledge Drive, Perrysburg, Ohio 43551. Its taxpayer identification number is 34-7011988.

q. Berkeley C. Welles Gift Trust. Its address is 112 Rockledge Drive, Perrysburg, Ohio 43551. Its taxpayer identification number is 34-7011989.

r. Trust FBO Andrew Welles. Its address is 2160 6th Avenue North, Orono, Minnesota 55356. Its taxpayer identification number is 38-7240464.

s. Trust FBO Hunter Welles. Its address is 2160 6th Avenue North, Orono, Minnesota 55356. Its taxpayer identification number is 36-7240465.

10. The defendant is the United States of America with respect to the claims and actions by its agent, the IRS, an executive agency within the Department of Treasury. Service of process may be made on Defendant through the Attorney General at the Tax Division of the Department of Justice and upon such other offices or individuals as may be required.

**Jurisdiction**

11. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b)(1).

**Deposit**

12. On July 11, 2005, Mr. and Mrs. Jeffrey Welles deposited $4,149,521.35 with the IRS at Chicago, Illinois. In accordance with Code Section 6226(e), the deposit represents the amount by which the tax liability of the shareholders of JFW, the filing partner, would be increased if the treatment of partnership items of Stobie Creek on JFW's federal income tax returns was made consistent with the treatment of partnership items on Stobie Creek's partnership federal income tax return, as adjusted by the FPAA issued by the Internal Revenue Service, plus estimated interest. A copy of the letter and the check sent to the IRS representing the deposit is attached hereto as Exhibit B.

**Assignments of Error**

13. The FPAA, and each and every determination and alternative position made by the Commissioner of Internal Revenue ("Commissioner") in the FPAA is erroneous. Specifically, in the FPAA, the Commissioner erred as follows:

a. In failing to recognize the due formation and operation of Stobie Creek for the periods ending April 30, 2000 and December 31, 2000.

b. In failing to recognize, for federal income tax purposes, the basis of the stock in Therma-Tru as reflected on the federal income tax returns of Stobie Creek and its partners, and claiming that such basis was a sham.

c. In asserting that the basis of the stock of Therma-Tru as reflected on the federal income tax returns of Stobie Creek and the gain reported on the returns of its member partners, was attributable to transactions that were entered into for purposes of tax avoidance.

d. In asserting that the transactions giving rise to the basis of the stock in Therma-Tru had no business purpose, lacked economic substance and constituted an economic sham.

e. In failing to give effect to the elections made by Stobie Creek pursuant to Code Sections 754 and 743(b);

f. In asserting that Stobie Creek for the period ending April 30, 2000, violated the intent of Subchapter K of the Code and that pursuant to Treas. Reg. Sec. 1.701-2, Stobie Creek should be disregarded and all transactions engaged in by Stobie Creek should be treated as engaged in directly by its partners.

g. In asserting that Stobie Creek for the period ending December 31, 2000, violated the intent of Subchapter K of the Code and that pursuant to Treas. Reg. Sec. 1.701-2, Stobie Creek should be disregarded and all transactions engaged in by Stobie Creek should be treated as engaged in directly by its partners.

h. In determining that the obligations under the short positions (written call options) which had been transferred to Stobie Creek for the period ending April 30, 2000,

constituted liabilities for purposes of Treas. Reg. Sec. 1.752-6 and reduced the partners basis in Stobie Creek for that period in the amount of $204,575,000.

i. In asserting that even if the foreign currency options are treated as having been contributed to Stobie Creek for the period ending April 30, 2000, the amount treated as contributed by the partners under Code Section 722 is reduced by the amounts received by the contributing partners from the contemporaneous sale of call options.

j. In asserting that the adjusted bases of the long call positions and other contributions made by the partners to Stobie Creek for the period ending April 30, 2000 had not been established under Code Section 723.

k. In asserting that in the case of a sale, exchange, or liquidation of the partnership interests of the partners of Stobie Creek for the periods ending April 30, 2000 and December 31, 2000, the bases of the partnership interests of the partners were not greater than $0 for purposes of determining gain or loss of such partners from the sale, exchange, or liquidation of such partnership interests.

l. In asserting that the 40% penalty attributable to a gross valuation misstatement applies under Code Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h).

m. In asserting that a 20% penalty attributable to negligence or disregard rules and regulations applies as provided by Code Sections 6662(a), 6662(b)(1), and 6662(c).

n. In asserting that a 20% penalty attributable to a substantial understatement of income tax applies under Code Sections 6662(a), 6662(b)(2), and 6662(d).

o. In asserting that a 20% penalty attributable to the substantial valuation misstatement applies under Code Sections 6662(a), 6662(b)(3), and 6662(e).

**Facts**

14. The facts on which Plaintiff relies for the assignment of Commissioner's errors are as follows:

a. The members of the family of David K. Welles, Sr. are tight-knit and tend to make financial decisions jointly through discussion and consensus building.

b. For many years, the members of the family of David K. Welles, Sr. held, directly and indirectly, stock in Therma-Tru, as well as interests in other investment opportunities.

c. Therma-Tru was the Welles family business, having passed from the initial founder to successive generations. It had been built into a successful enterprise through the family's hard work over a long period of time. Because of its value and importance to the family, they desired to consolidate the wealth generated from the business in a jointly-owned and managed entity.

d. During the year 1999, members of the family of David K. Welles, Sr. determined to formalize and consolidate their investment activities in a single investment entity with a centralized management.

e. On March 3, 2000, Stobie Creek was formed as a Delaware limited liability company to formalize and consolidate the investments of the members of the family of David K. Welles, Sr.

f. Stobie Creek was formed for the purpose of holding the investments of the members of the family of David K. Welles, Sr. and of making profits by investing in stocks, securities, options, derivatives, and other forms of investment. All of the members of Stobie Creek participated in its ownership in order to make money and diversify their investment positions.

g. Pursuant to the Stobie Creek Limited Liability Company Agreement, North Channel LLC, a New York limited liability company, was designated the manager of Stobie Creek.

h. The members of North Channel LLC are David K. Welles, Sr. and his wife, Georgia E. Welles. Jeffrey F. Welles is the manager of North Channel LLC.

i. Mr. Jeffrey F. Welles has provided investment management advice to the members of the family of David K. Welles, Sr.

j. Jeffrey F. Welles is a graduate of Dartmouth College (1977 – A.B. in Government and French) and received an M.B.A. from Columbia University in 1985. He was employed as an investment banker at Goldman, Sachs & Co. in New York City during the years 1985 through 1995 and at Lazard Freres from 1995 to 1999, and held various NASD licenses as follows: Series 3 - National Commodities Futures; Series 5 - Interest Rate Options; Series 7 - General Securities Representative; Series 15 - Foreign Currency Options; Section 63 – All States; and Section 65 – Investment Advisor. All of Mr. Welles' licenses (other than Investment Advisor) terminated in 1995 upon leaving the employment of Goldman Sachs. Mr. Welles' Investment Advisor license was terminated in 2000, when Mr. Welles began working at North Channel LLC, a privately held company.

k. In 1999, Jeffrey F. Welles left the employ of Lazard Freres to devote substantial attention to the investment and financial planning objectives of David K. Welles, Sr. and his family members including, for example, investment opportunities, asset diversification, estate planning, shared investment management, joint ownership options and asset protection planning.

l. In addition to his activities as an investment advisor to the members of the family of David K. Welles, Sr., Jeffrey F. Welles serves as the Chairman of the Investment Committee of the Board of Trustees of St. George's School, Newport, Rhode Island; he is a member of the Board of Directors and the Treasurer of Anchor, a not-for-profit organization devoted to the advancement of the education of inner-city youth located in New York City; he is a member of the Investment Committee of the Buckley School, New York City, Board of Directors; and President and Manager of Investments of the Cricket Island Foundation, a private foundation with over $40,000,000 in assets that serves the charitable activities of the family of David K. Welles, Sr.

m. On March 17, 2000, each of DKW Senior Investments, LLC, DKW Junior Investments, LLC, JFW Investments, LLC, CSW Investments, LLC, PCW Investments, LLC, and VJ Investments, LLC was formed as a single member, limited liability company under Delaware law (collectively the "Stobie Creek Member LLCs"). Each such entity was a disregarded entity for federal income tax purposes by reason of Treas. Reg. Sec. 1.301-7701–3(b)(1)(ii).

n. On or around April 14, 2000, Jeffrey F. Welles, and other members of the family of David K. Welles, Sr., transferred portions of their share holdings in Therma-Tru to Stobie Creek.

o. On the basis of Jeffrey F. Welles' prior experience and his then research and analysis, he believed that foreign exchange markets presented potentially lucrative investment opportunities for himself and the several members of the family of David K. Welles, Sr.

p. On or around March 31, 2000, for valid business and investment reasons, member partners of Stobie Creek entered into over-the-counter, non-publicly traded European style foreign currency options on the Euro and the Swiss Franc. For example, JFW Investments, LLC purchased digital options on the Euro/U.S. Dollar exchange rate. The digital options bore a strike price of 0.9912 U.S. Dollars per 1.00 Euro with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, a payoff amount of $19,325,000 and a paid premium of $9,662,500. In addition, JFW Investments, LLC purchased digital options on the Swiss Franc/U.S. Dollar exchange rate. These digital options bore a strike price of 1.7027 Swiss Francs per 1.00 U.S. Dollar with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, a payoff amount of $19,325,000, and a paid premium of $9,662,500 (the "Long Options"). JFW Investments, LLC sold a digital option on the Euro/U.S. Dollar exchange rate at a strike price of 0.9914 U.S. Dollars per 1.00 Euro and received a premium of $9,565,875, with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, and a payoff amount of $19,131,750. The limited liability company also sold a digital option on the Swiss Franc/U.S. Dollar exchange rate at a strike price of 1.7029 Swiss Franc per 1.00 U.S. Dollar and received a premium of $9,565,875, with an expiration date of April 17, 2000, a final exchange date of April 19, 2000, and a payoff amount of $19,131,750 (the "Short Options"). Similar Long Options and Short Options were both purchased and sold by other partners of Stobie Creek.

q. The Long Options and the Short Options on the Euro/U.S. Dollar and on the U.S. Dollar/Swiss Franc were contributed to Stobie Creek by the Stobie Creek

Member LLCs on or around April 3, 2000. The Long Options and Short Options had an aggregate cost basis of $204,575,000.

r. On April 17, 2000, Stobie Creek's Long Options and Short Options terminated.

s. On April 30, 2000, member partners of Stobie Creek holding in excess of 50% of interests in Stobie Creek contributed their separate Stobie Creek interests to individually owned corporations. As a consequence of such transfers, Stobie Creek was terminated for federal income tax purposes pursuant to the provisions of Code Section 708.

t. On its federal income tax return for the period ending April 30, 2000 Stobie Creek and its member partners elected under Code Section 754 to apply the provisions of Code Sections 734(b) and 743(b) to adjust the basis of partnership property pursuant to Code Section 755.

u. For the period ending April 30, 2000, the member partners of Stobie Creek consisted of limited liability companies established by members of the family of David K. Welles, Sr. and trusts held for the benefit of members of the family of David K. Welles, Sr.

v. On May 9, 2000, Stobie Creek sold all of its shares of Therma-Tru and received sales proceeds of $211,151,677 against which it offset its cost basis of $205,709,374, as adjusted pursuant to Code Sections 734(b), 743(b) and 755, thereby realizing and recognizing a gain of $5,442,303.

w. In determining the basis of the assets deemed distributed by Stobie Creek upon its termination on April 30, 2000, Stobie Creek properly determined the basis of

those assets consistent with Code Section 752, the regulations thereunder, as well as established case law by not treating the Short Options as a liability for federal income tax purposes.

x. At all times, Stobie Creek has sought the advice of well qualified investment managers and advisors to evaluate the financial merits of its investments and the proper tax treatment of all transactions in which it engaged.

y. In the case of each of the member partners of Stobie Creek, the transactions involving the purchase and sale of the Long Options and Short Options occurred for substantial non-tax business reasons, including to generate an overall economic profit as a consequence of changes in the relationship and value between the Euro/U.S. Dollar exchange rate and the Swiss Franc/U.S. Dollar exchange rate.

z. In connection with the transactions engaged in by Stobie Creek and its member partners as set forth herein, Stobie Creek and its member partners sought and obtained tax opinions from respected tax advisors who informed them that the tax treatment of the transactions as reported on the respective tax returns of its members was more likely than not correct.

aa. Stobie Creek was not formed or availed of in connection with a transaction a principal purpose of which was to reduce substantially the amount of the member partners' aggregate federal tax liability in a manner that is inconsistent with Subchapter K of the Code.

bb. Currently, Stobie Creek holds hundreds of millions of dollars in assets and has engaged in billions of dollars of trades since its creation, including foreign currency transactions.

cc. Stobie Creek filed its federal income tax returns for the periods ending April 30, 2000 and December 31, 2000 in good faith with due and reasonable regard for the federal income tax rules and regulations. Stobie Creek employed qualified tax professionals who were in possession of all pertinent facts in connection with the preparation and filing of its federal income tax returns. Stobie Creek and its member partners reasonably believed the opinion of their experts that the positions taken on the federal income tax returns were more likely than not correct. The actions undertaken by Stobie Creek and its partners meet and exceed the standard of ordinary care established by Code Sections 6662 and 6664 for taxpayer compliance with federal income tax rules and regulations. Neither Stobie Creek nor its member partners were negligent, nor did any of them act with intentional disregard of the rules and regulations under Code Section 6662.

dd. All transactions reflected on the federal income tax returns of Stobie Creek and its member partners were reported at amounts based on trading transactions with unrelated parties. No amounts on the returns were determined by valuation. Thus, the 40% valuation misstatement penalty is not applicable to Stobie Creek or its partners.

ee. In connection with the transactions engaged in by Stobie Creek and its member partners, no price was paid for any property or services (or for the use of property) between persons described in Code Section 482. Thus, the 20% valuation misstatement penalty is not applicable to Stobie Creek or its member partners.

ff. Stobie Creek had no substantial understatement of its federal income tax. Moreover, none of the transactions at issue engaged in by Stobie Creek and its partners are tax shelters as defined by the Code. Even if a substantial understatement of federal

income tax were ultimately determined to be due, there was substantial authority for the treatment of all items on the April 30, 2000 and December 31, 2000 federal income tax returns of Stobie Creek and each member partner had a reasonable basis for believing that the tax treatment of such items was more likely than not the proper treatment. In addition, all items were disclosed on the appropriate tax return and there was a reasonable basis for the tax treatment of each item.

gg. In all events, no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c).

hh. Accuracy related penalties under Code Section 6662 apply only to an underpayment of tax required to be shown on a return. No tax was required to be shown on the federal income tax returns for Stobie Creek. Accordingly, no penalties are determinable in this proceeding. Even if an underpayment were determined to be due, there was reasonable cause for such underpayment and Stobie Creek and its member partners, acted in good faith and reliance on their qualified tax advisors. Therefore, no penalty is due with respect to such underpayment pursuant to Code Section 6664(c).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For a redetermination of the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties;

2. For recovery of the $4,149,521.35 in taxes deposited (plus any interest permitted by law); and

3. For such further relief to which Plaintiff may be justly entitled.

Dated: July 11, 2005.

Respectfully Submitted

Robert E. Kolek

Ronald S. Safer
Thomas R. Wechter
Theresa M. H. Marx
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781
Stop 4020
St. Louis, MO 63121

**Department of the Treasury**

Refer To: S:C:FC:TS:W:PS

Name of Partnership: Stoble Creek Investments LLC

Partnership Identifying Number: 13-4106284

Tax Year Ended: December 31, 2000

Date FPAA Mailed to the Tax Matters Partner: March 9, 2005

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: (314) 612-4367
(not a toll free number)

Contact Hours: 8:00 AM - 4:30 PM (Monday - Friday)

Date: MARCH 9, 2005

Stoble Creek Investments LLC
JFW Enterprises, Inc., as the
Tax Matters Partner
780 Third Avenue
Suite 3400
New, New York 10017-1024

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

EXHIBIT
A

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Kevin Harris
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (08/2001) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>S:C:FC:TS:W:PS |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br><br>Stobie Creek Investments LLC<br>JFW Enterprises, Inc., as the<br>Tax Matters Partner<br>780 Third Avenue<br>Suite 3400<br>New, New York 10017-1024<br><br>Taxpayer Identifying Number: 13-4106264 | Name of Partnership:<br>Stobie Creek Investments LLC<br><br>Taxpayer Identifying Number:<br>13-4106264<br><br>Name of Tax Matters Partner:<br>JFW Enterprises, Inc. | Tax Year(s) Ended:<br>December 31, 2000 |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**

**&**

**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with section 6224(b) and 6213(d), also waives the restrictions provided by sections 6225(a) and 6213(a) and consents to the assessment and collection of any deficiency attributable to adjustments to partnership items, penalties, additions to tax and additional amounts that relate to adjustments to partnership items, as set forth in the attached schedule of adjustments; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessment under section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date Signed |
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| | | |
|---|---|---|
| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
| | Office | Title |

(See Instructions For Signing Agreement)

# INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the agreement should be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE

## Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

### SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Stobie Creek Investments LLC | 12/31/2000 | | |
| TAXPAYER IDENTIFYING NUMBER: 13-4106264 | | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | -0- | | |
| OTHER ADJUSTMENTS | | | |
| A. Capital Contributions (Schedule M-2, Line 2) | | | |
| (1) ADJUSTMENT | 205,709,374 | | |
| (2) AS REPORTED | 304,792,646 | | |
| (3) CORRECTED | 99,083,272 | | |
| B. Portfolio Income: Net Long-term Capital Gain (Loss) | | | |
| (1) ADJUSTMENT | 205,709,374 | | |
| (2) AS REPORTED | 5,443,974 | | |
| (3) CORRECTED | 211,153,348 | | |

REMARKS

- **Reference Exhibit A attached.**

**Accuracy Penalties under IRC Section 6662 are included as a partnership level determination. See Exhibit A, paragraph 10 for a description of the penalties.**

## Form 870-PT, Other Adjustments (Continued)

Page 3 of 6

| NAME OF PARTNERSHIP<br><br>Stoble Creek Investments LLC<br><br>TAXPAYER IDENTIFYING NUMBER 13-4106264 | TAX YEAR(S) ENDED<br>12/31/2000 | | |
|---|---|---|---|
| **C. Outside Partnership Basis at 5/1/2000** | | | |
| (1) ADJUSTMENT | 205,709,374 | | |
| (2) AS REPORTED | 205,709,374 | | |
| (3) CORRECTED | -0- | | |
| **D. Net Income (Loss) from Rental Real Estate Activities** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | (252) | | |
| (3) CORRECTED | (252) | | |
| **E. Net Income (Loss) from Other Rental Activities** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | (24) | | |
| (3) CORRECTED | (24) | | |
| **F. Portfolio Income (Loss): Interest Income** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 1,306,139 | | |
| (3) CORRECTED | 1,306,139 | | |
| **G. Portfolio Income (Loss): Ordinary Dividends** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 1,009,536 | | |
| (3) CORRECTED | 1,009,536 | | |
| **H. Portfolio Income (Loss): Net Short-term Capital Gain (Loss)** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | (906,530) | | |
| (3) CORRECTED | (906,530) | | |
| **I. Portfolio Income (Loss): Other Portfolio Income** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 14 | | |
| (3) CORRECTED | 14 | | |

# Form 870-PT, Other Adjustments (Continued)

Page 4 of 6

| NAME OF PARTNERSHIP<br>Stoble Creek Investments LLC<br>TAXPAYER IDENTIFYING NUMBER 13-4106264 | TAX YEAR(S) ENDED<br>12/31/2000 | | |
|---|---|---|---|
| **J. Net Section 1231 Gain (Loss)** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 785 | | |
| (3) CORRECTED | 785 | | |
| **K. Other Income (Loss)** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | (383,215) | | |
| (3) CORRECTED | (383,215) | | |
| **L. Deductions Related to Portfolio Income** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 548,588 | | |
| (3) CORRECTED | 548,588 | | |
| **M. Other Credits** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 171 | | |
| (3) CORRECTED | 171 | | |
| **N. Interest Expense on Investment Debts** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 36,047 | | |
| (3) CORRECTED | 36,047 | | |
| **O. Investment Income** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 2,315,689 | | |
| (3) CORRECTED | 2,315,689 | | |
| | | | |

## Form 870-PT, Other Adjustments (Continued)

Page 5 of 6

| NAME OF PARTNERSHIP<br>Stoble Creek Investments LLC<br>TAXPAYER IDENTIFYING NUMBER 13-4106264 | TAX YEAR(S) ENDED<br>12/31/2000 | | |
|---|---|---|---|
| **P. Investment Expenses** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 548,588 | | |
| (3) CORRECTED | 548,588 | | |
| **K. Adjustments/Tax Preferences: Post 86 Depreciation** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 28 | | |
| (3) CORRECTED | 28 | | |
| **L. Adjustments/Tax Preferences: Adjusted Gain or Loss** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | (3) | | |
| (3) CORRECTED | (3) | | |
| **M. Foreign Taxes: Gross Income Sourced at Partnership Level** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 4,200,744 | | |
| (3) CORRECTED | 4,200,744 | | |
| **N. Total Foreign Taxes - Paid** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 3,450 | | |
| (3) CORRECTED | 3,450 | | |
| **O. Tax-exempt Interest Income** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 3,723,517 | | |
| (3) CORRECTED | 3,723,517 | | |
| | | | |

# Form 870-PT, Other Adjustments (Continued)

Page 6 of 6

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Stoble Creek Investments LLC<br>TAXPAYER IDENTIFYING NUMBER 13-4106264 | 12/31/2000 | | |
| **P. Nondeductible Expenses** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 650,428 | | |
| (3) CORRECTED | 650,428 | | |
| **Q. Distributions of Money (Cash and Marketable Securities)** | | | |
| (1) ADJUSTMENT | -0- | | |
| (2) AS REPORTED | 44,973,958 | | |
| (3) CORRECTED | 44,973,958 | | |
| R. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| S. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| T. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| U. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| | | | |

EXHIBIT A – Explanation of Items
Stobie Creek Investments LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2000 TIN: 13-4106264

1. It is determined that the basis in the Therma-Tru stock claimed on your federal income tax return for the period ending December 31, 2000 is disallowed because the purported partnership, Stobie Creek Investments LLC, for the tax year ending April 30, 2000 ("Stobie I"), with reference to which you determined your basis in the Therma-Tru stock, is a sham and should not be recognized for federal income tax purposes. The inflated basis in question is disallowed because it is attributable to transactions that were entered into for purposes of tax avoidance. The transactions giving rise to the inflated basis, including the formation of the purported limited liability companies ("LLCs") and partnership, the acquisition of interests in the purported partnership, the purchase of offsetting options by the LLCs, the transfer of the positions the LLCs held in the offsetting options to Stobie I in return for partnership interests, the transfer of an appreciated asset, Therma-Tru stock, to Stobie I, the transfer by the LLCs of their interest in Stobie I to S corporations to inflate the basis of the Therma-Tru stock, as well as the purported §754 election, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes. As such, any inflated basis claimed in connection with the transactions in question is disallowed.

2. Even if Stobie I existed as a partnership for the tax year ending April 30, 2000, and filed an IRC § 754 election to adjust the basis of the assets under IRC § 743(b), it is determined that there is no excess of outside basis over inside basis. Therefore, the IRC § 743(b) adjustment to basis is $0 (zero).

3. It is determined that neither Stobie I nor Stobie Creek Investment LLC, for the tax year ending December 31, 2000 ("Stobie II") has established that the basis in the Therma-Tru stock is greater than $0 under Section 723 of the Internal Revenue Code. As a result, Stobie II's gain on the sale of the stock is $211,151,677, rather than the $5,442,303 reported on the return. Consequently, capital gain income is increased by $205,709,374.

4. It is further determined that the inflated basis in the Therma-Tru stock and the LLC's interest in Stobie I is disallowed to the extent that the provisions of Chapter 1, Subchapter K of the Internal Revenue Code were used to calculate basis in the Therma-Tru stock and the LLC's interest in Stobie I. Stobie I was formed or availed of in connection with a transaction or transactions in the taxable year ending April 30, 2000, a principal purpose of which was to reduce substantially the present value of the purported partners' federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. The manner in which Stobie I and its purported partners (see Exhibit A-1) accounted for the short positions (written call options) in question violated the intent of Subchapter K. Accordingly, the parties' accounting for the transaction should be adjusted, pursuant to the authority contained in Treas. Reg. § 1.701-2, to achieve results that are consistent with the intent of subchapter K by ignoring the existence of the partnership, or treating transactions purportedly engaged in by the partnership as engaged in directly by the purported partners.

EXHIBIT A – Explanation of Items
Stoble Creek Investments LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2000 TIN: 13-4106264

5. It is further determined that the inflated basis in the Therma-Tru stock and the S corporations' interest in Stobie I and Stobie II is disallowed to the extent that the provisions of Chapter 1, Subchapter K of the Internal Revenue Code were used to calculate basis in Therma-Tru stock and the LLC's interest in Stobie I. Stobie II was formed or availed of in connection with a transaction or transactions a principal purpose of which was to reduce substantially the present value of your federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. The manner in which Stobie II and its partners (see Exhibit A-1), accounted for the basis in the Therma-Tru stock sold and the computation of the gain, violates the intent of Subchapter K. Accordingly, the parties' accounting for the transaction should be adjusted, pursuant to the authority contained in Treas. Reg. § 1.701-2, to achieve results that are consistent with the intent of subchapter K by ignoring the existence of Stobie II, or treating transactions purportedly engaged in by Stobie II as engaged in directly by the purported partners.

6. It is determined that the obligations under the short positions (written call options) transferred to Stobie I constitute liabilities for purposes of Treasury Regulation §1.752-6T, the assumption of which by Stobie I reduced the purported partners' bases in Stobie I in the amount of $204,575,000 but not below the fair market value of the purported partnership interests.

7. It is determined that, even if the foreign currency option(s) are treated as having been contributed to Stobie I, the amount treated as contributed by the purported partners under section 722 of the Internal Revenue Code is reduced by the amounts received by the contributing partners from the contemporaneous sales of the call option(s) to the same counter-party. Thus, the basis of the contributed option(s) is reduced, both in the hands of the purported contributing partners and Stobie I. Consequently, any corresponding claimed increases in the outside basis in Stobie I resulting from the purported contributions of the foreign currency option(s) are disallowed.

8. It is determined that the adjusted bases of the long call positions (purchased call options), and other purported contributions by the purported partners to Stobie I, for the tax year ending April 30, 2000 has not been established under I.R.C. § 723. It is consequently determined that the partners of Stobie II have not established adjusted bases in their respective partnership interests in an amount greater than zero (-0-).

9. It is further determined that, in the case of a sale, exchange, or liquidation of Stobie I or Stobie II partners' partnership interests, neither the purported partnership nor its purported partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest.

EXHIBIT A – Explanation of Items
Stobie Creek Investments LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2000 TIN: 13-4106264

10. Accuracy-Related Penalties

It is determined that the adjustments of partnership items of Stobie II are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregarded rules or regulations. There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that the partnership or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662(a) of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Stobie II. The penalty shall be imposed on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.
B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.
C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.
D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.

Exhibit A-1 List of Partners for Explanation of Items Paragraphs # 4 and # 5
Stoble Creek Investments LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2000 TIN: 13-4106264

**Explanation of Items # 4**

Stoble Creek Investments LLC
13-4106264

Tax Year Ending April 30, 2000
Form 1065

| | Partners | Type of Entity | Taxpayer Identifying Number |
|---|---|---|---|
| 1.) | DKW Senior Investments, LLC | 1065 | 34-1923034 |
| 2.) | DKW Junior Investments, LLC | 1065 | 34-1922749 |
| 3.) | JFW Investments, LLC | 1065 | 31-1706252 |
| 4.) | CSW Investments, LLC | 1065 | 31-1706472 |
| 5.) | PCW Investments, LLC | 1065 | 31-1706260 |
| 6.) | VJ Investments, LLC | 1065 | 34-1923500 |
| 7.) | Family Trust Under David Welles 1994 Trust - Grantor Trust | 1040 | 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 |

**Explanation of Items # 5**

Stoble Creek Investments LLC

Tax Year Ending December 31, 2000
Form 1065

| | Partners | Type of Entity | Taxpayer Identifying Number |
|---|---|---|---|
| 1.) | Welles Asset Management, Inc. | S Corp | 34-1923048 |
| 2.) | DKW Senior Investments, Inc. | S Corp | 34-1923033 |
| 3.) | DKW Junior Investments, Inc. | S Corp | 34-1922752 |
| 4.) | VJ Enterprises, Inc. | S Corp | 34-1544282 |
| 5.) | JFW Enterprises, Inc. | S Corp | 31-1706253 |
| 6.) | PCW Enterprises, Inc. | S Corp | 31-1706261 |
| 7.) | CSW Asset Management, Inc. | S Corp | 31-1706470 |
| 8.) | Trust FBO Taylor Jordan | Trust | 34-6342261 |
| 9.) | Trust FBO Christopher W. Welles | Trust | 04-6764881 |
| 10.) | Trust FBO Caroline R. Welles | Trust | 04-6764880 |
| 11.) | Trust FBO George E. Welles | Trust | 04-6764879 |
| 12.) | Trust FBO Wyatt Welles | Trust | 04-6797597 |
| 13.) | Trust FBO Tim S. Welles | Trust | 13-7030268 |
| 14.) | Trust FBO Emilie D. Welles | Trust | 13-7077293 |
| 15.) | Gift Trust - Hope V. Welles | Trust | 34-7011990 |
| 16.) | Gift Trust - David E. Welles | Trust | 34-7011988 |
| 17.) | Gift Trust - Berkeley Welles | Trust | 34-7011989 |
| 18.) | Trust FBO Andrew Welles | Trust | 36-7240464 |
| 19.) | Trust FBO Hunter Welles | Trust | 36-7240465 |

Stobie Creek Investments LLC
Tax Year Ended: December 31, 2000 TIN: 13-4106264

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

SCHIFF HARDIN LLP
A Limited Liability Partnership Including Professional Corporations

6600 SEARS TOWER
CHICAGO, ILLINOIS 60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

Robert E. Kolek
312.258.5755
rkolek@schiffhardin.com

July 11, 2005

**VIA MESSENGER**

Internal Revenue Service
RECEIVED W/REMITTANCE
JUL 11 2005
Chicago, IL

Internal Revenue Service
230 South Dearborn Street
Chicago, Illinois 60604

Re: **Stobie Creek Investments, LLC**
**TIN: 13-4106264**
**I.R.C. § 6226(e) Deposit on behalf of Jeffrey F. and Maud Welles**

Dear Sir or Madam:

Please apply the enclosed payment of $4,149,521.35 by Jeffrey F. Welles (SSN: 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) and Maud Welles (SSN: 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) as a deposit required under I.R.C. § 6226(e) with respect to Mr. Welles' interest in Stobie Creek Investments, LLC (EIN: 13-4106264) for the 2000 tax year.

This payment is being remitted for the purpose of allowing the taxpayer to file a petition for readjustment of the partnership items of Stobie Creek Investments, LLC as adjusted by the Notice of Final Partnership Administrative Adjustment dated March 9, 2005.

Pursuant to 26 U.S.C. § 6226(e)(1), the partner that files such an action is required to deposit with the Internal Revenue Service the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership items on the partnership return, as adjusted by the Final Partnership Administrative Adjustment ("FPAA"). Mr. And Mrs. Jeffrey F. Welles have determined that the adjustments proposed by the FPAA would increase their tax liability for the year in question by $3,455,899.00 and that interest thereon through the date hereof would equal $693,622.35.

Please date stamp the copy of this letter and provide us with a receipt or other acknowledgement of this deposit. Please contact me (312) 258-5755 if you have any questions.

Sincerely,

[signature]

Robert E. Kolek

REK:sah
Enclosure
cc: Jeffrey F. Welles



EXHIBIT B

COPY

The Northern Trust Company
Chicago, Illinois www.northerntrust.com

Northern Trust

BM 29177

2-15/710

July 07, 2005

Remitter: JEFFREY WELLES

Pay to the order of ***U.S. TREASURY***

$4,149,521.35

***Four Million One Hundred Forty Nine Thousand Five Hundred Twenty One and 35/100

Carmine Malfeo MP
Authorized Signature

Cashier's Check

⑈029177⑈ ⑆071000152⑆ 0030133014⑈

Internal Revenue Service
Proof of Delivery Only
This is Not an Official Receipt
JUL 11 2005
Chicago, IL