IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-748 T
(Judge Block)

STOBIE CREEK INVESTMENTS LLC, JFW
ENTERPRISES, INC., Tax Matters and
Notice Partner,
                              Plaintiff,

v.

THE UNITED STATES,
                              Defendant.

_____

ANSWER

_____

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Admits only that this is a civil action arising under Section 6226 of the Internal Revenue Code. Avers that the remaining allegations of paragraph 1 are plaintiff's characterization of the claim, but denies that plaintiffs are entitled to any relief.

2. Admits the allegation of paragraph 2 that JFW Enterprises purports to be a Delaware Corporation, Notice Partner, and Tax Matters Partner with respect to Stobie Creek. Further admits that Stobie Creek Investments, LLC, purports to be a Delaware limited liability company. Denies the implied allegation of paragraph 2 that Stobie Creek Investments is a valid limited liability company.

3. Admits the allegation of paragraph 3 that JFW and Stobie Creek purport to have an address at 780 Third Avenue, Suite 3400 and that Stobie Creek was given a taxpayer identification number of 13-4106264 after application to the Internal Revenue Service. Further admits the allegation of paragraph 3 that a federal tax return (Form 1065) for Stobie Creek for the period in controversy was filed with the Internal Revenue Service Center, Holtsville, New York.

4. Admits the allegations of paragraph 4.

## Statement of Claim

5. Admits the allegation of paragraph 5 that plaintiff did not file a complaint within the time period required by Section 6226(a). Further admits the allegation of paragraph 5 that plaintiff purports to be filing the Complaint as a notice partner pursuant to Section 6226(b) and Rule 2(d)(2) of Appendix F of the Rules of the United States Court of Federal Claims. Denies the implied allegation that Stobie Creek is a valid limited liability company.

6. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Admits that the allegations of paragraph 7 are plaintiff's characterization of its claim. Denies that plaintiff is entitled to a refund or a determination that the IRS erred in any of its determinations. By way of further answer, states that the Court lacks jurisdiction to order a refund within this proceeding.

## The Parties

8. Admits the allegations of paragraph 8 that the entities listed in paragraph 8 a through g purport to be partners of Stobie Creek for the period ending April 30, 2000. Denies the implied

allegation that Stobie Creek and the other named entities were valid limited liability companies.

a. Admits the allegations of paragraph 8a that DKW Senior Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is David K. Welles, Sr. Further admits that it purports to have an address of 3240 Savannah Place, Vero Beach, Florida 32963 and that it was given the taxpayer identification number of 34-1923034 upon application to the Internal Revenue Service. The remaining allegations of paragraph 8a are conclusions of law and are therefore denied.

b. Admits the allegations of paragraph 8b that DKW Junior Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is David K. Welles, Jr. Further admits that it purports to have an address of 112 Rockledge Drive, Perrysburg, Ohio 433551 and that it was given the taxpayer identification number of 34-1922749 upon application to the Internal Revenue Service. The remaining allegations of paragraph 8b are legal conclusions and are therefore denied.

c. Admits the allegations of paragraph 8c that JFW Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is Jeffrey F. Welles. Further admits that it purports to have an address of 780 Third Avenue, Suite 3400, New York, New York 10017, and that it was given the taxpayer identification number of 34-1706252 upon application to the Internal Revenue Service. The remaining allegations of paragraph 8c are legal conclusions and are therefore denied.

d. Admits the allegations of paragraph 8d that CSW Invesments, LLC, purports to be a Delaware limited liability company, the sole member of which is Christopher S. Welles. Further admits that it purports to have an address of 218 Hart Street, Beverly Farms,

Massachusetts 01915, and that it was given the taxpayer identification number of 31-1706472 upon application to the Internal Revenue Service. The remaining allegations of paragraph 8d are legal conclusions and are therefore denied.

    e. Admits the allegations of paragraph 8e that PCW Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is Peter C. Welles. Further admits that it purports to have an address of 2160 6th Avenue North, Orono, Minnesota 58356, and that it was given the taxpayer identification number of 31-1706260 upon application to the Internal Revenue Service. The remaining allegations of paragraph 8e are legal conclusions and are therefore denied.

    f. Admits the allegations of paragraph 8f that VJ Investments, LLC, purports to be a Delaware limited liability company, the sole member of which is Virginia W. Jordan. Further admits that it purports to have an address of 8277 North 39th Street, Longmont, Colorado 80503, and that it was given the taxpayer identification number of 34-1923500 upon application to the Internal Revenue Service. The remaining allegations of paragraph 8f are legal conclusions and are therefore denied.

    g. Admits the allegations of paragraph 8g that Family trust under the David Welles 1994 Trust purports to be a trust with an address of 3240 Savannah Place, Vero Beach, Florida 32963, and that it has the taxpayer identification number of ███████.

9. Admits the allegations of paragraph 9 that the entities listed in paragraph 9 a through s purport to be partners of Stobie Creek for the period ending December 31, 2000. Denies the implied allegation that Stobie Creek was a valid limited liability company.

    a. Admits the allegation of paragraph 9a that Welles Asset Management, Inc., purports to be a Delaware corporation. Further admits that it purports to have an address of 780

Third Avenue, Suite 3400, New York, New York 10017, and that it has a taxpayer identification number of 34-1923048.

      b. Admits the allegation of paragraph 9b that DKW Senior Enterprises, Inc., purports to be a Delaware corporation. Further admits that it purports to have an address of 780 Third Avenue, Suite 3400, New York, New York 10017, and that it has a taxpayer identification number of 34-1923033.

      c. Admits the allegation of paragraph 9c that DKW Junior Enterprises, Inc., purports to be a Delaware corporation. Further admits that it purports to have an address of 112 Rockledge Drive, Perrysburg, Ohio 433551, and that it has a taxpayer identification number of 34-1922752.

      d. Admits the allegation of paragraph 9d that VJ Enterprises, Inc., purports to be a Delaware corporation. Further admits that it purports to have an address of 8277 North 39th Street, Longmont, Colorado 80503, and that it has a taxpayer identification number of 84-1544282.

      e. Admits the allegation of paragraph 9e that JFW Enterprises, Inc., purports to be a Delaware corporation. Further admits that it purports to have an address of 780 Third Avenue, Suite 3400, New York, New York 10017, and that it has a taxpayer identification number of 31-1706470.

      f. Admits the allegation of paragraph 9f that PCW Enterprises, Inc., purports to be a Delaware corporation. Further admits that it purports to have an address of 2160 6th Avenue North, Orono, Minnesota 58356, and that it has a taxpayer identification number of 31-1706261.

      g. Admits the allegation of paragraph 9g that CSW Asset Management, Inc.,

purports to be a Delaware corporation. Further admits that it purports to have an address of 218 Hart Street, Beverly Farms, Massachusetts 01915, and that it has a taxpayer identification number of 31-1706470.

      h. Admits the allegations of paragraph 9h that Trust FBO Taylor Jordan purports to be a trust with an address of 2336 Pearl Street, Suite 100, Boulder, Colorado 80302 and has a taxpayer identification number of 84-6342281.

      i. Admits the allegations of paragraph 9i that Trust FBO Christopher Welles, purports to be a trust with an address of 1220 Park Avenue, New York, New York 10128 and has a taxpayer identification number of 04-6764881.

      j. Admits the allegations of paragraph 9j that Trust FBO Caroline Welles, purports to be a trust with an address of 1220 Park Avenue, New York, New York 10128 and has a taxpayer identification number of 04-6764880.

      k. Admits the allegations of paragraph 9k that Trust FBO George Welles, purports to be a trust with an address of 1220 Park Avenue, New York, New York 10128 and has a taxpayer identification number of 04-6764878.

      l. Admits the allegations of paragraph 9l that Trust FBO Wyatt Welles, purports to be a trust with an address of 1220 Park Avenue, New York, New York 10128 and has a taxpayer identification number of 04-6797597.

      m. Admits the allegations of paragraph 9m that Trust U/A 12/22/93 FBO Timothy Welles, purports to be a trust with an address of 1220 Park Avenue, New York, New York 10128 and has a taxpayer identification number of 13-7030266.

      n. Denies the allegations of paragraph 9n. By way of further answer, states that a Form K-1 was issued purporting to name Trust U/A 6/14/95 FBO Emilie D. Welles, taxpayer

identification number 13-7077293 as a partner and Stobie Creek as the partnership for the period ending December 31, 2000.

  o. Admits the allegations of paragraph 9o that Hope Welles Gift Trust, purports to be a trust with an address of 112 Rockledge Drive, Perrysburg, Ohio 43551, and has a taxpayer identification number of 34-7011990.

  p. Admits the allegations of paragraph 9p that David E. Welles Gift Trust, purports to be a trust with an address of 112 Rockledge Drive, Perrysburg, Ohio 43551, and has a taxpayer identification number of 34-7011988.

  q. Admits the allegations of paragraph 9q that Berkely C. Welles Gift Trust, purports to be a trust with an address of 112 Rockledge Drive, Perrysburg, Ohio 43551, and has a taxpayer identification number of 34-7011989.

  r. Admits the allegations of paragraph 9r that Trust FBO Andrew Welles purports to be a trust with an address of 2160 6th Avenue North, Orono, Minnesota 55356. Denies that it has a taxpayer identification number of 38-7240464. By way of further answer, states that a Form K-1 was issued purporting to name Trust FBO Andrew Welles, taxpayer identification number 36-7240464 as a partner and Stobie Creek as the partnership for the period ending December 31, 2000.

  s. Admits the allegations of paragraph 9s that Trust FBO Hunter Welles, purports to be a trust with an address of 2160 6th Avenue North, Orono, Minnesota 55356, and has a taxpayer identification number of 36-7240465.

  10. Admits the allegation of paragraph 10 that defendant is the United State of America and states that the remaining allegations of paragraph 10 require no response.

## Jurisdiction

11. Denies the allegation of paragraph 11 that jurisdiction lies in this case for plaintiff's demand for refund. Admits only that jurisdiction, to the extent it exists as to the remainder of plaintiff's claim, is conferred by 28 U.S.C. § 1508.

**Deposit**

12. Admits the allegations of the first sentence of paragraph 12. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12.

**Assignments of Error**

13. Denies the allegations of paragraph 13.

**Allegations of Facts**

14. Denies that the Commissioner erred in the determinations made in the FPAA. Defendant responds to the further allegations of paragraph 14 as follows:

a.-d. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 14a-d.

e. Admits that allegations of paragraph 14e that Stobie Creek was formed on March 3, 2000, as a Delaware limited liability company. Denies the implied allegation of paragraph 14e that Stobie Creek was a valid limited liability company, and denies the remaining allegations of paragraph 14e.

f. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14f.

g. Admits the allegation of paragraph 14g that North Channel LLC was designated the manager of Stobie Creek. Denies the implied allegation of paragraph 14g that Stobie Creek was a legitimate limited liability company. States that defendant's answering attorneys currently lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14g.

      h-r.  States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 14h-r.

      s.  States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 14s. States that the second sentence of paragraph is a legal conclusion to which no response is required.

      t.  Admits the allegations that Stobie Creek and its member partners elected to adjust basis of partnership property.  Denies that the basis as adjusted was proper.

      u.  Incorporates its response to paragraph 8 of plaintiff's complaint as if more fully set forth at length.

      v.  Admits the allegations of paragraph 14v that Stobie Creek treated sales proceeds from the sale of Therma-Tru shares as stated.  Denies the allegations that the treatment was proper. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount of proceeds received from the sale, and the allegation that the sale was for all of the Therma-Tru shares held by Stobie Creek.

      w-aa.  Denies the allegations of paragraphs 14w-aa.

      bb.  States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14bb.

      cc-hh.  Denies the allegations of paragraphs 14cc-hh.

      WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the adjustments to the partnership return of Stobie Creek

Investments made by the FPAA are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

        Respectfully submitted,

        s/David R. House
        DAVID R. HOUSE
        Attorney of Record
        U.S. Department of Justice - Tax Division
        Court of Federal Claims Section
        Post Office Box 26
        Ben Franklin Station
        Washington, D.C. 20044
        (202) 616-3366

        EILEEN J. O'CONNOR
          Assistant Attorney General
        DAVID GUSTAFSON
          Acting Chief