**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **(Judge Block)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties, pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), submit this Joint Preliminary Status Report.

Jurisdiction

The parties agree that the court has jurisdiction to determine the matters described in 26 U.S.C. §6226(f).

Consolidation

At this time the parties are not aware of any other case with which this case should be consolidated.

Trial Bifurcation

Not applicable.

Deferral of Proceedings

Plaintiff's statement: Neither Stobie nor its members has any independent knowledge (i) of the facts set forth in defendant's statement; or (ii) that any of the transactions in which Stobie

and its members engaged are under any criminal investigation. Defendant's statement is inappropriate because it is speculative and prejudicial.

Defendant's statement: The Office of the United States Attorney for the Southern District of New York has advised defendant's counsel that it is conducting a criminal investigation with respect to these transactions. That office has asked that it be kept apprised of any discovery in this action in order to ensure that this action does not adversely affect its pending criminal investigations. In the event that it does, the United States anticipates that it will seek either a protective order, or other such relief, including a stay if necessary, to protect the important interests of law enforcement. Counsel for the United States has notified petitioners that, in addition to Rule 6(e) of the Federal Rules of Criminal Procedure which protects grand jury information, the IRS criminal files are also privileged and not subject to discovery at this time.

## Remand and Suspension

Not applicable.

## Joinder of Other Parties

The parties do not expect any additional parties to join this lawsuit.

## Motions Under RCFC 12(b), 12(c) or 56

The parties do not expect to file any such motions.

## Relevant Factual and Legal Issues

In its Complaint, Plaintiff asks the Court to redetermine (and, in effect, void) the adjustments to partnership items of Stobie Creek LLC (Stobie) that the IRS made in its Notice of Final Partnership Adjustments (FPAA) dated March 9, 2005. The plaintiff asks the Court to

determine that it correctly computed its tax basis in the Therma-Tru stock that Stobie sold in May 2000, and that Stobie correctly determined the capital gains realized on that sale.

Plaintiff's assertions: Plaintiff asserts that during April, 2000, the Plaintiff and its members engaged in certain transactions, including certain foreign currency option transactions, with a valid business purpose. As a result and not as the principal purpose of such transactions, the plaintiff was entitled under Code §§754 and 743 to increase the basis of the Therma-Tru stock which it held to approximately $204,000,000. Upon the subsequent sale of the Therma-Tru stock by Stobie, it realized and correctly reported a capital gains of $5,442,303. The plaintiff and its members assert that the transactions that they engaged in had economic substance, were engaged in for valid business purposes, were not steps in an integrated plan to increase the basis of the Therma-Tru stock, and the tax effects thereof were properly reflected on the tax returns of Stobie and its members consistent with the Code, the Treasury regulations and relevant legal authority. In reporting the transactions on their tax returns for the years in question, Stobie and its members, in good faith, reasonably relied upon opinion of counsel.

Defendant's assertions: The United States asserts that the transactions in which the plaintiff and others engaged during April 2000 were designed and executed as part of an integrated series of steps. The United States submits that those transactions were planned for the purpose of artificially inflating the basis of the Therma-Tru stock, in advance of an anticipated sale of that stock. The United States further asserts that not only did the plaintiff lack a valid, non-tax business purpose for engaging in these transactions, the foreign currency transactions in which the plaintiff engaged were structured in such a way as to virtually assure that the plaintiff would not realize a gain or a loss on the foreign currency transactions, in excess of the

transactional costs. Accordingly, The United States asserts that, under relevant Code provisions, regulations and case law, the transactions that Stobie and others purportedly engaged in during April 2000 did not increase the basis of the Therma-Tru stock for tax purposes, and that Stobie realized capital gains in excess of $200,000,000 when it sold the Therma-Tru stock in May 2000. The United States asserts that the transactions in which Stobie engaged during April 2000 constituted an abusive tax shelter, known as a "Son of Boss" shelter which the IRS described in Notice 2000-44, issued in August 2000.

The parties agree that this case presents the following legal and factual issues:

- whether the formation of Stobie, and the transactions in which it engaged, had a business purpose and economic substance, or were instead economic shams that are not respected for tax purposes;

- whether the formation of Stobie, and the transactions in which it engaged, were transactions entered into for a principal purpose of reducing substantially the present value of its members' aggregate income taxes in a manner inconsistent with the intent of those portions of the Code dealing with partnerships, and should, therefore, be disregarded under Treas. Reg. §1.701-2;

- whether the step-transaction doctrine applies to bar the tax benefits claimed by plaintiff;

- whether, if the formation of Stobie is respected, the contribution to it of the written call options must be accounted for under Treas. Reg. §1.752-6, applied retroactively, or, alternatively, whether the contribution of the written and purchased call options must be accounted for together, on a net basis;

- whether, if the formation of Stobie is respected, it is entitled, under Code §§ 754 and 743, to increase the basis of the Therma-Tru stock; and

- whether, if Stobie is not entitled to increase the basis of the Therma-Tru stock as claimed on its tax return, under the relevant facts and law, accuracy-related penalties are applicable pursuant to Code §6662.

The parties set forth the above description of issues only for the purpose of providing a brief summary for this status report. Neither party intends to concede or waive any factual or legal claim or defense.

Settlement

The parties do not believe settlement is likely at this stage of the case. They do not contemplate alternative dispute resolution.

Trial

The parties anticipate proceeding to trial, and do not request expedited trial scheduling. The parties request that trial be held in Chicago, Illinois. The parties propose the following schedule. Where more than one date is listed for a given event, it means the parties were not able to reach agreement on that aspect of the schedule.

| | |
|---|---|
| Document Discovery Begins: | February 15, 2006 |
| Deposition Discovery Begins: | June 1, 2006 |
| Fact Discovery Closes: | August 31, 2006 (proposed by plaintiff)<br>January 16, 2007 (proposed by defendant) |
| Experts Disclosed: | September 15, 2006 (proposed by plaintiff)<br>March 15, 2007 (proposed by defendant) |

| | |
|---|---|
| Rebuttal Experts: | November 15, 2006 (proposed by plaintiff)<br>May 1, 2007 (proposed by defendant) |
| Expert Discovery Closes: | December 15, 2006 (proposed by plaintiff)<br>June 1, 2007 (proposed by defendant) |
| Discovery Cutoff: | December 15, 2006 (proposed by plaintiff)<br>July 2, 2007 (proposed by defendant) |
| Pretrial Scheduling Conference: | January 15, 2007 (proposed by plaintiff)<br>August 24, 2007 (proposed by defendant) |

Electronic Case Management

None.

Other Matters

None.

Respectfully submitted,

United States of America

*/s/ Stuart D. Gibson*
Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Acting Chief, Court of Federal Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal Claims Section

*/s/ Cory A. Johnson*
Of Counsel

Stobie Creek Investments LLC
and JFW Enterprises, Inc.

*/s/ Robert E. Kolek*
Robert E. Kolek
Attorney of Record

Ronald S. Safer
Of Counsel
Thomas R. Wechter
Of Counsel
Theresa M.H. Marx
Of Counsel.

Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500

Dated: February 2, 2006