# The United States Court of Federal Claims

**June 29, 2006**

**No: 05-748 C**

**STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,**

***Plaintiff*,**

**v.**

**THE UNITED STATES OF AMERICA,**

***Defendant*.**

## PROTECTIVE ORDER

The United States served a Rule 45 subpoena on Robert Floyd, CPA ("Floyd") in the above-referenced action. In order to protect the privacy of confidential tax, personal and financial information of individuals whose transactions are not directly in dispute in this case, the parties agree to a protective order with respect to certain documents to be produced in response to that subpoena. Upon review of the matter, the Court concludes that a protective order is appropriate and hereby **ORDERS** that production and use of these documents shall be governed by the following conditions, which shall be applied and interpreted in accordance with the parties' intent:

## DEFINITIONS & GENERAL PROVISIONS

1. "The Subpoena" shall mean the subpoena served by the United States on Floyd on April 3, 2006 in the above-referenced case.

2. "Protected Documents" shall include all documents which (l) are produced by Floyd pursuant to the Subpoena after the date of this Order and (2) contain any confidential tax, personal or financial information, including, but not limited to, federal, state and local tax returns, that identifies any individual or entity (other than a partner, associate or employee of SLK, a partner, associate or employee of Deutsche Bank, as defined in the Subpoena, a partner, associate or employee of Jenkens & Gilchrist, an officer or employee of Therma-Tru Corporation other than Stephen Bores, a principal, associate or employee of Kenner & Co., any of the "Welles Family Members" as defined in the Subpoena, any Welles Family Trust, Welles Family LLC and any Welles Family S-corp, as defined in the Subpoena, Stobie Creek Investments, LLC, (Stobie) a member of Stobie, a member of any of the members of Stobie

(including but not limited to JFW Enterprises, Inc.) by name, social security number, or otherwise.[1] Notwithstanding the above, Protected Documents shall include any tax return for the Welles Family Members, any Welles Family Trust, Welles Family, LLC, Welles Family S-corp, Stobie, a member of Stobie, a member of any of the members of Stobie (including JFW Enterprises, Inc.), for any tax period that does not include some or all of calendar year 2000. Floyd may redact from any responsive document confidential tax, personal or financial information concerning an individual or entity that, if that information were the only information in the document, would cause the document to be not responsive to the Subpoena.[2]

3. When Floyd produces documents under the Subpoena, he shall identify each document which it asserts is a Protected Document. Any party or Floyd may object to the designation of, or failure to designate, a document as a Protected Document under this Order. If the parties and Floyd cannot resolve the matter by agreement, any party or Floyd may submit the matter to the Court for resolution. Until the Court resolves the matter, the disputed document shall be treated as protected by this Order.

4. Except as provided in ¶ 5, those persons allowed access to Protected Documents may use them for purposes of this case only, and they may only use, disseminate, and discuss such documents as allowed herein.[3]

5. This Order does not prohibit persons described in ¶ 7(b) from lawfully disclosing Protected Documents, or deposition transcripts concerning such Protected Documents, to employees of the Department of Justice and the Internal Revenue Service, provided the documents are relevant to a specific pending matter:

   a. If a disclosure under this paragraph is made in connection with a pending civil matter, then any employee to whom such document is disclosed shall be made aware of the terms of this Order and its application to him or her and he or she shall not use the documents, including at any deposition or court proceeding, without first obtaining Floyd's consent, or obtaining the documents from Floyd through summons,

---

[1] The use of the term "member of Stobie Creek Investments, LLC" does not constitute a finding by the Court (or an admission by the United States) that Stobie Creek Investments, LLC was a valid partnership, or that any persons identified as members by the entity's limited liability company agreement were partners in it, for substantive federal tax law purposes.

[2] For example, Floyd may redact from time records the confidential tax, personal and financial information of individuals or entities whose information was not demanded in the Subpoena.

[3] The issuance of this Order does not constitute a finding by the Court (or an admission by any party or Floyd) that any Protected Documents are relevant, admissible or otherwise not subject to challenge on evidentiary grounds.

subpoena, document request, or other legal process. In obtaining any such documents through that process, the requester may not disclose the documents (other than *in camera*) but may disclose the fact of their existence. The parties and Floyd expressly agree that no waiver, concession or admission of any kind is intended, implied or effected by the disclosure of any Protected Document pursuant to this paragraph and the parties and Floyd reserve all rights in connection therewith including the right to challenge any such disclosure. The parties and Floyd further expressly agree that the fact the Protected Document was disclosed pursuant to this Order does not in itself constitute grounds for refusing to comply with such legal process, and subsequent use of any document obtained through such legal process is not governed by any term of this Order.

b. If a disclosure under this paragraph is made in connection with a pending criminal matter, then subsequent use of the Protected Documents is not governed in any way by any term of this Order, including but not limited to ¶ 8.

6. Notwithstanding anything herein to the contrary, any party to this action or Floyd may move the Court to modify the terms of this Order.

**USE OF PROTECTED DOCUMENTS**

7. The following persons may have access to Protected Documents, but only if they are specifically informed of the terms of this Order and its application to them:

a. Court personnel;
b. Employees of the United States Department of Justice and Internal Revenue Service assigned to work on this litigation in any capacity;
c. Employees of plaintiffs' counsel assigned to work on this litigation;
d. Experts or consultants retained for this litigation; and
e. All parties to the case.

8. Protected Documents may be used at the deposition of any witness, provided that the witness is apprised of this Protective Order and is advised that he or she is bound by its terms, and that the pages of the transcript and any related exhibits concerning such document are treated as protected by this Order and are marked with the following legend: **"Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order Entered June 28, 2006, or as Subsequently Modified."** The inadvertent failure to so mark or designate Protected Documents shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably prompt manner.

9. Subject to the provisions of this protective order governing use at trial, Protected Documents may be filed with the Court pretrial only under seal, and should be marked with the legend in ¶ 8, and the Court shall maintain them under seal.

10. If any Party wishes to show a Protected Document to a witness in a deposition in this proceeding, all portions of the transcripts of the deposition and exhibits to the transcripts that refer to or relate to the Protected Document shall be treated as confidential and subject to this Order, and the party taking the deposition must make arrangements with the reporter to bind the confidential portion of the transcript and exhibits separately and label it with the legend contained in ¶ 8. In addition, the deponent and the court reporter and/or videographer will be advised that, pursuant to this Order, the contents of any Protected Document introduced, inquired about, or responded to at the deposition may not be disclosed except to those persons identified in ¶ 7. Prior to being shown an unredacted document, a deponent will acknowledge on the record that he or she agrees to be bound by the terms of this Protective Order and that he or she may not disclose the contents of any Protected Document introduced, inquired about, or responded to at the deposition except to those persons identified in ¶ 7 and that any disclosure may subject the deponent to sanctions by the Court.

11. The parties shall have an obligation to advise Floyd after each disclosure of Protected Documents in this proceeding, except communications among persons identified in ¶ 7. Floyd may, in turn, so apprise the person or entity identified in each Protected Document.

**PRE-TRIAL PROCEDURES FOR PROTECTED DOCUMENTS**

12. Except as provided in ¶ 8, individuals and entities who are not parties to this litigation and whose name or identification appears on a Protected Document to be produced to Defendant pursuant to the Subpoena may be given access, and their attorneys and agents may be given access, to that portion or those portions of the respective Protected Document, without further action, provided that any information that identifies any individual or entity (other than the individual or entity being given access, or any of the individuals or entities identified in ¶ 2) by name, social security number, or otherwise, is redacted.

13. Any Protected Document filed with the Court or provided by Floyd or a party to any person as allowed by this Order shall, prior to such filing or use, be placed in a sealed parcel with the words **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information.

14. The first page of any Protected Document filed with the Court or provided by Floyd or a party to any person as allowed by this Order shall, prior to such filing or use, be marked with the legend contained in ¶ 8.

15. Any courtesy copies of Protected Documents that are filed with the Court for use by the Judge should be marked as such with the legend in ¶ 8, and the Court shall maintain them under seal.

16. Each person allowed access to Protected Documents has an obligation to take all necessary precautions to prevent violations of this Order.

17. Counsel shall promptly report any breach of this Order to counsel for the opposing party and Floyd. All counsel have an obligation to take appropriate action to cure the violation and retrieve any Protected Documents disclosed in violation of this Order.

**USE OF DOCUMENTS AT TRIAL**

18. This Order does not govern the use of Protected Documents at trial. Before trial, the parties shall notify Floyd if they intend to use a Protected Document at trial. Floyd or any other individual or entity whose confidential tax, personal or financial information appears in a Protected Document may seek a protective order from the Court before any such documents become part of the public record.

ENTERED this 29th day of June, 2006.

s/*Lawrence J. Block*

**Lawrence J. Block**
**Judge**