**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**PLAINTIFF'S RESPONSE TO UNITED STATE'S MOTION TO ENLARGE THE DISCOVERY SCHEDULE AND REQUEST FOR EXPEDITED BRIEFING**

Plaintiff, Stobie Creek Investments LLC, JFW Enterprises, Inc., by and through their attorneys, respectfully submits the following objection to the Motion to Enlarge the Discovery Schedule and Request for Expedited Briefing filed by Defendant, the United States of America.

1. On July 12, 2005, the Complaint was filed in this matter. Defendant requested an extension to answer and it was granted. Still, the Complaint was answered, on or about, November 9, 2005, almost four months later. On or about December 21, 2005, Defendant again respectfully requested an extension to file the Joint Preliminary Status Report because it was assigning the matter to a new attorney. The Court granted a 30 day extension.

2. On February 2, 2006, the Parties submitted to the Court their Proposed Scheduling Order. This Proposal reflected the parties' agreement during their Rule 26(a) conference that discovery would close on October 31, 2006. The October 31, 2006 discovery close date was further established by the Court when the Court approved the parties' discovery plan and entered the Scheduling Order on February 10, 2006.

3. In the seven months since the Court's approval of the October 31, 2006 discovery cut-off and well over a year after the Complaint was filed, Defendant has made no effort to conduct oral discovery in this case. One subpoena has been issued for a deposition on September 29, 2006. Yet, Defendant has indicated that it "needs to depose" 25 witnesses. Of the "necessary" 25 witnesses, six are Welles family members.

4. The six Welles family members have indirect interests in Stobie Creek and were at all times known to the Defendant. The Welles family has responded on multiple occasions to various information document requests issued by the Internal Revenue Service and has in each instance forwarded all locatable documents and information in their possession to the Defendants beginning in January 2006.

5. In addition, the Welles' family accountant, Robert Floyd, has responded to Defendant's subpoena producing all relevant, non-privileged documents as has the law firms, Shumaker, Loop & Kendrick and Jenkins & Gilchrist, that assisted the members of the Welles family with and opined with respect to the transactions involved in this case. Mr. Floyd's production was complete in July 2006. Shumaker, Loop & Kendrick LLP completed its production at about the same time; Jenkins & Gilchrist provided some but not all documents requested in July 2006 and has supplemented their production recently. Shumaker, Loop & Kendrick produced approximately 4 boxes and Jenkins & Gilchrist produced their documents in electronic form, comprising over 100,000 documents. Mr. Floyd produced approximately 3 boxes of documents. Still, not one notice of deposition was issued for any of the Welles family members.

6. Plaintiff understands that Defendant has conducted written discovery and documents are still being produced. However, Plaintiff does not believe that *every* document needs to be received prior to *beginning* oral discovery. Moreover, many of the documents received from the multiple sources are duplicative. With approximately ¾ of a million pages already produced, Plaintiff is confident that there is enough information and documents to begin oral discovery.

7. The October 30, 2006 deadline is still over a month away.

8. Plaintiff also understands the volume of documents that have been produced in this case. Plaintiff, too, must review them. However, most of the documents, as alluded to by Defendant, do not relate to the Stobie Creek matter or any person or entity involved therein. Many, in fact, an overwhelming majority of the documents, relate to other transactions done by other parties, not at issue here. These documents are not relevant in determining the issues in this case.

9. Plaintiff has served written discovery requests on Defendant. Plaintiff anticipates the need for approximately six depositions, which it hopes to schedule within the next week.

10. In addition to the fact that Defendant has failed to demonstrate the vigilance that is ordinarily cited when requesting an extension, an extension of discovery in the instant case would severely prejudice Plaintiff. In order to be before this Court, Plaintiff and other members of the Welles Family, otherwise affected by the outcome of this matter, have placed in escrow over $40 million. These monies are not accessible to Plaintiff, nor are they earning a market rate of return.

11. Because Defense counsel's lack of vigilance, and because an extension would cause Plaintiff more hardship than had Defendant conducted discovery in a timely manner, it is within the Court's discretion to deny Defendant's Motion.

12. Plaintiff agreed to a 30 day extension of the discovery cutoff and is opposed to any attempts to further delay final resolution of this matter. An extension of the discovery deadline for 120 days is excessive and unnecessarily prejudicial to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's Motion to Enlarge the Discovery Schedule and for all such other relief as this Court deems appropriate.

Dated: September 29, 2006

Respectfully Submitted
SCHIFF HARDIN LLP

Robert E. Kolek

Attorneys for Plaintiff

Ronald S. Safer
Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he caused a copy of Plaintiff's Response to United State's Motion to Enlarge the Discovery Schedule and Request for Expedited Briefing to be served upon:

Stuart D. Gibson, Esq.
U. S. Department of Justice
Room 7201, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

Cory A. Johnson, Esq.
U. S. Department of Justice
Room 7201, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

by placing a copy of same in an envelope with first-class postage fully prepaid and depositing same before the hour of 5:00 p.m. this 29th day of September, 2006.

Robert E. Kolek