**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Plaintiffs, Stobie Creek Investments LLC, JFW Enterprises, Inc., by and through their attorneys, respectfully requests that this Court compel the Defendant, the United States of America, to answer certain interrogatories and produce certain documents, pursuant to Rules 37(a)(2)(B) and (a)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs submit the attached Memorandum in Support of Plaintiffs' Motion to Compel Discovery.

Date: November 28, 2006

Respectfully submitted,

Robert E. Kolek
Thomas R. Wechter
Ayad P. Jacob
Colleen M. Feeney
(admittance application pending)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

This memorandum is submitted by Plaintiffs, Stobie Creek Investments LLC and JFW Enterprises, Inc. (collectively "Stobie Creek"), in support of their motion to compel the Defendant to answer certain interrogatories and to produce certain documents.

**INTRODUCTION**

**Nature of the Case.**

This is a petition for readjustment of partnership items for the tax year ended December 31, 2000, brought pursuant to Section 6226(b) of the Internal Revenue Code of 1986, as amended (the "Code"), to contest the Notice of Final Partnership Administrative Adjustment dated March 9, 2005 that was issued for Stobie Creek's taxable year ended December 31, 2000 (the "FPAA"). *See* Complaint, ¶¶1, 4.

The complaint seeks a redetermination of the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties. *Id.*, Prayer for Relief, ¶1. The complaint also seeks recovery of taxes that Stobie Creek has deposited with the United states in escrow (plus any interest permitted by law). *Id.*, ¶2; *see also* Complaint ¶12. Further, the complaint alleges that "in all events, no penalty can or should be applied against Stobie Creek, as an entity or against its

member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint ¶14(gg).

**The Discovery Dispute.**

**a. The Bases for the FPAA.**

Paragraph 13 of the complaint alleges: "The FPAA, and each and every determination and alternative position made by the Commissioner of Internal Revenue ("Commissioner") in the FPAA is erroneous. The United States "[d]enies that the Commissioner erred in the determinations made in the FPAA." *See* Defendant's Answer, ¶¶13, 14. Issue having been joined, Stobie Creek has attempted through discovery to learn the justifications for the positions that the Commissioner took in the FPAA. The United States, however, refuses to provide any such information, contending that it is "irrelevant."

For example, Interrogatory No. 4 of Plaintiff's First Set of Interrogatories, a copy of which is attached hereto as "Exhibit A," asked the United States to "[i]dentify all documents considered in preparing the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners." Similarly, Request No. 5 of Plaintiff's First Set of Requests for Production, a copy of which is attached hereto as "Exhibit B," asked the United States to produce "all documents reviewed, prepared, or relied upon by Defendant in preparing the FPAA," and Requests Nos. 7 and 11 sought production of:

> All documents relied upon by Defendant in determining that the transactions giving rise to the basis in Therma-Tru stock, including Code Section 754 election made by Stobie Creek, had no business purpose other than tax avoidance, lacked economic substance and constituted an economic sham for federal income tax purposes; and,

> All documents relied upon by Defendant in determining that there was no reasonable belief by Plaintiff that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, was more likely than not the correct tax treatment.

The United States has objected to providing any of such information. According to the United States, the fact that "[t]his is a *de novo* proceeding" immunizes the United States from all discovery into the reasons why the government took the positions that it did in the FPAA. *See* Defendant's Responses to Plaintiff's First Set of Interrogatories and to Plaintiff's First Set of Requests for Production, copies of which are attached hereto as "Exhibit C" and "Exhibit D," respectively.

The United States also contends that it need not reveal information that explains the Commissioner's FPAA positions because "[t]he FPAA issued by the IRS is presumed correct, and it is Plaintiff's burden to prove that the correct tax treatment of its partnership items, and its tax liabilities, are not as set forth in the FPAA." *See, e.g.* Exhibit C, ¶¶4, 5, and 10; Exhibit D, ¶¶5, 7, and 11. Putting aside for the moment that the complaint alleges "the Defendant bears the burden of proof with respect to any issue set forth in the FPAA pursuant to Code Section 7491," *see* Complaint ¶7(c)(i) and (ii), the United States has been unable to explain why the allocation of the burden of proof to one side or the other should bar Stobie Creek from discovering the grounds upon which the United States based its FPAA positions.

**b. Prior Positions Taken By The IRS in Interpreting Certain Terms.**

Stobie Creek also seeks discovery with respect to the interpretation that the IRS has given to particular terms within the Internal Revenue Code ("Code"), regulations and Revenue Notices. As is discussed below, Stobie Creek has relied upon the interpretation that the IRS had given to such terms over the course of decades, and the discovery that Stobie Creek seeks relates to the complaint's allegations: (a) that "[i]n all events, no penalty can or should be applied against

Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)"; and (b) that "the IRS erred in determining that Treasury Reg. Sec. 1.752-6T is not vague, may be applied retroactively and is enforceable." Complaint ¶¶ 7(b)(xix), 14(gg).

Specifically in this regard, Document Request No. 12 seeks:

> All documents interpreting or relied upon by the Internal Revenue Service in interpreting the term "liability" in all adopted, temporary, or proposed Treasury Regulations, issued under Internal Revenue Code Section 752.

Document Request No. 13 seeks:

> All documents relating to the development, interpretation, and application of Internal Revenue Code Section 752 to options to deliver property in *Helmar* [sic] *v. United States* T.C. Memo 1975-160, 34 T.C.M. 727 (1975) and any subsequent litigation involving Defendant.

Document Request No. 14 seeks:

> All documents relied upon by the Internal Revenue Service in formulating its position with respect to Notice 2000-44.

And, Document Request Nos. 15, and 16 seek production of certain documents that the United States has already produced to the plaintiffs in the case of *Jade Trading, LLC v. U.S.*, Case No. 03-2164, "relating to the development, interpretation, and application of the term 'liability' under Internal Revenue Code Section 752," and relating to Treasury Regulation 1.701-2.

The United States has objected to producing any of the documents sought by Document Request Nos. 12 through 16, based primarily upon on grounds of relevancy and privilege. *See, e.g.,* Exhibit D, ¶¶ 12 - 16. With respect to relevancy, the United States apparently has overlooked the fact that this Court has already rejected the United States' relevancy argument concerning virtually the same documents in the case of *Marriott Resorts LLC v. United* States, 61 Fed. Cl. 411, 415-16 (2004), *reversed on other grounds*, *Marriott Intern. Resorts, L.P. v. U.S.*

437 F.3d 1302 (C.A.Fed.,2006). With respect to its claim of privilege, the United States has not articulated how it could properly continue to assert a privilege with respect to the very same documents that the United States has already disclosed to its opponent in *Jade Trading, LLC v. U.S.*, supra.

**c. The United States' Massive Non-Party Discovery.**

Stobie Creek also has attempted to learn the United States' justification for launching massive discovery that appears to be wholly unrelated to the issues raised by Stobie Creek's complaint. For example, the United States has advised Stobie Creek that it intends to take 25 depositions, and the United States has subpoenaed third parties to produce literally millions of pages of documents. *See* United States Motion to Enlarge the Discovery Schedule and Request for Expedited Briefing, attached hereto as "Exhibit E" at pp. 1, 3, 4.

The depositions and documents largely concern communications between the law firm of Jenkins & Gilchrist and clients other than Stobie Creek, and transactions involving Deutsche Bank and persons and entities other than Stobie Creek. Given the obvious burden to Stobie Creek if it has to participate in such massive, seemingly unnecessary discovery, Stobie Creek has asked the United States to explain how such discovery was "reasonably calculated to lead to the discovery of admissible evidence," as required by RCFC 26(b)(1). *See* Affidavit of Robert E. Kolek attached hereto as "Exhibit F." The United States, however, has refused to give an explanation. *Id.* That being so, Stobie Creek served the United States with contention interrogatories formally requiring the United States to explain how such wide-ranging, non-party discovery could lead to relevant evidence. A copy of Plaintiffs' Second Set of Interrogatories is attached hereto as "Exhibit G." Again, the United States has refused to provide the information requested. *See* "Exhibit H," a copy of the United States' Objections and Responses to Plaintiff's

Second Set of Interrogatories.

The government's unreasonable approach to discovery is thwarting and obstructing the Plaintiffs' ability properly to prepare their case for trial. In accordance with RCFC 37(a)(2)(B), Stobie Creek certifies that it has in good faith conferred or attempted to confer with Defendant in an effort to obtain such responses without Court action. Copies of the parties' relevant correspondence are attached hereto as "Exhibit I" and "Exhibit J"; *see also,* Affidavit of Robert E. Kolek, Exhibit F. Despite Stobie Creek's repeated attempts to reach an accord, however, the United States has remained completely intransigent. Accordingly, Stobie Creek respectfully requests this Court to enter an order compelling the United States to provide the information that Stobie Creek seeks.

## ARGUMENT

### I. The United States Unjustifiably Has Refused To Disclose The Bases for the Positions It Took in the FPAA.

The government's refusal to explain the bases for the positions that it took in the FPAA is perplexing and unsupportable. Alleging, as the United States has, that the Commissioner did not err "in the determinations made in the FPAA," *see* Defendant's Answer, ¶¶13, 14, the propriety of the Commissioner's determinations is directly at issue. Whether Stobie Creek or the United States has the burden of proof is irrelevant. In either case, the United States enjoys no immunity from discovery that is directed to the claims and defenses that are raised by the pleadings. The law is well settled that information that relates to a claim or defense ordinarily is deemed relevant and discoverable. *See, e. g., Marriott Resorts LLC v. United* States, 61 Fed. Cl. 411, 415 (2004), *reversed on other grounds*, *Marriott Intern. Resorts, L.P. v. U.S.* 437 F.3d 1302 (C.A.Fed.,2006); *see also* Rule 26(b)(1) of the Rules of the Court of Federal Claims ("RCFC"): "Parties may obtain discovery regarding any matter, not privileged, that is relevant to

the claim or defense of any party."

The FPAA is the jurisdictional foundation of this "Judicial Review of Final Partnership Administrative Adjustments." 25 U.S.C. §6226(b). The complaint alleges with particularity no less than 21 specific errors by the IRS in connection with the FPAA. *See* Complaint, ¶¶7(b)(i) through 7(b)(xxi). The United States "[d]enies that . . . the IRS erred in any of its determinations." *See* Defendant's Answer, ¶7. In accordance with the express provisions of RCFC Rule 26(b)(1), the facts that are relevant to the United States' defense that the IRS did not err in making its determinations in the FPAA are discoverable.

Moreover, basic fairness dictates that Stobie Creek should not be forced to await the commencement of trial to learn the factual bases for the United States' denials with respect to the 21 assignments of error in Paragraph 7 of the complaint. A primary aim of pretrial discovery is to avoid surprise at trial. *See, e.g., American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y.2002) (quoting *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F.Supp.2d 1045, 1061 (D.Minn.1999), *aff'd in relevant part*, 290 F.3d 1364 (Fed.Cir.2002)) (The rules are designed "to avoid 'surprise' or 'trial by ambush."). Thus, Stobie Creek is entitled to know prior to trial which documents the Commissioner relied upon in deciding the issues set forth in the FPAA. The United States' refusal to disclose the pertinent factual portions of the IRS administrative file effectively shields from the adversary process the factual nature of the government's defense in this action. Such pretrial gamesmanship was repudiated long ago by the Federal Rules of Civil Procedure and by Rule 26(b)(1) of the Rules of this Court.

The United States' justification for its discovery gamesmanship — *i.e.,* that this is a *de novo* proceeding, and that "[t]he FPAA issued by the IRS is presumed correct, and it is Plaintiff's burden to prove that the correct tax treatment of its partnership items, and its tax liabilities, are not as set forth in the FPAA" — does not meet the issue that is before the Court. Mere

conclusory statements of the sort asserted by the United States here are not sufficient to support an objection. *P.T. & L. Construction Co. v. Comm.r,* 63 T.C. 404, 408 (1974). On the contrary, given the broad and liberal construction accorded to the federal discovery rules, the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper. *Branerton Corp. v. Comm.,* 64 T.C. 191, 192-193 (1975). The United States has failed to carry that burden.

Settled law governing pretrial discovery precludes the United States from alleging, on one hand, that the Commissioner did not err "in the determinations made in the FPAA," while refusing, on the other hand, to disclose to Stobie Creek the very documents that form the bases of those determinations. Accordingly, the United States should be ordered to answer Interrogatory No. 4 of Plaintiff's First Set of Interrogatories, and to produce the documents required by Requests Nos. 5, 7 and 11 of Plaintiff's First Set of Requests for Production.

## II. The United States Unjustifiably Has Refused To Permit Discovery Into Its Conflicting Interpretations of Terms Material to This Action.

The United States has refused to produce even a single document that has been requested by Document Requests Nos. 12, 13, 14, 15, and 16. These requests relate to the IRS' interpretation of particular terms within the Internal Revenue Code ("Code"), regulations and Revenue Notices, including the term "liability," and how those interpretations may have changed over time. Evidence of the IRS' interpretation of "liability" is relevant to Stobie Creek's challenge to the penalties assessed in the FPAA.

Penalties (and additions to tax) are imposed pursuant to subtitle F, Procedure and Administration. In 1997, Congress amended 26 U.S.C. §6221 to require:

> Except as otherwise provided in this subchapter, the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an

> adjustment to a partnership item) shall be determined at the partnership level.

The "applicability of any penalty" necessarily involves a determination of "reasonable cause" under 26 U.S.C. § 6664: "No penalty shall be imposed under Section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was reasonable cause for such portion and the taxpayer acted in good faith with respect to such portion." Thus, the determination of "reasonable cause" in connection with the imposition of a penalty at the partnership level necessarily will turn on evidence of the intent of the individual partners, their reasonable reliance on the law and on outside professionals. Such issues ought to be determined in this proceeding under 26 U.S.C. § 6662 and 26 U.S.C. § 6664, as they are inextricably woven into the fabric of the issue of imposing a penalty at the partnership level.

This Court presently has jurisdiction of all of the partners, *see* 26 U.S.C. 6226(c), and principles of judicial and party economy dictate that all of the related penalty issues should be determined by this Court in this action. There is no principled basis for requiring the partners of Stobie Creek to wait for penalties to be assessed, to pay penalties they contend they should not have to pay, and then later to commence a separate action in this Court to seek a refund. Moreover, even if determinable separately, the reasonable reliance of Stobie Creek acting through its partners, is relevant to the determination of the application of penalties to the partners themselves. *See* Treas. Reg. § 1.6664-4(d). Accordingly, Stobie Creek seeks discovery that is calculated to enable Stobie Creek to prove its claim that its partners relied upon a reasonable interpretation of the law, including the term "liabilities," and that the imposition of penalties would be improper even if Stobie Creek does not prevail on the merits of its complaint.

Indeed, the evidence that Stobie Creek seeks is relevant to a core issue raised by the complaint in this action, and is thus discoverable here, even if the partnership-partner penalty

issues were split apart and adjudicated in separate proceedings. The complaint alleges that the retroactivity of Treas. Reg. 1.752-6 should be found invalid. Complaint, ¶7(xix). Whether a regulation may be given retroactive effect depends in part on "whether or to what extent the taxpayer *justifiably relied* on settled prior law or policy and whether or to what extent the putatively retroactive regulation alters that law." *Klamath Strategic Investment Fund LLC v. United States*, 440 F. Supp. 2d 608, 623 (E.D. Tx. 2006) (emphasis added).

Section 752 of the Code governs the treatment of liabilities by partners and partnerships. In 2003, long after the transactions involved in this case occurred, the Treasury Department attempted to change retroactively the law that Stobie Creek had relied upon by revising the regulations that govern the definition of a "liability" for purposes of Section 752. *See Klamath Strategic Investment Fund LLC*, 440 F. Supp. 2d 608. In a complete reversal of its prior administrative and litigating position (which had received repeated court approval), including *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975), a case that IRS won, the Treasury promulgated new regulations under Section 752 that purported to expand the definition of the term "liability." *See Klamath Strategic Investment Fund LLC, supra* at 623-24; Treas. Reg. § 1.752-1(a)(4)(ii); Treas. Reg. §1.752-6(a); and Treas. Reg. §1.752-7(b)(3). The preamble to these new regulations specifically recognizes that the new concept of a "liability" set out in these regulations does *not* follow the result that the IRS advocated, and obtained, in *Helmer* and related cases. *See Klamath Strategic Investment Fund LLC, supra,* at 617. citing Assumption of Partner Liabilities, 68 Fed. Reg. 37434, 37436 (June 24, 2003). Significantly, the Treasury Department opted to make this change retroactive "to buttress the government litigation position in this and similar cases [referring to Treas. Reg. § 1.752-6]." *Klamath Strategic Investment Fund LLC, supra,* at 625.

Because a key determinant of whether a regulation may be given retroactive effect is "whether or to what extent the taxpayer justifiably relied on settled prior law or policy and whether or to what extent the putatively retroactive regulation alters that law," Document Request No. 13 is calculated to enable Stobie Creek to discover evidence showing what was the settled prior law or policy at the time of the transactions addressed by the FPAA. *See Klamath Strategic Investment Fund LLC, supra,* at 623. Thus, Document request No. 13 seeks production of:

> All documents relating to the development, interpretation, and application of Internal Revenue Code Section 752 to options to deliver property in *Helmar v. United States* T.C. Memo 1975-160, 34 T.C.M. 727 (1975) and any subsequent litigation involving Defendant.

The United States' relevancy objection to Request No. 13, and to the related Request No. 12, is baffling. In the case of *Marriott Resorts LLC v. United* States, 61 Fed. Cl. 411 (2004), *reversed on other grounds, Marriott Intern. Resorts, L.P. v. U.S.* 437 F.3d 1302 (C.A. Fed. 2006), the United States interposed the very same objection to producing the very same kind of documents sought by Stobie Creek here — *i.e.,* documents relied upon by the IRS in formulating its position with respect to the definition of "liability" in Treasury Regulations issued under Section 752 of the Code. This Court rejected the United States' relevancy objection, finding that such documents were relevant in that action for readjustment of partnership items. *Marriott Resorts LLC v. United* States, *supra,* at 415-16; *see also Vons Companies, Inc. v. United States*, 51 Fed. Cl. 1 (2001); *Flamingo Fishing Corp. v. United States*, 22 Cl. Ct. 625, 629 (1991) (compelling the production of documents relied upon by the IRS in defining the term "normally" contained in a statute); *Bank of Am. v. United States*, 1978 WL 4492 (N.D. Cal.) (IRS documents which primarily explain and which reflect the history and development of the relevant Treasury regulations clearly relate to the Plaintiff's claim that the

action of the Commissioner was an abuse of discretion); *Accord v. United States*, 92 F.R.D. 355, 357 (E.D. Miss. 1981) (items related to the definition used in a statute are relevant and discoverable). The United States' relevancy objection is devoid of any merit.

Equally baffling is the United States' objection based on the ground that "many of the documents are likely protected from disclosure by executive privilege, attorney-client privilege and work-product privilege." *See, e.g.* Exhibit C, ¶¶4, 5, 10 and Exhibit D, ¶¶12-16. The government may not invoke the deliberative-process prong of the executive privilege to withhold documents from discovery unless an appropriate agency official states "with particularity what information is subject to the privilege." *See Marriott Intern. Resorts, L.P. v. U.S.* 61 Fed.Cl. 411, 417 (Fed.Cl.,2004), citing *Walsky Constr. Co. v. United States*, 20 Cl.Ct. 317, 320 (1990). The required particularization of information subject to the claim of executive privilege also must be supported by "precise and certain reasons for maintaining the confidentiality of the requested document[s]." *Id.* (quoting *Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 6 (N.D.N.Y.1983)). In addition to these procedural requirements, a proper invocation of executive privilege will apply substantively only to "pre-decisional" materials that are "deliberative in nature, containing opinions, recommendations, or advice pertaining to agency decisions." *Abramson v. United States*, 39 Fed.Cl. 290, 294-95 (1997).

The United States has not identified "with particularity" which documents that Stobie Creek has requested are subject to a claim of executive privilege. The United States has not provided "precise and certain reasons for maintaining the confidentiality of the requested document[s]." The United States has not limited its objection solely to specific, identified "pre-decisional" materials that are "deliberative in nature, containing opinions, recommendations, or advice pertaining to agency decisions." Accordingly, the United States has failed even to

properly invoke the executive privilege, much less satisfy its burden of establishing that it is entitled to refuse to produce relevant documents based upon that ground.

The same is true with respect to the United States' reliance upon the attorney-client privilege and the litigation work product doctrine. The law is clear that a party claiming the benefit of the such privileges has the burden of proving their applicability. *See, e.g., Federal Trade Commission v. Lukens Steel Company*, 444 F.Supp. 803, 806 (D.D.C. 1977). The United States has not provided a privilege log nor otherwise made any *prima facie* showing that any document requested by Stobie Creek is subject to the attorney-client privilege or the qualified privilege created by the litigation work product doctrine. *See Hickman v. Taylor*, 329 U.S. 495 (1947).

In addition, the attorney-client privilege is lost if the client waives it. *See United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950). Here, the United States has waived any privilege that it might properly have invoked as to the documents that it has already produced to the plaintiffs in the case of *Jade Trading, LLC v. U.S.*, Case No. 03-2164. Accordingly, the United States has no privilege to refuse to produce the very same documents to Plaintiffs in response to Document Request Nos. 15 and 16.[1] Accordingly, the Court should compel the United States to produce the documents required by Document Requests Nos. 12, 13, 14, 15, and 16.

[1] The United States' objection that Plaintiffs' Document Requests are "vague, overly broad and overly burdensome" (*see, e.g.*, Exhibit D, ¶¶ 15, 16), are not before the Court. Contrary to RCFC 26(b)(1), the United States was not willing to negotiate an accord of any kind given its relevancy and privilege objections. *See also Rowlen v. Alabama Dep't of Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001); *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) for the principle that a party claiming "burden" bears the obligation of showing specifically how the request is overly broad, unduly burdensome or oppressive by submitting evidence to support its contention.

## III. The United States Should Be Compelled to Justify Its Massive Non-Party Discovery.

The United States should also be compelled to respond in good faith to Stobie Creek's Second Set Of Interrogatories, attached as Exhibit G. Stobie Creek can see no legitimate reason for having to participate in 25 depositions and review the massive non-party document discovery that the United States has launched. If the United States believes that such discovery can be justified in some way as "reasonably calculated to lead to the discovery of admissible evidence," as required by RCFC 26(b)(1), it is time for the United States to tell Stobie Creek and the Court what that purported justification might be.

WHEREFORE, Plaintiffs request that this Honorable Court enter an Order which compels Defendant to fully respond to the discovery attached to this Motion within seven days, and to reimburse Plaintiffs for their costs, expenses and attorneys' fees incurred in prosecuting this Motion to Compel, and for such other and further relief as this Court deems just and proper.

Dated: November 28, 2006

Respectfully Submitted
SCHIFF HARDIN LLP

Attorneys for Plaintiffs

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

CHI\ 4769150.3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,

Plaintiff

v.

THE UNITED STATES OF AMERICA,

Defendant.

**Case No. 05-00748**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Plaintiff, Stobie Creek Investments, LLC ("Stobie Creek" or "Plaintiff"), pursuant to Rule 33 of the United States Court of Federal Claims, submits the following interrogatories to be answered under oath by Defendant within 30 days after receipt thereof.

**DEFINITIONS**

1. The term "Document" as used herein, shall mean and include every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including without limitation, correspondence, memoranda, stenographic or handwritten notes, communications conveyed through the use of any message system using telecommunications network lines between computers, e-mail, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, surveys, minutes or statistical data, data processing cards, computer record or type or printout, computer tapes, cards and printouts, and other data compilation from which information can be obtained or translated, if necessary, by Plaintiff through detection devices into reasonably usable form, as well as any and all copies of all documents; every copy of such writing or record where the original is not in the possession, custody or control of Defendant, and every copy of every such writing or record

ALL-STATE LEGAL®
PETITIONER'S EXHIBIT
A

where such copy is not an identical copy of any original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2. The terms "Identify" or "Identity" as used herein, shall mean:

(i) In reference to persons, means to state the complete name of the person, his or her home address and business address, his or her telephone number, and his or her personal knowledge relating to this matter;

(ii) In reference to documents means to state the date of the document; its author, and each person known by you or reported to you to have received the document; each person known by you or reported to you to have transmitted the document; as to each such receipt or transmission, the date or approximate date of such receipt or transmission; the general nature of the document, *i.e.*, invoice, check, accounting record, etc.

(ii) when used in respect to a conversation, event or meeting, means to state the date, place, duration, and all persons present, attending, or participating.

3. "You" as used herein, is intended to and shall embrace and include the named Defendant, all agencies of the federal government involved any time in this matter at any stage (at the administrative, judicial, or other stage specifically including the Internal Revenue Service, Treasury Department, and Department of Justice), current and prior counsel for Defendant, and all agents, servants, employees, representatives, private investigators, contractors, experts, and others who are in possession of or who may have obtained information for or on behalf of Defendant.

4. "Plaintiff" as used herein shall mean and refer to Stobie Creek and its partners.

## INSTRUCTIONS

1. Consistent with RCFC 33, please answer the Interrogatories fully, separately, and under oath.

2. To the extent you object to an Interrogatory in part or full, please answer the non-objectionable part and describe with specificity the factual and legal basis for the objection.

3. In the event that specified documents would be responsive to an Interrogatory, please identify or produce the document.

4. Should you have any questions relating to the scope or meaning of a given Interrogatory, please contact Counsel for Plaintiff who will promptly address whatever questions you may have.

## INTERROGATORIES

1. Identify Defendant's party representative under RCFC 30(b)(6) who is competent to testify as to Defendant's contentions in this matter.

2. Identify each document and each person who has knowledge of facts that support each denial set forth in Defendant's Answer.

3. Identify all persons who have knowledge of facts that support each of Defendant's contentions as set forth in the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

4. Identify all documents considered in preparing the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

5. Identify all persons who participated in preparing or who reviewed the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

6. Identify each document and each person who has knowledge of facts that support Defendant's contention that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, had no business purpose other than tax avoidance, lacked economic substance, and constituted an economic sham for federal income tax purposes.

7. Identify each document and each person who has knowledge of facts that support Defendant's contention that Stobie Creek was formed or availed of in connection with the transaction or transactions in the taxable year ending April 30, 2000, a principal purpose of which was to reduce substantially the present value of the partners' federal income tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code.

8. To the extent Defendant denied the existence of Stobie Creek or that Stobie Creek was a valid limited liability company, identify each document and each person who has knowledge of facts that support this contention.

9. Identify each document and each person who has knowledge of facts that support Defendant's contention that the foreign currency transaction in which Plaintiff engaged were structured in such a way as to virtually assure that the Plaintiff would not realize a gain or a loss on the transaction, in excess of the transactional costs.

10. Identify each document and each person who has knowledge of facts that is inconsistent with or contradicts Defendant's contentions in the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

11. Identify all witness interviews or statements within the possession, access, custody, and control of the Defendant relating to Stobie Creek and its partners.

12. Identify each document and each person who has knowledge of facts that support Defendant's contention that the adjustment of partnership items of Stobie Creek are attributable to a tax shelter for which no substantial authority has been established.

13. Identify each document and each person who has knowledge of facts that support Defendant's contention that there was no reasonable belief by Plaintiff that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, was more likely than not the correct tax treatment.

14. Provide the name, address, occupation, and title of each person you expect to call as an expert witness at trial, and include a statement as to the general nature of the subject matter on which each such expert is expected to testify, the witness's purported area of expertise, a description of his or her qualifications, the substance of the facts, opinions and conclusions to which the expert is expected to testify, a summary of the grounds for each opinion and conclusion.

Dated: May 11, 2006

Respectfully Submitted

Robert E. Kolek

SCHIFF HARDIN LLP

Robert E. Kolek
Thomas R. Wechter
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
*Counsel for Plaintiff*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | **Case No. 05-00748** |

**PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS**

Plaintiff, Stobie Creek Investments, LLC ("Stobie Creek" or "Plaintiff"), pursuant to Rule 34 of the United States Court of Federal Claims, requests that Defendant produce the documents and records requested herein within 30 days after receipt thereof.

**DEFINITIONS**

1. The term "Document" as used herein, shall mean and include every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including without limitation, correspondence, memoranda, stenographic or handwritten notes, communications conveyed through the use of any message system using telecommunications network lines between computers, e-mail, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, surveys, minutes or statistical data, data processing cards, computer record or type or printout, computer tapes, cards and printouts, and other data compilation from which information can be obtained or translated, if necessary, by Plaintiff through detection devices into reasonably usable form, as well as any and all copies of all documents; every copy of such writing or record where the original is not in the possession, custody or control of Defendant, and every copy of every such writing or record

ALL-STATE LEGAL® PETITIONER'S EXHIBIT B

where such copy is not an identical copy of any original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2. "You" as used herein, is intended to and shall embrace and include the named Defendant, all agencies of the federal government involved any time in this matter at any stage (at the administrative, judicial, or other stage specifically including the Internal Revenue Service, Treasury Department, and Department of Justice), current and prior counsel for Defendant, and all agents, servants, employees, representatives, private investigators, contractors, experts, and others who are in possession of or who may have obtained information for or on behalf of Defendant.

3. "Plaintiff" as used herein shall mean and refer to Stobie Creek and its partners.

**INSTRUCTIONS**

1. Please produce complete copies of all requested documents within the possession, access, custody, and/or control of Defendant.

2. To the extent that a given request relates to a document that has been previously produced or is requested elsewhere, you need not produce it again provided that you specifically identify that document in response to each applicable request.

3. This request for production of documents shall be deemed continuing in nature, and Defendant is under a duty to supplement its responses promptly with respect to any document requests contained herein, if additional documents should come to its attention at any time prior to the conclusion of the trial of this case.

4. If any privilege is claimed as to any information called for by any request: (a) identify the privilege claimed; (b) state the basis for the claim of privilege as to each specific item of information, document, or oral communication; (c) state the title and type of document or

communication and the date thereof; (d) identify each person who prepared or made the document or communication, and each person, if any, who signed any such document; (e) identify each person to whom the document or communication or any copy, summary, digest, or other description thereof was directed, circulated, or distributed; (f) identify each person now in possession of the document or such copy, summary, digest, or other description; and (g) give a brief summary of the subject matter and content of the document or communication.

**REQUESTS FOR DOCUMENTS**

1. All documents you identified in response to any Interrogatory served by Plaintiff.

2. All documents you referenced or otherwise relied upon to provide answers to any Interrogatory served by Plaintiff.

3. All documents you referenced or otherwise relied upon in answering Plaintiff's Complaint.

4. All documents identified in Defendant's Rule 26(a) Disclosures.

5. All documents reviewed, prepared, or relied upon by Defendant in preparing the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

6. All documents received by you in response to subpoenas issued in this action.

7. All documents relied upon by Defendant in determining that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, had no business purpose other than tax avoidance, lacked economic substance, and constituted an economic sham for federal income tax purposes.

8. All documents relied upon by Defendant in determining that Stobie Creek was formed or availed of in connection with the transaction or transactions in the taxable year ending April 30, 2000, a principal purpose of which was to reduce substantially the present value of the

partners' federal income tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code.

9. All documents relied upon by Defendant in determining that the foreign currency transaction in which Plaintiff engaged were structured in such a way as to virtually assure that the Plaintiff would not realize a gain or a loss on the transaction, in excess of the transactional costs.

10. All documents relied upon by Defendant in determining that the adjustment of partnership items of Stobie Creek are attributable to a tax shelter for which no substantial authority has been established.

11. All documents relied upon by Defendant in determining that there was no reasonable belief by Plaintiff that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, was more likely than not the correct tax treatment.

12. All documents interpreting or relied upon by the Internal Revenue Service in interpreting the term "liability" in all adopted, temporary, or proposed Treasury Regulations, issued under Internal Revenue Code Section 752.

13. All documents relating to the development, interpretation, and application of Internal Revenue Code Section 752 to options to deliver property in *Helmar v. United States*, T.C. Memo 1975-160, 34 T.C.M. 727 (1975) and any subsequent litigation involving Defendant.

14. All documents relied upon by the Internal Revenue Service in formulating its position with respect to Notice 2000-44.

15. All documents produced in *Jade Trading, LLC v. U.S.*, Case No. 03-2164, relating to the development, interpretation, and application of the term "liability" under Internal Revenue Code Section 752.

16. All documents produced in *Jade Trading, LLC v. U.S.*, Case No. 03-2164 relating to Treasury Regulation 1.701-2.

Dated: May 11, 2006

Respectfully Submitted

[signature]

SCHIFF HARDIN LLP

Robert E. Kolek
Thomas R. Wechter
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
*Counsel for Plaintiff*

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | **Case No. 05-00748** |

**CERTIFICATE OF SERVICE**

I, Ayad P. Jacob, an attorney on oath hereby certify that on May 11, 2006, I caused a copy of the foregoing First Set of Interrogatories and Requests for Documents to be served via email and U.S. Mail upon the following:

Stuart D. Gibson
U.S. Department of Justice
P.O. Box 403
Ben Franklin Station
Washington, D.C. 20044
Stuart.D.Gibson@usdoj.gov

Cory A. Johnson
U.S. Department of Justice
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044
Cory.A.Johnson@usdoj.gov

Ayad P. Jacob

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner, | ) | |
| Plaintiff, | ) | No. 05-748 T (Judge Block) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**THE UNITED STATES' RESPONSES TO**
**<u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

The United States responds to plaintiff's First Set of Interrogatories as follows:

<u>Interrogatory No. 1:</u> Identify Defendant's party representative under RCFC 30(b)(6) who is competent to testify as to Defendant's contentions in this matter.

RESPONSE: The United States objects to this interrogatory as vague, overly broad and an improper use of RCFC 30(b)(6). Without waiving these objections, the United States states that it will designate a representative to testify in response to a proper RCFC 30(b)(6) notice of deposition – *i.e.*, a notice that describes with "reasonable particularity the matters on which examination is requested" – if plaintiff serves such a notice at an appropriate point in the discovery process, and if a representative of the United States is able to provide discoverable, relevant testimony on the specified subjects.

<u>Interrogatory No. 2</u>: Identify each document and each person who has knowledge of facts that support each denial set forth in defendant's answer.

ALL-STATE LEGAL®
PETITIONER'S
EXHIBIT
C

RESPONSE: The United States objects to this interrogatory as vague and overly broad. Without waiving these objections, the United States states that it believes that the persons identified in its RCFC 26(a) initial disclosures have knowledge of facts that support its denials of the factual allegations in plaintiff's Complaint. The documents identified in its initial disclosures also support the United States' denials. The United States expects to obtain additional documents through discovery that support its denials. Pursuant to RCFC 33(d) and plaintiffs' document production request, the United States will produce these documents to plaintiff.

Interrogatory No. 3: Identify all persons who have knowledge of facts that support each of Defendant's contentions as set forth in the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

RESPONSE: The United States objects to this interrogatory as vague and as mis-characterizing the adjustments to partnership items set forth in the FPAA as "contentions." The FPAA issued by the IRS is presumed correct, and it is plaintiff's burden to prove that the correct tax treatment of its partnership items, and its tax liabilities, are not as set forth in the FPAA. The United States also objects to this interrogatory as seeking irrelevant information not calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the court has jurisdiction to determine all of the partnership items of Stobie Creek. Subject to these objections, the United States states that it believes that the persons identified in its RCFC 26(a) initial disclosures have knowledge of facts that support the adjustments and determinations set forth in the FPAA issued to plaintiff.

Interrogatory No. 4: Identify all documents considered in preparing the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

RESPONSE: The United States objects to this interrogatory as overly burdensome, as seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and as possibly seeking information protected by the attorney-client and work-product privileges. The FPAA issued by the IRS is presumed correct, and it is plaintiffs' burden to prove that the correct tax treatment of its partnership items, and its tax liabilities, are not as set forth in the FPAA. The United States also objects to this interrogatory as seeking irrelevant information not calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the court has jurisdiction to determine all of the partnership items of Stobie Creek, and it is not a proper use to discovery to "go behind" the FPAA.

Interrogatory No. 5: Identify all persons who participated in preparing or who reviewed the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

RESPONSE: The United States restates its objection to Interrogatory No. 4.

Interrogatory No. 6: Identify each document and each person who has knowledge of facts that support Defendant's contention that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, had no business purpose other than tax avoidance, lacked economic substance, and constituted an economic sham for federal income tax purposes.

RESPONSE: The United States assumes that, to the extent that plaintiffs' reference to "Defendant's contention" is a reference to the determinations set forth in the FPAA's "Explanation of Items," plaintiffs seek the identification of persons and documents that may support such determinations in this *de novo* proceeding also. With the above-stated assumption, the United States states that it believes the persons identified in its RCFC 26(a) initial disclosures have knowledge of facts that support determinations that the transactions purportedly giving rise to the claimed inflated basis in Therma-Tru stock had no business purpose other than tax avoidance, lacked economic substance and constituted an economic sham for tax purposes. The documents identified in the United States' initial disclosures also support such determinations. The United States is obtaining additional documents through discovery in this case, and believes these additional documents also will support such determinations. Pursuant to RCFC 33(d), the United States will produce those documents to plaintiffs.

Interrogatory No. 7: Identify each document and each person who has knowledge of facts that support Defendant's contention that Stobie Creek was formed or availed of in connection with the transaction or transactions in the taxable year ending April 30, 2000, a principal purpose of which was to reduce substantially the present value of the partners' federal income tax liability in a manner that is inconsistent with the intent of subchapter K of the Code.

RESPONSE: The United States assumes that, to the extent plaintiffs' reference to "Defendant's contention" is a reference to the determinations set forth in the FPAA's "Explanation of Items," plaintiffs seek the identification of persons and documents that may support such a determination in this *de novo* proceeding also. With the above-stated assumption, the United States states that it believes the persons identified in its RCFC 26(a) initial disclosures

have knowledge of facts that support a determination that Stobie Creek was formed or availed of in connection with transactions, a principal purpose of which was to reduce substantially the present value of the partner's income tax liabilities in a manner inconsistent with the intent of subchapter K of the Internal Revenue Code. The documents identified in the United States' initial disclosures also support such determinations. The United States is obtaining additional documents through discovery in this case, and believes these additional documents also will support such determination. Pursuant to RCFC 33(d), the United States will produce those documents to plaintiffs.

Interrogatory No. 8: To the extent Defendant denied the existence of Stobie Creek or that Stobie Creek was a valid limited liability company, identify each document and each person who has knowledge of facts that support this contention.

RESPONSE: The United States believes that the persons identified in its RCFC 26(a) initial disclosures have knowledge of facts that may support a finding that the existence of Stobie Creek should not be respected for federal income tax purposes. The documents identified in the United States' initial disclosures also may support such a finding. The United States is obtaining additional documents through discovery in this case, and believes these additional documents also may support such a finding. Pursuant to RCFC 33(d), the United States will produce those documents to plaintiffs.

Interrogatory No. 9: Identify each document and each person who has knowledge of facts that support Defendant's contention that the foreign currency transaction in which Plaintiff engaged were (sic) structured in such a way as to virtually assure that the plaintiff would not realize a gain or a loss on the transaction, in excess of the transactional costs.

RESPONSE: The United States believes that the persons identified in its RCFC 26(a) initial disclosures have knowledge of facts that support the contention referenced above. The documents identified in the United States' initial disclosures also support its contention. The United States is obtaining additional documents through discovery in this case, and believes these additional documents also will support its contentions. Pursuant to RCFC 33(d), the United States will produce those documents to plaintiffs.

Interrogatory No. 10: Identify each document and each person who has knowledge of facts that is inconsistent with or contradicts Defendant's contentions in the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

RESPONSE: The United States objects to this interrogatory as vague and as mis-characterizing the adjustments to partnership items set forth in the FPAA as "contentions." The FPAA issued by the IRS is presumed correct, and it is plaintiff's burden to prove that the correct tax treatment of its partnership items, and its tax liabilities, are not as set forth in the FPAA. The United States also objects to this interrogatory as seeking irrelevant information not calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the court has jurisdiction to determine all of the partnership items of Stobie Creek. The United States also objects to this interrogatory as seeking privileged attorney work-product.

Interrogatory No. 11: Identify all witness interviews or statements within the possession, access, custody, and control of the Defendant relating to Stobie Creek and its partners.

RESPONSE: Counsel for the United States in this case is not aware of any documents responsive to this interrogatory. To the extent any responsive documents have been created in connection with a grand jury or other criminal investigation, those documents would be protected from identification and disclosure by Fed.R.Crim.P. 6(e), and the law enforcement privilege.

Interrogatory No. 12: Identify each document and each person who has knowledge of facts that support Defendant's contention that the adjustment of partnership items of Stobie Creek are attributable to a tax shelter for which no substantial authority has been established.

RESPONSE: The United States assumes that, to the extent that plaintiff's reference to "Defendant's contention" is a reference to the determination set forth in the FPAA's "Explanation of Items," plaintiff seeks the identification of persons and documents that may support such a determination in this *de novo* proceeding also. With the above-stated assumption, the United States states that it believes the persons identified in its RCFC 26(a) initial disclosures have knowledge of facts that support a determination that the adjustment to partnership items in the FPAA are attributable to a tax shelter for which no substantial authority has been established. The documents identified in the United States' initial disclosures also support such determinations. The United States is obtaining additional documents through discovery in this case, and believes these additional documents also will support such finding. Pursuant to RCFC 33(d), the United States will produce those documents to plaintiffs.

Interrogatory No. 13: Identify each document and each person who has knowledge of facts that support Defendant's contention that there was no reasonable belief by Plaintiff that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, was more likely than not the correct tax treatment.

RESPONSE: The United States objects to this interrogatory as ambiguous. The United States assumes that, to the extent that plaintiff's reference to "Defendant's contention" is a reference to the similar determination set forth in the FPAA's "Explanation of Items," plaintiff seeks the identification of persons and documents that may support such a determination in this *de novo* proceeding also. With the above-stated assumption, the United States states that it believes the persons identified in its RCFC 26(a) initial disclosures may have knowledge of facts that support a determination that plaintiff could not reasonably believe that the tax treatment of the transactions claimed by plaintiff was correct. The documents identified in the United States' initial disclosures also support such determinations. The United States is obtaining additional documents through discovery in this case, and believes these additional documents also will support such finding. Pursuant to RCFC 33(d), the United States will produce those documents to plaintiffs.

Interrogatory No. 14: Provide the name, address, occupation, and title of each person you expect to call as an expert witness at trial, and include a statement as to the general nature of the subject matter on which each such expert is expected to testify, the witness's purported area of expertise, a description of his or her qualifications, the substance of the facts, opinions and conclusions to which the expert is expected to testify, a summary of the grounds for each opinion and conclusion.

RESPONSE: The United States objects to this interrogatory as premature. The United States will disclose its expert witness(es) pursuant to the scheduling order entered in this case.

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Chief, Court of Federal
Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal
Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

Of Counsel

Dated: July 31, 2006

**CERTIFICATE OF SERVICE**

I certify that service of a copy of The United States' Responses to Plaintiff's First Set of Interrogatories has, this 31st day of July 2006, been made on plaintiff by mailing a copy thereof, in a postage prepaid envelope, to the following:

Robert E. Kolek
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Katie M. Stevens
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-6440

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **(Judge Block)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATES' RESPONSES TO**
**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

The United States responds to plaintiff's first set of document requests as follows:

1. All documents you identified in response to any Interrogatory served by Plaintiff.

RESPONSE: The United States will produce copies of all the documents identified in its interrogatory responses, with the exception of the documents that the plaintiff already possesses.

2. All documents you referenced or otherwise relied upon to provide answers to any Interrogatory served by Plaintiff:

RESPONSE: The United States restates its response to Request No. 1.

3. All documents you referenced or otherwise relied upon in answering Plaintiff's complaint.

RESPONSE: The United States objects to this request as seeking information protected from disclosure by the attorney-client and work product privileges, including a 55-page letter (with 2 attachments) to the Tax Division, Department of Justice, from IRS Chief Counsel, dated October 31, 2005, analyzing this case, and recommending how the Department of Justice

ALL-STATE LEGAL®
PETITIONER'S EXHIBIT
D

should defend this lawsuit. Without waiving this objection, the United States will produce all non-privileged documents.

4. All documents identified in Defendant's Rule 26(a) Disclosures.

RESPONSE: The United States will produce all documents identified in the United States' RCFC 26(a) disclosures.

5. All documents reviewed, prepared, or relied upon by Defendant in preparing the Final Partnership Administrative Adjustment issued to Stobie Creek and its partners.

RESPONSE: The United States objects to this request as overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence. This is a *de novo* proceeding in which the FPAA adjustments are presumed correct and the court has jurisdiction to determine all of the partnership items of Stobie Creek. Without waiving this objection, the United States will produce all documents obtained by the Internal Revenue Service from Shumaker, Loop & Kendrick, Jenkens & Gilchrist and Deutsche Bank AG that relate to Stobie Creek and its partners.

6. All documents received by you in response to subpoenas issued in this action.

RESPONSE: The United States will produce copies of two CD's containing documents produced by Deutsche Bank; copies of documents produced by John Ivsan; copies of CDs and the computer hard drive produced by Jenkens & Gilchrist; and copies of documents produced by Kenner & Co. The United States will produce copies of all other documents it obtains in the future pursuant to subpoena. The United States will not produce to plaintiffs documents produced by Robert Floyd because plaintiffs already have those documents.

7. All documents relied upon by Defendant in determining that the transactions giving rise to the basis in Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, had no business purpose other than tax avoidance, lacked economic substance, and constituted an economic sham for federal income tax purposes.

RESPONSE: The United States objects to this interrogatory as overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of Stobie Creek. Without waiving this objection, as it identifies such documents the United States will produce documents that support such determinations in this *de novo* proceeding.

8. All documents relied upon by Defendant in determining that Stobie Creek was formed or availed of in connection with the transaction or transactions in the taxable year ending April 30, 2000, a principal purpose of which was to reduce substantially the present value of the partners' federal income tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code.

RESPONSE: The United States objects to this interrogatory as overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of

Stobie Creek. Without waiving this objection, as it identifies such documents the United States will produce documents that support such determinations in this *de novo* proceeding.

9. All documents relied upon by Defendant in determining that the foreign currency transaction in which Plaintiff engaged were (sic) structured in such a way as to virtually assure that the Plaintiff would not realize a gain or a loss on the transaction, in excess of the transactional costs.

RESPONSE: The United States objects to this interrogatory as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of Stobie Creek. Without waiving this objection, as it identifies such documents the United States will produce documents that support such determinations in this *de novo* proceeding.

10. All documents relied upon by Defendant in determining that the adjustment of partnership items of Stobie Creek are attributable to a tax shelter for which no substantial authority has been established.

RESPONSE: The United States objects to this interrogatory as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of Stobie Creek. Without waiving

this objection, as it identifies such documents the United States will produce documents that support such determinations in this *de novo* proceeding.

11. All documents relied upon by Defendant in determining that there was no reasonable belief by Plaintiff that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, was more likely than not the correct tax treatment.

RESPONSE: The United States objects to this interrogatory as ambiguous and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of Stobie Creek. Without waiving this objection, as it identifies such documents the United States will produce documents that support such determinations in this *de novo* proceeding.

12. All documents interpreting or relied upon by the Internal Revenue Service in interpreting the term "liability" in all adopted, temporary, or proposed Treasury Regulations, issued under Internal Revenue Code Section 752.

RESPONSE: Defendant objects to this request to the extent that it seeks production of documents that are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. Predecisional and deliberative records generated in the course of developing, drafting, and approving regulations, revenue rulings, revenue procedures, Announcements, IRB Notices, written determinations within the scope of 26 U.S.C. §6110 (*i.e.*, private letter requests, technical advice memoranda, Chief Counsel advice, and determination

letters), general counsel memoranda, and other similar documents are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. As such, these documents are outside the scope of discovery.

Defendant also objects to this request on the ground that it is vague, overly broad and overly burdensome. Compliance would require defendant to incur an enormous burden and expense that would far outweigh all likely benefit to plaintiffs.

Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by attorney-client or executive privilege. At this time, the United States will not provide a privilege log or conduct a review of documents for privilege because this should be done only after all other objections to production have been rejected. *See Freeman v. Seligson*, 405 F.2d 1326, 1338-39 (D.C. Cir. 1968)

13. All documents relating to the development, interpretation, and application of Internal Revenue Code Section 752 to options to deliver property in *Helmar v. United States,* T.C. Memo 1975-160, 34 T.C.M. 727 (1975) and any subsequent litigation involving Defendant.

RESPONSE: The United States objects to this request as vague, ambiguous, overly broad, overly burdensome and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by executive privilege, attorney-client privilege and work-product privilege. At this time, the United States will not provide a privilege log or conduct a review of documents for privilege because this should be done only after all other objections to production have been rejected. *See Freeman v. Seligson*, 405 F.2d 1326, 1338-39 (D.C. Cir. 1968)

14. All documents relied upon by the Internal Revenue Service in formulating its position with respect to Notice 2000-44.

RESPONSE: Defendant objects to this request to the extent that it seeks production of documents that are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. Predecisional and deliberative records generated in the course of developing, drafting, and approving regulations, revenue rulings, revenue procedures, Announcements, IRB Notices, written determinations within the scope of 26 U.S.C. §6110 (*i.e.*, private letter requests, technical advice memoranda, Chief Counsel advice, and determination letters), general counsel memoranda, and other similar documents are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. As such, these documents are outside the scope of discovery.

Defendant also objects to this request on the ground that it is vague, overly broad and overly burdensome. Compliance would require defendant to incur an enormous burden and expense that would far outweigh all likely benefit to plaintiffs.

Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by attorney-client or executive privilege. At this time, the United States will not provide a privilege log or conduct a review of documents for privilege because this should be done only after all other objections to production have been rejected. *See Freeman v. Seligson*, 405 F.2d 1326, 1338-39 (D.C. Cir. 1968)

15. All documents produced in *Jade Trading, LLC v. U.S.*, Case No. 03-2164, relating to the development, interpretation, and application of the term "liability" under Internal Revenue Code Section 752.

RESPONSE: Defendant objects to this request to the extent that it seeks production of documents that are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. Predecisional and deliberative records generated in the course of developing, drafting, and approving regulations, revenue rulings, revenue procedures, Announcements, IRB Notices written determinations within the scope of 26 U.S.C. §6110 (*i.e.*, private letter requests, technical advice memoranda, Chief Counsel advice, and determination letters), general counsel memoranda, and other similar documents are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. As such, these documents are outside the scope of discovery.

Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by attorney-client or executive privilege. At this time, the United States will not provide a privilege log or conduct a review of documents for privilege because this should be done only after all other objections to production have been rejected. *See Freeman v. Seligson*, 405 F.2d 1326, 1338-39 (D.C. Cir. 1968)

16. All documents produced in *Jade Trading, LLC v. U.S.*, Case No. 03-2164, relating to Treasury Regulation 1.701-2.

RESPONSE: Defendant objects to this request to the extent that it seeks production of documents that are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. Predecisional and deliberative records generated in the course of developing, drafting, and approving regulations, revenue rulings, revenue procedures, Announcements, IRB Notices written determinations within the scope of 26 U.S.C. §6110 (*i.e.*, private letter requests, technical advice memoranda, Chief Counsel advice, and determination

letters), general counsel memoranda, and other similar documents are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. As such, these documents are outside the scope of discovery.

Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by attorney-client or executive privilege. At this time, the United States will not provide a privilege log or conduct a review of documents for privilege because this should be done only after all other objections to production have been rejected. *See Freeman v. Seligson*, 405 F.2d 1326, 1338-39 (D.C. Cir. 1968)

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Chief, Court of Federal
Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal
Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

Of Counsel

Dated: July 31, 2006

## CERTIFICATE OF SERVICE

I certify that service of a copy of The United States' Responses to Plaintiff's First Set of Document Requests has, this 31st day of July 2006, been made on plaintiff by mailing a copy thereof, in a postage prepaid envelope, to the following:

Robert E. Kolek
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Katie M. Stevens
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-6440

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **(Judge Block)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

SCHIFF HARDIN LLP
RECEIVED
SEP 13 2006
DIARIZED ✓ DOCKETED
ATTY. T Martz

**UNITED STATES' MOTION TO ENLARGE THE DISCOVERY SCHEDULE AND REQUEST FOR EXPEDITED BRIEFING**

**Introduction**

For the past several months, the United States has diligently investigated the facts relevant to plaintiff's claims in this case by obtaining document discovery from plaintiff and numerous third-parties. Because of the volume of documents the United States has received – totaling more than 3/4 of a million pages – and the time it has taken to obtain, organize, and review the information, document discovery has taken longer than anticipated. The discovery to date also has revealed the need for approximately twenty-five depositions of fact witnesses – including those participants in Stobie Creek who obtained the tax benefits at issue in this case – and additional document discovery. The United States believes that this additional, necessary document and deposition discovery cannot be completed by October 31, 2006, the deadline for fact discovery under the current scheduling order.

ALL-STATE LEGAL®
PETITIONER'S EXHIBIT
E

Plaintiff has agreed that the current schedule's deadlines should be extended by 30 days. For the reasons set forth below, the United States believes this additional 30 days is not sufficient, and requests that this Court extend the schedule's deadlines by 120 days.

**Background**

**I. PLAINTIFF'S CLAIMS**

In this case, plaintiff asks this Court to redetermine (in effect, void) the adjustments to the partnership items of Stobie Creek LLC (Stobie) that the IRS made in its Notice of Final Partnership Adjustments (FPAA) issued in March 2005. *See* 26 U.S.C. § 6221 *et seq*. In brief, the IRS determined that certain foreign currency digital option transactions allegedly engaged in by Stobie's members, at a purported cost of $2 million in net premiums, did not increase by $200 million the tax basis of the stock of Therma Tru Corp. held by Stobie. Accordingly, Stobie and its members could not avoid recognizing, and paying tax on, the capital gain of approximately $200 million that they realized on the sale of the Therma Tru stock in 2000.[1] Plaintiff asserts that the IRS made fifteen separate errors of law or fact in making these determinations. (*See* Complaint, ¶ 13).

The United States intends to demonstrate that the foreign currency option transactions, and other paper transactions engaged in by Stobie's purported members, in fact constituted a prepackaged, abusive tax shelter that lacked any economic substance or business purpose. The transactions are, therefore, not recognized for tax purposes. Specific provisions of the Internal Revenue Code also preclude the fictitious increase in basis that Stobie has claimed. In order to

[1] By referring to "members" of Stobie, the United States does not intend to concede that Stobie is a valid partnership that should be recognized for tax purposes.

adequately present these defenses, and demonstrate the real substance of the transactions, the United States needs to obtain discovery from plaintiff and its members, as well as the numerous third-parties that helped organize the tax shelter or purportedly participated in the transactions.[2]

## II. DISCOVERY STATUS

The Scheduling Order in this case currently provides for the completion of factual discovery by October 31, 2006, and the completion of expert discovery by February 15, 2007.

### A. Discovery by the United States

To date, the United States has obtained discovery from several third-parties that were involved in the creation of Stobie and the transactions in which it allegedly engaged. This discovery includes the following:

- approximately 700,000 pages of documents produced by Jenkens & Gilchrist, the law firm that designed, promoted and sold the tax shelter, and provided Stobie's members with a prepackaged, boilerplate "legal opinion" as to the tax effects;

- approximately 34,000 pages of documents produced by Deutsche Bank A.G., the bank that was apparently involved in designing the tax shelter and that was the counter-party to the purported foreign currency option transactions entered into by Stobie's members, and hundreds of other taxpayers in similarly structured deals;

- approximately 9,700 pages of documents from Shumaker, Loop & Kendrick, another law firm that purportedly marketed the tax shelter to Stobie's members;

- approximately 5,000 pages of documents from Robert Floyd, an accountant for Stobie and its partners;

- approximately 500 pages of documents from John Ivsan, the Shumaker attorney that sold the tax shelter to Stobie and its partners; and

---

[2] The parties' contentions are more fully set out in the Joint Preliminary Status Report filed on February 2, 2006.

- approximately 4,000 pages of documents from Kenner & Co., the company that facilitated the sale or redemption of the Therma -Tru stock.

Deutsche Bank is still in the process of reviewing its records and expects to produce additional documents to the United States soon. Additional documents obtained by subpoena from other third-parties also were delayed because of the large volume of documents. The United States is reviewing the documents produced by these third-parties to determine if they have produced all the documents requested, and whether any documents were withheld under an improper claim of privilege.[3]

The United States also has received hundreds of pages of documents from plaintiff that Stobie and its members provided to the IRS pursuant to Information Document Requests. This production is ongoing, and the United States expects to receive additional materials from plaintiff soon. The United States also expects to receive later this month responses to interrogatories and document requests it served on plaintiff.

**B. Discovery by Plaintiff**

Plaintiff issued document requests and interrogatories to the United States in May 2006, and the United States has responded to that discovery. Plaintiff has not attempted to take any other discovery of which the United States is aware.

---

[3] Not all the documents produced by the third-parties directly concern the transactions engaged in by Stobie and its members. Some documents concern the development and design of the digital option tax shelter that Stobie employed, and some concern the use of the shelter by other taxpayers. The United States will likely present, in summary form, evidence of these other shelter transactions to rebut certain of the plaintiff's arguments. Recognizing the relevance of documents concerning the development of the shelter and use of the shelter by other taxpayers, the third-parties are producing those documents, in addition to documents reflecting Stobie's participation in this tax shelter.

## III. MORE TIME IS NEEDED TO COMPLETE THE ADDITIONAL, NECESSARY DISCOVERY

### A. Document Discovery

As contemplated in this Court's current scheduling order, the parties first engaged in written and document discovery before taking depositions. (*See* Scheduling Order, dated February 10, 2006). For a variety of reasons, this document discovery has taken several months, and will take some additional time.

1. As described above, there is an enormous volume of relevant and potentially relevant documents, including documents that may lead to other admissible evidence. Just reviewing the documents produced to date has required, and will continue to require, substantial time and resources.

2. Before the United States was able to obtain any documents from Robert Floyd and Shumaker, Loop & Kendrick pursuant to the subpoenas it issued, the parties had to negotiate and agree to a protective order. Although they did so, the process necessarily delayed production. (*See* Protective Orders entered June 29, 2006).

3. Much of the document production has been in paper form or an electronic form that is not readily searchable or compatible with an electronic document database. It has taken time to convert these documents to a searchable form and load them into a database where they can be reviewed and organized.

4. Document production is ongoing and not yet finished. For example, although Deutsche Bank was served with a subpoena on April 3, 2006, it is still producing documents to the United States. Kenner & Company, which was served with a subpoena on April 4, 2006, also

produced additional boxes of documents to the United States just within the past two weeks. Even though these third-parties are cooperating in discovery, it has taken several months for them to produce all the relevant documents.

Plaintiff also will be producing additional documents to the United States later this month. The United States needs additional time to adequately review the documents already produced, and those yet to be produced.

**B. Depositions**

The United States intends to begin taking depositions later this month, and has already served the first deponent with a subpoena. Currently, the United States has identified approximately 25 witnesses it needs to depose. (This does not include any witnesses plaintiff intends to depose). Beyond the six members of the Welles family (who were members of Stobie), these witnesses include current or former employees of Deutsche Bank; Jenkens & Gilchrist; Shumaker, Loop & Kendrick; and others. Of course, these depositions may reveal additional witnesses that should also be deposed. Because of the number of witnesses and the need to coordinate the schedules of numerous third-parties and counsel, the United States does not believe that all these depositions can reasonably be completed by October 31, 2006.

The United States intends to take these depositions not only to discover relevant facts, but also to provide a basis for the parties to authenticate documents, prepare summary exhibits pursuant to Rule 1006 of the Federal Rules of Evidence, and, potentially, stipulate to facts and narrow the issues for trial. The United States also may present the videotaped depositions of some third-party witnesses at trial, rather than seek their appearances in person. Allowing the

**Conclusion**

For all the above reasons, the current discovery schedule should be enlarged. The United States requests that all current deadlines be extended by 120 days. Alternatively, the deadlines should be extended by some lesser amount, or the 30 days agreed to by plaintiff. The United States also requests that the Court consider this motion on an expedited basis so that the parties can plan to complete the necessary discovery under whatever schedule the Court sets.

Respectfully submitted,

*s/ Stuart D. Gibson*
Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

*s/ Cory A. Johnson*
Of Counsel

Dated: September 12, 2006

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**AFFIDAVIT OF ROBERT E. KOLEK**

**ROBERT E. KOLEK,** being duly sworn, according to law, upon his oath, deposes and says:

1. I am an attorney at law in the State of Illinois, and I am admitted to practice and have practiced before this Court. I am a partner of the law firm of Schiff Hardin LLP, and serve as counsel of record for Plaintiffs Stobie Creek Investments LLC, JFW Enterprises, Inc. ("Plaintiffs") in the above matter. I have personal knowledge of the following facts and am prepared to testify competently to them if called as a witness.

2. I have made repeated good faith efforts on behalf of Plaintiffs to resolve the discovery dispute that is the subject of this Motion to Compel Discovery.

3. On September 28, 2006, I wrote a letter discussing the discovery deficiencies to Defense counsel, Cory Johnson.

4. On October 12, I had a lengthy phone conference with Mr. Johnson to discuss the deficiencies in an attempt to reach a resolution. Also in attendance were Thomas R. Wechter and Colleen M. Feeney from my office. Mr. Johnson agreed to respond to Plaintiffs' counsels' correspondence in writing with respect to the respective deficiencies on or before October 20.

PETITIONER'S EXHIBIT F

ALL-STATE LEGAL®

5. On October 30, 2006, Mr. Johnson responded in writing, refusing to answer Interrogatories Nos. 3, 4, 5, and 10 or to produce documents responsive to Requests for Documents Nos. 5, 7, 11, 12, 13, 14, 15, 16.

6. In addition on August 30, 2006, I had a phone conference with Cory Johnson wherein Mr. Johnson stated that the Defendant planned to subpoena 25 persons for deposition. I objected to the numerous subpoenas for depositions of third-parties and third-party subpoenas requesting documents for other taxpayers and relating to other transactions, as excessive and not likely to produce relevant information relating to the Stobie Creek transactions. Mr. Johnson has not explained how such discovery is "reasonably calculated to lead to the discovery of admissible evidence."

7. On or about September 28, 2006, Plaintiffs served their Second Set of Interrogatories on Defendant. On or about November 7, 2006, Defendant answered, refusing to provide the information requested.

Further affiant sayeth not.

DATED: November 28, 2006

RE Kolek

Robert E. Kolek

Subscribed and sworn to before
me, this 28th day of November, 2006

Lynne M. Chlapecka

Notary

CHI\4769627.2

"OFFICIAL SEAL"
Lynne M. Chlapecka
Notary Public, State of Illinois
My Commission Exp. 05/07/2010

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,

Plaintiff

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 05-00748

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Plaintiff, Stobie Creek Investments, LLC ("Stobie Creek" or "Plaintiff"), pursuant to Rule 33 of the United States Court of Federal Claims, submits the following interrogatories to be answered under oath by Defendant within 30 days after receipt thereof.

**DEFINITIONS AND INSTRUCTIONS**

The definitions and instructions set forth in Plaintiff's First Set Of Interrogatories are incorporated herein by reference and govern the following Second Set Of Interrogatories.

**INTERROGATORIES**

1. Do you contend that evidence of communications between the law firm of Jenkins & Gilchrist and persons or entities other than Stobie Creek and its partners or any of their agents, accountants, attorneys or representatives, would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

2. Do you contend that evidence of services performed by the law firm of Jenkins & Gilchrist for persons or entities other than Stobie Creek and its partners would be admissible at

PETITIONER'S EXHIBIT G

ALL-STATE LEGAL®

trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

3. Do you contend that evidence of communications between Deutsche Bank and persons or entities other than Stobie Creek and its partners or any of their agents, accountants, attorneys or representatives, would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

4. Do you contend that evidence of transactions involving Deutsche Bank and persons or entities other than Stobie Creek and its partners would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

5. Do you contend that evidence of transactions by persons or entities other than Stobie Creek and its partners that had no business purpose other than tax avoidance, or lacked economic substance, or constituted an economic sham for federal income tax purposes, would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

6. Do you contend that evidence of a foreign currency transaction by any person or entity other than Stobie Creek and its partners would be admissible at trial with respect to any

issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

8. Do you contend that evidence of a disagreement between the United States of America and any person or entity other than the plaintiff would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

9. Do you contend that evidence of an agreement resolving any disagreement between the United States of America and any person or entity other than the plaintiff would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Dated: September 26, 2006

Robert E. Kolek

SCHIFF HARDIN LLP

Robert E. Kolek
Thomas R. Wechter
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he caused a copy of Plaintiff's Second Set of Interrogatories to be served upon:

Stuart D. Gibson, Esq.
U. S. Department of Justice
Room 7201, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

Cory A. Johnson, Esq.
U. S. Department of Justice
Room 7201, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

by placing a copy of same in an envelope with first-class postage fully prepaid and depositing same before the hour of 5:00 p.m. this 26th day of September, 2006.

Robert E. Kolek

CHI\ 4484759.1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 05-748 T** |
| | ) | **(Judge Block)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**THE UNITED STATES' ANSWERS TO**
**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

NOV -7 2006

The United States responds to plaintiff's second set of interrogatories as follows:

Interrogatory No. 1.: Do you contend that evidence of communications between the law firm of Jenkens & Gilchrist and persons or entities other than Stobie Creek and its partners or any of their agents, accountants, attorneys or representatives, would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence

PETITIONER'S EXHIBIT H

ALL-STATE LEGAL®

pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' dealings with Jenkens & Gilchrist concerning tax shelters substantially similar to that engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 2: Do you contend that evidence of services performed by the law firm of Jenkens & Gilchrist for persons or entities other than Stobie Creek and its partners would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' dealings with Jenkens & Gilchrist concerning tax shelters substantially similar to that engaged in by

plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 3: Do you contend that evidence of communications between Deutsche Bank and persons or entities other than Stobie Creek and its partners or any of their agents, accountants, attorneys or representatives, would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' dealings with Deutsche Bank concerning tax shelters substantially similar to that engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 4: Do you contend that evidence of transactions involving Deutsche Bank and persons or entities other than Stobie Creek and its partners would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an

unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' dealings with Deutsche Bank concerning tax shelters substantially similar to that engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 5: Do you contend that evidence of transactions by persons or entities other than Stobie Creek and its partners that had no business purpose other than tax avoidance, or lacked economic substance, or constituted an economic sham for federal income tax purposes, would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not

specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' participation in tax shelters substantially similar to that engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 6: Do you contend that evidence of a foreign currency transaction by any person or entities other than Stobie Creek and its partners would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' participation in purported foreign currency transactions substantially similar to those purportedly engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 7: There was no Interrogatory seven.

Interrogatory No. 8: Do you contend that evidence of a disagreement between the United States of America and any person or entity other than the plaintiff would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' participation in tax shelters substantially similar to that engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

Interrogatory No. 9: Do you contend that evidence of an agreement resolving any disagreement between the United States of America and any person or entity other than the plaintiff would be admissible at trial with respect to any issue raised by the pleadings herein? If your answer is anything other than an unqualified "no," describe specifically the issue or issues as to which you contend such evidence would be admissible, and describe the legal and factual bases for your contention.

Answer: The United States objects to this interrogatory as vague, ambiguous and based on a hypothetical, the predicate facts and other relevant circumstances of which are not specified. The United States also objects to the extent this interrogatory seeks information protected by the work-product privilege. Subject to these objections, the United States responds that if it seeks to introduce such evidence at trial, it will timely identify the specific evidence pursuant to the court's pretrial and trial procedures, and will explain the bases on which it seeks to offer that specific evidence at that time, if plaintiff objects to its admission.

As plaintiff is aware, the United States is conducting discovery of other parties' participation in tax shelters substantially similar to that engaged in by plaintiff. That discovery falls within the scope of discovery permitted under Fed.R.Civ.P. 26. The United States is providing copies of all the documents it obtains in discovery to plaintiff.

STUART D. GIBSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington D.C. 20044
202-307-3046

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
CORY A. JOHNSON
Trial Attorney, Court of Federal Claims Section

Of Counsel

Dated: November 6, 2006

**CERTIFICATE OF SERVICE**

This is to certify that service of the foregoing document has, this 7th day of November 2006, been made on opposing counsel by mailing the original thereof, in a postage prepaid envelope, to the following address:

Robert Kolek, Esquire
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606

Katie M. Stevens
Court of Federal Claims Section
U.S. Department of Justice
Tax Division
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6440

Robert E. Kolek
312.258.5755
rkolek@schiffhardin.com

September 28, 2006

**VIA FEDERAL EXPRESS**

Mr. Stuart D. Gibson, Esq.
U.S. Department of Justice
Room 7201, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

**Re: Stobie Creek Investments, LLC**

Dear Mr. Gibson:

We have reviewed the responses of the United States to Plaintiffs' First Sets of Document Requests and Interrogatories and submit this letter in accordance with Federal Court Rule 37(a).

**I. Plaintiff's First Set of Document Requests -- Defendant's Objections and Responses**

1. In response to **Request No. 5,** the Defendant objects to the request as "overly burdensome and seeking irrelevant information not calculated to lead to the discovery of admissible evidence." Request No. 5 asks for all documents reviewed, prepared, or relied upon in preparing the Final Partnership Administrative Adjustment ("FPAA") issued to Stobie Creek and its partners. The documents reviewed, prepared or relied upon in preparing the FPAA are clearly and directly relevant to the Defendant's position with respect to the adjustment it made with respect to Stobie Creek and its partners. Defendant also objects that this is "a *de novo* proceeding in which the FPAA adjustments are presumed correct and the court has jurisdiction to determine all of the partnership items of Stobie Creek." While this may be a *de novo* proceeding, there is no question that the documents relating to the FPAA adjustments are clearly relevant and may also lead to the discovery of additional admissible evidence.

Further, the documents obtained by the IRS from Shumaker, Loop & Kendrick, Jenkins & Gilchrist and Deutsche Bank do not sufficiently respond to Document Request No. 5. Please reconsider your objections to Request No. 5 and clarify and produce all responsive, non-privileged documents.

2. In response to **Request Nos. 7, 8, 9, 10, 11**, the Defendant objects to the request as "overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff." As stated above, documents relating to the FPAA adjustments are clearly relevant and may also lead to the discovery of admissible evidence. Please

ALL-STATE LEGAL® PETITIONER'S EXHIBIT I

reconsider your objections to Request Nos. 7, 8, 9, 10, 11 and clarify and produce all responsive, non-privileged documents.

3. In response to **Request No. 12**, the Defendant objects to producing documents interpreting or relied upon by the IRS in interpreting the term "liability" in all adopted, temporary, or proposed regulations issued under IRC Section 752 as "not relevant to any issue in this case and cannot lead to discovery of admissible evidence. . . . Defendant also objects to this request on the ground that it is vague, overly broad and overly burdensome. Compliance would require defendant to incur an enormous burden and expense that would far outweigh all likely benefit to plaintiffs. Additionally, the United States objects to this request because many of the documents are *likely* to be protected from disclosure by attorney-client or executive privilege." First, all documents relied upon by the IRS in formulating its position in Notice 2000-44 are distinctly relevant to the issues in this case. Plaintiff is entitled to know the IRS' interpretation of this term in assessing its tax liability, in asserting penalties and whether the IRS' interpretation of this term was consistent over time. These documents are relevant to asses the validity of Plaintiff's challenge to the asserted penalties. The interpretation of the term "liability" is critical to this lawsuit. Producing these documents should not pose an immense burden as these documents were ordered to be produced in the *Jade Trading, LLC v. U.S.*, Case No. 03-2164 on April 2005 by the Court of Federal Claims. The documents have already been culled and examined for privilege and produced within the last two years. Please reconsider your objections to Request No. 12 and clarify and produce all responsive, non-privileged documents.

4. In response to **Request No. 14**, the Defendant objects to producing documents relied upon by the IRS in formulating its position with respect to Notice 2000-44 as "not relevant to any issue in this case and cannot lead to discovery of admissible evidence . . . As such, these documents are outside the scope of discovery." Defendant also objects that "it is vague, overly broad and overly burdensome." Finally, Defendant objects that "many of the documents are *likely* to be protected from disclosure by attorney-client or executive privilege." (emphasis added). First, all documents relied upon by the IRS in formulating its position in Notice 2000-44 are distinctly relevant to the issues in this case. It is apparent from Defendant's answer to Plaintiff's complaint that it relies on some of the same arguments as discussed in Notice 2000-44. Plaintiff should have an opportunity to explore Defendant's arguments. Plaintiff only seeks documents relied upon by the IRS in formulating its position with respect to Notice 2000-44. This request is not vague, overly broad or overly burdensome. Please reconsider your objections to Request No. 14 and clarify and produce all responsive, non-privileged documents.

5. In response to **Request No. 15**, Defendant objects to the request "to the extent that it seeks production of documents that are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. . . . Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by attorney-client or executive privilege." Plaintiff requests all documents *produced* in *Jade Trading, LLC v. U.S.*, Case No. 03-2164, relating to the development, interpretation, and application of the term "liability" under Internal Revenue Code Section 752. These documents are clearly relevant to the issues in this case. *Jade Trading, LLC* litigated some of the very same issues here. Furthermore, Plaintiff is only requesting all documents which were already

produced. This should not pose any additional burden as they have already been culled and examined for privilege and produced within approximately the last two years. Please reconsider your objections to Request No. 15 and clarify and produce all responsive, non-privileged documents.

6. In response to **Request No. 16**, Defendant objects to the request "to the extent that it seeks production of documents that are not relevant to any issue in this case and cannot lead to discovery of admissible evidence. . . . Additionally, the United States objects to this request because many of the documents are likely protected from disclosure by attorney-client or executive privilege." Plaintiff requests all documents *produced* in *Jade Trading, LLC v. U.S.*, Case No. 03-2164, relating to Treasury Regulation 1.701-2. These documents are clearly relevant to the issues in this case. *Jade Trading, LLC* litigated some of the very same issues here. Furthermore, Plaintiff is only requesting all documents which were already produced. This should not pose any additional burden as they have already been culled and examined for privilege and produced within approximately the last two years. Please reconsider your objections to Request No. 16 and clarify and produce all responsive, non-privileged documents.

## II. Plaintiff's First Set of Interrogatories -- Defendant's Objections and Responses

7. In response to **Interrogatory Nos. 4 and 5**, the Defendant objects to the interrogatory as "overly burdensome, as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, and as possibly seeking information protected by the attorney-client and work-product privileges." As stated above, documents relating to the FPAA adjustments are clearly relevant and may also lead to the discovery of admissible evidence. Please reconsider your objections to Interrogatory Nos. 4 and 5 and clarify the documents that will be produced.

8. In response to **Interrogatory No. 10**, the Defendant objects to this interrogatory as "vague and mischaracterizing the adjustments to partnership items set forth in the FPAA as "contentions." . . . The United States also objects to this interrogatory as seeking irrelevant information not calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiff." As stated above, documents relating to the FPAA adjustments are clearly relevant and may also lead to the discovery of admissible evidence. Please reconsider your objections to Interrogatory No. 10 and clarify and produce all responsive, non-privileged documents.

Please respond to these inquiries by October 4, 2006. I look forward to working with you to resolve these discovery issues. Please do not hesitate to contact me with any questions.

Sincerely,

Robert E. Kolek

Enclosure

cc: Cory A. Johnson
Barry S. Alberts
Thomas R. Wechter
Ayad P. Jacob
Colleen M. Feeney

CHI\ 4690593.3

U.S. Department of Justice

Tax Division

Please reply to: Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

Facsimile No. (202) 514-9440
Trial Attorney: Cory A. Johnson
Attorney's Direct Line: 202-307-3046

EJO'C:DG:CAJohnson
154-2322
CMN 2005105383

October 30, 2006

***Via U.S. Mail***

Robert E. Kolek
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Re: Stobie Creek Investments v. United States

Dear Bob:

I am writing in response to your letter of September 28th and our telephone discussion of October 12th. As you requested, we have reviewed again certain of your interrogatories and document requests. We continue to believe that they go far beyond the bounds of permissible discovery.

Requests for Discovery of Internal IRS Deliberations

Your requests for documents (Requests Nos. 12, 14 - 16) concerning internal IRS deliberations preceding the promulgation of regulations and notices, and concerning individual IRS employees' interpretations of the term "liability," cannot produce any information bearing on the issues in this case. The law is what it is. The opinions, reasoning or conclusions of IRS employees will not change that law, and are irrelevant to the application of the law to the facts in this case. *See, e.g. Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994). Just as you are not be entitled to depose the Commissioner or Secretary of the Treasury (who ultimately promulgates regulations) concerning their opinions about the development of Treasury Regulations and their meaning, or the meaning of "liability," you are not entitled to this type of document discovery either.

Additionally, the court does not even have jurisdiction in this case over the issue for which you claim this discovery might be relevant. A reasonable cause defense to penalties based on an alleged good faith interpretation of "liability" cannot be raised in this TEFRA partnership proceeding; it can only be asserted in a subsequent refund case brought by an individual partner

PETITIONER'S EXHIBIT
J
ALL-STATE LEGAL®

of Stobie Creek. *See* 26 U.S.C. §§ 6221, 6230(c)(4); Treas. Reg. § 301.6221-1; and *Santa Monica Pictures v. Commissioner*, T.C. Memo, 2005-104 (U.S. Tax Court, 2005).

Requests for Discovery of the Process and
Reasoning Leading to Issuance of the FPAA

Your discovery requests (Document Request Nos. 5, 7 -11 and Interrogatories Nos. 4, 5, 10) that seek to "go behind" the FPAA are clearly improper. This is a *de novo* proceeding in which the court will determine the partnership items of Stobie Creek pursuant to its own application of the law to the facts. *See* 26 U.S.C. 6226(f); *TFID III-E Inc. v. United States*, 342 F.Supp. 94 (2004); and *Cook v. United States*, 46 Fed. Cl. 110 (2000). Discovery of the IRS process that led to the FPAA, therefore, is beyond the scope of permissible discovery. *See e.g., Flamingo, supra*, and *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324 (1974).

As you know, we have, nevertheless, produced to you all the documents that the IRS obtained from Shumaker, Loop & Kendrick, Jenkens & Gilchrist and Deutsche Bank relating to Stobie Creek. We are also producing to you all the documents we are obtaining in discovery in this case. We are not currently aware of any other documents relating to the underlying transactions.

For these reasons, and those set forth in our discovery responses, we do not intend to withdraw our objections. Please do not hesitate to call me if you wish to discuss these matters further.

Sincerely,

Cory A. Johnson

cc: Stuart D. Gibson