UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>-vs-<br><br>JENKENS & GILCHRIST, P.C.,<br><br>Respondent,<br><br>and<br><br>DAVID K. WELLES, SR., GEORGIA B. WELLES, TRUSTEE OF THE FAMILY TRUST UNDER THE DAVID K. WELLES 1994 QUALIFIED ANNUITY TRUST, DAVID K. WELLES, JR., VIRGINIA WELLES JORDON, JEFFREY F. WELLES, PETER C. WELLES, AND CHRISTOPHER S. WELLES,<br><br>Intervenors. | Civil Action No. 03 C 5693<br><br>Judge James B. Moran<br><br>Magistrate Judge Ian Levin |

* * *

**DECLARATION OF DAVID F. WATERMAN**

I, DAVID F. WATERMAN, pursuant to 28 U.S.C. § 1746, declare:

1. I make this declaration concerning the United States' Motion to Compel Production filed in the above-referenced case.

2. I make this declaration based upon my personal knowledge.

3. I am Chairman of the Management Committee of Shumaker, Loop & Kendrick, LLP ("SLK") and have served in this position since January 1, 1992, with the exception of calendar year 1994. I have been an attorney at SLK since June, 1979.

PENGAD-Bayonne, N. J.
Exhibit 2

4. SLK has had a long-standing attorney-client relationship with the Intervenors and their company, Therma-Tru Corp. ("TT") that dates back to at least 1963.

5. During this relationship, SLK has provided the Intervenors and TT with extensive legal services including corporate representation, litigation and estate planning services, among others.

6. In late 1999 and early 2000, SLK provided the Intervenors with legal advice and assistance in connection with the sale of approximately one-half of their interests in TT.

7. In the course of this representation, several of the Intervenors asked SLK whether it was aware of any tax strategies that might reduce the Intervenors' taxes resulting from the anticipated sale of their interests.

8. In response to this inquiry, SLK advised the Intervenors that Jenkens & Gilchrist, P.C. had developed certain tax strategies and might be in a position to provide the Intervenors with legal advice regarding such strategies.

9. The Intervenors were not presented with and did not execute any confidentiality agreements between SLK and themselves.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 15th day of December, 2004.

David F. Waterman, Esq.
Shumaker, Loop & Kendrick, LLP
1000 Jackson Street
Toledo, OH 3624-1573