U.S. Department of Justice

Tax Division

Please reply to: Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

Facsimile No. (202) 514-9440
Trial Attorney: Cory A. Johnson
Attorney's Direct Line: 202-307-3046

EJO'C:DG:CAJohnson
154-2322
CMN 2005105383

October 30, 2006

***Via U.S. Mail***

Robert E. Kolek
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Re: Stobie Creek Investments v. United States

Dear Bob:

I am writing in response to your letter of September 28th and our telephone discussion of October 12th. As you requested, we have reviewed again certain of your interrogatories and document requests. We continue to believe that they go far beyond the bounds of permissible discovery.

Requests for Discovery of Internal IRS Deliberations

Your requests for documents (Requests Nos. 12, 14 - 16) concerning internal IRS deliberations preceding the promulgation of regulations and notices, and concerning individual IRS employees' interpretations of the term "liability," cannot produce any information bearing on the issues in this case. The law is what it is. The opinions, reasoning or conclusions of IRS employees will not change that law, and are irrelevant to the application of the law to the facts in this case. *See, e.g. Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994). Just as you are not be entitled to depose the Commissioner or Secretary of the Treasury (who ultimately promulgates regulations) concerning their opinions about the development of Treasury Regulations and their meaning, or the meaning of "liability," you are not entitled to this type of document discovery either.

Additionally, the court does not even have jurisdiction in this case over the issue for which you claim this discovery might be relevant. A reasonable cause defense to penalties based on an alleged good faith interpretation of "liability" cannot be raised in this TEFRA partnership proceeding; it can only be asserted in a subsequent refund case brought by an individual partner

Exhibit 7

PENGAD-Bayonne, N. J.

CCMU 8108

of Stobie Creek. *See* 26 U.S.C. §§ 6221, 6230(c)(4); Treas. Reg. § 301.6221-1; and *Santa Monica Pictures v. Commissioner*, T.C. Memo, 2005-104 (U.S. Tax Court, 2005).

Requests for Discovery of the Process and
Reasoning Leading to Issuance of the FPAA

Your discovery requests (Document Request Nos. 5, 7 -11 and Interrogatories Nos. 4, 5, 10) that seek to "go behind" the FPAA are clearly improper. This is a *de novo* proceeding in which the court will determine the partnership items of Stobie Creek pursuant to its own application of the law to the facts. *See* 26 U.S.C. 6226(f); *TFID III-E Inc. v. United States*, 342 F.Supp. 94 (2004); and *Cook v. United States*, 46 Fed. Cl. 110 (2000). Discovery of the IRS process that led to the FPAA, therefore, is beyond the scope of permissible discovery. *See e.g., Flamingo, supra*, and *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324 (1974).

As you know, we have, nevertheless, produced to you all the documents that the IRS obtained from Shumaker, Loop & Kendrick, Jenkens & Gilchrist and Deutsche Bank relating to Stobie Creek. We are also producing to you all the documents we are obtaining in discovery in this case. We are not currently aware of any other documents relating to the underlying transactions.

For these reasons, and those set forth in our discovery responses, we do not intend to withdraw our objections. Please do not hesitate to call me if you wish to discuss these matters further.

Sincerely,

Cory A. Johnson

cc: Stuart D. Gibson