**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................ 1

ARGUMENT ........................................................ 2

I. THE UNITED STATES UNJUSTIFIABLY HAS REFUSED TO DISCLOSE THE BASES FOR THE POSITIONS IT TOOK IN THE FPAA. ........................ 2

II. STOBIE CREEK'S "REASONABLE CAUSE" DEFENSE PROVIDES FURTHER SUPPORT FOR ITS DISCOVERY REQUESTS. ........................ 7

III. THE UNITED STATES' BELATED OBJECTIONS ON GROUNDS OF BREADTH, VAGUENESS AND BURDEN SHOULD BE REJECTED. ........................ 11

IV. THERE IS NO REASON TO DEFER THIS COURT'S CONSIDERATION OF WHETHER THE UNITED STATES HAS WAIVED ANY PRIVILEGES APPLICABLE TO THE DOCUMENTS THE UNITED STATES HAS PREVIOUSLY PRODUCED TO OTHER TAXPAYER-PLAINTIFFS ........................ 12

V. THE UNITED STATES SHOULD BE COMPELLED TO JUSTIFY ITS MASSIVE NON-PARTY DISCOVERY. ........................ 12

CONCLUSION ........................................................ 14

# TABLE OF AUTHORITIES

## CASES

*American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87 (S.D.N.Y.2002) ........ 6
*Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52 (D.D.C. 1984) ........ 11
*CW Gov't Travel Inc. v. United States*, 63 Fed. Cl. 459 (2005) ........ 5
*Flaherty v. Seroussi*, 209 F.R.D. 300 (NDNY 2002) ........ 11
*Jade Trading, LLC v. U.S.*, Case No. 03-2164 ........ 1, 3, 4, 5, 6, 12
*Klamath Strategic Investment Fund LLC v. United States*, 440 F. Supp. 2d 608 (E.D. Tx. 2006) ........ 10
*Marriott Intern. Resorts, L.P. v. U.S.* 437 F.3d 1302 (C.A.Fed. 2006) ........ 1, 3
*Marriott Resorts LLC v. United States*, 61 Fed. Cl. 411 (2004) ........ 1, 3, 4, 5, 6, 12
*Rowan Cos., Inc. v. United States*, 452 U.S. 247 (1981) ........ 9
*Rowlen v. Alabama Dep't of Public Safety*, 200 F.R.D. 459 (M.D. Ala. 2001) ........ 11
*Timken Roller Bearing Co.*, 38 F.R.D. 57 (N.D. Oh. 1964) ........ 3, 4
*Transclean Corp. v. Bridgewood Servs., Inc.*,
77 F.Supp.2d 1045 (D.Minn.1999), *aff'd in relevant part*, 290 F.3d 1364 (Fed.Cir.2002) ........ 6
*United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982) ........ 9

## INTERNAL REVENUE CODE OF 1986

26 U.S.C §6221 ........ 9
26 U.S.C §6226 ........ 9
26 U.S.C §6226(f) ........ 9
26 U.S.C §6662 ........ 9
26 U.S.C §6664 ........ 9
26 U.S.C. §6664(c) ........ 9
26 U.S.C §752 ........ 3, 10
26 U.S.C §7701(a)(14) ........ 10
28 U.S.C §1491(a)(1) ........ 7
28 U.S.C §1509 ........ 7

## TREAS. REG. (26 C.F.R.)

§1.701-2 ........ 3, 5
§1.752-1 ........ 5
§1.752-1(a)(4)(ii) ........ 10
§1.752-6 ........ 5, 10
§1.752-6(a) ........ 10
§1.752-6T ........ 5
§1.752-7(b)(3) ........ 10
§301.6221 ........ 9
§301.6221-1(d) ........ 8, 9
§301.6221-1T(d) ........ 8
§301.6226(f)-1 ........ 8

## FEDERAL RULES OF CIVIL PROCEDURE

R. 26(b)(1) ........ 2, 11, 12, 13

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

This reply memorandum is submitted by Plaintiffs, Stobie Creek Investments LLC and JFW Enterprises, Inc. (collectively "Stobie Creek"), in support of their motion to compel the Defendant to answer certain interrogatories and to produce certain documents.

**INTRODUCTION**

Seeking to deny Stobie Creek discovery of information potentially supporting the allegations of its Complaint, the United States' Response to Plaintiff's Motion to Compel Discovery (the "Response") has launched a fusillade of arguments that misapprehend the liberal nature of pretrial discovery. Indeed, the United States even has persisted in its refusal to produce to Stobie Creek the very same documents that the United States *has already produced* to other taxpayer opponents pursuant to court orders entered against the United States in similar cases, *i.e., Marriott Resorts LLC v. United States*, 61 Fed. Cl. 411, 415-16 (2004), *reversed on other grounds*, *Marriott Intern. Resorts, L.P. v. U.S.* 437 F.3d 1302 (C.A.Fed.,2006) and *Jade Trading, LLC v. U.S.*, Case No. 03-2164. The Court in these cases rejected the same arguments that the United States has recycled here. Accordingly, the motion to compel discovery should be granted.

## ARGUMENT

### I. **The United States Unjustifiably Has Refused To Disclose The Bases For The Positions It Took In The FPAA.**

As discussed in Stobie Creek's Memorandum In Support Of Plaintiffs' Motion To Compel Discovery (our "Opening Memorandum"), the Complaint alleges that "[t]he FPAA, and each and every determination and alternative position made by the Commissioner of Internal Revenue ("Commissioner") in the FPAA is erroneous. The United States "[d]enies that the Commissioner erred in the determinations made in the FPAA." *See* Defendant's Answer, ¶¶13, 14; Opening Memorandum at p. 3. Issue having been joined, Stobie Creek has propounded discovery into the reasons why the Commissioner took the positions that it did in the FPAA. The United States has refused to permit any such discovery.

The United States first advances the *non sequitur* that it ought to be excused from providing information regarding the reasons for the government's FPAA positions because the United States has permitted discovery into other issues. *See, e.g.,* Response at pp. 3-6 Obviously, trumpeting its compliance with discovery requests that are not the subject of Stobie Creek's motion to compel provides no response to the motion to compel.

It is also not a sufficient response for the United States to assert, as it does, that it has produced the documents "that support the United States' defenses." *See, e.g.*, Response at 1, 3, 6. Rule 26(b)(1) of the Rules of this Court also requires the United States to produce its non-privileged information that relates to Stobie Creek's *claims*: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

As we discussed in our Opening Memorandum, the information that the United States refuses to produce includes the "documents reviewed, prepared, or relied upon by Commissioner in preparing the FPAA," information regarding the interpretation that the IRS has given to particular terms within the Code, Treasury Regulations and Revenue Notices, and even those

documents that the United States has already produced to the plaintiffs in the cases of *Marriott Resorts LLC v. United States*, 61 Fed. Cl. 411, 415-16 (2004), *reversed on other grounds*, *Marriott Intern. Resorts, L.P. v. U.S.* 437 F.3d 1302 (C.A.Fed.,2006) and *Jade Trading, LLC v. U.S.*, Case No. 03-2164, "relating to the development, interpretation, and application of the term 'liability' under Internal Revenue Code Section § 752," and Treasury Regulation §1.701-2. The United States' contention that such information could not possibly support any of Stobie Creek's claims misapprehends the broad and liberal rules governing pretrial discovery, and flies in the face of the United States Court of Federal Claims' rejection of the very same kind of arguments that the United States had advanced in *Marriott Resorts* and *Jade Trading.*

Like this action, *Marriott Resorts LLC* and *Jade Trading, LLC* were brought by taxpayers for readjustment of partnership items. In both cases, this Court ordered the United States to produce the documents relied upon by the Internal Revenue Service ("IRS") in formulating its position with respect to the definition of "liability" in Treasury Regulations issued under Code Section 752, finding that such documents are relevant and discoverable in an action for readjustment of partnership items. *Marriott Resorts LLC v. United States*, *supra,* at 415-16; *Jade Trading, LLC*, *supra*.

The Response's drumbeat reminder that this is a *de novo* proceeding, one in which the Court will accord no deference to the Commissioner's findings in connection with the FPAA (*see* Response at pp.7-8), does not answer the issue that Stobie Creek has raised. The *de novo* nature of this case does not preclude the possibility that evidence in the IRS' files may support Stobie Creek's claims at trial here. Nor does the possibility that the Court might ultimately conclude that some or all of such evidence is not admissible at trial preclude the discovery that Stobie Creek seeks. *See, e.g.*, *Timken Roller Bearing Co.*, 38 F.R.D. 57, 62-63 (N.D. Oh. 1964): "Courts have recognized from the beginning that it is sufficient to show that the requested

documents might constitute or contain material evidence. A person seeking discovery is not compelled to prove materiality before being entitled to production." Like the United States' Response here — and like the United States' unsuccessful arguments in *Marriott Resorts LLC* and *Jade Trading, LLC* — the United States argued in *Timken Roller Bearing Co.*, that it would be "error to allow the revenue agent to testify as to facts he considered in determining an assessment, since his reasons were *totally* irrelevant. Yet this is, in reality, what the taxpayer seeks to obtain in this action, the reasons for the decisions of representatives of the Internal Revenue Service, which reasons are *totally irrelevant*." (Emphasis in original). The court rejected the government's arguments, holding that even if the United States were correct, "it would not bar production [because] discovery of inadmissible evidence is permissible if it is reasonably calculated to lead to admissible evidence." *Timken Roller Bearing Co.*, 38 F.R.D. at 63.

In ostrich-like fashion, the United States' Response reasserts and reargues the very same themes that several judges of the United States Court of Federal Claims have carefully considered and rejected in *Marriott Resorts LLC* and *Jade Trading, LLC*, as though *Marriott Resorts LLC* and *Jade Trading, LLC* had never been decided. Indeed, it is not until page 16 of the Response, and then only in a footnote, that the United States even has acknowledged the existence of the discovery rulings against the United States in those cases — and then only to urge this Court to ignore them so that the United States might have a *third* bite at the apple on the discovery issues. *See* Response at 16, n. 11.

The United States has had its day in court on the discovery issues that *Marriott Resorts LLC* and *Jade Trading, LLC* decided. And the United States has already produced to the taxpayers in those cases the same documents that Stobie Creek seeks here. That the decisions in *Marriott Resorts LLC* and *Jade Trading, LLC* do not "bind" this *Court* (*see* Response at 16, n.

11), is no reason to permit the United States to reassert and reargue its rejected points anew here. Indeed, other than to state that this Court is not "bound" by *Marriott Resorts LLC* and *Jade Trading, LLC*, the Response offers no sound reason why the very same arguments, concerning the very same documents, raised by the very same defendant in *Marriott Resorts LLC* and *Jade Trading LLC* should be reconsidered now at the behest of that same defendant, simply because a judge has changed.

The policies and principles that form the analytical framework for considering motions for reconsideration ought to apply to preclude the United States from re-litigating the very same arguments that the United States raised and lost in *Marriott Resorts LLC* and *Jade Trading, LLC. See, e.g., CW Gov't Travel Inc. v. United States*, 63 Fed. Cl. 459, 462 (2005) (internal citation omitted) ("A showing of extraordinary circumstances is necessary before a party may prevail on its motion for reconsideration. . . . 'This showing, . . . must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'") Such a motion is not designed to relitigate issues previously decided, nor is a reconsideration motion an appropriate forum for arguing matters that could have been heard during the pendency of the previous motion. *See, e.g., CW Gov't Travel Inc.*, 63 Fed. Cl. at 462.

Predictably, the Response proclaims that the rulings in *Marriott Resorts LLC* and *Jade Trading, LLC* are "wrong." Response at 16, n. 11. But nothing in the Response identifies "a manifest error of law or fact" by the judges who rejected the United States' discovery arguments in *Marriott Resorts LLC* and *Jade Trading, LLC.*[1]

---

[1] Footnote 11 also asserts that "plaintiff does not claim that there is any ambiguity in the published interpretations of liability that would require further explanation." *See also* Response at 15: "There is no claim that [Treas. Reg §§1.752-1 and 1.752-6, issued in 2003] are ambiguous." Not so. *See* Complaint, ¶¶ 7(b)(xviii) and (xix): "The Plaintiff hereby seeks . . . [t]he determination that the IRS *erred in determining* that . . . Treasury Reg. Sec. 1.701-2 is not vague and not ambiguous and, accordingly, enforceable," and that "Treasury Reg. Sec. 1.752-6T is not vague, may be applied retroactively and is enforceable." (Emphasis added.)

Moreover, now that the documents that the United States resisted producing in *Marriott Resorts* and *Jade Trading* have been produced, there is no legitimate reason why the United States should be excused from producing those very same documents to Stobie Creek. Certainly, no confidentiality interests would be imperiled, since the information has already been disclosed. And no burden or inconvenience issues are implicated, because the government no doubt previously organized and Bates stamped the documents that Stobie Creek seeks in connection with their production in the *Marriott Resorts* and *Jade Trading* cases. Thus the question remains: why the government will not let Stobie Creek see the same documents? The Response does not say.

Equally troubling is the United States' treatment of the issue of surprise that Stobie Creek has raised with the Court. In our Opening Memorandum (at pp. 8), we noted that, in order to avoid surprise at trial, Stobie Creek should be allowed to learn which documents the Commissioner relied upon in deciding the issues set forth in the FPAA, citing *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y.2002) (quoting *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F.Supp.2d 1045, 1061 (D.Minn.1999), *aff'd in relevant part*, 290 F.3d 1364 (Fed.Cir.2002)) (A primary aim of pretrial discovery is "to avoid 'surprise' or 'trial by ambush."). Astonishingly, the United States' position is that its capacity for litigation surprise is so potent that even *with* the additional discovery that Stobie Creek seeks, Stobie Creek would still be surprised by the government's evidence at trial, and that therefore it is pointless to allow Stobie Creek to learn the bases for the positions that the Commissioner took in the FPAA. *See* Response at 9:

> The FPAA does not limit or determine the United States' defenses in this case, and the United States can — and intends to — defend this action on all available grounds, not just those that may have been set forth in the FPAA. Accordingly, discovering the IRS' reasoning behind the FPAA would not advance the plaintiff's proffered goal of preventing "surprise" at trial.

The Court should make short shrift of such a threat, and order the United States to produce forthwith the FPAA documents requested by Plaintiffs that the United States continues to withhold.

## II. Stobie Creek's "Reasonable Cause" Defense Provides Further Support For Its Discovery Requests.

The Response does not attempt to identify any prejudice to the United States or to the administration of justice if this Court were to adjudicate in this proceeding the related penalty issues that are raised by the Complaint and the United States' Answer. *See* Opening Memorandum at pp. 9-10; *see* Response at p. 11. On the contrary, although we offered multiple reasons why judicial and party economy would be well-served by avoiding the scenario whereby the partners of Stobie Creek would have to wait for penalties to be assessed, to pay penalties they contend they should not have to pay, and then later to commence a separate action in this Court to seek a refund, the Response does not address the judicial and party economy issues at all. Instead, the United States simply asserts that this Court lacks "jurisdiction" to adjudicate in this case the Complaint's allegations that "no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint, ¶14(gg); Response at p. 11. The United States' no-jurisdiction argument is incorrect.

This Court's jurisdiction is conferred by 28 U.S.C §1491(a)(1), which provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . ..

As pertinent here, the only limitation on this Court's jurisdiction appears in 28 U.S.C §1509, which provides:

> The United States Court of Federal Claims shall not have jurisdiction to hear any action or proceeding for any refund or credit of any penalty imposed under section 6700 of the Internal Revenue Code of 1986 (relating to penalty for promoting abusive tax shelters, etc.) or section 6701 of such Code (relating to penalties for aiding and abetting understatement of tax liability).

No such penalties are at issue here. Further, the negative implication from this statute is that this Court has jurisdiction over all other penalties. Accordingly, the Court has jurisdiction to adjudicate in this case all issues of fact and law that are raised by the Complaint's allegations that "no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)."

The United States argues, however, that the applicability of any partner-level defense to the penalty must be adjudged in a separate, supplemental proceeding, based upon Treasury Regulations §§ 301.6221-1T(d)(effective for tax year 2000), 301.6221-1(d) and 301.6226(f)-1. However, Treasury Regulation §301.6221 is not a legislative regulation; it is an interpretive regulation. As such, it is not controlling on this Court. The Supreme Court in *National Muffler Dealers Ass'n v. United States*, 440 US 472, 477 (1979), further described the appropriate judicial analysis in the following way:

> In determining whether a particular regulation carries out the congressional mandate in a proper manner, we look to see whether the regulation harmonized with the plain language of the statute, its origin, and purpose. A regulation may have a particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent. If the regulation dates from a later period, the manner in which it evolved merits inquiry. Other relevant considerations are the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during the subsequent re-enactments of the statute.

Courts, including the Supreme Court, have struck down interpretive regulations as void

because they were unreasonable interpretations of the statute. *See, e.g.*, *United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982) (involving the interpretation of "controlled group of corporations" in IRC §1563); *Rowan Cos., Inc. v. United States*, 452 U.S. 247 (1981) (definition of "wages"). This Court should not surrender its judicial role of "using the traditional tools of statutory construction" to reach a determination whether Treasury Regulation §301.6221 is the proper interpretation of Code Section 6221. The plain language of Code Section 6221 indicates that this Court has the ability to determine the applicability of any penalty at the partnership-level. *See also*, Code Section 6226(f). However, penalties are not partnership items since they are contained in Subtitle F (relating to procedure and administration). Treasury Regulation §301.6221-1(d) is inconsistent with the statutory language and Congressional intent of Code Sections §§6221, 6226(f), and 6664, in that it disregards the prohibition of imposing penalties without a full determination of reasonable cause (Code Section §6664) and the mandate that the "applicability of penalties" relating to the "partnership items" shall be determined at the partnership level in support of its position (Code Section §6221), purporting to bar partners from offering reasonable cause evidence, until a secondary proceeding.

This regulation does not interpret the law prescribed by Congress. If followed, it effectively repeals the statutory language of these separate and unambiguous statutes and thus, should be held invalid. To the extent that the applicability of a penalty to a partnership item depends on the individual intent of the partners of Stobie Creek, then their reasonable reliance on their legal and tax professionals advice and the state of the law should also be determined in the same proceeding under Code Sections §§ 6226, 6662, 6664.

Even if this Court determines not to exercise its discretion with respect to allowing partner-level defenses in this action, this Court must still determine whether Stobie Creek acted in good faith and had reasonable cause for filing its tax return in the manner which it did.

Pursuant to Code Section §7701(a)(14), "the term 'taxpayer' means any person subject to any internal revenue tax," which applies to Stobie Creek. Therefore, all partnership level defenses, including Stobie Creek's reasonable cause, relating to the issue of penalties may be asserted in this proceeding. Since the determination of Stobie Creek's reasonable cause is at issue in this proceeding, this Court should compel the production of the discovery that Stobie Creek seeks.

For the same reason, the information that Stobie Creek seeks is relevant to the Complaint's allegation that the retroactivity of Treasury Regulation §1.752-6 should be found invalid. *See* Complaint, ¶7(xix). Whether a Treasury Regulation may be given retroactive effect depends in part on "whether or to what extent the taxpayer *justifiably relied* on settled prior law or policy and whether or to what extent the putatively retroactive regulation alters that law." *Klamath Strategic Investment Fund LLC v. United States*, 440 F. Supp. 2d 608, 623 (E.D. Tx. 2006) (emphasis added). The United States' Response that Stobie Creek and its partners could not have relied upon internal, unpublished IRS documents that Stobie Creek and its partners never saw misses the point. See Response at p. 12. The internal IRS documents may show that experienced IRS officials and agents regarded Code Section 752, which governs the treatment of liabilities by partners and partnerships, to have been "settled law or policy" prior to promulgation of the disputed 2003 retroactive Treasury Regulation. And, if so, such evidence would be powerfully supportive of the objective reasonableness of Stobie Creek's reliance upon Code Section 752 as "settled law or policy" prior to the promulgation of the disputed Treasury Regulations in 2003. *See Klamath Strategic Investment Fund LLC, supra* at 623-24.[2]

[2] Of course, some of the discovery that Stobie Creek seeks might not be required if the United States were willing to stipulate that Stobie Creek and its partners "justifiably relied" upon Section 752 of the Code as "settled law or policy" prior to the Treasury Department's attempt in 2003 to revise retroactively the regulations that govern the definition of a "liability" for purposes of Section 752. *See id.; see also* Treas. Reg. § 1.752-1(a)(4)(ii); Treas. Reg. §1.752-6(a); and Treas. Reg. §1.752-7(b)(3). The United States has shown no willingness to do so, however.

Accordingly, Stobie Creek is entitled to discover the internal, unpublished IRS documents that relate to Stobie Creek's allegations that the 2003 regulations are invalid if retroactively applied to Stobie Creek's transactions in 2000.

### III. The United States' Belated Objections on Grounds of Breadth, Vagueness and Burden Should Be Rejected.

The United States' objection that Plaintiffs' Document Requests are "overly broad, vague and burdensome", should be disregarded by the Court. Response at pp. 15-16. As we said in our Opening Memorandum (at 14, n. 1), contrary to RCFC 26(b)(1), the United States was not willing to negotiate an accord of any kind given its intransigence with respect to its relevancy and privilege objections. Nothing in its Response suggests that the United States would now be willing to produce any of the internal IRS documents and other discovery that the United States has refused to disclose to Stobie Creek if Stobie Creek's requests were narrowed.

If there had been any hint of good faith negotiations on the United States' part, an accord no doubt could have been reached. Instead, the United States' position was a total, complete refusal to compromise. That is why Stobie Creek had no alternative but to file its motion to compel. *See* Affidavit of Robert E. Kolek, attached to Motion to Compel as Ex. F; and Supplemental Affidavit of Robert E. Kolek, attached hereto as Ex. 1.

Moreover, the United States has made no effort to satisfy its burden of showing specifically how Stobie Creek's requests are overly broad, unduly burdensome or oppressive, as required by law. *See, e.g., Rowlen v. Alabama Dep't of Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001); *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984); *Flaherty v. Seroussi*, 209 F.R.D. 300, 305 (NDNY 2002); *see also*, Opening Memorandum at p. 14, n. 1.

The United States' Response ignores the case law, just as the United States disregarded, prior to the filing of Stobie Creek's motion, its duty under RCFC 26(b)(1) to negotiate in good

faith the possibility of an accord if it sincerely believed that the problem with Stobie Creek's discovery requests was that they were "overly broad, vague and burdensome" The portion of the Response that now raises scope, vagueness and burden comes too late and smacks of insincerity. If RCFC 26(b)(1) is to have any vitality, the Court should disregard this aspect of the United States' Response.

## IV. There Is No Reason to Defer this Court's Consideration of Whether the United States Has Waived Any Privileges Applicable to the Documents the United States Has Previously Produced to Other Taxpayer-Plaintiffs.

The Response does not explain how the United States could properly continue to assert a privilege with respect to the very same documents that the United States has already disclosed to its opponents in *Marriot Resorts LLC* and *Jade Trading, LLC v. U.S.*. For the reasons set forth in our Opening Memorandum at 13-14, and at pages 2-5, *supra*, the United States should be ordered to allow Stobie Creek to see those documents without further delay.

## V. The United States Should Be Compelled to Justify Its Massive Non-Party Discovery.

The United States should also be compelled to respond in good faith to Stobie Creek's Second Set of Interrogatories. *See* Motion to Compel, Exhibit G. Stobie Creek has not moved for a protective order, as the United States now suggests Stobie Creek should have (*see* Response at p. 21), because Stobie Creek first needed to learn the United States' justification for the massive non-party discovery that the United States has launched. This discovery appears wholly unrelated to the issues raised by Stobie Creek's Complaint. In "meet and confer" sessions, Stobie Creek attempted to learn the bases for the United States' belief that such discovery could be justified in some way as "reasonably calculated to lead to the discovery of admissible evidence," as required by RCFC 26(b)(1). *See* Affidavit of Robert E. Kolek, attached to Motion to Compel as Ex. F; and Supplemental Affidavit of Robert E. Kolek, attached hereto as Ex. 1. But the United States refused to cooperate.

Accordingly, Stobie Creek served its Second Set of Interrogatories, asking the United States to explain how depositions and documents that concern communications between the law firm of Jenkins & Gilchrist and their clients, *other than Stobie Creek*, and transactions involving Deutsche Bank and persons and entities, *other than Stobie Creek*, could lead to admissible evidence in this case. The Interrogatories do not ask the United States to "describe for plaintiff's counsel its counsel's strategy in reviewing . . . potential evidence," as the Response states. Response at p. 20. The Interrogatories do not ask the United States to identify "the evidence that [the United States] intends to submit at trial," as the Response suggests. *Id.* The Interrogatories merely ask the United States to explain its contention that such massive non-party discovery could be justified in some way as "reasonably calculated to lead to the discovery of admissible evidence," as required by RCFC 26(b)(1). That is a fair and sensible request, especially in light of the obvious burden and expense to Stobie Creek if it has to review hundreds of thousands of non-party documents and participate in 25 depositions with no clue as to the relevancy of such non-party discovery.

The notion that Stobie Creek's Second Set of Interrogatories should be deemed to be "premature" makes no sense. *See* Response at pp. 18, 20-21. These contention interrogatories address the propriety of ongoing discovery. Deferring the United States' response to them until the conclusion of discovery, as the United States suggests, would moot the matter. The Response offers no good reason for the Court to excuse the United States from answering the simple direct questions that the Second Set of Interrogatories pose. Once the United States

answers, Stobie Creek either will agree that the discovery is not objectionable, or Stobie Creek will move for a protective order based upon a coherent presentation of the parties' disagreement. But first, Stobie Creek needs to have the United States' responses.

## CONCLUSION

For the reasons discussed in our Opening Memorandum and herein above, Stobie Creek and its partners request that this Honorable Court enter an Order granting Stobie Creek's Motion to Compel Discovery.

Dated: January 11, 2007

Respectfully Submitted
SCHIFF HARDIN LLP

Attorneys for Plaintiffs

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Block |

**SUPPLEMENTAL AFFIDAVIT OF ROBERT E. KOLEK**

**ROBERT E. KOLEK,** being duly sworn, according to law, upon his oath, deposes and says:

1. I am an attorney at law in the State of Illinois, and I am admitted to practice and have practiced before this Court. I am a partner of the law firm of Schiff Hardin LLP, and serve as counsel of record for Plaintiffs Stobie Creek Investments LLC, JFW Enterprises, Inc. ("Plaintiffs") in the above matter. I have personal knowledge of the following facts and am prepared to testify competently to them if called as a witness.

2. I have made repeated good faith efforts on behalf of Plaintiffs to resolve the discovery dispute that is the subject of this Motion to Compel Discovery.

3. During an August 30, 2006 telephone conference call between me and Cory Johnson, Mr. Johnson indicated that the Defendant felt that certain of the interrogatories and requests for production of documents that are itemized in the Plaintiffs' Motion to Compel were overly broad and unduly burdensome. In an attempt to narrow some of the document requests complained of, I itemized with particularity six documents that Plaintiffs believe were produced in *Jade Trading* and responsive to Plaintiffs' requests for documents 12, 13, 15 and 16,

Exhibit 1

suggesting that the parties agree to narrow these requests and produce these six documents. Mr. Johnson would not agree.

4. During the same telephone conference, Mr. Johnson stated that the Defendant planned to subpoena 25 persons for deposition. I objected to the numerous subpoenas for depositions of third-parties and third-party subpoenas requesting documents for other taxpayers and relating to other transactions, as excessive and not likely to produce relevant information relating to the transactions that were conducted by Stobie Creek. To date, Mr. Johnson has not explained how such discovery is "reasonably calculated to lead to the discovery of admissible evidence."

Further affiant sayeth not.

DATED: January 11, 2007

Robert E. Kolek

Subscribed and sworn to before me, this 11th day of January, 2007

Notary

"OFFICIAL SEAL"
Lynne M. Chlapecka
Notary Public, State of Illinois
My Commission Exp. 05/07/2010