**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Christine O. C. Miller |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY FROM RICHARD STARKE**

Plaintiffs, Stobie Creek Investments LLC, JFW Enterprises, Inc., by and through their attorneys, respectfully requests that this Court compel the testimony of Richard Starke, an employee of the Internal Revenue Service, pursuant to Rules 37 and 45 of the Rules of the United States Court of Federal Claims ("RCFC"). The basis for Plaintiffs' motion is outlined in its Memorandum in Support, which is submitted herewith.

Date: February 28, 2007

Respectfully submitted,

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Christine O. C. Miller |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DEPOSITION TESTIMONY FROM RICHARD STARKE**

Plaintiffs, Stobie Creek Investments LLC, JFW Enterprises, Inc. ("Plaintiffs" or collectively "Stobie Creek"), by and through their attorneys, respectfully requests that this Court compel the deposition of Richard Starke, an employee of the Internal Revenue Service (hereinafter "IRS").

**Nature of the Case.**

This is a petition for readjustment of partnership items for the tax year ended December 31, 2000, brought pursuant to Section 6226(b) of the Internal Revenue Code of 1986, as amended (the "Code"), to contest the Notice of Final Partnership Administrative Adjustment dated March 9, 2005 that was issued for Stobie Creek's taxable year ended December 31, 2000 (the "FPAA"). *See* Complaint, ¶¶1, 4.

The complaint seeks a redetermination of the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties. *Id.*, Prayer for Relief, ¶1. The complaint also seeks recovery of taxes that Stobie Creek has deposited with the United states in escrow (plus any interest permitted by law). *Id.*, ¶2; *see also* Complaint ¶12. Further, the complaint

alleges that "in all events, no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint ¶14(gg).

**The Discovery Dispute.**

As outlined in Plaintiffs' Motion to Compel Discovery, filed on or about November 28, 2006[1], Plaintiffs seek discovery with respect to the interpretation that the IRS has given to particular terms within the Internal Revenue Code ("Code"), regulations and Revenue Notices. As is discussed in Plaintiffs' Motion to Compel Discovery, Plaintiffs relied upon the interpretation that the IRS gave to such terms over the course of decades, and the discovery that Plaintiffs seek relates to the complaint's allegations: (a) that "[i]n all events, no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)"; and (b) that "the IRS erred in determining that Treasury Reg. Sec. §1.752-6T is not vague, may be applied retroactively and is enforceable." Complaint ¶¶ 7(b)(xix), 14(gg).

Accordingly, Plaintiffs seek discovery that will enable them to prove their claims that (i) they relied upon a reasonable interpretation of the law, including the meaning of the term "liabilities," as it relates to the Code, in general, and Code Section §752, in particular and (ii) the imposition of penalties would be improper even if Plaintiffs do not prevail on the merits of its complaint.

---

[1] At the time of filing this brief, the Court has not ruled on Plaintiffs' Motion to Compel Discovery.

The evidence that Plaintiffs seek is relevant to an issue raised by the complaint in this action, and is thus discoverable here. The complaint alleges that the retroactivity of Treas. Reg. §1.752-6 should be found invalid. Complaint, ¶7(xix). Whether a regulation may be given retroactive effect depends in part on "whether or to what extent the taxpayer *justifiably relied* on settled prior law or policy and whether or to what extent the putatively retroactive regulation alters that law." *Klamath Strategic Investment Fund LLC v. United States*, 440 F. Supp. 2d 608, 623 (E.D. Tx. 2006) (emphasis added).

Plaintiffs seek to depose Mr. Starke to discover evidence showing what was the settled prior law or policy at the time of the transactions, in 2000.

Upon information and belief, Mr. Starke is an attorney working in the Office of the Associate Chief Counsel Corporate of the IRS. On January 10, 2007, Plaintiffs sent a subpoena and proper written demand pursuant to Treasury Regulation §301.9000-5, requesting his deposition on February 1, 2007. The IRS requires a party wishing to depose an employee or former employee of the IRS to comply with procedures. These procedures, which are outlined in Treasury §Regulations 301.9000-1 through 301.9000-6, provide that the IRS is required to authorize a deposition of its employees or former employees, prior to the deposition. Plaintiffs have followed that procedure. On January 26, 2007, Defendant requested a continuance of Mr. Starke's deposition until February 15, 2007, to which the Plaintiffs agreed. However, on February 13, 2007, Defense counsel informed Plaintiffs counsel that the IRS would not authorize Mr. Starke's attendance at a deposition in this matter.

The IRS denied authorization based on

> the fact that [he] had previously testified on the identical subject matter at deposition and at trial in the matter captioned as *Jade Trading LLC v. United States*, Fed. Cl. No. 03-2164T, that the government has proffered transcripts of that testimony to petitioner in this case, and that [his] testimony is not expected to change sufficiently to warrant the burden on the government to provide for [his] appearance.

*See* attached Exhibit A.

Although the government has proposed to stipulate that Stobie Creek may use Mr. Starke's deposition testimony in the *Jade* case, the government refuses to allow Stobie Creek's counsel to ask Mr. Starke any new or follow-up questions, however relevant and proper they may be. Moreover, by its refusal to allow Stobie Creek to examine the documents that the government has already produced to the taxpayer plaintiffs in *Jade* (a refusal that Stobie Creek has challenged in its pending Motion to Compel Discovery), the government's proposed stipulation *excludes* Stobie Creek's access to the exhibits that Mr. Starke was shown, and that Mr. Starke testified about, in the *Jade* case. The government's proposed stipulation obviously is short of the discovery standard mandated by Rule §26(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Plaintiffs, after reviewing the testimony given by Mr. Starke in the *Jade* matter have discussed with Defense counsel the need to proceed with the deposition for the limited purposes of clarifying certain answers that Mr. Starke gave in *Jade*, attempting to refresh Mr. Starke's recollection where appropriate, and posing certain new questions that were not previously asked of Mr. Starke. Mr. Starke's deposition in *Jade* lasted four hours and fifteen minutes. Plaintiffs' counsel anticipate that Mr. Starke's deposition in this case would not

exceed three hours. In accordance with RCFC 37(a)(2)(B), Plaintiffs certify that they have in good faith conferred or attempted to confer with Defendant in an effort to resolve this matter without Court action. See Exhibit B. However, Defendant will not produce Mr. Starke for deposition.

Plaintiffs do not intend to replay Mr. Starke's prior testimony unless there is a reasonable basis for revisiting a prior answer. For example, throughout Mr. Starke's deposition in *Jade*, Mr. Starke testified that he "[could] not recall," had no personal recollection, could only guess. *See e.g.*, Mr. Starke's Deposition, Exhibit C, pp. 26, 27, 28, 29, 31, 40, 42, 47, 48, 51, 58, 62, 63, 65, 67, 76, 83, 88, 99, 107, 115, 116, 123, 128, 137, 138, 140, 150. It is possible though that his memory has been refreshed since his deposition was taken *or* that Plaintiffs' counsel could refresh his recollection with different questions if given the opportunity. Rule 26(b)(1) of this Court's Rules entitle Plaintiffs' counsel to pose reasonable, non-burdensome questions to Mr. Starke relating to issues which he could not recall at the time he was deposed in *Jade*, and as to which he was never questioned.

The government suggests that it would be too burdensome to require Mr. Starke to testify because if the Court requires him to testify in this matter, he will be subpoenaed in many future matters regarding the same issues. This is not a justification to not allow Mr. Starke's deposition to go forward, it is an excuse to deny Plaintiffs the discovery to which they are entitled. Depositions, by their nature, are inconvenient. However, the risk that other litigants in other cases may seek to burden Mr. Starke and the government unreasonably is no justification for precluding Stobie Creek from taking a non-burdensome deposition of this important witness in this case.

WHEREFORE, Plaintiffs request that this Honorable Court enter an Order which compels Defendant to produce Richard Starke within seven days, and to reimburse Plaintiffs for their costs, expenses and attorneys' fees incurred in prosecuting this Motion to Compel, and for such other and further relief as this Court deems just and proper.

Dated: February 28, 2007

Respectfully Submitted
SCHIFF HARDIN LLP

Attorneys for Plaintiff

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

CH1\ 4880854.10