**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,

Plaintiff

v.

THE UNITED STATES OF AMERICA,

Defendant.

**Case No. 05-00748**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE CORRECTED RESPONSE TO UNITED STATES' UNOPPOSED MOTION TO CONDUCT PROMPT PRE-TRIAL CONFERENCE UNDER RCFC 16(c)(6)**

Plaintiffs filed their Response to United States' Unopposed Motion to Conduct Prompt Pre-Trial Conference Under RCFC 16(c)(6) ("Response") on March 2, 2007. Plaintiffs inadvertently misstated certain events with respect to the discovery scheduling in this matter.

On pages 3-4 of the Response, Plaintiffs erroneously stated: "After being contacted by Defendant's counsel back in January 2007, Plaintiffs' counsel agreed to another small extension for Defendant to conduct its discovery."

In fact, Plaintiffs suggested that the impending deadline be extended for a short period of time to allow for resolution of an attorney-client privilege issue prior to Defendant's proposed deposition of Larry Goldstein, where such issue was expected to arise. Plaintiffs have revised their Response on pages 3-4 to state: "However, in January 2007, Plaintiffs' counsel suggested that the impending discovery deadline be extended for a short period of time to allow for resolution of an attorney-client privilege issue prior to the scheduled deposition of Larry Goldstein, where such issue was expected to arise. Defendant's counsel agreed." Plaintiffs' Corrected Response is attached hereto as Exhibit A.

Wherefore, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File Corrected Response and replace the previously filed brief with the attached, corrected brief.

Dated: March 2, 2007

Respectfully Submitted
SCHIFF HARDIN LLP

Attorneys for Plaintiff

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
CH1\ 4892220.1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br><br>Judge Christine O. C. Miller |

**PLAINTIFFS' CORRECTED RESPONSE TO UNITED STATES' UNOPPOSED MOTION TO CONDUCT PROMPT PRE-TRIAL CONFERENCE UNDER RCFC 16(c)(6)**

Plaintiffs, Stobie Creek Investments LLC, JFW Enterprises, Inc. ("Plaintiffs" or collectively "Stobie Creek"), by and through their attorneys, respectfully file this Corrected "Response to United States' Unopposed Motion of the United States to Conduct Prompt Pre-Trial Conference Under RCFC 16(c)(6)."

It is disingenuous for the United States to title its motion "unopposed." Defense counsel contacted Plaintiffs' counsel, requesting an agreement not to oppose a motion for a pre-trial conference. Plaintiffs' counsel agreed to this request. However, Plaintiffs were not afforded the opportunity to review Defendant's motion prior to its filing and take issue with many of the statements contained therein. Defendant's motion completely mischaracterizes the facts of this case and the history of this litigation.

This matter is based upon Plaintiffs' petition for readjustment of partnership items for the tax year ended December 31, 2000, brought pursuant to Section 6226(b) of the Internal Revenue Code of 1986, as amended (the "Code"), to contest the Notice of Final Partnership Administrative Adjustment dated March 9, 2005 that was issued for Stobie Creek's taxable year ended December 31, 2000 (the "FPAA"). *See* Complaint, ¶¶1, 4.

Exhibit A

The complaint seeks a redetermination of the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties. *Id.*, Prayer for Relief, ¶1. The complaint also seeks recovery of taxes that have been deposited with the United States in escrow (plus any interest permitted by law). *Id.*, ¶2; *see also* Complaint ¶12. The complaint alleges that "[i]n all events, no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint ¶14(gg). This case is about one taxpayer, Stobie Creek, and its partners who relied in good faith, upon legal advice provided by their advisors. It is not about hundreds of other taxpayers, nor is it about a "prepackaged scheme." Rather, this case involves the tax consequences of various transactions in which Plaintiffs engaged concurrently with the formalization, extension and expansion of their family's joint investment pursuits. Contrary to the defendants' assertions, the currency option transactions involved in this case each possessed the opportunity for substantial profit and all transactions were conducted for valid business reasons.

## I. <u>DISCOVERY CONDUCTED OR SOUGHT BY DEFENDANT</u>

Defendant has made repeated attempts at turning this trial on Stobie Creek's merits into a canned program against all tax advantaged investments. Defendant has served third party subpoenas on multiple entities, requesting millions of pages of documents, in an apparent attempt to compare Stobie Creek to many other entities. Defendant complains that it has had to review over millions of pages of documents, while omitting that the overwhelming majority of these documents are not even remotely related to Stobie Creek, its partners or their dealings in the year 2000. Again, Defendant's attempt to make this case one about any "similar" transaction or investment strategy is completely inappropriate and, to date, has been a waste of the parties' time and resources The United States has not, and cannot, justify how the discovery it seeks is in

any way "reasonably calculated to lead to the discovery of admissible evidence," in *this* case as required by RCFC 26(b)(1).

Further, Defendant has gone to great lengths to create an erroneous impression that Plaintiffs have provided Defendant with no meaningful information in this litigation and that Plaintiffs are somehow withholding information about facts, documents, and witnesses. Defendant's contentions misstate the record and are simply wrong.

At the same time that Defendant was conducting discovery from Plaintiffs in this case, it has been conducting an audit involving the same calendar year and has received parallel discovery from the same people and entities. The revenue agent has had full access to the parties, has proffered numerous Information Document Requests and received full responses thereto. Plaintiffs provided Defendant with their responses to Information Document Requests issued by the IRS without being asked. Plaintiffs have conducted (and continue to conduct) searches for all relevant, responsive documents in their possession. In addition to the thousands of pages of documents that Plaintiffs have produced prior to the depositions of the Plaintiffs, they have produced some additional documents subsequent to the depositions of the Welles family members that were later discovered.

Defendant seeks this conference because it has squandered the time permitted for discovery. It has delayed its responses to Plaintiffs' interrogatories, requests for production of documents and its subpoenas for third party depositions, although the names of such third parties have been known to Defendant for more than four months. Defendant requested an extension in October 2006. The Court at that time stated that this would be the final extension allowed. However, in January 2007, Plaintiffs' counsel suggested that the impending discovery deadline be extended for a short period of time to allow for resolution of an attorney-client privilege issue

prior to the scheduled deposition of Larry Goldstein, where such issue was expected to arise. Defendant's counsel agreed.

The last deposition in this case was taken on December 15, 2006. Defendant has not begun to subpoena any additional witnesses. Further, these witnesses are no surprise to the Defendant. The majority of these witnesses were the basis for its Motion for Enlargement of the Discovery Schedule in October 2006. While it is true that Plaintiffs have objected to the United States taking more than ten depositions, Plaintiffs main concern, not expressed in Defendant's motion, is that discovery closes in less than 45 days. Plaintiffs' counsel attempted to create a workable schedule, which was balked at by Defendant's counsel. Now at the eleventh hour Defendant conjures up thirty more depositions just to make the case that the discovery schedule should be extended. This is merely too little too late.

## II. DISCOVERY CONDUCTED OR SOUGHT BY PLAINTIFFS

Plaintiffs seek testimony of Richard Starke, Monte Jackel, Nelson Crouch, and Patricia Ugorowski. With respect to Richard Starke, in response to the IRS refusal of authority to testify, Plaintiffs filed a motion on February 28, 2007 to compel deposition testimony and will not reargue the issues here. Plaintiffs learned on or about February 28, 2007 that Mr. Jackel was not authorized to testify in this matter. Plaintiffs anticipate, based upon Defendant's motion, that the IRS will even refuse to allow Patricia Ugorowski to testify, despite the fact that upon information and belief, Ms. Ugorowski conducted interviews with the Welles family members and others, requested documents from various entities and prepared the Final Partnership Administrative Adjustment (FPAA) which triggered the filing of this lawsuit.

As noted in Plaintiffs' Motion to Compel Discovery, filed on or about November 28, 2006, 26 U.S.C. §6226 identifies the FPAA as the jurisdictional foundation for this "JUDICIAL REVIEW OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENTS" and RCFC App.

A., Rule 1 reinforces the foundational role of the FPAA. Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Thus, it is reasonable to assume that the IRS agent responsible for contributing to and preparing the FPAA possess either relevant evidence or could point to its whereabouts. Defense counsel has failed even to produce the identities of all of the individuals responsible for contributing to and preparing the FPAA. Much of the same documentation that Defendant has sought from Plaintiffs in its requests for production, it is thought are already in the possession of the Defendant, in the administrative file of the revenue agent. Defendant's method of not bates numbering documents makes it unclear whether the administrative file has ever been produced to Plaintiffs. Plaintiffs counsel will await this Court's determination with respect to its pending motions to compel.

## III. THE CURRENT SCHEDULE WILL PERMIT RESOLUTION OF THE OUTSTANDING ISSUES AND COMPLETION OF ALL NECESSARY DISCOVERY

The Defendant has listed 22 people from Deutsche Bank or DB Alex Brown alone that it wishes to depose. Despite repeated requests, the Defendant has never disclosed *any* nexus between the people it wishes to depose and the investment and transactions at issue in *this* case. In fact, Defendant is not even able to list the current whereabouts of most of the people listed. Plaintiffs have issued contention interrogatories requesting that the Defendant explain how these proposed deponents could lead to relevant evidence in *this* case—which are one of the subjects of Plaintiffs' Motion to Compel Discovery due to Defendant's refusal to answer. Plaintiffs have previously identified the one person at Deutsche Bank that had contact with Plaintiffs and may have any relevance to this case: David Parse. This deposition and several others could be taken within the discovery schedule as previously set by this Court. Plaintiffs have no clue as to the

relevance as to the additional people on Defendant's proposed list. It is harassment and burdensome to allow the Defendant to take the depositions of 22 people without even disclosing a nexus between each person and the relevant issues in *this* matter. It is a waste of parties' resources to permit a fishing expedition with respect to *other* transactions and *other* times, involving *other* parties.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court convene an in-court Rule 16(c)(6) pre-trial discovery conference, for the purpose of addressing the outstanding discovery issues.

Dated: March 2, 2007

Respectfully Submitted
SCHIFF HARDIN LLP

Attorneys for Plaintiff

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600