**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **(Judge Christine O. C. Miller)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**UNITED STATES' RESPONSE**
**TO PLAINTIFFS' MOTION TO COMPEL**
**THE DEPOSITION OF RICHARD STARKE**
**AND CROSS-MOTION FOR PROTECTIVE ORDER**

**Introduction**

In this case, the Court will apply the Internal Revenue Code, Treasury Regulations and case law to the facts presented in order to determine whether plaintiff is entitled to the tax benefits it claims as a result of the Son of Boss tax shelter it, and its purported partners, implemented in early 2000. Richard Starke, whom plaintiff now seeks to depose, had *no role* in these transactions, and *no role* in designing the tax shelter at issue. In 2000, Starke was working in the Office of Assistant Chief Counsel (Corporate) of the Internal Revenue Service, where he has worked since 1994, and still works, as an attorney. He can offer *no* testimony about any fact relevant to this case.



2281659.1

Plaintiff seeks to depose Starke, not to discover facts at issue in this case, but to discover "evidence" about what the *"settled prior law"* was in 2000. *See* Motion to Compel, p. 3. The law, however, is not a proper subject for factual discovery under RCFC 26, and parties do not offer their view of the law by offering testimonial "evidence" at trial by lay witnesses. Nor, for that matter, is the tax law a proper subject for expert discovery or opinion testimony at trial, and plaintiff cannot compel Starke to testify as an "expert" witness for it.[1] In sum, the thoughts and opinions of Starke about the state of the tax law in 2000 are totally irrelevant to this case, would not be admissible at trial, and are far outside the bounds of permissible discovery. His deposition would also be an undue burden on Starke and the IRS, and a wasteful diversion from the substantial, relevant factual discovery still to be done in this case. The Court should, therefore, issue a protective order and quash the subpoena served by plaintiff on Starke.

## Background

### I. THE TESTIMONY SOUGHT BY PLAINTIFF FROM STARKE

According to plaintiff's motion to compel, it seeks to depose Starke to "discover evidence showing what was the *settled prior law and policy* at the time of the transactions, in 2000." *See* Motion to Compel, p. 3 (emphasis added). In the motion, however, plaintiff does not explain at all why Starke's deposition is necessary – or even helpful – to enable it to learn about the tax law, or official policy of the IRS, in 2000.[2] Nor does plaintiff provide any examples of the specific questions that it believes only Starke can answer, and that it cannot instead have

---

[1] *See*, RCFC 45(c)(3)(B)(ii).

[2] The personal thoughts and opinions of Starke, and other IRS employees, are, of course, not the "policy" of the IRS. In fact, their personal views may conflict with IRS policy.

answered simply by reviewing the relevant statutes, regulations, case law, and revenue rulings, revenue procedures, notices, and other announcements officially published by the IRS.

Curiously, plaintiff also did not submit with its motion to compel the statement that accompanied its subpoena to Starke describing the subjects about which it wishes to question him, in order to learn about the tax law in 2000. Attached as Exhibit A is a copy of the statement of deposition subjects provided by plaintiff. In brief, plaintiff indicates that it wants to ask Starke about internal meetings he had with other employees of the IRS in 1995 concerning their "interpretations" of various sections of the Internal Revenue Code, and about Starke's "interpretation" of Revenue Ruling 95-45. *See* Exhibit A. Plaintiff evidently believes that testimony about these internal meetings in 1995 could provide admissible evidence of the "settled" tax law in effect in 2000.[3]

## II. THE IRS' HAS DENIED AUTHORIZATION FOR STARKE TO TESTIFY

Under the "Touhy" regulations issued by the Treasury Department, Starke cannot testify about IRS matters unless the IRS expressly authorizes him to testify. *See,* Treas. Reg. § 301.9000-1 *et seq*.[4] On February 13, 2007, the IRS denied Starke authorization to testify in response to plaintiff's subpoena. In doing so, it cited the fact that Starke had already testified on

---

[3] There is no, and could be no, claim by plaintiff that it, or anyone else that participated in, or allegedly advised plaintiff on, the Son of Boss shelter transactions at issue had any knowledge of the statements made or documents created at these internal IRS meetings in 1995. There also is no claim that plaintiff "reasonably" or "justifiably" relied on Starke's, or the other IRS' employee's personal views of the law that may have been expressed at these meetings.

[4] Such regulations were upheld by the United States Supreme Court in the case *Touhy v. Ragen*, 340 U.S. 462 (1951). In *Touhy*, the court held that, because an FBI agent had not been authorized to comply with the subpoena by the Department of Justice, pursuant to similar regulations, he could not be held in contempt for refusing to comply with a subpoena.

the same subjects and, as plaintiff admits, testified that he did not have any recollection or personal knowledge about those subjects. *See* Motion to Compel, p. 5 and Exhibit A to Motion to Compel.[5]

Before the IRS denied authorization, counsel for the United States had provided plaintiff with a copy of Starke's prior testimony in *Jade Trading LLC v. United States* (Fed. Cl. No. 03-2164). The United States did so to demonstrate to plaintiff that – even if Starke's internal meetings with other IRS employees in 1995 were, somehow, a proper subject of discovery (in order to provide "evidence" of the law in 2000) – he has already been exhaustively questioned about those subjects, and has testified that he has no recollection or personal knowledge about them. The United States then offered, without conceding the admissibility of his testimony, to stipulate that, if called to testify in this case, Starke would testify consistently with his prior testimony in *Jade*.

Plaintiff refused the offer. Contrary to the claims in the motion to compel, however, plaintiff's counsel never told the United States' counsel what testimony by Starke in *Jade* needed to be clarified, or what new questions needed to be asked. *See* Motion to Compel, p. 4; Affidavit of Stuart D. Gibson, attached as Exhibit B; and Affidavit of Cory A. Johnson, attached as Exhibit

---

[5] Starke testified in *Jade Trading LLC v. United States,* (Fed Cl. No. 03-2164). Starke was examined in that case about the IRS meetings in 1995, § 752, Revenue Ruling 95-45, the notes he authored concerning the meetings, and other matters. His notes had been inadvertently produced by the United States in a previous case. Absent this prior inadvertent disclosure, the IRS likely would have denied Starke authorization to testify in that case, and this case, in reliance on its privilege covering the deliberative process. Plaintiff has also subpoenaed in this case two former IRS employees, Monte Jackel and Nelson Crouch. (In plaintiff's list of deposition subjects, Jackel and Crouch are indicated as attending the meetings in 1995. *See* Exhibit A.) On February 21, the IRS denied Jackel authorization to testify based, in part, on privilege grounds. The IRS has not yet considered whether to authorize Crouch to testify.

C. Additionally, the United States did not (as plaintiff claims) offer to stipulate to the prior testimony of Starke while simultaneously denying plaintiff access to the exhibits Starke was shown in his deposition. *See* Exhibit C to Motion to Compel, p. 2. It is the United State's counsel's understanding that plaintiff has always had all exhibits from Starke's deposition available to it.[6]

**Argument**

**I. <u>THE VIEWS OF RICHARD STARKE ABOUT THE LAW IN 2000 ARE IRRELEVANT AND NOT DISCOVERABLE</u>**

In a case that addressed an issue very similar to that presented again here by plaintiff's motion to compel, this Court succinctly stated the applicable law, and the reasons why the deposition of Starke would be outside the bounds of permitted discovery:

> The opinions, conclusions and reasoning of government officials are not subject to discovery. *ISI Corp. v. United States*, 503 F.2d 558, 559 (9th Cir. 1974). The subjective analysis of the agent and technical advisor ... and their respective opinions as to the proper method to be applied in determining whether taxes are due form no part of the plaintiff's case. *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77, 78 (S.D.N.Y. 1970). The opinions, impressions, conclusions and reasoning of IRS agents are irrelevant to the validity of the assessment against plaintiff ... Resolution of these issues depends solely on application of the pertinent law to the facts of this case; ... the opinions of individual IRS agents regarding their propriety are

[6] Plaintiff has Starke's notes from 1995 that were marked as Exhibit 2 at his deposition in *Jade*. All the other substantive exhibits are publicly available documents such as Revenue Ruling 95-26 (Exhibit 3), the published decision in *Helmer v. Commissioner*, 1975 WL 2787 (Exhibit 4), IRS Notice 2000-44 (Exhibit 5), the published decision in *Salina Partnership v. Commissioner*, 2000 WL 1700928 (Exhibit 6), and proposed regulations published in the Federal Register, 68 FR 37434-01 (Exhibit 7). *See* Exhibit C to Motion to Compel, p. 2.

immaterial. *Garity v. United States*, 1980 WL 1765 (E.D. Mich. 1980).

*Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994). In *Flamingo*, plaintiff sought to depose IRS employees to inquire, in part, about their "interpretations" of a section of the Internal Revenue Code and a published IRS General Counsel Memorandum. Plaintiff argued that the IRS employee's testimony would show that the law at the time – specifically the word "normally," as used in the applicable Code section – was ambiguous. *Flamingo*, 31 Fed.Cl. at 658. This Court, for the reasons quoted above, granted the United States' motion for a protective order, finding that the IRS employees' testimony on the meaning of the law, and on IRS policy (*i.e.*, the GCM), was irrelevant, and not discoverable. *Flamingo*, 31 Fed.Cl. at 658.

Here, as well, Starke's understanding or opinion about the meaning of the applicable law in 2000 is irrelevant, and not a proper subject of discovery. He cannot provide admissible testimony about what the law was in 2000, or what a statute, or a particular word in a statute, means, or meant in 2000. *See e.g. Flamingo, supra; Deluxe Check Printers, Inc. v. United States*, 5 Cl.Ct. 498, 500 - 01 (Cl. Ct. 1984); and *Armco Corp. v. Commissioner*, 87 T.C. 865 (U.S. Tax Ct. 1986). Nor can Starke provide relevant, admissible testimony about how the law should be applied to the facts presented in this case, such as whether the plaintiff's interpretation of the law in 2000 was "reasonable" or "justifiable." That role is reserved exclusively for this Court. *See, e.g., Adalman v. Baker, Watts, & Co.*, 807 F.2d 359, 365 - 68 (4th Cir. 1986).[7]

---

[7] Plaintiff's interest in Starke's understanding of § 752 of Code specifically concerns the meaning of the word "liability," as used in that section. *See* Plaintiff's Motion to Compel, p. 2. The deposition sought of Starke, in order to obtain his view on what "liability" means, is, therefore, very similar to the depositions of the IRS employees sought in *Flamingo,* which were sought for the purpose of discovering the meaning of the word "normally," as used in the statute applicable in that case.

Starke also cannot provide relevant testimony about the "policy" of the IRS, now or in 2000. The "policy" of the IRS is set forth in published revenue rulings, revenue procedures and other official notices and announcements. *See, e.g.,* 26 U.S.C. § 7805(a)*;* Treas. Reg. §601.601(d)(2)(i)(a) ("A Revenue Ruling is an official interpretation by the Service that has been published in the Internal Revenue Bulletin. Revenue Rulings are issued only by the National Office and are published for the information and guidance of taxpayers, Internal Revenue Service officials and others concerned.); Treas. Reg. § 601.601(d)(1) ("The Internal Revenue Bulletin is the authoritative instrument of the Commissioner for the announcement of official rulings, decisions, opinions....); *and Sidell v. Commissioner*, 225 F.3d 103, 111 (1st Cir. 2000) (The "IRS must speak with a single voice, that is, through formal statements of policy such as regulations or revenue rulings.... Because these internal memoranda represent the personal views of the authors, not the official positions of the agency, they do not figure in our decisional calculus."). In sum, a deposition of an IRS employee to discover "settled" IRS "policy" is not a proper use of discovery.

**II. A DEPOSITION OF STARKE WOULD BE UNDUELY BURDENSOME, ESPECIALLY IN LIGHT OF ITS LACK OF RELEVANCE**

The Court also should deny plaintiff's motion to compel, and quash the subpoena issued to Starke, because requiring him to testify for yet a third time, on matters identical to the those on which he testified twice in *Jade,* would impose an undue burden on him. In determining whether there is an undue burden under RCFC 45, the Court should examine not only the burden imposed, but also the relevance of the testimony sought. *See, e.g., Wiwa v. Royal Dutch Petroleum Co.* 392 F.3d 812, 818 (5th Cir. 2004). Here, Starke lacks any present recollection of

the events on which he has been subpoenaed to testify, all of which occurred nearly 12 years ago, despite previous exhaustive efforts to refresh his recollection with contemporaneous documents. *See* Exhibit C to Motion to Compel. And, as noted above, even if Starke could provide some testimony on these subjects, it would not be relevant nor would it lead to the discovery of admissible evidence.

The plaintiff admits that it seeks to ask Starke about the same matters on which he has already testified twice. One must also acknowledge that, given the frailties of human memory, it is exceedingly unlikely that Starke has any better recollection now of events from 1995 than he did when first deposed in 2005 – if anything, he probably remembers less, if that is possible. Additionally, if Starke's testimony is discoverable again here, it would also be discoverable in countless other cases pending in this court and in other courts that involve the same issue of law on which the plaintiff seeks his testimony here – the meaning of § 752 of the Code. Certainly, such depositions will place a needless burden on Starke, and on the Internal Revenue Service, which must give up his services for multiple depositions on the same irrelevant, inadmissible subject.

At bottom, the plaintiff seeks to depose Starke in the hope that he will say something new, different or revealing, that counsel in *Jade* failed to uncover, despite two bites at the apple. And, more importantly, plaintiff's counsel hopes that, whatever new insight about the law in 2000 he might glean from re-deposing Starke will be not only discoverable, but relevant, admissible, probative, and persuasive. For the reasons discussed above, Starke's testimony is anything but those things. And to require him to sit again and respond to questions that he has already answered twice before imposes a burden of the type that RCFC 45(c)(3)(A)(iv) was

designed to prevent. *See* FRCP 45, Advisory Committee Notes, 1991 Amendments ("Clause (c)(3)(A)(iv) requires the court to protect all persons from undue burden.... Illustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of the matters in dispute...") The Court should, therefore, quash the deposition subpoena issued to Richard Starke.

**Conclusion**

For all the above reasons, the Court should deny plaintiff's motion to compel and grant the United States' cross-motion for a protective order.

Respectfully submitted,

*/s/ Stuart D. Gibson*

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

/s/ *Cory A. Johnson*

Of Counsel

Dated: March 5, 2007