IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br>Plaintiff<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 05-00748 |

**Written Statement Pursuant to Reg. §301.9000-5**

1. The parties to this action are listed above in the caption. Plaintiffs filed this action to contest the Notice of Final Partnership Administrative Adjustment dated March 9, 2005. Attached hereto as Exhibit A, is a copy of the complaint. Plaintiffs seek a redetermination of the FPAA to remove all adjustments to income, losses, distributions, basis, and penalties; a recovery of the amount of taxes deposited (plus any interest permitted by law) in escrow; and any other relief which Plaintiffs may be justly entitled.

2. The following are the subjects with respect to which Plaintiffs seek testimony:

(a) Discussions during a meeting on or about January 9, 1995 between any of Monte Jackal, Nelson Crouch and Richard Starke relating to the interpretation of Internal Revenue Code Section 752;

(b) Discussions during a meeting on or about March 7, 1995 between Stuart Brown and Richard Starke relating to the interpretation of Internal Revenue Code Section 752;

(c) Discussions during a meeting on or about April 4, 1995 between any of Victor Penico, John Rooney and Richard Starke relating to the interpretation of Internal Revenue Code Sections 752, 357 and 358;

(d) Richard Starke's interpretation of Internal Revenue Code Section 752 to options to deliver property in *Helmer v. United States*, T.C. Memo 1975-160, 34 T.C.M. 727 (1975).

(e) Richard Starke's involvement with respect to the drafting or interpretation of Revenue Ruling 95-45.

(f) Any documents produced in the *Jade Trading, LLC v. U.S.*, Case No. 03-2164.

3. The time required to present the testimony would be no longer than 7 hours, pursuant to RCFC 30(d)(2).

4. The information sought is not return or return information, nor tax convention information.

5. A declaration of an IRS officer, employee, or contractor under penalties of perjury would not suffice in lieu of deposition testimony. The subjects of testimony sought extend beyond authenticating documents. Therefore, deposition testimony is required.

6. The information and documents sought are not available from other sources.

7. The demand allows a reasonable time (15 business days) for compliance.

Dated: January 10, 2007

Respectfully Submitted
SCHIFF HARDIN LLP

Colleen M Feeney

Attorneys for Plaintiff

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
CH1\4809982.2