IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T (Judge Miller)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DECLARATION OF STUART D. GIBSON IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF RICHARD STARKE**

Stuart D. Gibson, in accordance with 28 U.S.C. §1746(2), declares:

1. I am a Senior Litigation Counsel employed in the Tax Division of the United States Department of Justice, with my office in Washington, D.C. I have worked at the Tax Division since 1984. I am assigned as lead counsel for the United States in this case.

2. I make this declaration to clarify the proposed stipulation and respond to incomplete and inaccurate statements at pp. 3-5 of the Plaintiff's Memorandum in Support of Their Motion to Compel Deposition Testimony From Richard Starke (the Memorandum) about what the United States agreed and did not agree to, before the plaintiff filed this motion. I also make this declaration to respond to inaccurate statements contained in the Affidavit of Robert E. Kolek, filed as Exhibit B in support of the motion to compel (the Affidavit).

3. On page 4 of the Memorandum the plaintiff discussed the United States' offer to stipulate Starke's testimony. In particular, the United States offered to stipulate that, if called

upon to testify in this case, Starke would testify consistently with both his deposition testimony and his trial testimony in Jade Trading LLC v. United States. As part of that proposal, my co-counsel and I provided to plaintiff's counsel a copy of Starke's deposition testimony and, at his request, a copy of the transcript of the entire trial in Jade. The United States also made clear that it was not waiving any objections it has as to the admissibility of that testimony.

4. One reason that we offered to stipulate the substance of Starke's testimony was that, at his deposition in Jade on July 19, 2005, Starke exhibited little, if any, recollection of the matters about which he was asked, most of which had occurred some 10 years earlier. Starke's testimony at trial was similarly unenlightening. The statement which the plaintiff provided with the deposition subpoena made clear that the plaintiff sought to ask Starke about the same events here that he was asked about on two separate occasions in Jade. Neither the IRS nor I have any reason to believe that Starke remembers any more in 2007 than he had in 2005 and 2006 about events that occurred in 1995. Because we saw little or no opportunity for the plaintiff to learn any discoverable information from taking Starke's deposition yet again, we offered to stipulate the substance of his testimony.

5. On page 3 of the Memorandum, the plaintiff indicated that on January 26, 2007, we asked to continue the Starke deposition for two weeks, to February 15, 2007, and that the plaintiff agreed. This is true. One reason for the continuance, we explained to counsel, was to give the Court a chance to decide the plaintiff's motion to compel the United States to produce documents and answer interrogatories, filed in November 2006. Another reason, we explained, was to give the IRS a chance to decide whether to authorize Starke to testify and, if so, the scope of any such authorization.

6. In ¶3 of the Affidavit, Mr. Kolek relates the substance of a conversation we had on February 8, 2007, about our proposal to stipulate the substance of Starke's testimony, instead of requiring him to testify for yet a third time about matters largely beyond his memory. The Affidavit states that our offer to stipulate Starke's testimony was made, "as a result of the IRS denial of authority to depose Mr. Starke in this matter." This is not accurate. I offered to stipulate the substance of Starke's testimony on February 8, 2007, **before** the IRS decided on February 13, 2007 to not authorize him to testify. In fact, Exhibit A to the plaintiff's motion is a copy of the IRS memorandum, dated February 13, 2007, declining to authorize Starke to testify. At the time I made the proposal on February 8, 2007, to my knowledge the IRS had not yet decided whether to authorize Starke to testify.

7. On page 3 of the Memorandum, the plaintiff indicated that on February 13, 2007, we – my co-counsel Cory Johnson and I – informed counsel that the IRS had decided not to authorize Starke to testify at his deposition. What the Memorandum omitted was that we placed a phone call to plaintiff's counsel early during the afternoon of February 13, 2007, to ask whether, in light of the IRS's decision, the plaintiff would insist on Starke appearing at his deposition on February 15, and expressly refusing to testify. That afternoon the Department of Justice had advised its employees that, as a result of an ice storm forecast to hit the Washington Metropolitan area over the next 24 hours, the Federal government was releasing all non-essential employees at 2:00 p.m., EST. We called because we were concerned about whether, if the storm hit as forecast, it would even be possible for us and the witness to make it into Washington for the deposition. During that conversation with attorney Thomas Wechter, we restated our proposal to stipulate Starke's deposition testimony. Finally, we indicated that, if the plaintiff

insisted on proceeding with an attempt to take Starke's deposition, we would like to discuss with plaintiff's counsel the most efficient way to present the dispute to the Court, whether by motion to compel, motion for protective order, or some other way. During that conversation Mr. Wechter said that they were still reviewing the transcripts of Starke's prior testimony, and had not yet decided how they wanted to proceed. In response to my other question, Mr. Wechter indicated that it would not be necessary for Starke to appear on February 15, 2007.

8. I have had no correspondence from – and no discussions with – counsel for the plaintiff about the Starke deposition since February 13, 2007. The statement contained in the first sentence in the paragraph beginning at the bottom of page 5 of the Memorandum is not accurate, as the "discussions" recited in that statement did not occur.[1] In addition, at no time has any attorney for the plaintiff discussed with me the concept of limiting the time or subject matter of Starke's deposition, to anything less than the matters listed in the statement served with the subpoena.[2] In fact, if Mr. Kolek determined that he wished to ask additional follow up questions, as stated in ¶4 of the Affidavit, he never shared them with me. Finally, at no time did Mr. Kolek ever discuss with me any request to, "inquire of Mr. Starke new or follow-up questions to his previous testimony," as stated in ¶5 of the Affidavit.

---

[1]"Plaintiffs, after reviewing the testimony given by Mr. Starke in the *Jade* matter have discussed with Defense counsel the need to proceed with the deposition for the limited purposes of clarifying certain answers that Mr. Starke gave in *Jade*, attempting to refresh Mr. Starke's recollection, where appropriate, and posing new questions that were not previously asked of Mr. Starke."

[2]See Exhibit A filed in opposition to Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Washington, D.C.
Executed on March 5, 2007

*/s/ Stuart D. Gibson*
STUART D. GIBSON