**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,

Plaintiff

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 05-00748

**PLAINTIFFS' REPLY TO UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF RICHARD STARKE AND CROSS-MOTION FOR PROTECTIVE ORDER**

The United States misunderstands the intent of deposing Richard Starke in this case. Plaintiffs do not seek "opinions" or "expert testimony" from Mr. Starke. Plaintiffs seek discovery of facts from Mr. Starke that will assist them in proving at least two key claims that are alleged in the complaint. First, Plaintiffs have alleged, and the government has denied, that "the IRS erred in determining that Treasury Reg. Sec. 1.752-6T is not vague, may be applied retroactively and is enforceable." Complaint ¶¶7 (b)(xix), 14(gg). Whether a regulation may be given retroactive effect depends in part on "whether or to what extent the taxpayer *justifiably relied* on settled prior law or policy and whether or to what extent the putatively retroactive regulation alters that law." *Klamath Strategic Investment Fund LLC v. United States*, 440 F. Supp. 2d 608, 623 (E.D. Tx. 2006) (emphasis added).

If, as we expect, the analysis that Mr. Starke and other experienced IRS officials and agents conducted with respect to the IRS's application of Code Section 752, affected the IRS's conduct and enforcement of that section during the relevant period, it is probative of the issue of

justifiable reliance. If the IRS was not enforcing that section with respect to similar transactions, Stobie Creek is certainly justified in concluding that its actions were reasonable.

The actions of Mr. Starke and others are relevant to the settled "law or policy" of the IRS and to the objective reasonableness of Stobie Creek's reliance upon Code Section 752 as "settled law or policy" prior to the promulgation of the disputed Treasury Regulations in 2003. *See Klamath Strategic Investment Fund LLC, supra* at 623-24. Accordingly, Mr. Starke's deposition almost certainly will lead to the discovery of admissible evidence.

Second, and for the same reasons, Mr. Starke's deposition may yield relevant evidence bearing on the Complaint's allegations that "no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint, ¶14(gg).

The scope of discovery is governed by RCFC 26(b), which states that the parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." Relevance for the purposes of Rule 26 is broadly construed. *See e.g.*, *Katz v. Batavia Marine & Sporting* Supplies, 984 F.2d 422, 424 (Fed. Cir. 1993). The principles stated in RCFC 26(b)(2) permit the court to limit discovery where "the discovery sought is unreasonably cumulative or duplicative," "obtainable from some other source that is more convenient," or creates undue burden or expense, given the likely benefit. Defendant's erroneously assert that the discovery sought here is cumulative or duplicative. Plaintiffs have already agreed that they would limit the deposition to questions previously not asked of Mr. Starke or questions previously not answered. Further, Plaintiffs attested that the deposition would conclude within

three hours. Contrary to Defendant's assertions, Plaintiffs do not seek to replay the prior deposition of Mr. Starke.

This discovery is not currently obtainable from some other source that is more convenient. Mr. Starke was one of three people who were present at multiple meetings regarding the subjects of Plaintiffs written demand. Mr. Starke produced approximately forty pages of notes analyzing the tax treatment of short options and other relevant topics.[1] There are statements and facts in his notes which require clarification or explanation which only he can give. Mr. Starke can also testify about the IRS's contemporaneous actions with respect to these financial instruments. Further, Plaintiffs have also subpoenaed Mr. Crouch and Mr. Jackel, both referenced in Mr. Starke's notes as being present at the meetings. The IRS has denied authority to depose Mr. Jackel and Plaintiffs' counsel is not aware of whether the IRS has authorized Mr. Crouch to give testimony at a deposition in this case.

Finally, the benefits of allowing Plaintiffs to develop their theory of the case outweigh any potential burden imposed on the government by the deposition of Mr. Starke. The documents about which Plaintiffs seek to depose Mr. Starke are the same documents that were the subject of this Court's ruling in *Jade* and are some of the same documents sought by Plaintiffs' Motion to Compel Discovery in this case. In *Jade*, the Court stated "Defendant has not substantiated its claims of the burdensomeness of complying with this discovery. Given how critical the interpretation of the term 'liability' is to this lawsuit, the benefit of production of these documents outweighs the burden or expense." *Jade Trading v. United States*, Case No. 03-

[1]Defendant admits in its Response that Plaintiffs' have a copy of Starke's notes from 1995. Plaintiffs have what they believe is a true and correct copy of Exhibit 2 at Starke's deposition. Plaintiffs request that Defendant stipulate that Plaintiffs' copy is a true and correct copy of Starke's notes.

2164T, Order Entered April 22, 2005, at pp. 9, attached hereto as Exhibit A.[2] As in *Jade*, the interpretation of the term "liability" is critical to this lawsuit. Both the documents sought and Mr. Starke's testimony with respect thereto, as the Court in *Jade* found, are clearly relevant to the issues in this case to show whether it was more likely than not reasonable for the Plaintiffs to report the transaction as they did. The facts surrounding the meetings in 1995 during which Mr. Starke was present, his notes about these meetings, and his knowledge of others who may be aware of relevant facts clearly outweighs the burden of a three hour deposition. And, the burden of other litigants potentially requesting the deposition of Starke is no reason for denying Stobie Creek from taking a non-burdensome deposition of this important witness in this case.

The Defendant in its Response states that it has not denied the Plaintiffs access to exhibits Mr. Starke was shown, and that Mr. Starke testified about, in the *Jade* because Plaintiffs have the exhibits or they are publicly available. *See* Defendant's Response at p. 5. However, Defendant's

---

[2] The Court in *Jade* reasoned:

> . . . background files relating to the IRS' construction of the term liabilities in 26 U.S.C. § 752 and documents underlying IRS Notice 2000-44 would potentially be relevant to the extent they embody the IRS' interpretations of this term at any point in time pertinent to this action. . . . As the court recognized in Bank of America v. United States, 42 AFTR 2d 78-5225, 78-2 USTC ¶ 9493(N.D. Cal. 1978), "[i]nsofar as the historical files of the treasury regulations embody unpublished general policy statements or interpretations adopted by the IRS, or factual bases of the regulations, and concern the intended scope of the applicable regulations, they are analogous to the legislative histories of statutes which are routinely resorted to in order to interpret ambiguous provisions of such statutes." These documents could also aid in determining the reasonableness of the position adopted by Plaintiffs in their tax returns, namely, that they did not need to book a contingent obligation as a liability to reduce their basis in the partnership. As such these documents could be relevant to determining the validity of Plaintiffs' challenge to the asserted penalties.

See Exhibit A at pp. 8-9.

Response fails to mention the discussion located at page 758-760 of the trial testimony and the documents referenced there:

> A: I saw the documents shortly after my deposition pursuant to instruction. I went and looked on my computer and got everything I could find that pertained to the generation of Revenue Ruling 95-45. I turned those over to the appropriate office in the IRS to then be released to you to the extent I guess they thought they were properly releasable. I saw the documents I turned over, but nobody showed me any other documents.
>
> Q: You're telling me that when you went back to check your computer there was more than one document on your computer beyond this?
>
> A: Yes.
>
> Q: And there was something more than just a draft of the revenue ruling?
> ***
> Q: Let's find out what documents are and are not out there. Could you describe for the record the documents, the additional documents that you had on your computer that you produced to someone?
>
> A: I didn't look at them in any detail. On my computer for one thing I had – when I work on a job I'm given to work on, and 95-45 was such a job, on my computer in the file manager I'll create an entry, like it would be called Revenue Ruling 95-45. In the course of working on a project any document I originated that pertained to 95-45 I would probably originate in that folder.
>
> Shortly after my deposition with you when I was asked . . . to turn over to the appropriate person or office within the IRS everything I had pertaining to 95-45, I just took what was in that folder.
> ***
> Q: How many documents?
>
> A: I would say about five or six. . . .

*See Jade Trading LLC v. United States*, September 8, 2005, Testimony of Richard Starke, at pp. 758-760, attached hereto as Exhibit B. In *Jade*, after trial that day, the Court ordered the United States to bring the documents into court the following day.[3] *See* Exhibit B, at p. 789. The

[3] Plaintiffs' counsel cannot tell from the record whether these additional five documents were produced at trial or not. It does appear from Mr. Starke's testimony, however, that five additional documents exist.

United States in this case has failed to produce a privilege log or to inform Plaintiffs' counsel whether these additional five documents exist and whether they are withholding them. For the United States to argue that plaintiff's counsel in *Jade* had "two bites at the apple" is completely unfair, particularly because in that case there was apparently an issue at trial about whether five documents had been improperly withheld.

## CONCLUSION

For all the foregoing reasons, this Court should grant Plaintiffs' motion to compel the deposition testimony of Starke and deny the United States' cross-motion for a protective order.

Dated: March 8, 2007

Respectfully Submitted
SCHIFF HARDIN LLP

[signature]

Attorneys for Plaintiff

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
CHI\ 4893665.