**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **(Judge Christine O. C. Miller)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATE'S SUR-REPLY**
**IN OPPOSITION TO PLAINTIFF'S MOTION**
**TO COMPEL THE DEPOSITION OF RICHARD STARKE**

The United States submits this sur-reply in order to provide the Court with a complete record regarding the trial testimony of Richard Starke in *Jade Trading v. United States* (Fed. Cl. No. 03-2164), and correct the erroneous impression given by plaintiff's reply brief that questions remained in that case, and still remain here, about whether all documents had been produced before Starke testified at trial in that case.

As the Court is aware, the Internal Revenue Service has declined to authorize Starke to testify in this case, and the United States has asked the Court to quash plaintiff's deposition subpoena to Starke. As an alternative, the United States has offered, without conceding the admissibility of any testimony, to stipulate that Mr. Starke would testify as he did in *Jade*, if called as a witness in this case.

With its reply brief, plaintiff submitted a portion of the *Jade* trial transcript from September 8, 2005, containing Starke's testimony, and the beginning of a discussion between the

court and counsel in that case about the testimony. Based on that portion of the transcript, plaintiff questions whether there were "five documents" that had not been made available before Starke's testimony in *Jade*, and about which he could not have been questioned.

Because lead counsel for the United States in that case was ill, and not in court the afternoon of September 8th for Starke's testimony, the issue was not resolved at that time. Attached as Exhibits A and B are excerpts of the transcript from September 9th and 12th when the discussion about Mr. Starke's testimony continued, and the questions about the completeness of the document production were resolved.[1] These subsequent discussions between the court and counsel in *Jade* establish that the "five documents" mentioned by Starke in his testimony were, with one exception, copies of documents that were either previously produced or withheld under a claim of privilege in that case. The one exception was a document containing eight lines of a draft proposed revenue ruling, which the United States intended to assert was privileged, and which plaintiff in *Jade* did not pursue. (See Exhibit A transcript for September 9, 2005, pp. 799 - 802; and Exhibit B, transcript for September 12, 2005, pp. 1051 - 1056.)

Accordingly, contrary to plaintiff's speculation, there were no new, additional documents produced in *Jade*, after Starke's trial testimony. Starke's notes, and the other publicly available documents are the only exhibits Starke testified about in *Jade*, either in deposition or at trial. And plaintiff admits that it already has all these documents. Given the record in *Jade*, it would be incorrect to conclude – as plaintiff suggests in its Reply Brief – that questions remain about the completeness of the government's document production in *Jade*.

[1] At plaintiff's request, the United States provided a copy of the transcript for the entire Jade trial to plaintiff several weeks ago.

Respectfully submitted,

*/s/ Stuart D. Gibson*

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

/s/ *Cory A. Johnson*
Of Counsel

Dated: March 9, 2007