NORTH CHANNEL LLC
445 PARK AVENUE ROOM 940
NEW YORK, N.Y. 10022
(917)322-2380
(917)322-2381 FAX
JEFFREYWELLES@AOL.COM

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: David Waterman | FROM: Jeffrey F. Welles |
| COMPANY: Shumaker, Loop & Kendrick | DATE: 12-16-99 |
| FAX NUMBER: 419-241-6894 | TOTAL NO. OF PAGES INCLUDING COVER: 4 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE: | YOUR REFERENCE NUMBER: |

☐ URGENT ☐ FOR REVIEW ☐ PLEASE COMMENT ☐ PLEASE REPLY ☐ PLEASE RECYCLE

Welles EXHIBIT 96
FOR I.D. 12-15-06, KB

JFW-0647

EXHIBIT B

# Jenkens & Gilchrist

AN ILLINOIS PROFESSIONAL CORPORATION

225 WEST WASHINGTON
SUITE 2600
CHICAGO, ILLINOIS 60606

(312) 425-3900
TELECOPIER (312) 425-3909

www.jenkens.com

AFFILIATE OFFICES

AUSTIN, TEXAS
(512) 499-3900

DALLAS, TEXAS
(214) 855-4500

HOUSTON, TEXAS
(713) 951-3300

LOS ANGELES, CALIFORNIA
(310) 820-8800

SAN ANTONIO, TEXAS
(210) 246-5000

WASHINGTON, D.C.
(202) 326-1500

Paul M. Daugerdas
(312) 425-3950
pdaugerdas@jenkens.com

December 9, 1999

Jeffrey P. Welles
North Channel
445 Park Avenue, 9th Floor
New York, New York

Dear Mr. Welles:

The purpose of this letter is to set forth in writing the agreement ("Agreement") between our firm, Jenkens & Gilchrist ("J&G"), and the undersigned and its affiliates ("Undersigned") regarding the confidentiality and disclosure of certain proprietary information that J&G has provided and may continue to provide to Undersigned for use by Undersigned. The confidential proprietary information ("Confidential Information") involves certain financing structures (the "Structures") developed by J&G and/or its clients, consultants or co-counsel, that provide economic, financial, business and tax advantages for individuals and companies through the use of the Structures. Undersigned, and (if applicable) its officers, directors, partners and employees, have indicated an interest in evaluating the Structures for itself, themselves and/or for its or their customers or clients. This Agreement covers Confidential Information concerning the Structures provided by J&G to Undersigned to date and to be provided by J&G to Undersigned after the date of this Agreement.

1. Undersigned agrees that all Confidential Information is, and shall remain, proprietary to J&G, and that Undersigned will disclose such information only to such of its internal personnel to whom such disclosure is necessary to evaluate the Structures. Undersigned shall be responsible for the compliance by its internal personnel of the confidentiality obligations in this Agreement. Undersigned shall not utilize the Confidential Information or any variant thereof in any manner whatsoever without the express, prior written consent of J&G. ~~Any written materials prepared by Undersigned or J&G which discuss the Confidential Information shall be returned to J&G upon request.~~ In the event that Undersigned decides to discuss or present the Confidential Information to a third party, Undersigned will first inform J&G in writing of the name and address of third party. If J&G consents to such disclosure, such third party shall, prior to being presented Confidential Information, countersign this letter in the space indicated below. In such case, the Agreement shall also be between such third party and J&G such that third party shall be obligated to fully comply with the provisions hereof with respect to Confidential Information disclosed to such third party.

CHICAGO 15124 v 1, 99999.00000

Jenkens & Gilchrist
AN ILLINOIS PROFESSIONAL CORPORATION

December 9, 1999
Page 2

2. Confidential Information shall not include information (including, but not limited to, ideas, concepts, know-how, techniques and methodologies) which (a) is or becomes generally available to the public other than as a result directly or indirectly of a disclosure by or on behalf of Undersigned or by or on behalf of J&G; (b) was within the possession of Undersigned prior to its being furnished to Undersigned by or on behalf of J&G, provided that the source of such information was not known or should not reasonably have been known by Undersigned to be bound by a confidentiality agreement with other contractual, legal or fiduciary obligations of confidentiality to J&G; (c) becomes available to Undersigned on a nonconfidential basis from a source other than J&G or any of its partners or employees provided that such source is not known or should not reasonably have been known by Undersigned to be bound by a confidentiality agreement with J&G with respect to such information; or (d) is developed by Undersigned independent of any information provided to Undersigned by J&G.

3. Although J&G has endeavored to include in the Confidential Information material which J&G believes to be relevant for the purpose of Undersigned's evaluation of one or more proposed transactions, Undersigned acknowledges that neither J&G nor any of its partners, employees, agents or advisors makes any representation or warranty as to the accuracy or completeness of the Confidential Information. Undersigned agrees that neither J&G nor any of its partners, officers, directors, employees, agents or advisors shall have any liability to Undersigned or Undersigned's partners, directors, employees or affiliates relating to or resulting from the use of the Confidential Information.

4. It is understood and agreed that no failure or delay by J&G in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege hereunder.

5. It is further understood and agreed that notwithstanding any fees to which J&G may otherwise be entitled for Undersigned's utilization of the Structures, money damages might not be a sufficient remedy for any breach of this Agreement and J&G shall be entitled to equitable remedies awarded by a court of appropriate jurisdiction, including injunctive relief and specific performance, for any such breach. Such remedies shall not be deemed to be the exclusive remedies for a breach of this Agreement, but shall be in addition to all other remedies available at law or equity.

6. Undersigned and J&G are acting solely as independent contracting parties, and neither party shall be deemed to be the agent or fiduciary of the other. Further, this Agreement shall not create a partnership or joint undertaking among the parties. Undersigned will be solely responsible for the evaluation of the financial, tax, and accounting consequences of the Structures and J&G shall not be deemed to have made any representations with respect thereto unless separately contracted for.

CHICAGO 15824 v 1; 99999.00001

Jenkens & Gilchrist
AN ILLINOIS PROFESSIONAL CORPORATION

December 9, 1999
Page 3

7. In the event Undersigned receives a subpoena or other validly issued administrative or judicial process requesting Confidential Information, Undersigned shall provide prompt notice to J&G of such subpoena or other process with sufficient time to allow J&G, if it so decides, to object to production of such Confidential Information.

8. Nothing in this Agreement shall prohibit or restrict Undersigned's right to develop, use or market products or services similar to or competitive with the Confidential Information as long as Undersigned can demonstrate that it did not use, directly or indirectly, any of the Confidential Information obtained hereunder in the development, use or marketing of any such products or services.

9. If Undersigned provides J&G with any written evaluations or comments with respect to the Confidential Information, J&G shall not use or refer to such evaluations outside its organization without Undersigned's consent.

10. This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois.

Please confirm your agreement with the foregoing by signing and returning one copy of this letter to the undersigned.

Very truly yours,

Paul M. Daugerdas
For JENKENS & GILCHRIST

PMD:alb

ACCEPTED AND AGREED TO this 28th day of December, 1999.

By: ____________________

CHICAGO 1 ... v 1, 99999.00001