# EXHIBIT F

## POTENTIAL DEPOSITION WITNESSES

### Current or Former Deutsche Bank Employees

Deutsche Bank charged the Welles family members a combined fee of approximately $2 million (1% of the capital gains sheltered) for the "digital options" that they purportedly purchased as part of the Son of Boss tax shelter. Deutsche Bank was the "counter-party" in the option transactions. The Deutsche Bank employees (including Deutsche Bank Alex Brown employees) who participated in the development, design and approval of the shelter (including the "digital options"), assisted the Welles in their transactions and/ or accounted for or booked the transactions are listed below.

Plaintiff identified Deutsche Bank generally in its RCFC 26(a) disclosures as having information that plaintiff may use to support its claims in this case.

David Parse

Identified by plaintiff in its interrogatory answers as a person who provided advice or information regarding the alleged profit potential and risks of the "digital options." Jeff Welles testified on deposition that he communicated with Parse about the "digital options." Involved in development and design of "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers. Involved in discussions about whether the shelter transaction involved two "options" or only one trade. Involved in execution of shelter transactions at issue in this case.

Rick Pychewicz

Signed the confirmations for the "digital options" purportedly bought by the Welles family members and assisted in processing or recording of transactions, including determining how the purported transactions would be "settled" and processed.

William Vogel

Worked at foreign exchange desk of Deutsche Bank and assisted in internal booking of the Welles family members' "digital option" transactions in Deutsche Bank's risk management system ("RMS"). Listed as "Trader" for Welleses' "digital options" in Deutsche Option Deal Entry Tool ("ODET") records.

Jeanette Michaels

Worked at foreign exchange desk of Deutsche Bank and recorded the internal booking of Welles family members' "digital option" transactions in Deutsche Bank's RMS.

Daniel Brooks

Worked at foreign exchange desk of Deutsche Bank. Listed as "Sales Person" in Deutsche Bank ODET records for the Welles family members' "digital option" transactions. One of the individuals who, with J&G, developed and designed the "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers. Involved in pricing of purported "digital options" for the Welles family members and others.

Craig Brubaker

One of the individuals who, with J&G, developed and designed the "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers. Involved in pricing of purported "digital options." Drafted checklist of steps necessary for shelter and templates for transactional documents used in the shelter.

William Boyle

Involved in development and design of "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers. Involved in approval process and strategy development for Deutsche Bank's involvement in "digital option" transactions, including considerations of "reputation risk" posed by Deutsche Bank's involvement. Involved in "closing" accounts of David Welles with Deutsche Bank, for which "shadow profit" was earned. Head of Deutsche Banks' Structured Transaction Group.

Todd Clendening

One of the individuals who, with J&G, developed and designed the "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers.

Jeffrey Rupp

Involved in development and design of "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers, including approval process for Deutsche Bank's involvement in the transactions.

Nancy Donohue

Involved in developing and designing the "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers, including creation of form templates for the transactional documents. Involved in the internal approval process and determining the indemnity and other agreements required by Deutsche Bank from DB Alex Brown.

Perry Parker

Involved in development and design of "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers, including form templates for transactional documents. Involved in determining profit earned on "digital option" transactions.

Christopher Chilcoat

Assisted in processing and booking of "digital option" transactions used by the Welles family members as part of the Son of Boss tax shelter.

Carrie Yackee

Assisted in processing and booking of "digital option" transactions used by the Welles family members, including re-dating of purported confirmation agreements signed by some members of the Welles family.

Rod Mackay

Listed as one of the "Investment Representatives" (along with David Parse) on the account statements sent to the Welles family members and plaintiff concerning their "digital option" transactions with Deutsche Bank.

Tom Tahl

Involved in execution and settlement of "digital option" transactions used as part of Son of Boss tax shelter. Involved in development and design of "digital option" transactions used as part of Son of Boss tax shelter, including creation of form templates for transactional documents. .

Matthew Connelly

Head of Deutsche Bank's foreign exchange desk. Involved in booking, accounting and processing of "digital options" used by the Welles family members and many other taxpayers as part of the Son of Boss tax shelter. Involved in approval of Deutsche Banks'

involvement in "digital option" transactions as part of Son of Boss shelter. Involved in determining the process by which Deutsche Bank books legitimate option trades.

Ross Crawford

Involved in development and design of "digital option" Son of Boss shelter used by the Welles family members and many other taxpayers. Involved in discussions about whether the transaction that the Welles family members engaged in constitutes two options or just one trade. Involved in creating templates for transactional documents for use in shelter.

William Heaney

Involved in the booking, accounting and processing of the "digital options" used as part of the Son of Boss tax shelter used by the Welles family members and many other taxpayers, including the treatment of the "options" as one trade, and not two.

Chuck Binder

Involved in assessing lack of trading risk for "digital options" used as part of Son of Boss tax shelter, including the transactions engaged in by the Welles family members.

Jason Shih

Involved in development and design of "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers. Involved in considerations of "reputation risk" posed by Deutsche Bank's involvement in the transactions.

Kevin Lynch

Involved in development and promotion of "digital option" Son of Boss tax shelter. Worked with David Parse (see above) in Deutsche Bank's Chicago office.

Jeannette Kwong

Involved in execution and settlement of "digital option" transactions used as part of Son of Boss tax shelter.

**<u>Current or Former Shumaker, Loop & Kendrick (SLK) Attorneys</u>**

The Shumaker, Loop & Kendrick law firm (Toledo, Ohio) charged a fee of approximately $2 million (1% of the capital gains sheltered) for its role in promoting and helping to execute the Son of Boss tax shelter implemented by plaintiff and the Welles in 2000. Based on discovery

completed to date, the United States believes the following two individuals were the principal attorneys involved in the Welles's transactions. (Plaintiff and the Welles have waived any privilege claims they may have had with respect to SLK for the relevant time period and transactions.) SLK also referred several other clients to J&G in order to purchase the Son of Boss tax shelter.

John Ivsan

Attorney who assisted the Welles family members in executing Son of Boss tax shelter transactions, and assisted in drafting of tax opinion letters and tax returns of plaintiff. Identified by plaintiff in its interrogatory answers as having information about the purported business purpose of shelter transactions. Identified by plaintiff in its RCFC 26(a) disclosures as having information it may use to support its claims in this case. Submitted affidavit in support of the Welles family members' claims in the summons enforcement case *United States v. Jenkens & Gilchrist*, 2005 WL 1300768 (N.D.Ill. 2005).

David Waterman

Attorney who introduced the Welles to J&G "digital option" Son of Boss tax shelter. Drafted a letter to Welles describing steps of the shelter, advising Welles of need of a business purpose for the transactions and risk of detection by the IRS, and confirming that SLK is not recommending that the Welles pursue the shelter. Submitted affidavit in support of the Welles family members' claims in the summons enforcement case *United States v. Jenkens & Gilchrist*, 2005 WL 1300768 (N.D. Ill. 2005). Identified by plaintiff in its interrogatory answers as a person having knowledge of the purpose of the transactions. Identified by plaintiff in its RCFC 26(a) disclosures as a person having information that it may use to support its claims in this case.

**Current or Former Jenkens & Gilchrist (J&G) Attorneys**

The Jenkens & Gilchrist law firm (Chicago, Illinois and Dallas, Texas) charged a fee of approximately $4 million (2% of the capital gains sheltered) for its role in promoting and helping to execute the Son of Boss tax shelter implemented by plaintiff and the Welles family members in 2000. Based on discovery completed to date, the United States believes the following four individuals were the principal attorneys involved. In *United States v. Jenkens & Gilchrist*, 2005 WL 1300768 (N.D. Ill. 2005), the IRS summons enforcement case in which the Welles intervened, the court held that the Welles family members could not claim any privileges with regard to their dealings with J&G.

Plaintiff identified Jenkens & Gilchrist generally in its RCFC 26(a) disclosures as having information that it may use to support its claims in this case.

Donna Guerin

Identified by plaintiff in its interrogatory answers as a person with knowledge of the purported business purpose of the transactions at issue. One of the J&G attorneys who "signed-off" on the tax opinion letters to the Welles family members. Involved in development and design of "digital option" Son of Boss tax shelter used by the Welles family members and many other taxpayers, including drafting of form templates for transactional documents. Identified as one of the principal attorneys for the Welles family members in their engagement letter.

Paul Daugerdas

Signed, on behalf of J&G, the confidentiality agreements entered into by the Welles family members prior to disclosure to them of the J&G "proprietary" Son of Boss tax shelter strategy. One of the individuals who developed and designed the "digital option" Son of Boss tax shelter at issue in this case, and also used by many other taxpayers. Managed "Tax Opinion Preparation Team" for Son of Boss shelters. Identified as one of the principal attorneys for the Welles family members in engagement letter.

Erwin Mayer

One of the individuals who, with Deutsche Bank, developed and designed the "digital option" Son of Boss tax shelter at issue in this case, and used by many other taxpayers.

Bryan Lee

One of the J&G attorneys who "signed-off" on the tax opinion letters to the Welles family members. Also involved in preparing the form templates used for the opinion, and the opinions of others who purchased the Son of Boss tax shelter from J&G.

**Additional Individuals Who Communicated with**
**<u>Plaintiff About, or Partcipated in, Transactions at Issue</u>**

Larry Goldstein

Lawyer and accountant employed by North Channel LLC, the manager of Stobie Creek. Involved in reviewing draft tax opinions provided by J&G regarding Son of Boss shelter. Identified by the Welles family members in their depositions in mid-December as knowledgeable about the transactions and records at issue in this case.

Neil Bresolin

Plaintiff identified Bresolin, an employee of Goldman Sachs, in its interrogatory answers as an individual who provided information or advice concerning the potential profit and risks from the "digital options" purportedly purchased by the Welles family members. Jeffrey Welles also testified in deposition in this case that he discussed foreign currency options with Bresolin in 2000.

Frank Edwards

Plaintiff identified Edwards, an employee of Morgan Stanley, in its interrogatory answers as an individual who provided information or advice concerning the potential profit and risks from the "digital options" puportedly purchased by the Welles family members. Jeffrey Welles also testified in deposition in this case that he discussed foreign currency options with Edwards in 2000.

Robert Floyd

Accountant who assisted in preparation of plaintiff's and the Welles family members' tax returns. Identified by plaintiff in its RCFC 26(a) disclosures as someone with information that it may use to support its claims in this case.

**Welles Family**

David K. Welles Sr.

Mr. Welles is, along with the other members of his family, a participant in the Son of Boss tax shelter at issue here. Because of information provided by plaintiff regarding his health, the United States is currently considering whether or not to depose Mr. Welles.