# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, and JFW ENTERPRISRES, INC.,** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | No. 05-748T |
| **THE UNITED STATES,** | * | (Filed Apr. 12, 2007) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Argument was held on April 10, 2007, on The United States' Motion for Leave To Enlarge the Number of Allowable Fact Discovery Depositions and Extend the Discovery Schedule, filed on March 16, 2007. Plaintiffs responded on March 28, 2007, and defendant replied on April 4, 2007.

Defendant's motion for leave is presented under RCFC 30(a)(2)(A), which requires leave of court for a party to exceed ten depositions. Defendant has requested leave to take forty depositions. Plaintiffs, by their response, agreed to a number exceeding ten, but opposed expansion to forty depositions.

Plaintiffs maintain that the focus of litigation should be plaintiffs' intentions and actions in entering into the transaction that gave rise to tax consequences, not those of other clients of the same tax-shelter purveyor. Defendant challenges the economic substance of the transaction as based on a template with the same features, the same desired tax results, and no real opportunity to earn a profit. The testimony that defendant seeks to develop is relevant to this legitimate defense. See Katz v. Batavia Marine & Sporting Supplies, Inc., 984 F.2d 422, 424 (Fed. Cir. 1993) (holding that "[r]elevancy for the purposes of Rule 26 is broadly construed").

Depositions of current and former employees of Deutsche Bank proved to be the principal concern. Plaintiffs argued that defendant should be restricted to a Rule 30(b)(6)

deposition of Deutsche Bank before noticing individuals. Citing the culmination of the transaction's tax consequences in 2000, defendant related that some of the employees are no longer employed by Deutsche Bank, so that a Rule 30(b)(6) deposition would not reveal their identities or roles.

Defendant's position must prevail at this juncture. It has justified additional depositions, to some of which plaintiffs do not object. Accordingly, based on the court's review of the briefs, the positions taken by counsel during argument, and the case law favoring discovery of relevant information,

**IT IS ORDERED**, as follows:

1. Defendant's motion is granted to the following extent:

1) Defendant will be allowed to take seventeen additional depositions:

i) The seventeen depositions shall include: ten depositions of individuals associated with Deutsche Bank, in the past or at present; David F. Waterman from Shumaker, Loop & Kendrick, LLP and John Ivsan, former employee thereof; two individuals formerly employed by Jenkens & Gilchrist; and Neil Bresolin, Frank Edwards, and Robert Floyd.

ii) The deposition of four Welles family members may be resumed to question the witnesses on documents that defendant obtained after their depositions. Georgia Welles can be deposed in lieu of David K. Welles, Sr., for the fifth deposition.

iii) the scope of the depositions shall be limited to currency options identical in format to the one at issue in this case.

2) The Scheduling Order entered on January 8, 2007, is modified, as follows:

i) Factual discovery shall be completed by Thursday, July 12, 2007.

ii) The identity of any experts shall be disclosed by Monday, August 13, 2007.

iii) The identify of any rebuttal experts shall be disclosed by Thursday, September 27, 2007.

iv) Discovery shall be completed by Friday, September 28, 2007.

v) Paragraph 5 is vacated.

2. A status conference shall be held at 2:00 p.m. EDT on Monday, October 29, 2007, in the Howard T. Markey National Courts Building, to discuss a schedule for further proceedings. Counsel for plaintiff shall notify the court at 202/357-6620 by October 22, 2007, if counsel wishes to appear by telephone conference call to be placed by the court.

3. Paragraph 3 of the order entered on March 14, 2007, is vacated.

s/ Christine O.C. Miller

______________________________

**Christine Odell Cook Miller**
Judge