**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,

Plaintiff

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No. 05-748 T

Judge Christine O.C. Miller

**NOTICE OF 30(b)(6) DEPOSITION**

To: Stuart Gibson, Esq.
Cory A. Johnson, Esq.
U.S. Department of Justice
Room 8108, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

PLEASE TAKE NOTICE that Plaintiffs, pursuant to United States Court of Federal Claims Rule 30, we will take the deposition upon oral examination of a 30(b)(6) designee on May 31, 2007 at 9:30 a.m. The deposition will take place at the offices of Schiff Hardin LLP, 1666 K Street NW, Suite 300, Washington, DC 20006-2803, or such other place designated and mutually agreeable to the parties, pursuant to Rule 30(b)(6) of the Court of Federal Claims. The deposition will be recorded by stenographic means and by videotape.

Pursuant to Rule 30(b)(6), Defendant is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, as to matters known or reasonably available to it, with regard to the matters on which examination is requested below.

Defendant is requested to notify Plaintiffs of the identity of such designee(s) no later than fifteen (15) days before the deposition.

GOVERNMENT EXHIBIT
A

## DEFINITIONS

1. The terms "and" and "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible. The singular form of a word shall be interpreted as a plural as well, and vice-versa.

2. The terms "relating to" and "relate" mean directly or indirectly referring to, pertaining to, constituting, discussing, describing, referencing, evidencing, concerning, describing, constituting, or having anything to do with, in whole or in part.

3. "Defendant" as used herein, is intended to and shall embrace and include the named Defendant, all agencies of the federal government involved any time in this matter at any stage (at the administrative, judicial, or other stage specifically including the Internal Revenue Service, Treasury Department, and Department of Justice), current and prior counsel for Defendant, and all agents, servants, employees, representatives, private investigators, contractors, experts, and others who are in possession of or who may have obtained information for or on behalf of Defendant.

4. "Plaintiff" as used herein shall mean and refer to Stobie Creek and its partners.

5. The terms "refer" or "relate" as used herein shall mean, in addition to the customary and usual meaning, evidence, consist, refer to, relate to, embody, contain, mention, discuss, criticize, contradict, is based upon, pertain, constitute, or connect in any logical or factual way with the referenced matter.

6. "Case" as used herein shall mean *Stobie Creek Investments LLC, JFW Enterprises Inc. v. United States of America*, 05-748.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The facts supporting Defendant's contention that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, had no business purpose.

2. The facts supporting Defendant's contention that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, lacked economic substance.

3. The facts supporting Defendant's contention that the transactions giving rise to the basis in the Therma-Tru stock, including the Code Section 754 election made by Stobie Creek, lacked economic substance, and constituted an economic sham for federal income tax purposes.

4. The facts supporting Defendant's contention that the principal purpose of the formation of Stobie Creek was to reduce substantially the present value of the partners' federal income tax liability in a manner that is inconsistent with the intent of Subchapter K of the Code.

5. The facts supporting Defendant's contention that Stobie Creek was not a valid limited liability company.

6. The facts supporting Defendant's contention that the foreign currency transaction in which Plaintiffs engaged were structured in such a way as to virtually assure that the Plaintiffs would not realize a gain or a loss on the transaction, in excess of the transactional costs.

7. All witness interviews or statements within the possession, access, custody, and control of the Defendant relating to Stobie Creek and its partners.

8. The facts supporting Defendant's contention that there was no reasonable belief by Plaintiff that the transactions giving rise to the basis in the Therma-Tru stock, including the

Code Section 754 election made by Stobie Creek, was more likely than not the correct tax treatment.

9. Any written advice (whether or not constituting formal written opinion, and whether or not advice indicated that the taxpayer could rely on it) provided by any financial institution, or law, accounting, tax services, or investment advisory firm to any taxpayer relating to the tax consequences of any transaction described in 2000-44.

10. Plaintiffs cooperation with reasonable requests by the IRS for meetings, interviews, witnesses, information, and documents.

11. Timing, subjects and discussions with others, including but not limited to the Welles Family members and attorneys, accountants and other representatives of Welles Family members, Stobie Creek, or North Channel, LLC regarding the investigation of taxes allegedly owed by the partners of Stobie Creek for the year 2000.

12. Documents contained and produced from the IRS administrative file relating to the taxpayers and taxes involved in this Case.

13. The search done to gather all relevant documents produced to Plaintiffs by the Defendant in the above-captioned action.

14. Steps of investigation of taxes allegedly owed by the partners of Stobie Creek for the year 2000.

15. The audit plan for the audit of Stobie Creek.

16. Any instructions or directions provided to the agent regarding the adjustment to be made regarding the subject transactions.

17. The application of *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975), to other partnerships in connection with transactions occurring in the years 1999 and 2000 by the IRS.

18. Investigation, preparation and issuance of the FPAA issued to Stobie Creek for the tax year ending on December 31, 2000.

19. Investigation, preparation and issuance of the FPAA issued to Stobie Creek for the tax year ending on April 30, 2000.

20. Audits, investigations, FPAAs and 90 day letters applying Code Section 752 and the regulations promulgated thereunder to taxpayers prior to August 2000.

21. Audits, investigations, FPAAs and 90 day letters applying Code Section 752 and the regulations promulgated thereunder to taxpayers after to August 2000.

Dated: April 24, 2007

SCHIFF HARDIN LLP

Robert E. Kolek
Thomas R. Wechter
John A. Bannon
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Colleen M. Feeney, an attorney, hereby certify that, on Tuesday, April 24, 2007, I caused a copy of the foregoing **NOTICE OF 30(b)(6) DEPOSITION** to be served upon the following by Federal Express and e-mail:

Stuart Gibson, Esq.
Cory A. Johnson, Esq.
U.S. Department of Justice
Room 8108, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

Colleen M. Feeney

CHI\ 4894399.7