UNITED STATED COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STOBIE CREEK INVESTMENTS LLC | ) | Case No. 05-748 |
| | ) | |
| | ) | Judge Christine O. C. Miller |
| | ) | |

**MOTION OF PAUL DAUGERDAS TO QUASH DEPOSITION SUBPOENA**

Paul Daugerdas, through counsel, respectfully moves this Court to enter an Order quashing the deposition subpoena served on him on August 22, 2007, in the above-captioned matter. Pursuant to Rule 45(c)(3)(A), Rules of the United States Court of Federal Claims, Mr. Daugerdas moves to quash in a timely manner. The subpoena demands that Mr. Daugerdas appear for a deposition on August 30, 2007, at 9:00 a.m. A copy of the subpoena is attached as Exhibit A. The subpoena subjects Mr. Daugerdas to an undue burden and should be quashed pursuant to Rule 45(c)(3)(A)(iii) and (iv), Federal Rules of Civil Procedure and Rules of the United States Court of Federal Claims (together "Rule 45"). Mr. Daugerdas requests a hearing on this motion to occur prior to the scheduled deposition date, August 30, 2007.

At all times relevant to this case, Mr. Daugerdas was an attorney at the law firm of Jenkens & Gilchrist. Mr. Daugerdas is not a party to this case. The government has advised Mr. Daugerdas that, along with others working in Jenkens & Gilchrist's tax department, he and his activities are the subject of an ongoing criminal grand jury investigation in the Southern District of New York. Accordingly, if compelled to attend the deposition called for in the subpoena, Mr. Daugerdas will assert his right under the 5th Amendment to the U.S. Constitution to decline to give testimony that may be incriminating. Rule 45(c)(3)(A)(iii) states that a court "shall quash" the subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies."

Under these circumstances, Mr. Daugerdas' deposition cannot lead to the discovery of admissible evidence and should be quashed. *See e.g. National Paint & Coatings Ass'n v. City of Chicago*, 147 F.R.D. 184 (N.D. Ill. 1993) (granting a motion to quash because "the depositions are not reasonably calculated to lead to admissible evidence"). Requiring Mr. Daugerdas to attend the deposition simply to assert his 5th Amendment privilege serves no purpose and is unduly burdensome. Fed. R. Civ. P. 45(c)(3)(A)(iv). As a non-party witness, Mr. Daugerdas' assertion of his 5th Amendment privilege will result in no evidence valuable to this case. His testimony will not be admissible against any party to this case, and an adverse inference cannot be drawn against any party by a non-party's assertion of privilege. In the Seventh Circuit, where the deposition is set to occur, the court employs a balancing test to weigh the needs of the party seeking the discovery against the adverse effect on the opposing party. *Cohn v. Taco Bell Corp.*, No. 92 c 5852, 1993 WL 451463 *2 (N.D. Ill. Nov. 1, 1993). Accordingly, because no party here will be adversely affected, the subpoena should be quashed.

The government is not entitled to require Mr. Daugerdas to sit for a deposition at which he will assert his 5th Amendment privilege in response to any question relating to the tax strategies at issue in this matter. We recognize some courts have found that a deponent must assert privilege as to particular questions rather than make a blanket assertion of privilege. The reason for such rulings is that, absent a particular question, the court cannot test the validity and reasonableness of the privilege asserted. Where a grand jury investigation is ongoing, however, as is the case here, no question exists about the validity or reasonableness of the privilege assertion. *See e.g. In re Morganroth*, 718 F.2d 161 (6th Cir. 1983) ("A witness risks a real danger of prosecution if an answer to a question, on its face, calls for the admission of a crime or requires that the witness supply evidence of a necessary element of a crime or furnishes a link in the chain of evidence needed to prosecute."). Even the most innocent questions on the topic of

tax strategies justify invocation of 5th Amendment privilege. *In re Morganroth*, 718 F.2d 161 (6th Cir. 1983) ("a real danger of prosecution also exists where questions, which appear on their face to call only for innocent answers, are dangerous in light of other facts already developed."). Accordingly, the reasonableness and validity of Mr. Daugerdas' assertion of his 5th Amendment privilege do not need to be tested by particular questions.

On August 22, 2007, Mr. Daugerdas was deposed in multi-district litigation pending before the Southern District of Indiana, entitled *In Re Cobra Tax Shelters Litigation*. Mr. Daugerdas asserted his 5th Amendment privilege there, as he will do here. Requiring Mr. Daugerdas to sit again for a deposition at which he will again assert his 5th Amendment privilege is further evidence of the undue burden the government is seeking to impose on Mr. Daugerdas. For these reasons, Mr. Daugerdas moves that this court quash the deposition subpoena. Mr. Daugerdas further requests that counsel be permitted to appear for a hearing on this motion.

Dated: August 24, 2007

Respectfully,
By:

s/David A. Churchill
David A. Churchill
JENNER & BLOCK LLP
601 Thirteenth Street, NW, Suite 1200 South
Washington, DC 20005-3823
202.639.6000

Charles B. Sklarsky
JENNER & BLOCK LLP
330 North Wabash
Chicago, IL 60611

Larry G. Black
Law Offices of Larry Black
7039 Comanche Trail
Austin, Texas 78732
Counsel for Paul Daugerdas

PROOF OF SERVICE

I, Catharine L. Du Bois, certify that on August 24, 2007, I caused the Motion of Paul Daugerdas to Quash Deposition Subpoena to be sent by electronic mail to:

Cory A. Johnson
Department of Justice, Tax Division
P.O. Box 26, Ben Franklin Station
Washington, DC 20044
202.307.3046
E-mail: cory.a.johnson@usdoj.gov

Dated: August 24, 2007

s/Catharine L. Du Bois
Catharine L. Du Bois
JENNER & BLOCK LLP
330 North Wabash
Chicago, IL 60611
(312) 222-9350