# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, and JFW ENTERPRISES, INC.,** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | No. 05-748T |
| **THE UNITED STATES,** | * | (Filed Aug. 29, 2007) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Paul Daugerdas, through counsel, on August 24, 2007, submitted the Motion of Paul Daugerdas To Quash Deposition Subpoena. Mr. Daugerdas is not a party to this action. The motion was filed by leave on August 27, 2007. Defendant on August 27, 2007, filed the United States' Response to Motion of Paul Daugerdas To Quash Subpoena. In an order issued August 28, 2007, the court ordered Mr. Daugerdas to file his reply, if any, by 12:30 p.m. on August 29, 2007. No reply has been filed.

Mr. Daugerdas asserts that the subpoena subjects him to an undue burden and should be quashed pursuant to Fed. R. Civ. P. and RCFC 45(c)(3)(A)(iii) and (iv). These subsections of Fed. R. Civ. P. and RCFC Rule 45 direct courts to "quash or modify [a] subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden."

This case concerns a tax shelter known by the sobriquet "Son of Boss." This type of shelter was developed and promoted by the law firm Jenkens & Gilchrist and Deutsche Bank in 1999 and 2000. At all times relevant to the instant action, Mr. Daugerdas was an attorney with the law firm of Jenkens & Gilchrist. Mr. Daugerdas asserts that he and his activities are subject to an ongoing criminal grand jury investigation in the U.S. District Court for the Southern District of New York. If deposed, he intends to assert his Fifth Amendment right to decline to give testimony that may be self-incriminating. Because he intends to invoke his

Fifth Amendment privilege against self-incrimination, Mr. Daugerdas objects that requiring him to attend the deposition will serve no purpose and be unduly burdensome.

Mr. Daugerdas's entreaties find no support in the relevant case law. As a general proposition, even where the danger of self-incrimination is great, a deponent's "remedy is not to voice a blanket refusal to produce his records or to testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969). Blanket assertions of the Fifth Amendment privilege are improper because its protection "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." Hoffman v. United States, 341 U.S. 479 (1951). For this reason "[t]he witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself–his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified." Id.

Moreover, the privilege cannot be asserted until a potentially incriminating question has been asked. "The privilege against self-incrimination may not be asserted in advance of questions actually propounded." United States v. Harmon, 339 F.2d 354 (6th Cir. 1964). Instead, a witness must comply with a subpoena, appear at the deposition, and for each question asked either provide an answer or assert the privilege. See Hansen v. United States, 229 Ct. Cl. 660 (1981) ("That party must appear and invoke the privilege in response to specific questions the party reasonably believes will incriminate him.").

It is improper for Mr. Daugerdas to make a blanket assertion of his privilege against self-incrimination. He may be asked questions that would not require him to incriminate himself. He could not refuse to answer such questions. Even Mr. Daugerdas's refusal to answer most or all of the questions asked during the deposition may be relevant and inadmissible. The Fifth Amendment "does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). Trial courts have discretion as to whether to admit a person's invocation of the Fifth Amendment privilege into evidence. See FDIC v. Fidelity & Deposit Co. of Md., 45 F.3d 969, 977 (5th Cir. 1995).

The subpoena will not require disclosure of any privileged matter and will not be an undue burden on Mr. Daugerdas. For the above reasons, it should not be quashed. Accordingly,

**IT IS ORDERED**, as follows:

1. Mr. Daugerdas's motion to quash deposition subpoena is denied.

2. A copy of this order shall be served upon counsel for Mr. Daugerdas, David A. Churchill, Esq.

s/ Christine O.C. Miller

______________________________

**Christine Odell Cook Miller**
Judge