**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br>07-520 T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' MOTION FOR AN ORDER CONFIRMING JURISDICTION TO DECIDE THE APPLICABILITY OF PENALTIES AND ANY DEFENSES THERETO**

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

## TABLE OF CONTENTS

**Page**

I. ISSUE PRESENTED ........ 1

II. BACKGROUND OF THE CASE ........ 2

III. DISCUSSION ........ 4

A. The Asserted Penalties ........ 4

B. This Court has Jurisdiction to Decide the Applicability of the Penalties and the Reasonable Cause Defenses of Stobie Creek and its Partners ........ 5

C. Treasury Regulation Section 301.6221-1(d) is Invalid Because It Violates the Code's Statutory Scheme ........ 8

D. Judicial Economy Counsels This Court To Hear The Evidence and To Make a Ruling With Respect to Reasonable Cause Defenses ........ 12

E. Even If Treasury Regulation Section 301.622101(d) Were Valid, It Would Not Bar The Stobie Creek Partners From Litigating Penalties In This Action ........ 14

IV. CONCLUSION ........ 14

# TABLE OF AUTHORITIES

**Cases**

*Crystal Beach Development of Destin Ltd. v. Comm.*,
79 T.C.M. (CCH) 2068, 2000 WL 669972, *3 (2000) .......... 6
*Jade Trading LLC v. Comm.*,
2007 WL 4553043 (Fed. Cl. 2007) .......... 11, 12
*Klamath Strategic Investment Fund, LLC v. United States*,
472 F. Supp. 2d 885 (E.D. Tex., 2007), *reconsid. denied*, 2007 WL 1051766
(E.D. Tex., 2007) .......... 7, 11
*National Muffler Dealers Ass'n v. United States*,
440 US 472, 477 (1979) .......... 9
*Rowan Cos., Inc. v. United States*,
452 U.S. 247 (1981) .......... 10
*Santa Monica Pictures v. Comm.*,
89 T.C.M. (CCH) 1157, 2005 WL 1111792, *94-112 (2005) .......... 11
*United States v. Vogel Fertilizer Co.*,
455 U.S. 16, 24 (1982) .......... 8, 9

**Internal Revenue Code of 1986**

26 U.S.C. § 6213 .......... 8, 9
26 U.S.C. § 6221 .......... 3, 6, 10
26 U.S.C. § 6222 .......... 2
26 U.S.C. § 6223 .......... 2
26 U.S.C. § 6225 .......... 9
26 U.S.C. § 6226 .......... 2, 5, 6, 7, 8, 10
26 U.S.C. § 6230 .......... 10
26 U.S.C. § 6231 .......... 6
26 U.S.C. § 6662 .......... 4, 6, 7, 10, 13, 14
26 U.S.C. § 6663 .......... 6
26 U.S.C. § 6664 .......... 1, 3, 5, 6, 7, 10, 12, 13, 14
26 U.S.C. § 7491 .......... 7
28 U.S.C §1491 .......... 5
28 U.S.C §1509 .......... 5

**Regulations**

Treasury Regulation Section 1.6664-4(d) .......... 1, 13
Treasury Regulation Section 301.6221 .......... 8, 10
Treasury Regulation Section 301.6221-1(d) .......... 8, 10, 14
Treasury Regulation Section 301.6221-1T(d) .......... 8
Treasury Regulation Section 301.6226(f)-1 .......... 8

**Other Authorities**

General Explanation of Tax Legislation Enacted in 1997 (Joint Comm. on Taxation) .......... 11
Announcement 2004-46, 2004-1 C.B. 997 (2004) .......... 2

**TABLE OF AUTHORITIES**
(continued)

**Page**

Announcement 2005-80, 2005-2 C.B. 967 (2005) .......... 2
H.R. Rep. No. 105-148 (1997).......... 6
Industry Specialization Program Coordinated Issue, *"Basis Shifting" Tax Shelter*, 2002 WL 32351285 (Dec. 3, 2002) .......... 12
Industry Specialization Program Coordinated Issue, *Notional Principal Contracts*, 2005 WL 43711 (Jan. 6, 2005).......... 12
*IRS Releases Text of Chief Counsel Speech Praising Enforcement Strategies*, 2004 Tax Notes Today 197-65 (Oct. 12, 2004).......... 2
*IRS Warns of Consequence of Not Participating in Son-of-Boss Initiative*, 2004 Tax Notes Today 116-7 (June 16, 2004) .......... 2
Notice 2000-44, 2000-2 C.B. 235 (2000) .......... 2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiffs<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748 T<br>07-520 T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' MOTION FOR AN ORDER CONFIRMING JURISDICTION TO DECIDE THE APPLICABILITY OF PENALTIES AND ANY DEFENSES THERETO**

Plaintiffs Stobie Creek Investments LLC ("Stobie Creek") by and through, JFW Investments LLC, Tax Matters and Notice Partner, DKW Senior Investments LLC, DKW Junior Investments LLC, JFW Investments LLC, PCW Investments LLC, CSW Investments LLC, and VJ Investments LLC, as parties to this action (collectively the "Partners"), by and through their attorneys, respectfully request that this Court enter an order ruling that it has jurisdiction to decide the applicability of penalties arising out of Stobie Creek's returns and any defenses thereto pursuant to Internal Revenue Code of 1986, as amended ("Code"), Section 6664(c).

## I. ISSUE PRESENTED

Whether this Court has jurisdiction to decide the applicability of any reasonable cause defenses of Stobie Creek and its Partners to penalties imposed and collected in part by the Defendant that arise out of Stobie Creek's tax returns where not only does the Code grant jurisdiction to this Court to decide such issues, but the principle of judicial economy advocated in the legislative history requires this Court to hear the evidence and make a ruling on such issues in a single TEFRA proceeding.

## II. BACKGROUND OF THE CASE

In Announcement 2004-46, 2004-1 C.B. 997 (2004), the IRS offered to settle transactions covered by Notice 2000-44, 2000-2 C.B. 235 (2000). The offer required taxpayers to fully concede the tax position in exchange for the IRS agreeing to assert "only" a 10% or a 20% penalty, depending on the circumstances of the individual taxpayer. (In recent years, the IRS has offered to settle dozens of transactions on similar terms, regardless of the merits of any particular transaction. *See, e.g.*, Announcement 2005-80, 2005-2 C.B. 967 (2005).) The IRS threatened to assert maximum penalties against any taxpayer who did not accept its settlement offer. *See IRS Releases Text of Chief Counsel Speech Praising Enforcement Strategies*, 2004 Tax Notes Today 197-65 (Oct. 12, 2004) ("Taxpayers who did not elect the settlement initiative face the issuance of [FPAAs] disallowing all losses and out of pocket costs and imposing maximum penalties."); *IRS Warns of Consequence of Not Participating in Son-of-Boss Initiative*, 2004 Tax Notes Today 116-7 (June 16, 2004) ("[T]he agency's top lawyers . . . reminded . . . investors of the costs of not participating [in the settlement]: Not only will you lose, but it will cost you a lot of money [including penalties and trial costs, such as expert witness fees], and you will be publicly humiliated in the process.")

Despite this pressure, Jeffrey Welles and his family were among several hundred taxpayers who rejected the IRS offer. True to its word, the IRS audited Stobie Creek and issued Notices of Final Partnership Administrative Adjustment ("FPAAs"), which imposed the maximum accuracy-related penalties, alleged Stobie Creek and its Partners did not have "substantial authority" for their positions, and asserted that there was "no showing of reasonable belief by the purported partnership or *its purported partners* that the position taken was more likely than not the correct treatment of the . . . related transactions." Complaint filed July 11, 2007, at Exhibit A, FPAA for tax year ending April 30, 2000, at ¶13 (emphasis added); *see*

Complaint filed July 11, 2005, at Exhibit A, FPAA for tax year ending December 31, 2000, at ¶10 (emphasis added).

Mr. Jeffrey Welles, through JFW Enterprises Inc., filed this case on behalf of Stobie Creek. This case is governed by the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Code Sections 6221-6233. This case is brought pursuant to Code Section 6226(b) to contest the FPAAs dated February 23, 2007 and March 9, 2005 issued for Stobie Creek's taxable year ending April 30, 2000 and December 31, 2000, respectively.

This action seeks a redetermination of the FPAAs to remove all adjustments to income, losses, distributions, basis, and penalties. The Complaints also seek recovery of taxes that the Partners of Stobie Creek have deposited with the United States in escrow (plus any interest permitted by law). Further, the Complaints allege that "in all events, no penalty can or should be applied against Stobie Creek, as an entity or against its member [P]artners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint filed on or about July 11, 2005, at ¶14, gg; Complaint filed on or about July 11, 2007, at ¶14, ff.

Over the past several years, Defendant has conducted substantial discovery on the defenses that the Stobie Creek Partners would mount against any penalty, including deposing: (1) attorneys at the Shumaker Loop & Kendrick law firm who advised the Welles family with respect to this transaction; (2) David Herpe, an attorney at the law firm of McDermott Will & Emory, who advised the family regarding estate matters and the establishment of Stobie Creek, a family office designed to manage family investments; (3) Robert Floyd, a Certified Public Accountant who prepared the Stobie Creek tax returns for the years at issue and remains as the accountant for Stobie Creek, the Partners and several members of the Welles family; (4)

Lawrence Goldstein, an attorney and Certified Public Accountant, who advised the family on the reporting of their tax returns; (5) Jenkins & Gilchrest attorneys Donna Guerin and Paul Daugerdas, who issued the tax opinions received by the Welles family; (6) Ira Shepard, an expert who will provide an expert opinion relating to penalties, including opining as to the objective reasonableness of the tax opinions provided to the Welles family; and (7) Stuart Smith, an expert who spent years working for Defendant in the Department of Justice and the Office of the Solicitor General as a tax attorney, and who will opine that penalties are inappropriate because it was reasonable for the Welles family to rely on the tax opinions they received.

## III. DISCUSSION

For the reasons set forth below, this Court has jurisdiction to decide the applicability of penalties arising out of Stobie Creek's returns and should admit evidence of any defenses relating thereto.

### *A. The Asserted Penalties*

In the FPAAs issued to Stobie Creek, the IRS asserted three different accuracy-related penalties. First, the FPAAs asserted that the Partners misstated the gross value of the basis of their partnership interests and therefore any underpayment of tax would be subject to the 40% gross valuation misstatement penalty of Code Section 6662(e). Second, the FPAAs alternatively asserted that any underpayment of tax was due to "negligence or disregard of rules and regulations" and therefore the 20% negligence penalty of Code Section 6662(c) applied. Finally, the FPAAs asserted that there was a "substantial understatement" of tax and thus the 20% penalty of Code Section 6662(d) applied.

***B. This Court has Jurisdiction to Decide the Applicability of the Penalties and the Reasonable Cause Defenses of Stobie Creek and its Partners***

This Court's jurisdiction is conferred by 28 U.S.C §1491(a)(1), which provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . .

As pertinent here, the only limitation on this Court's jurisdiction appears in 28 U.S.C §1509, which provides:

> The United States Court of Federal Claims shall not have jurisdiction to hear any action or proceeding for any refund or credit of any penalty imposed under section 6700 of the Internal Revenue Code of 1986 (relating to penalty for promoting abusive tax shelters, etc.) or section 6701 of such Code (relating to penalties for aiding and abetting understatement of tax liability).

No such penalties are at issue here. Further, the negative implication from this statute is that this Court has jurisdiction over all other penalties. Accordingly, the Court has jurisdiction to adjudicate in this case all issues of fact and law that are raised by the Complaints' allegations that "no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint filed on or about July 11, 2007, at ¶14, gg; Complaint filed on or about July 11, 2005, at ¶14, ff.

Code Section 6226(f) sets forth the scope of judicial review in a TEFRA proceeding:

> A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, *and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.*

(emphasis added). Prior to The Taxpayer Relief Act of 1997, penalties were not "partnership items" and could not be considered until the completion of partnership-level proceedings. *Crystal Beach Development of Destin Ltd. v. Comm.*, 79 T.C.M. (CCH) 2068, 2000 WL 669972, *3 (2000). Penalties were not included in the definition of "partnership item" because a partnership item was limited to "any item required to be taken into account for the partnerships taxable year under any provision of subtitle A [income tax provisions] . . ." Code Section 6231(a)(3).

In revising the previous system, in which penalties had not been considered items within the jurisdiction of a partnership-level proceeding, Congress recognized:

> Many penalties are based upon the conduct of the taxpayer. With respect to partnerships, the relevant conduct often occurs at the partnership level. In addition, applying penalties at the partner level through the deficiency procedures following the conclusion of the unified proceeding at the partnership level increases the administrative burden on the IRS and can significantly increase the Tax Court's inventory.

H.R. Rep. No. 105-148 at 594 (1997). Congress accordingly changed the law in 1997 so that "the applicability of any penalty . . . which relates to an adjustment to a partnership item . . . shall be determined at the partnership level." Code Section 6221.[1]

Under Code Section 6664(c), Congress prohibited the imposition of all penalties under Code Sections 6662 and 6663 where the taxpayer proceeds in good faith based on reasonable cause:

> *No penalty shall be imposed* under section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was *reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.*

[1] To remove any uncertainty of its intent, Congress, at the same time, made a conforming amendment to Code Section 6230(a)(ii)(A)(i) to remove penalties from the definition of "affected items."

Code Section 6664(c) (emphasis added). As a matter of law and logic, the Court's review of the "applicability of any penalty" under Code Section 6226(f) necessarily involves the determination of "reasonable cause" pursuant Code Section 6664. A central element of the penalty provisions of Code Section 6662 is the assertion of negligence. *See* Code Section 6662(c). Moreover, when coupled with the burden of proof statute (Code Section 7491(c)), to prevail on penalties the IRS must prove that a taxpayer lacked reasonable cause. *See* Code Section 6664(c) . Thus, the determination of "reasonable cause" in connection with the imposition of a penalty at the partnership level necessarily will turn on evidence of the intent of the individual partners and their reasonable reliance on the law and on outside professionals.

Prior to filing their petitions with this Court, the Partners in this case deposited with the Internal Revenue Service the amount of their potential increased tax liability, as asserted by the IRS in the FPAAs. Accordingly, pursuant to Code Section 6226(f), the Court has jurisdiction to determine all partnership items and the applicability of any penalty "which relates to an adjustment to a partnership item." *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex., 2007), *reconsid. denied*, 2007 WL 1051766 (E.D. Tex., 2007).

In addition, the focus of the FPAAs is on the option transactions entered into by the Partners of Stobie Creek. As a result, among the partnership items to be determined in this case is the proper bases of the Stobie Creek Partners in Stobie Creek. Where, as here, Defendant bases its allegations with respect to substantive partnership items on the conduct of the Partners of Stobie Creek, both the Defendant and those Partners must address the question of "reasonable cause" in determining the applicability of the penalty at the partnership level.

Accordingly, this Court should determine whether the Partners of Stobie Creek had reasonable cause in this proceeding under Code Sections 6662 and 6664, because Code Section

6226(f) provides jurisdiction and the issues are inextricably intertwined with the issue of imposing a penalty at the partnership level.

### *C. Treasury Regulation Section 301.6221-1(d) is Invalid Because It Violates the Code's Statutory Scheme*

The Defendant argued in response to Plaintiffs' Motion to Compel Discovery, that the applicability of any partner-level defense to the penalty must be adjudged in a separate, supplemental proceeding, based upon Treasury Regulation Sections 301.6221-1T(d) (effective for tax year 2000), 301.6221-1(d) and 301.6226(f)-1.

Only Congress, however, can constitutionally make law. Treasury regulations cannot exist in their own vacuum. Treasury regulations can only exist by specific delegation of Congressional authority (known as a "legislative" regulation) or as an interpretation of Congressional statute (known as an "interpretive" regulation). *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 24 (1982). Legislative regulations, which are authorized by explicit statutory language to fill a specified gap, are entitled to far greater deference than interpretive regulations. Treasury Regulation Section 301.6221 is not a legislative regulation; it is an interpretive regulation. As such, it is not controlling on this Court. Further, Treasury Regulation Section 301.6221-1(d) purports to repeal unambiguous statutory language. Such a position is directly contrary to Congress' long-standing mandate—in effect since 1924—that taxpayers be allowed to challenge asserted deficiencies in taxes and penalties without prepayment. Code Section 6213(a) sets forth the right of a taxpayer to challenge an alleged deficiency (which includes both tax and penalties) while the taxpayer is contesting the asserted deficiency in the Tax Court. And Congress enacted a parallel rule for TEFRA partnership cases:

> Except as otherwise provided in this subchapter, no assessment of a deficiency attributable to any partnership item may be made (and no levy or proceeding in any court for the collection of any such deficiency may be made, begun, or prosecuted) before—

> (1) the close of the 150th day after the day on which a notice of a final partnership administrative adjustment was mailed to the tax matters partner, and
>
> (2) if a proceeding is begun in the Tax Court under section 6226 during such 150-day period, the decision of the court in such proceeding has become final.

*See* Code Section 6225.

If partners in TEFRA partnership proceedings may only raise partner-level defenses to penalties *after* the penalty has been assessed and paid, taxpayers would not have the right to raise defenses to those penalties in any court prior to assessment and payment.[2] This result would be a clear violation of Code Sections 6213 and 6225.

The Supreme Court in *National Muffler Dealers Ass'n v. United States*, 440 US 472, 477 (1979), described the appropriate judicial analysis as follows:

> In determining whether a particular regulation carries out the congressional mandate in a proper manner, we look to see whether the regulation harmonized with the plain language of the statute, its origin, and purpose. A regulation may have a particular force if it is a substantially contemporaneous construction of the statute by those presumed to have been aware of congressional intent. If the regulation dates from a later period, the manner in which it evolved merits inquiry.
>
> Other relevant considerations are the length of time the regulation has been in effect, the reliance placed on it, the consistency of the Commissioner's interpretation, and the degree of scrutiny Congress has devoted to the regulation during the subsequent re-enactments of the statute.

Courts, including the Supreme Court, have struck down interpretive regulations as void because they were unreasonable interpretations of the statute. *See, e.g., United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982) (involving the interpretation of "controlled group of

---

[2] In the instant case, the Defendant has apparently assessed penalties and has begun collections by seizing Welles family member's tax refunds for the year 2006.

corporations" in Code Section 1563); *Rowan Cos., Inc. v. United States*, 452 U.S. 247 (1981) (definition of "wages"). This Court should not abandon its judicial role of "using the traditional tools of statutory construction" as it determines whether Treasury Regulation Section 301.6221 properly interprets Code Section 6221. The plain language of Code Section 6221 indicates that this Court has jurisdiction at the partnership-level to determine "the applicability of any penalty . . . which relates to an adjustment to a partnership item." Code Section 6221; s*ee also*, Code Section 6226(f). Treasury Regulation Section 301.6221-1(d) is inconsistent with the statutory language and Congressional intent of Code Sections 6221, 6226(f), and 6664, in that it disregards the prohibition of imposing penalties without a full determination of reasonable cause (Code Section 6664).

If followed, Treasury Regulation Section 301.6221-1(d) effectively repeals the statutory language of these separate and unambiguous statutes. Thus, this Court should hold that this regulation is invalid. To the extent that the applicability of a penalty to a partnership item depends on the individual intent of the Partners of Stobie Creek, then under Code Sections 6226, 6662, 6664 the Partners' reasonable reliance on the advice of legal and tax professionals and the state of the law should be determined in the same proceeding.

Further, Code Section 6230(c)(4) provides that individual partners "shall be allowed" to present partner-level defenses. Nothing in Code Section 6230(c)(4) states that partners can *only* raise partner-level defenses after the partnership-level case has concluded. If Congress intended to preclude individual partners from raising partner-level defenses in the partnership case, Congress certainly would have more clearly expressed that intention.

Indeed, the legislative history of The Tax Relief Act of 1997 is clear that Congress intended to permit—rather than require—partners to raise their defenses after conclusion of the

partnership proceeding. *See* General Explanation of Tax Legislation Enacted in 1997 (Joint Comm. on Taxation) at 377 ("[T]he provision *allows* partners to raise any partner-level defenses in a refund forum.") (emphasis added). There is *nothing* in the statutory scheme or legislative history that suggests that individual partners may not raise their defenses in a partnership case. *See Klamath,* 472 F. Supp. 2d at 902-905; *see also, Santa Monica Pictures v. Comm*., 89 T.C.M. (CCH) 1157, 2005 WL 1111792, *94-112 (2005).

In addition to clear legislative history, substantial case law also holds that partners may raise penalty defenses at the partnership level. For example, in *Santa Monica Pictures v. Comm.*, Santa Monica Pictures through its tax matters partner contested adjustments made by the IRS to Santa Monica Pictures' tax returns. *Id.* at *2. In evaluating the applicability of defenses to accuracy-related penalties, such as the reasonable cause exception, the tax court considered the experience of the tax matters partner and the opinions he relied upon as tax matters partner. *Id.* at *100-104. Similarly, in *Klamath*, the District Court of Texas held that the reasonable cause defenses of the partners may be considered in connection with "the applicability of any penalty, addition to tax, or additional amount which relates to a partnership item." *Klamath*, 472 F. Supp. 2d at 898 (citing Code Section 6226(f)).

The recent opinion in *Jade Trading LLC v. Comm.*, 2007 WL 4553043 (Fed. Cl. 2007), is distinguishable on its facts. In *Jade*, the Court held that the reasonable cause defenses are "unique to the individual Ervin LLCs . . . [and thus] must be litigated in partner-level proceedings." The Court in *Jade* distinguished *Klamath* on the basis that "none of the Ervin LLCs were the managing member, and they did not prepare Jade's tax returns." *Jade Trading LLC*, 2007 WL 4553043, at *49. Unlike *Jade*, in this case all of the Partners of Stobie Creek, including JFW Investments LLC as the Tax Matters and Notice Partner, are before this Court.

Further, Jeffrey Welles manages North Channel LLC, the managing partner of Stobie Creek. And the tax returns of Stobie Creek were prepared by its accountant, Robert Floyd, C.P.A., who remains its accountant. Further, in *Jade*, the Court did decide the applicability of the negligence penalty by analyzing "the conduct of Jade, its managing partner and tax matters partner, Sentinal, as well as the parties here—the Ervins." *Jade Trading LLC*, 2007 WL 4553043, at *44. Similarly, the Court in this case will have to examine the issue of reasonable reliance by the Welles' on their professional advisors. *See* Section D, *infra*, for a further discussion of how judicial economy favors hearing penalties and defenses in this proceeding.

Moreover, the IRS itself has advocated that partner-level defense may be presented at the partnership-level proceeding. For example, on at least two separate occasions the IRS National Office provided guidance to the field on penalties like those at issue here. In both cases, the IRS National Office wrote:

> Good faith and reasonable cause of individual investors pursuant to I.R.C. § 6664 would be the type of partner level defense that can be raised in a subsequent partner-level refund suit. *However, to the extent that the taxpayer effectively acted as general partner and that the intent of the general partner is determined at the partnership level, it is likely that such partnership level determinations may also dispose of partner-level defenses under the unique facts of each case.*

*See* Industry Specialization Program Coordinated Issue, *Notional Principal Contracts*, 2005 WL 43711 (Jan. 6, 2005) (emphasis added); Industry Specialization Program Coordinated Issue, *"Basis Shifting" Tax Shelter*, 2002 WL 32351285 (Dec. 3, 2002) (same).

### *D. Judicial Economy Counsels This Court To Hear The Evidence and To Make a Ruling With Respect to Reasonable Cause Defenses*

Principles of judicial economy also dictate that all of the related penalty issues should be determined by this Court in this action. There is no principled basis for requiring the Partners of Stobie Creek to wait for penalties to be assessed, pay the disputed penalties, and then later

commence a separate action in this Court to seek a refund. Moreover, even if determinable separately, the reasonable reliance of Stobie Creek acting through its Partners is relevant to the determination of the application of penalties to the partners themselves. *See* Treasury Regulation Sections 1.6664-4(d). All of the Partners of Stobie Creek are parties to this litigation. Further, the adjustments the Defendant seeks depend on the Court's determination of whether the short options constitute "liabilities" for purposes of Section 752. If such opinions were determined to be liabilities, every partner in Stobie Creek would see their basis change because each would get a share of the liabilities. The IRS's assertions in the FPAAs that the taxpayers had no reasonable belief that the tax position was more likely than not the correct treatment put into issue the Partners' reasonable cause for taking the tax position they did regarding the short options. *See* Complaint filed July 11, 2007, at Exhibit A, FPAA for tax year ending April 30, 2000, at ¶13; *see* Complaint filed July 11, 2005, at Exhibit A, FPAA for tax year ending December 31, 2000, at ¶10.

Even if the Court were to decide that the Partners may not assert defenses under Code Section 6664, the same evidence is relevant and necessary to determine whether the Stobie Creek partnership itself had "reasonable cause" and acted in "good faith" in taking the tax positions that it did. The opinions of Jenkins & Gilchrist and Shumaker Loop & Kendrick, and the expert opinions of Ira Shepard and Stuart Smith, all relate to whether there was objective "reasonable cause" and a "good faith" basis for the tax positions taken by Stobie Creek.

In addition, the Court will need to consider the same evidence relevant to such defenses in order to determine whether the 20% penalty applies under Code Section 6662(d). As discussed above, Defendant has asserted a 20% penalty due to a purported substantial understatement under Code Section 6662(d). Under Code Section 6662(d), the understatement is

to be reduced by any portion that is attributable to an item for which there is "substantial authority." *See* Code Section 6662(d)(2)(B). Plaintiffs will offer the legal opinions of Ira Shepard and Stuart Smith to show that under an objective standard, there was "substantial authority" for the tax positions taken by Stobie Creek and their Partners. In addition, the Court will need to consider whether the Partners reasonably believed that their tax treatment was more likely than not correct. To do so, the Court must consider "reasonable cause" and "good faith"—overlapping considerations for the Partner's defenses to penalties.

### *E. Even If Treasury Regulation Section 301.622101(d) Were Valid, It Would Not Bar The Stobie Creek Partners From Litigating Penalties In This Action*

For the reasons stated above, Treasury Regulation Section 301.6221-1(d) is not valid. Even if the regulation were valid, however, it would not preclude the Stobie Creek Partners from litigating tax penalties in this action. Treasury Regulation Section 301.6221-1(d) purports to require individual taxpayers to pay their assessed tax penalties and then wait the requisite time before claiming a refund. Since this case was instituted, the IRS has collected a portion of the penalties at issue through seizing refunds due to each of the Welles family members. Thus, this case has the character of a "refund action" within the meaning of Treasury Regulation Section 301.6221-1(d) . As such, the defenses of the Partners of Stobie Creek with respect to the penalty are timely even under the regulation.

## IV. CONCLUSION

For the reasons set forth above, this Court has jurisdiction over penalties and Code Section 6664(c) defenses to penalties. Moreover, judicial economy dictates that this Court should hear such evidence in the trial of this case. Accordingly, Plaintiffs Stobie Creek Investments LLC ("Stobie Creek") and JFW Enterprises, Inc., Tax Matters and Notice Partner, DKW Sr. Enterprises, Inc., DKW Jr. Enterprises, Inc., PCW Enterprises, Inc., CSW Enterprises,

Inc., and VJ Enterprises, Inc., as parties to this action, respectfully request that this Court enter an order ruling that it has jurisdiction to determine penalties and partner-level defenses at this trial.

Dated: January 16, 2008

Respectfully Submitted
SCHIFF HARDIN LLP

/s/ Matthew C. Crowl
Attorneys for Plaintiffs

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600