**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** <br> **No. 07-520-T** |
| **v.** | ) | **Judge Christine O.C. Miller** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION TO SET SETTLEMENT CONFERENCE**[1]

The plaintiffs have moved the Court to convene a settlement conference, "to avoid any potentially unnecessary expense." For the reasons discussed below, the United States respectfully opposes the motion.

This is a large and important case. Plaintiffs have asked the Court to determine the validity of a Son of BOSS tax shelter (*See* IRS Notice 2000-44) that members of the Welles family used in an effort to avoid paying taxes on nearly $205 million in capital gain that they

[1]The motion purports to be filed not only by the named plaintiffs in these two consolidated cases – JFW Enterprises, Inc. and JFW Investments, LLC – but also by 12 purported "plaintiffs" that are not properly before this Court: DKW Senior Enterprises, Inc., DKW Junior Enterprises, Inc., VJ Enterprises, Inc., PCW Enterprises, Inc., CSW Asset Management, Inc., DKW Senior Investments LLC, DKW Junior Investments LLC, VJ Investments LLC, PCW Investments LLC and CSW Investments LLC. None of these other moving parties has ever complied with RCFC App. F, Rules 4 and 6. Those rules – which are binding under 26 U.S.C. §6230(l) – require partners in a TEFRA partnership who wish to participate in a case filed under 26 U.S.C. §6226 (like this one) to file a "notice of election to participate" within 45 days after the notice of assignment. None of these movants has ever done so, and the time has long passed for them to seek to participate under the rules. As such, none of these movants is properly before the Court, and none may be treated as a "participating partner" under RCFC App. F, Rule 6(b).

realized on the sale of the family business in 2000. At issue are adjustments to Stobie Creek's partnership items that disallowed a fictitious $205 million basis increase (and consequent capital gain reduction) claimed by Stobie Creek pursuant to the tax shelter. All told, more than $40 million in capital gains taxes, $16 million in penalties, and millions more in interest are at stake in this case.

The United States has taken this case very seriously. In developing the facts over the past two years, the United States has incurred nearly $500,000 in out-of-pocket costs, and devoted nearly 4,000 attorney hours. The United States' attorneys have taken numerous depositions, interviewed many other potential witnesses, reviewed hundreds of thousands of documents subpoenaed from third parties, and traveled to such distant places as London and Los Angeles to discover and gather evidence that the United States will present at trial.

The plaintiffs have taken a different course, as is their prerogative. Their discovery consisted entirely of (mostly objectionable) document requests and interrogatories to the United States, and the deposition of the United States' lone expert witness.[2] They took no third-party discovery whatsoever. Plaintiffs appeared only by teleconference at depositions that the United States took in London, Los Angeles, Dallas, and Washington, DC.

Twice in the past 4 months, the parties have discussed settlement of this case. The first time was in October, before Judge Williams had decided Jade Trading. The second was within the past few weeks, as the parties began preparing in earnest for the trial in April. Without divulging the details of the settlement discussions, suffice it to say that plaintiffs' settlement

[2]As the court may recall, it sustained the United States' objections to plaintiffs' discovery requests and requests for depositions of current and former IRS attorneys. (Order of 3/14/07)

overtures have been unrealistic, in terms of both the government's published settlement guidance, and the plaintiffs' likelihood of success on the merits, based upon the evidence developed in this case.

Now the plaintiffs want the Court to order a settlement conference, "to avoid any potentially unnecessary expense." Counsel for the United States is at a loss to understand the plaintiffs' timing and rationale. The United States has spent considerable resources to develop the evidence and prepare for trial. The United States expects to devote whatever additional resources are required to be ready for trial in April. The plaintiffs have chosen a different course. But the time "to avoid any potentially unnecessary expense" in a case in which more than $60 million is at stake, has long since passed.

The plaintiffs know what it will take to settle the case – and they know that that will not change between now and the time of trial. If they want to settle, they need only make an offer that fairly reflects the serious litigating hazards they face, in light of the evidence in this case, and the recent decisions in Coltec and Jade Trading. If they are not prepared to do so, then they should prepare for trial, as the United States is doing. But in light of the short time remaining until trial – and the multitude of tasks remaining to be done – this is not the way to settle the case, and it is certainly not the forum. The United States respectfully opposes the motion.

Respectfully submitted,

*s/ Stuart D. Gibson*

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
P.O. Box 403, Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Nathan J. Hochman
Assistant Attorney General

David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

*/s/ David Gustafson*

Of Counsel

Dated: February 1, 2008