**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748T |
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-520 T<br>Consolidated with 05-748T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' OBJECTIONS TO THE**
**DEFENDANT'S PROPOSED WITNESSES AND EXHIBITS**

Plaintiffs, Stobie Creek Investments LLC ("Stobie Creek"), JFW Enterprises, Inc. and JFW Investments, LLC; Tax Matters and Notice Partners, and Welles Asset Management, Inc.; DKW Senior Enterprises, Inc.; DKW Junior Enterprises, Inc.; VJ Enterprises, Inc.; JFW Enterprises, Inc.; PCW Enterprises, Inc.; CSW Asset Management, Inc.; DKW Senior Investments, LLC; DKW Junior Investments, LLC; VJ Investments, LLC; JFW Investments, LLC; PCW Investments, LLC; and CSW Investments, LLC; as parties to this action (collectively the "Parties"), by and through their attorneys, hereby object to the proposed trial exhibits and witnesses of the Defendant as follows:

## I. OBJECTIONS TO EXHIBITS

The Plaintiffs' objections to the admission of trial exhibits proposed by the Defendant and exchanged on January 22, 2008, at the meeting of counsel, are indicated on the spreadsheet attached hereto as Exhibit A. A reference to the applicable Federal Rule of Evidence is indicated for the exhibits to which the Plaintiffs have objections. Plaintiffs do not waive objections for foundation or authentication, which may be made at trial to the extent the proper foundation or authentication of a document is not laid by Defense counsel. Many of Defendant's exhibits are inappropriate "pattern evidence," that are inadmissible under Federal Rule of Evidence 404(b). Not only are these documents irrelevant, *any* relevance is grossly outweighed by the unfair prejudicial effect of this testimony. Plaintiffs will file a motion *in limine* as to this improper pattern evidence on February 19, 2008, pursuant to Court order.

## II. OBJECTIONS TO WITNESSES

Plaintiffs object to the Defendant's proposal to call David Parse, Paul Daugerdas, Donna Guerin, John Ivsan, Jason Shih, Perry Parker, and Craig Brubaker. Defendant anticipates that each of these witnesses will take the Fifth Amendment at trial. Each of these witnesses took the Fifth Amendment at their respective depositions. Further, Plaintiffs' counsel spoke to the witnesses' counsel and was told that the witnesses would continue to take the Fifth Amendment if called to testify. Thus, no probative evidence will be gleaned from their testimony. Further, any probative evidence would be substantially outweighed by the unfair prejudicial effect of such testimony. Plaintiffs will file a motion *in limine* on February 19, 2008 as to these witnesses on the basis that it is unduly prejudicial and a waste of time to call them simply to evoke the Fifth Amendment privileges. Similarly, Plaintiffs object to the Defendant's proposal to call Rod Mackay, Carrie Yackee, Jeanette Michaels, and Rick Pychewicz, to the extent that these

witnesses will take the Fifth Amendment.

Plaintiffs object to Defendant's proposal to call Barbara Aprile. The topic of Ms. Aprile's anticipated testimony is the "preparation of a summary exhibit concerning J&G/Deutsche Bank Son of BOSS shelters." See Defendant's proposed witness list, attached hereto as Exhibit B. As noted above, this summary evidence is inappropriate pattern evidence. Ms. Aprile's testimony is irrelevant and *any* relevance is grossly outweighed by the unfair prejudicial effect of this testimony. As noted above, Plaintiffs will file a motion *in limine* against this pattern evidence.

Similarly, Plaintiffs object to Defendant's proposal to call Stephen Bores. The topics of Mr. Bores anticipated testimony are: "implementation of J&G tax shelter and communications with SL&K." Mr. Bores' personal implementation of the J&G investment strategy is completely irrelevant, inadmissible, and in no way probative as to the Welles family's actions. Moreover, any purported probative value of Mr. Bores' testimony is substantially outweighed by the danger of unfair prejudice to the Welles family. As noted above, Plaintiffs will file a motion *in limine* against all such pattern evidence. In addition, Mr. Bores' communications with Shumaker Loop & Kendrick are similarly irrelevant. Mr. Bores testified under oath that he had no knowledge that the Welles family entered into this strategy until 2003 or 2004 – years afterwards. See Bores Deposition testimony, 9/29/06 at p. 67, lines 3-8. Therefore, any proposed testimony of Mr. Bores is inadmissible.

Plaintiffs also object to certain proposed testimony from David DeRosa. According to Defendant's proposed witness list, DeRosa will testify regarding "other transactions in J&G tax shelter." Anticipated testimony regarding these "other transactions" is irrelevant, unduly prejudicial and inadmissible pattern evidence. As noted above, plaintiffs will

file a motion *in limine* against such pattern evidence. In addition, DeRosa is unqualified, as an economist, to give legal opinions regarding whether there was a business purpose for contributing options to Stobie Creek and whether the existence of Stobie Creek had a business purpose. Plaintiffs will file a motion *in limine* addressing these issues on February 19, 2008.

Dated: February 7, 2008

Respectfully Submitted
SCHIFF HARDIN LLP

/s/ Robert E. Kolek
Attorneys for Plaintiffs

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th of February, 2008, the undersigned counsel caused to be electronically filed *Plaintiffs' Objections to the Defendant's Proposed Witnesses and Exhibits* using the CM/ECF system, which will send notification of such filing to the following named counsel of record:

Stuart D. Gibson, Esq.
Cory A. Johnson, Esq.
Trial Attorney
Tax Division
U. S. Department of Justice
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Colleen M. Feeney

CH1\5439534.2