**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **No. 07-520-T** |
| **v.** | ) | |
| | ) | **Judge Christine O.C. Miller** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER "CONFIRMING JURISDICTION" TO DECIDE THE APPLICABILITY OF PENALTIES AND ANY DEFENSES THERETO**

**JOHN A. DICICCO**
**Deputy Assistant Attorney General**

**DAVID GUSTAFSON**
**STUART D. GIBSON**
**CORY A. JOHNSON**
**JACOB E. CHRISTENSEN**
**Attorneys**
**U.S. Department of Justice**
**Tax Division**
**Office of Civil Litigation**
**Post Office Box 403**
**Ben Franklin Station**
**Washington D.C. 20044**
**(202) 307-6586**
**(202) 514-9440 (facsimile)**

**TABLE OF CONTENTS**

**Page**

Introduction . . . . . . . . . . 1

Issues for Decision . . . . . . . . . . 2

Facts Relevant to this Motion . . . . . . . . . . 3

Argument

I. The Movants Are Not Properly Before the Court. . . . . . . . . . 7

II. This Is Not a Suit for Refund of Taxes Under the Court's Tucker Act Jurisdiction.. . . . . . . . . . 9

III. The Court's Jurisdiction Is Limited to Determining Partnership Items and the Applicability of Any Penalties, and Does Not Include Partner-Level Defenses of Individual Partners . . . . . . . . . . 12

IV. The Regulation is Valid . . . . . . . . . . 17

V. The Regulation Does Not "Repeal" Statutory Provisions as Plaintiff Claims . . . 20

VI. Plaintiff's Argument that the IRS Advocates the Determination of Partner-Level Defenses in Partnership Proceedings is Baseless . . . . . . . . . . 22

Conclusion . . . . . . . . . . 23

# TABLE OF AUTHORITIES

**Page**

**Cases:**

*AD Global v. United States*, 67 Fed. Cl. 657 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,21

*Callaway v. Commissioner*, 231 F.3d 106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,16,21

*Cemco Investors, LLC v. United States*, No. 07-220 (7th Cir. Filed February 7, 2008) . . . . . . . . 22

*Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) . . . . . 18,19

*Fears v. Commissioner*, 129 T.C. 8 (2007) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fisher v. United States*, 59 Fed. Cl. 193 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hinck v. United States*, 127 S.Ct. 2011 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jade Trading, LLC v. United States*, 2007 WL 4553043 (Fed. Cl. 2007) . . . . . . . . . . . . . . 14,16,19

*Klamath Strategic Investment Fund LLC v. United States*,
472 F.Supp.2d 885 (E.D.Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Long Island Care at Home Ltd. v. Coke*, 127 S. Ct. 2339 (2007) .. . . . . . . . . . . . . . . . . . . . . . . . 19

*Long Term Capital Holdings, LP v. United States*, 330 F. Supp.2d 122 (D. Conn. 2004)
*affd*, 2005 WL 2365336 (2nd Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,23

*National Muffler Dealers Ass'n v. United States*, 440 U.S. 472 (1979) . . . . . . . . . . . . . . . . . . . . 18

*Santa Monica Pictures, LLC v. Commissioner*, 89 TCM (CCH) 1157. . . . . . . . . . . . . . 13,14,22,23

*United States v. Mead Corp.*, 533 U.S. 218 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Page**

**Statutes:**

Internal Revenue Code of 1986 (26 U.S.C.):

Section 6211 - 6216 . . . . . . . . . . 21

Section 6213 . . . . . . . . . . 20,21

Section 6221 . . . . . . . . . . 7,12,16,17

Section 6225 . . . . . . . . . . 20,21,22

Section 6225(a). . . . . . . . . . 11

Section 6225(a)(2) . . . . . . . . . . 21

Section 6226 . . . . . . . . . . 8-11

Section 6226(a) . . . . . . . . . . 7

Section 6226(b). . . . . . . . . . 7

Section 6226(c). . . . . . . . . . 7

Section 6226 (c)(2). . . . . . . . . . 8

Section 6226 (d) . . . . . . . . . . 8

Section 6226 (f) .. . . . . . . . . . 9,10,12,16,17

Section 6230(a)(1). . . . . . . . . . 7,8,11,20

Section 6230(a)(2)(A)(i). . . . . . . . . . 20,21

Section 6230(a)(2)(B) . . . . . . . . . . 11

Section 6230(c). . . . . . . . . . 10

Section 6230(c)(1) . . . . . . . . . . 11

**Page**

**Statutes (continued):**

Section 6230(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,11,16,19

Section 6230(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Section 6230(k) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Section 6231(a)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Section 6231(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11,20

Section 6231(a)(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

Section 6231(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Section 6231 (a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Section 6231(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Section 6234.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Section 6664 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Section 6664(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Section 7422(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Section 7422(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Section 7805(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Judiciary and Judicial Procedure (28 U.S.C.):

Section 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

Section 1491(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11

Section 1508 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,11

**Page**

**Miscellaneous:**

Treasury Regulations (26 C.F.R.):

Section 1.752-6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Section 301.6221-1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Section 301.6221-1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Section 301.6221-1T . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-22

Section 301.6221-1T(c) (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Section 301.6226-1T(d) (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14,16

Section 301.6231(a)(5)-1T (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Section 301.6231(a)(6)-1T(a) (1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20,21

Rules of the United States Court of Federal Claims:

Rule 4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rule 6(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

RCFC App. F, Rule 6(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rules of the United States Tax Court:

Rule 245 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Treasury Decision 8808, 1999-1 C.B. 682 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,19

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **No. 07-520-T** |
| **v.** | ) | |
| | ) | **Judge Christine O.C. Miller** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER "CONFIRMING JURISDICTION" TO DECIDE THE APPLICABILITY OF PENALTIES AND ANY DEFENSES THERETO**

**Introduction**

Three months after the close of discovery and six days before the pre-trial meeting of counsel, seven purported partners of Stobie Creek – six of whom have heretofore been absent from this case – filed a motion raising new issues, a new alleged ground for jurisdiction, and new arguments based on fundamental misunderstandings of the law, all in support of "confirming" jurisdiction that this Court has never had, and does not now have. For the reasons discussed below, their arguments lack merit, the Court lacks jurisdiction to consider the individual partner-level defenses to penalties that they now seek to raise, and all the movants, except one, are not even properly before the Court. Accordingly, the Court should deny the motion, which, in sum, seeks to dismantle the carefully designed structure and procedures for partnership-level tax audits and tax cases.

**Issues for Decision**

1. In a TEFRA partnership proceeding like this, concerning the determination of partnership items, all partners are deemed parties by statute, and are, therefore, bound by the court's decision. In addition to the tax matters partner who files the case, other partners may participate in the proceeding if they seek to, and if they comply with the court's rules. Appendix F, of the Rules of the Court of Federal Claims, provides that a partner may participate, "by filing a notice of election to participate . . . within 45 days after the Notice of Assignment." The complaints here were filed in July 2005 and July 2007, and the time for electing to be a participating partner passed long ago. In the Joint Preliminary Status Report filed in February 2006, plaintiff and the United States agreed that no other parties would join the case. Until January 16, 2008, none of the new movants sought to participate in this case. Are the new movants now entitled to participate as parties?[1]

2. This Court has jurisdiction under 28 U.S.C. § 1508 for petitions to redetermine partnership adjustments pursuant to 26 U.S.C. § 6226. In the complaints, plaintiffs alleged jurisdiction under 26 U.S.C. § 6226 and 28 U.S.C. § 1508. The United States admitted jurisdiction under §1508. The movants now argue that this Court has jurisdiction under 28 U.S.C. § 1491, the Court's jurisdictional basis for tax refund cases. Should the Court entertain a new claim to jurisdiction, the requirements for which have never been pleaded, and cannot be satisfied, and that is inapplicable to this partnership proceeding?

---

[1] Because JFW Enterprises, Inc. and JFW Investments LLC are the two purported partners of Stobie Creek who filed the cases consolidated in this proceeding, "plaintiffs" (plural) will refer to them. JFW Investments LLC is the only one of these plaintiffs that filed the motion to "confirm" jurisdiction. "Plaintiff" (singular) in this response will refer to JFW Investments LLC.

3. The Internal Revenue Code provisions and Treasury Regulations that govern these cases expressly provide that this Court has jurisdiction only to determine Stobie Creek's partnership items and the applicability of any penalties related to these items. They also provide that this Court has jurisdiction to consider any defenses to penalties that the partnership may have, but not any defenses that individual partners may have. The latter can be raised only in separate partner refund cases. Should the Court disregard this express limitation on its jurisdiction?

4. In 26 U.S.C. § 6230(k), Congress delegated to the Secretary of the Treasury the authority to "prescribe such regulations as may be necessary to carry out the purposes" of Subchapter C, including the TEFRA litigation provisions. In *Chevron*, the Supreme Court held that the courts should give such regulations controlling weight unless they are arbitrary, capricious, or manifestly contrary to statute. Treas. Reg. § 301.6221-1T implements the Congressional mandate, and is consistent with the statutory scheme adopted by Congress. Should the Court apply the regulation?

**Facts Relevant to this Motion**

On July 12, 2005, JFW Enterprises, Inc. (the purported "tax matters partner" of Stobie Creek), filed a complaint for readjustment of partnership items determined in a FPAA that the IRS issued on March 9, 2005, for the short tax year ended December 31, 2000. The complaint was captioned, "Stobie Creek Investments LLC, JFW Enterprises, Inc., Tax Matters and Notice Partner, Plaintiff v. United States of America, Defendant," and only JFW Enterprises, Inc. was alleged to be the plaintiff. (Complaint, ¶ 2.) In ¶¶ 8 and 9 of the complaint, plaintiff listed Stobie Creek's alleged partners for the periods ended April 30, and December 31, 2000, respectively. In ¶ 11, plaintiff alleged jurisdiction under 26 U.S.C. § 6226(b)(1) and 28 U.S.C. § 1508. Nowhere

in the complaint does plaintiff allege that any of the other purported partners seek to participate on their own behalf in litigating this case.[2]

The United States filed its answer on November 9, 2005. Although the United States denied many of the substantive allegations of the complaint, it did admit that this Court has jurisdiction under 28 U.S.C. § 1508. That section grants jurisdiction to the Court of Federal Claims, "to hear and render judgment upon any petition under section 6226 or 6228(a) of the Internal Revenue Code."

The parties filed a Joint Preliminary Status Report on February 2, 2006. In the section "Joinder of Other Parties," plaintiff and the United States reported that "The parties do not expect any additional parties to join this lawsuit." The parties also included in the JPSR a 2½-page recitation of "Relevant Factual and Legal Issues." Although both parties indicated that they were not conceding or waiving any issues, nowhere in the JPSR did the parties indicate that one issue presented in this case involved the adjudication of partner-level defenses to penalties determined in the FPAA.

On July 11, 2007, JFW Investments LLC (the purported "tax matters partner" of Stobie Creek for the period covered by the second FPAA), filed a complaint for readjustment of partnership items determined in a FPAA issued February 23, 2007, for the tax year ended April 30, 2000. The complaint was captioned, "Stobie Creek Investments LLC, JFW Investments, LLC, Tax Matters and Notice Partner, Plaintiff v. United States of America, Defendant," and only JFW Investments LLC is alleged to be a plaintiff. (Complaint, ¶ 2) In ¶¶ 8 and 9, plaintiff listed Stobie

---

[2] Although plaintiff alleged in its complaint (¶ 7.a) – and in the instant motion (p. 14) – that it was entitled to recover a refund, the jurisdictional statutes that govern this lawsuit do not grant jurisdiction to order refunds in a TEFRA partnership proceeding. *See* 26 U.S.C. § 6226(f)

Creek's alleged partners for the periods ended April 30, and December 31, 2000, respectively. In ¶ 10, plaintiff alleged jurisdiction under 26 U.S.C. § 6226(b)(1) and 28 U.S.C. § 1508. Nowhere in the complaint did plaintiff allege that any of the alleged partners sought to participate on their own behalf in litigating this case. No JPSR was filed in this case because it was consolidated with the first case, discovery was about to close, and the second case raised the same issues as the first.

The 45-day period for a partner in Stobie Creek to file an election to participate in Case No. 05-748, under RCFC Appendix F, Rule 4(b), expired on August 26, 2005. The 45-day period for a partner in Stobie Creek to file an election to participate in Case No. 07-520 expired on August 25, 2007. None of the purported partners of Stobie Creek has ever filed an election to participate in this litigation.

The United States has conducted extensive discovery over the past two years.[3] It has focused on discovering whether the transactions that formed the underlying basis for the claimed tax benefits were a prepackaged scheme and were devoid of economic substance. The United States has devoted significant efforts towards learning how the transactions were developed and implemented by Jenkens & Gilchrist, Shumaker, Loop and Kendrick, and Deutsche Bank, and marketed to the Welles family in early 2000. It has subpoenaed hundreds of thousands of documents from Deutsche Bank and the two law firms, and taken depositions of employees of the bank and law firms. The United States has also deposed the members of the Welles family who own and control Stobie Creek to discover evidence about the foreign currency option transactions

[3] Plaintiffs' discovery consisted almost exclusively of objectionable document requests, and the deposition of the government's expert witness, Dr. David DeRosa. Although plaintiffs attempted to conduct discovery into the development of IRS policies and positions – and into matters bearing on individual partner level defenses – the Court refused to allow that discovery.

that underpin the tax shelter and how the tax shelter was implemented.

However, the United States has not taken any discovery designed to delve into whether any of the partners of Stobie Creek had an individual reasonable cause defense for their respective individual underpayments of tax. Allowing these purported additional partners to join now and participate in these cases, and assert individual partner-level defenses, therefore, would unfairly prejudice the United States. The United States does not want to delay trial of these cases, set for April 7, 2008, in order to conduct discovery of these new issues and claims. It would be entitled to conduct that discovery if the Court allowed those claims to be added at this late stage.

Each party has also taken discovery of its opponent's designated expert witnesses. The United States has identified one expert, Dr. David DeRosa, who will testify about the economics underlying the foreign currency option transactions that lie at the heart of this case. The plaintiff has identified five expert witnesses. Three of them expect to opine on the foreign currency options or foreign currency markets. The other two intend to testify about the law or how this Court should apply the law to the facts in this case.[4]

---

[4] The United States expects to file a motion *in limine* seeking to prevent plaintiffs from offering testimony from their two "legal" experts, Professor Ira Shepard and Stuart Smith (a tax lawyer and former DOJ employee).

## ARGUMENT

## I.

## THE MOVANTS ARE NOT PROPERLY BEFORE THE COURT

The instant motion was filed by the purported partners of Stobie Creek (listed in the first paragraph of the motion) for the tax year ended April 30, 2000.[5] Until now, none of those purported partners (except plaintiff JFW Investments LLC, who filed the 2007 complaint) has sought to participate in these cases. As a threshold matter, the Court must determine whether these purported partners, who seek to litigate individual partner-level defenses to the partnership penalties determined in the FPAAs, are "participating partners" under the rules of this Court. If not, those partners have no basis to file the motion, and no basis to argue that the Court should allow them to litigate partner level defenses, especially now at this late stage of the case. For the reasons discussed below, they are not properly before the Court.

Congress clearly intended that partnership items be determined in a TEFRA partnership-level proceeding brought by the tax matters partner or a notice partner. 26 U.S.C. § 6226(a) and (b).[6] All other partners are deemed parties to the proceeding so that they are bound by the result. *See* 26 U.S.C. §§ 6221, 6226(c), and 6230(c)(4). Congress also provided that partners other than the one who filed the petition could actually participate in the case, if they want to. 26 U.S.C. §

---

[5] The purported partners of Stobie Creek for the tax year ended December 31, 2000, (which is also at issue) did not join in the motion. These purported partners are subchapter S corporations individually owned by members of the Welles family, as are the limited liability corporations that were purportedly partners of Stobie Creek for the year ended April 30, 2000.

[6] TEFRA refers to the Tax Equity and Fiscal Responsibility Act of 1982 (P.L. 97-248), which generally established the rules for partnership cases like this. It is codified, as amended, as subchapter C of Chapter 63 of the Code, at 26 U.S.C. §§ 6221 - 6234.

6226(c)(2). But Congress recognized that the courts must be able to exercise control over litigation within their various jurisdictions to enable the litigation to proceed in an orderly manner, and to prevent unfair surprise and prejudice (among other things). Congress therefore specifically provided that TEFRA partnership litigation, "shall be conducted in accordance with such rules of practice and procedure as may be prescribed by the Court in which the action is brought." 26 U.S.C. § 6230(l).

The Court of Federal Claims has adopted such rules. Contained in Appendix F to the RCFC, these rules govern the conduct of TEFRA partnership litigation brought under 26 U.S.C. § 6226. Among other things, Rules 4 and 6 describe how individual partners can participate in partnership-level proceedings. In particular, Rule 4(b) provides that partners who satisfy the requirements of §6226(d), "may participate in the action by filing a notice of election to participate with the Court." The rule requires the notice to set forth facts which establish the partner's right to participate, and "shall be filed within 45 days after the date of the Notice of Assignment." Rule 6(b) defines "participating partners" as the partner who filed the complaint, and "such partners who have filed either a notice of election to intervene or a notice of election to participate in accordance with the provisions of RCFC 4." Rule 6(b) then provides that for purposes of the Court's procedural rules other than App. F, "only participating partners . . . and the United States shall be considered to be parties."[7]

None of the purported partners of Stobie Creek who are listed as filing the motion to "confirm" jurisdiction has ever filed a notice of election to intervene, or a notice of election to

[7] The Tax Court adopted a procedure (on which this Court's rules were modeled) that is similar, except that partners have 90 days to file a notice of intention to participate. Tax Court Rule 245

participate in these cases. The time for them to file such notices expired long ago. Indeed, the plaintiff indicated two years ago in the JPSR that it did not anticipate any other parties would join this lawsuit.[8] The parties have conducted the litigation with that mutual representation in mind. Until this motion was filed in mid-January 2008, the United States had no reason to believe that any of the individual partners of Stobie Creek wanted to participate as a party to this lawsuit pursuant to RCFC App. F, Rule 6(b). Under the express rules of this Court, a purported partner may not just show up and file a motion – especially more than two years after the case is filed, three months after the close of discovery, and on the eve of the pre-trial meeting of counsel. Yet that is what these movants are attempting to do.

Simply put, the individual purported partners that filed this motion (other than JFW Investments LLC) are not properly before this Court. Accordingly, the Court should deny or strike the motion as to them, because they are not participating partners under the rules, and it is too late to become participating partners.

## II.

## THIS IS NOT A SUIT FOR REFUND OF TAXES UNDER THE COURT'S TUCKER ACT JURISDICTION

Plaintiffs filed these cases – and the defendant has admitted that the Court has jurisdiction – under 28 U.S.C. §1508. (See 2005 Complaint, ¶ 11, and 2007 Complaint, ¶ 10.) That statute grants the Court of Federal Claims "jurisdiction to hear and to render judgment upon any petition under section 6226 . . . of the Internal Revenue Code." In § 6226(f) of the Code, Congress gave this Court limited jurisdiction,

[8] Plaintiffs were aware of the requirements of Appendix F – they cited it in their complaints. (See ¶ 1.)

> . . . to determine all partnership items of the partnership for the taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount, which relates to an adjustment to a partnership item.

Nothing in § 1508 or in § 6226(f) grants this Court any additional jurisdiction in these cases to order a refund of any taxes paid or collected. Indeed, because partnerships are pass-thru entities, and do not pay income taxes, a refund is not possible in this TEFRA proceeding.

In its motion, however, plaintiff now argues that jurisdiction for these cases is based on 28 U.S.C. § 1491(a)(1), and claims that these cases have "the character of a refund action." (See Motion, pp. 5 and 14.) This new jurisdictional basis was not alleged in plaintiffs' two complaints and does not apply to these partnership cases. Plaintiff cannot, in midstream – or at "end-stream" right before trial – simply by declaring it so, convert this case for the determination of partnership items under 28 U.S.C. § 1508 and 26 U.S.C. § 6226, into a refund case, under this Court's separate Tucker Act jurisdiction.

Moreover, as the Court knows, a prerequisite for jurisdiction over a refund suit pursuant to the Tucker Act is that the taxpayer make "full payment of the tax liability, penalties and interest at issue." *Fisher v. United States*, 69 Fed.Cl. 193, 196 (2006). The taxpayer must also first file a claim for refund with the IRS. *See* 26 U.S.C. § 7422(a). Here, the only taxpayers that could file refund cases are the individual members of the Welles family who are the taxpayers ultimately behind Stobie Creek. It is the individual family members who owe and pay taxes, and against whose individual tax liability the IRS makes computational adjustments based on the FPAA and the result in this case. *See* 26 U.S.C. §§ 6230(c) and 6231(a)(6) and (a)(10).

The Welles family members, however, are not parties to this case, and are not even seeking to become parties to this case. Additionally, as plaintiff admits in its motion, the Welles family members have *not* paid in full the taxes, interest, and penalties due as a result of the adjustment to Stobie Creek's partnership items in the FPAAs. Nor have they filed claims for refund with the IRS. In sum, this is not a refund case, and could not be a refund case over which this Court could exercise jurisdiction under § 1491(a)(1).[9]

After this case is completed, members of the Welles family could eventually file refund cases, if the IRS erroneously implements this Court's determination of Stobie Creek's partnership items in its computational adjustments to their individual income tax liabilities, or if any of them wishes to assert a partner-level defense to the payment of penalties. *See* 26 U.S.C. § 6230(c)(1) and (c)(4) and 6231(a)(2)(B). This case, however, is only a proceeding to determine the partnership items of Stobie Creek and the applicability of any penalties at the partnership level.[10]

---

[9] The IRS is permitted by the TEFRA partnership provisions to assess and collect, as computational adjustments, the amounts due as a result of the adjustment of partnership items and application of penalties in a FPAA, even though a partnership proceeding has been filed and is pending in a district court or the Court of Federal Claims. Assessment and collection is restricted only if a the partnership case is filed in Tax Court. *See* 26 U.S.C. §§ 6225(a), 6230(a)(1), and 6231(a)(6) and (a)(10). Pursuant to these provisions, the IRS has assessed and collected *some* of the amounts due from members of the Welles family (not from their individual LLCs or Subchapter S corporations). The Welles family members had previously deposited with the IRS amounts they estimated to be the additional tax and interest (but not penalties) that they would owe.

[10] *If* this were a proper taxpayer refund suit under the Tucker Act, brought by the individuals who actually paid the taxes, this Court could not readjust the partnership items of Stobie Creek, which is the relief plaintiffs seek in their complaints. *See* 26 U.S.C. § 6230(c)(4) and Treas. Reg. § 301.6221-1(a). A case cannot be both a partnership-level proceeding under 26 U.S.C. § 6226 and 28 U.S.C. § 1508 and a taxpayer refund action under 28 U.S.C. § 1491. *See e.g. Callaway v. Commissioner*, 231 F.3d 106, 108 (2nd Cir. 2000)

## III.

## THE COURT'S JURISDICTION IS LIMITED TO DETERMINING PARTNERSHIP ITEMS AND THE APPLICABILITY OF ANY PENALTIES, AND DOES NOT INCLUDE PARTNER-LEVEL DEFENSES OF INDIVIDUAL PARTNERS

As noted above, Congress empowered this Court to "determine all partnership items of the partnership" and "the applicability of any penalty, addition to tax or additional amount which relates to an adjustment to a partnership item" in a partnership-level proceeding. 26 U.S.C. § 6226(f). That grant of jurisdiction follows the general scheme of subchapter C of Chapter 63, which provides that "the tax treatment of any partnership item (and the applicability of any penalty . . . which relates to a partnership item) shall be determined at the partnership level." 26 U.S.C. § 6221. Thus, there is no dispute that this Court has jurisdiction to determine all the partnership items of Stobie Creek and the "applicability of any penalty" for the two taxable years for which the IRS issued FPAAs.

In the FPAAs, the IRS not only made determinations adjusting the partnership items for Stobie Creek, but also determined that certain specific penalties were "applicable" at the partnership level to those partnership adjustments. In particular, the IRS determined that the following accuracy related penalties applied to the adjustments at the partnership level:

A. A 40% penalty attributable to the gross valuation misstatement, as provided by §§ 6662(a), 6662(e), and 6662(h);

B. A 20% penalty attributable to negligence or disregard of the rules and regulations, as provided by §§ 6662(a), 6662(b)(1), and 6662(c);

C. A 20% penalty attributable to the substantial understatement of income tax, as

provided by §§ 6662(a), 6662(b)(2), and 6662(d); and

D. A 20% penalty attributable to the substantial valuation misstatement, as provided by §§ 6662(a), 6662(b)(3), and 6662(e).

In their complaints, plaintiffs alleged that the FPAAs erroneously determined that the penalties listed above were properly applicable to the partnership-level determinations, and asserted the "reasonable cause" defense to those penalties under § 6664(c).

The United States agrees that the Court has jurisdiction to determine whether *Stobie Creek itself has a partnership-level* reasonable cause defense to any of the penalties, as provided in 26 U.S.C. §6664(c). This is, in fact, what was decided in three other recent TEFRA partnership cases. In *Long Term Capital Holdings, LP v. United States*, 330 F.Supp.2d 122, 205 (D. Conn. 2004), *aff'd,* 2005 WL 2365336 (2d. Cir. 2005), the court considered the partnership's reasonable cause defense, and concluded that it was not proven in that partnership-level case. In doing so, it looked to the partnership's actions, through its general partner. As the court stated, "*The entity level inquiry relevant to this TEFRA proceeding* is whether Long Term had reasonable cause for and acted in good faith with respect to claiming approximately $100 million in losses...." *Id.* at 205 (emphasis added).

Similarly, in *Santa Monica Pictures LLC v. Commissioner*, 89 T.C.M (CCH) 1157 (2005), 2005 WL 1111792, the court determined only the partnership's defenses, and looked to the actions of the partnership, through its managing member. The court found that, at the partnership level, the reasonable cause defense of the partnership was not proven. *See Id.,* 2005 WL 1111792,

at 2 and 112. Plaintiff misreads *Santa Monica Pictures* when it claims that the case supports a finding that individual partners may assert their individual defenses in a partnership-level proceeding. (See Motion, p. 11) Indeed, the court in *Santa Monica Pictures* said just the opposite:

> Consequently, we have jurisdiction in this partnership-level proceeding to decide issues relating to the sec. 6662 penalties that respondent determined. Partner-level defenses, however, must be asserted in a separate refund action following assessment and payment.

*Id.,* 2005 WL 1111792 at 124, n. 187.

This Court also addressed and decided the issue in *Jade Trading LLC v. United States*, 2007 WL 4553043 (Fed. Cl. 2007), a similar tax shelter case. In *Jade*, this Court expressly held that it lacked jurisdiction over partner-level reasonable cause claims, and that such claims could only be presented in a separate partner-level refund case. *Id.* at 49. As the Court stated, "This is consistent with TEFRA's purpose of litigating all common partnership items at the partnership-level and deferring the unique individual defenses to the partner-level proceeding." *Id.* at 48.

The regulation addressing the determination of penalties at the partnership-level is consistent with the Code provisions and these cases. It provides that the TEFRA court has jurisdiction to determine the applicability of penalties and partnership-level defenses in the partnership proceeding:

> ... Assessment of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be made based on partnership-level determinations. Partnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses specified in paragraph (d) of this section.

Treas. Reg. § 301.6221-1T(c) (1999).

In its motion, however, plaintiff does not seek to have this Court simply exercise its jurisdiction to determine the applicability of penalties, and whether Stobie Creek has any partnership-level defense to them.[11] Instead, the plaintiff asks much more – it asks the Court to exceed its jurisdiction, and determine whether each of the individual purported partners of Stobie Creek has any specific, partner-level defenses to the payment of penalties that apply to each of them individually. Put another way, plaintiff asks the Court to ignore the plain TEFRA statutory scheme that separates into different proceedings the determination of common partnership items, which are applicable to all partners, and the determination of specific, and likely differing, partner-level determinations, that may be based on the individual tax returns and circumstances of each different partner.[12]

[11] As noted above, in making the determination of "reasonable cause" and other defenses at the partnership level, courts look to the conduct of the managing partner of the partnership. Here, the managing partner of Stobie Creek is North Channel LLC, and the manager of North Channel is allegedly Jeffrey Welles. (See 2005 Complaint, ¶ 14(g) and (h).)

[12] Plaintiff complains generally that this separation of partnership and partner-level determinations is inefficient, at least, it claims, with regard to these cases. Congress, however, made a policy decision to adopt this specific scheme. It decided to separate the litigation of partnership items from the litigation of the particular defenses that individual partners may have to the computational adjustments that flow to their individual returns. And Congress decided to make this a conclusive separation, one not dependent on whether individual partners wanted, in any particular case, to intervene in a partnership proceeding and insert their own individual claims and defenses. Indeed, plaintiff's argument that partner-level defenses should be heard if the partners decide to participate in the partnership proceeding would, if accepted, create uncertainty and inefficiencies: in some cases all the partners may present their individual claims, in others they all may decide not to; in still other cases only some of the partners may present their individual claims, and other partners may wait for later refund proceedings. Congress's decision to avoid such a haphazard approach, and conclusively separate partnership and partner-level proceedings is clearly set forth in the Code, and it is must be enforced. *See, e.g., Hinck v. United States,* 127 S.Ct. 2011, 2017 (2007) ("We find nothing tellingly awkward about channeling such discrete and specialized questions of administrative operations to one particular

As noted above, §§ 6221 and 6226(f) grant jurisdiction only for the Court to determine issues at the partnership level, and not issues relating to defenses that individual partners might have to penalties determined in the FPAAs or by this Court. Individual partner-level defenses are raised only in refund actions by individual partners after the computational adjustments have been made to their individual tax liabilities based on an FPAA or a court's determination of partnership items and penalties. *See* 26 U.S.C. §§ 6230(c)(4) and 7422(h). The regulations also implement this statutory scheme. In particular, Treas. Reg. § 301.6226-1T(d) (1999) (as amended by T.D. 8808, 1999-10 I.R.B. 21) provides as follows:

> (d) Partner-level defenses. Partner-level defenses to any penalty, addition to tax or additional amount that relates to an adjustment to a partnership item, may not be asserted in the partnership-level proceeding, but may be asserted through separate refund actions following assessment and payment. See section 6230(c)(4). Partner level defenses are limited to those that are personal to the partner or are dependant upon the partner's separate return, and cannot be determined at the partnership level. Examples of these determinations are ... whether the partner has met the criteria of ... section 6664(c)(1) (reasonable cause exception) ...

This regulation is controlling, and the Court does not have jurisdiction over the very matters which the late-entering partners of Stobie Creek ask it to exercise jurisdiction. *See Jade, supra*, at 41 (upholding validity of and enforcing regulation).[13]

This is not the first time that the plaintiff has tried to litigate this issue in this case. Just last year this Court considered and rejected the plaintiff's attempt to expand the jurisdiction

---

court, even if in some respects it 'may not appear to be efficient' as a policy matter to separate refund and interest abatement claims.") *See also AD Global v. United States*, 67 Fed. Cl. 657, 660 - 61 (2005), and *Callaway v Commissioner*, 231 F.3d 106, 107 -10 (discussions of TEFRA's bifurcated scheme).

[13]*See also Fears v. Commissioner*, 129 T.C. 8 (2007).

conferred by §6226(f) to consider individual partner-level defenses. Much earlier during this lawsuit plaintiff served discovery designed to elicit information from the United States that might bear on the assertion of individual partner-level defenses in this lawsuit. The United States objected, and on November 28, 2006, the plaintiff filed a motion to compel the United States to produce the information sought in interrogatories and a request for production of documents.[14] The United States opposed the motion, asserting among other things that, because the Court lacks jurisdiction to consider individual partner-level defenses, it is not appropriate for the plaintiff to seek discovery bearing on individual partner-level defenses to penalties.[15] The plaintiff then filed a reply brief that makes the identical arguments raised in the instant motion, including attacking the regulation that implements §6221.[16] By Order entered March 14, 2007, the Court denied the motion to compel. The Court should deny this motion as well.

**IV.**

**<u>THE REGULATION IS VALID</u>**

Because Treas. Reg. 301.6221-1T so clearly confirms that the Court lacks jurisdiction to consider partner-level defenses to penalties, plaintiff has attacked the validity of the regulation. Unfortunately, plaintiff has not discussed the current controlling Supreme Court case law that governs the analysis of regulations supported by an express and specific grant of rule-making authority, such as this one, and which holds that courts should accord great deference to such

---

[14] Plaintiff's Motion to Compel Discovery. (Docket entry No. 20)

[15] United States' Response to Plaintiff's Motion to Compel Discovery, pp. 9 - 11. (Docket entry No. 21)

[16] Reply Memorandum in Support of Plaintiffs' Motion to Compel Discovery, pp. 8-9. (Docket entry No. 25).

agency regulations.

When enacting TEFRA, Congress included a specific grant of authority for the Secretary of the Treasury to issue regulations to carry out the purpose of the new partnership provisions. Section 6230(k) states as follows:

> (k) Regulations.– The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this subchapter. Any reference in this subchapter to regulations is a reference to regulations prescribed by the Secretary.

Under *Chevron USA, Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837 (1984), a regulation supported by such an express and specific grant of authority (*i.e*., a "legislative regulation") is entitled to the highest degree of deference – it must be given controlling weight unless it is arbitrary, capricious, or manifestly contrary to statute. *Id* at 843 - 44.[17]

Treas. Reg. § 301.6221-1T is not arbitrary, capricious, or contrary to the statute. To the contrary, it implements the TEFRA provisions and scheme, discussed above, requiring the determination of partnership items and the applicability of related penalties at the partnership level, and the separation of individual partner-level issues from that determination. The Treasury understood this TEFRA scheme when it issued the regulation in 1999:

> *Penalties Determined at the Partnership Level*
>
> Before the 1997 Act, the Internal Revenue Service (Service) could impose penalties on a partner only through the application of the deficiency procedures after the completion of a partnership level proceeding. Forcing the Service to open deficiency proceedings against the individual partners was inconsistent with the efficiency goal of the unified partnership audit rules. The 1997 Act cured this

[17] The principal authorities on which plaintiff relies, *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472 (1979) and *United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982) predate *Chevron.*

> problem by providing that, for partnerships under audit for taxable years ending after August 5, 1997, partnership level proceedings include the determination of applicable penalties at the partnership level. Partners now may raise any partner level defenses to the imposition of penalties only in a subsequent refund action.
>
> Consistent with these statutory changes, the temporary regulations mandate that the partnership's penalty defenses are to be resolved during the partnership proceeding. Nevertheless, any individual defenses that a partner may have to the imposition of a penalty may be brought by the partner in a refund action subsequent to the partnership level determination. In order to minimize the burden on individual partners to defend themselves by bringing their own refund suits, the temporary regulations incorporate a large number of defenses at the partnership level. The majority of a partner's defenses to the imposition of penalties are not specific to a particular partner, but can be determined by reference to the activities of the partnership. The applicability of these defenses may be resolved at the partnership level during the partnership proceeding. In addition, the temporary regulations modify the computational adjustment rules to allow the Service to assess penalties under those procedures.

T.D. 8808, 1999-1 C.B. 682. This Court, as in *Jade,* should find that the regulation is valid, and that it precludes the litigation of partner-level defenses to penalties in this case. *See Jade*, *supra,* at 41 ("The upshot is that the Ervins must pay the penalty and file individual refund actions in order to litigate reasonable cause. Section 6230(c)(4). While this is burdensome on the taxpayer, it is not reason to invalidate the regulation").[18]

---

[18] Treas. Reg. 301.6221-1T is also supported by § 7805(a), the more general grant of authority for regulations. The regulation is entitled to deference under this grant of authority as well. Accordingly, plaintiff's argument that the regulation is "not controlling on this Court" is wrong. *See Long Island Care at Home Ltd. v. Coke*, 127 S.Ct. 2339, 2345 - 46 (2007) (valid regulation accepted as "legally binding"); *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001), and *Chevron, supra*.

**V.**

**THE REGULATION DOES NOT "REPEAL" STATUTORY PROVISIONS AS PLAINTIFF CLAIMS**

Plaintiff's argument that Treas. Reg. § 301.6221-1T is invalid rests primarily on a claim that the regulation "repeals" or conflicts with certain statutory provisions. (See Motion, p. 8.) Plaintiff argues that the regulation violates §§ 6213 and 6225 of the Code because it allegedly alters the "long-standing mandate" of the Code that taxpayers be allowed to avoid paying an asserted deficiency while contesting its validity in Tax Court. (See Motion, p. 8 - 9.) Plaintiff is wrong.

First, Treas. Reg. § 301.6221-1T (and the other regulations concerning the litigation and assessment of partnership items and penalties) cannot violate § 6213 – and its "mandate" delaying assessment – for the simple reason that Congress expressly decided that the normal deficiency procedures, *including § 6213*, do not apply to the assessment or collection of taxes and penalties owed because of an adjustment to partnership items. Section 6230(a)(1) plainly states that "subchapter B [Deficiency Procedures in the Case of Income, Estate, Gift, and Certain Excise Taxes, comprising §§ 6211 - 6216] of this chapter [Chapter 63 – Assessments] shall not apply to the assessment or collection of any computational adjustment." Computational adjustments are the amounts due from the taxpayers behind a partnership as the result of adjustments to partnership items and the related application of penalties. *See* 26 U.S.C. § 6231(a)(6) and Treas. Reg. § 301.6231(a)(6)-1T(a) (1999) (as amended by T.D. 8808, 1999-10 I.R.B. 21). Congress also provided in § 6230(a)(2)(A)(i) that the normal deficiency procedures would, nevertheless, apply to deficiencies attributable to "affected items which require partner

level determinations (*other than penalties*, additions to tax, and additional amounts that relate to adjustments to partnership items)...” (emphasis added). *See also* 26 U.S.C. 6231(a)(5) and Treas. Reg. § 301.6231(a)(5)-1T (1987).

In sum, therefore, §§ 6211 - 6216 do not apply to the assessment and collection of deficiencies attributable to partnership items, including related penalties. Whether or not Treas. Reg. § 301.6221-1T conflicts with § 6213 is irrelevant. Congress created a separate statutory scheme for the assessment and collection of taxes and penalties owed because of adjustments to partnership items. *See, e.g., AD Global*, 67 Fed. Cl. at 60 - 61, and *Callaway v. Commissioner*, 231 F.3d 106, 108 (2nd Cir. 2000) (“...Congress intended the procedures for subchapters B and C to have mutually exclusive jurisdiction over nonpartnership and partnership items respectively”).[19]

The different statutory scheme created by Congress for partnerships includes § 6225, which provides that the IRS cannot assess and collect deficiencies attributable to partnership items while a partnership-level proceeding is pending in Tax Court. 26 U.S.C. § 6225(a)(2). Significantly, assessment and collection is not barred if such a case is filed in district court or the Court of Federal Claims. Contrary to plaintiff’s claim, Treas. Reg. § 301.6221-1T does not conflict with this statutory provision at all – especially here, where plaintiffs elected not to file suit in Tax Court and take advantage of the bar on assessment in § 6225. As explained above,

---

[19] Contrary to plaintiff’s suggestion, the parenthetical in § 6230(a)(2)(A)(i) did not remove penalties from the definition of “affected item.” The reason for the parenthetical in that subsection is that penalties *are* an affected item, and Congress intended that penalties, unlike other affected items requiring partner-level determinations, will not be subject to the normal deficiency procedures. If penalties were not an affected item, the parenthetical would be unnecessary. *See e.g.,* Treas. Reg. § 301.6231(a)(6)-1T(a) (1999)

Treas. Reg. § 301.6221-1T simply implements TEFRA's statutory scheme for the separation of partnership-level proceedings from individual partner refund cases. The regulation does not purport to allow the IRS to assess and collect taxes and penalties during the pendency of Tax Court partnership-level cases, in contravention of § 6225.[20]

## VI.

## PLAINTIFF'S ARGUMENT THAT THE IRS ADVOCATES THE DETERMINATION OF PARTNER LEVEL DEFENSES IN PARTNERSHIP PROCEEDINGS IS BASELESS

Plaintiff's claim that the IRS itself has "advocated" that individual partner-level defenses be presented in a partnership-level case is wrong. Initially, it simply makes no sense that the IRS would advocate a procedure that is so clearly precluded by Treas. Reg. § 301.6221-1. In fact, plaintiff's mistaken claim is based on an obvious misreading of the two IRS documents it cites.

The passage quoted (at p. 12) is consistent with everything the United States has stated

---

[20] Plaintiff's citation of *Klamath Strategic Investment Fund LLC v. United States*, 472 F.Supp.2d 885 (E.D. Tex. 2007), does not support its argument that Treas. Reg. 301.6221-1T is invalid. The court in *Klamath* did not examine at all the validity of, or deference due, the regulation under *Chevron*. Instead, it described the regulation as a mere "suggestion," and then ignored the regulation because it believed there would be no "administrative benefit" from additional partner-level proceedings. *Klamath* 472 F.Supp. at 903 - 4. Because the *Klamath* court ignored the regulation and considered partner-level defenses (of St. Croix and Rogue), it erred. It also disregarded its own stated understanding of *Santa Monica Pictures* – that the reasonable cause exception may be considered at the partnership-level if it involves actions by the managing member partner. *Id.* *Klamath* is currently on appeal to the Fifth Circuit. Just last week, the Seventh Circuit issued its opinion in *Cemco Investors, LLC v. United States*, No. 07-2220 (7th Cir. filed February 7, 2008), and expressly disagreed with an earlier decision in *Klamath* invalidating the retroactive application of Treas. Reg. § 1.752-6. The Seventh Circuit held that the regulation applies retroactively, effective October 18, 1999. Treas. Reg. § 1.752-6 disallows the tax benefits claimed by Stobie Creek and the Welleses. *Cemco* concerned a tax shelter, virtually identical to the one at issue here, implemented by Paul Daugerdas, one of the lawyers from Jenkens & Gilchrist who designed and sold the Welleses' tax shelter. The engagement letter here identifies Paul Daugerdas as one of the principal tax attorneys for the engagement. Mr. Daugerdas has declined to testify in this case, citing the Fifth Amendment.

above. The coordinated issue paper clearly states that an individual partner's reasonable cause defenses under § 6664 are a type of partner-level defense raised in subsequent partner-level refund suits. It also states that, if an individual partner is the partnership's general partner, that partner's partner-level reasonable cause defense may be disposed of by the determination of the partnership-level reasonable cause defense, which is based on the actions of that partner because he or she was the general partner. The IRS is, therefore, simply acknowledging the possible application of collateral estoppel. The passage is also consistent with the decisions in *Santa Monica Pictures* and *Long Term Capital*, discussed above: partnership-level defenses include a reasonable cause claim only to the extent it is based on the partnership's and general partner's actions.

**CONCLUSION**

For all the reasons above, the Court should deny plaintiff's motion.

Respectfully submitted,

*s/ Stuart D. Gibson*
Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

John A. DiCicco
Deputy Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section
Jacob E. Christensen
*s/ Cory A. Johnson*
Of Counsel

Dated: February 11, 2008