**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** <br> **No. 07-520-T** |
| **v.** | ) | **Judge Christine O.C. Miller** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE DEPOSITION TRANSCRIPT**[1]

The plaintiffs have moved the Court for leave to file portions of the transcript of the deposition of William Vogel, taken in London, UK on August 13, 2007. The Court has directed the defendant to respond by February 14, 2008. In response, the defendant does not object to the Court receiving the portions of the Vogel deposition designated by the plaintiffs who are properly before this Court, subject to the counter-designation permitted by RCFC 32(a)(4). A chart showing the plaintiffs' designations and the defendant's counter-designations is attached as

[1]The motion purports to be filed not only by the named plaintiffs in these two consolidated cases – JFW Enterprises, Inc. and JFW Investments, LLC – but also by 12 purported "plaintiffs" that are not properly before this Court: DKW Senior Enterprises, Inc., DKW Junior Enterprises, Inc., VJ Enterprises, Inc., PCW Enterprises, Inc., CSW Asset Management, Inc., DKW Senior Investments LLC, DKW Junior Investments LLC, VJ Investments LLC, PCW Investments LLC and CSW Investments LLC. None of these other moving parties has ever complied with RCFC App. F, Rules 4 and 6. Those rules – which are binding under 26 U.S.C. §6230(l) – require partners in a TEFRA partnership who wish to participate in a case filed under 26 U.S.C. §6226 (like this one) to file a "notice of election to participate" within 45 days after the notice of assignment. None of these movants has ever done so, and the time has long passed for them to seek to participate under the rules. As such, none of these movants is properly before the Court, and none may be treated as a "participating partner" under RCFC App. F, Rule 6(b).

Exhibit A. Because the deposition was recorded on videotape, the defendant asks the Court to receive the designated portions of the deposition on videotape, in a format that allows the transcript to be displayed with the video.[2]

Respectfully submitted,

*/s/ Stuart D. Gibson*

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
P.O. Box 403, Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

John A. DiCicco
Deputy Assistant Attorney General

David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal
Claims Section

*/s/ David Gustafson*
Of Counsel

Dated: February 14, 2008

[2]Should the Court deny any of the counter-designations filed with this response, the defendant will file a separate motion for leave to file those portions of the transcript, under RCFC App. A, R. 15(b).