**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T &** **No. 07-520-T** |
| **v.** | ) | **Judge Christine O.C. Miller** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

---

**MOTION OF THE UNITED STATES *IN LIMINE* TO EXCLUDE THE REPORTS AND TESTIMONY OF IRA SHEPARD AND STUART SMITH**

---

JOHN A. DICICCO
Deputy Assistant Attorney General

DAVID GUSTAFSON
Chief, Court of Federal Claims Section

STUART D. GIBSON
Senior Litigation Counsel
U.S. Department of Justice
Tax Division, Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586 (Phone)
(202) 307-2504 (Fax)

CORY A. JOHNSON
JACOB E. CHRISTENSEN
Trial Attorneys, Court of Federal
Claims Section

# TABLE OF CONTENTS

Page(s):

Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Professor Shepard Disagrees With IRS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Stuart Smith Gives an Opinion About the Applicable Law and How It Applies Here. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Arguments

I. The Courts Routinely Prohibit Parties From Offering Opinion Testimony on the Law, Because That Testimony Improperly Invades the Court's Province. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. Professor Shepard's Report and Testimony Consist Solely of Legal Opinions and Conclusions, and the Court Should Exclude Them.. . . . . . . . . . . . . . 7

III. Stuart Smith's Report and Testimony Consist of Impermissible Legal Conclusions Based on Inapplicable Law, and the Court Should Exclude Him As Well. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

Page(s):

CASES

Abbott Laboratories v. Brennan, 952 F.2d 1346 (Fed. Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 5

Adalman v. Baker, Watts & Co., 807 F.2d 359 (4th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . 6

Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Burkhart v. Washington Metropolitan Area Transit Authority,
112 F.3d 1207 (D.C. Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Casper v. SMG, 389 F. Supp. 2d 618 (D. N.J. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re Initial Public Offering Sec. Litigation, 174 F. Supp. 2d 61 (S.D.N.Y. 2001). . . . . . . . . . . . . 6

Klamath Strategic Investment Fund v. United States,
472 F. Supp. 2d 885 (E.D. Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Loeb v. Hammond, 407 F.2d 779 (7th Cir. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Long Term Capital Holdings v. United States, 330 F. Supp. 2d 122 (D. Conn. 2004). . . . . . . . . 10

Marx & Co., Inc. v. Diners' Club, 550 F.2d 505 (2nd Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . 6

Montgomery v. Aetna Casualty & Surety Co., 898 F.2d 1537 (11th Cir. 1990). . . . . . . . . . . . . . . 6

Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92 (1st Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Northwest Airlines Corp. Antitrust Litigation,
197 F. Supp. 2d 908 (E.D. Mich. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Owen v. Kerr-McGee Corp., 698 F.2d 236 (5th Cir. 1983).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pelletier v. Main Street Textiles, LP, 470 F.3d 48 (1st Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . 5

Peterson v. City of Plymouth, 60 F.3d 469 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

The Pinal Creek Group v. Newmont Mining Corp.,
352 F. Supp. 2d 1037 (D. Ariz. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Page(s):

Specht v. Jensen, 853 F.2d 805 (10th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Boyle, 469 U.S. 241 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Curtis, 782 F.2d 593 (6th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

United States v. Leo, 941 F.2d 181 (3rd Cir. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

United States v. Vargas, 471 F.3d 255 (1st Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Vreeken, 803 F.2d 1085 (10th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ward v. Westland Plastics, Inc., 651 F.2d 1266 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . 6

White Mountain Apache Tribe v. United States, 10 Cl. Ct. 115, 116 (1986). . . . . . . . . . . . . . . . . . 2

STATUTES & REGULATIONS

31 C.F.R. § 10.0 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Internal Revenue Code of 1986 (26 U.S.C.):

§752. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
§754. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Treas. Reg. § 1.6662-4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Treas. Reg. § 1.6664-4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

MISCELLANEOUS

*McCormick on Evidence*, § 12 at 26-27. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rules of the Court of Federal Claims:

7(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
16. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T & No. 07-520-T** |
| **v.** | ) | **Judge Christine O.C. Miller** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**MOTION *IN LIMINE* OF THE UNITED STATES TO EXCLUDE THE REPORTS AND TESTIMONY OF IRA SHEPARD AND STUART SMITH**

Pursuant to RCFC 7(b) and 16, the United States moves for an order *in limine* excluding from evidence the report and testimony of Mr. Ira Shepard, a tax law professor, and Mr. Stuart Smith, a tax lawyer, both of whom plaintiffs have identified as "expert witnesses" they intend to call at trial. Mr. Shepard and Mr. Smith offer nothing other than impermissible discussions of law, and applications of their view of the law to the alleged facts. Presentation of this legal argument – in the guise of purported "expert legal testimony" – will only waste time and unduly delay the trial proceedings in this case. More importantly, by offering this so-called "evidence" the plaintiffs improperly attempt to usurp the role of this Court.

A motion *in limine* is a recognized method under RCFC 16 (and Fed. R. Civ. P. 16) for obtaining a pretrial order simplifying issues for trial. Such a motion enables a court to rule in advance of trial on the admissibility of proposed documentary or testimonial evidence, thus

conserving trial time and avoiding undue inquiry into immaterial or inadmissible questions. *White Mountain Apache Tribe v. United States*, 10 Cl. Ct. 115, 116 (1986); *Baskett v. United States*, 2 Cl. Ct. 356, 367-68 (1983).

## BACKGROUND

Plaintiffs have disclosed a total of five expert witnesses whom they intend to call at trial. Three of plaintiffs' experts are expected to testify about foreign currency options or foreign currency markets. Messrs. Shepard and Smith intend, however, to testify about the law they want the Court to apply in this case, and how the Court should treat the plaintiffs' tax shelter under that law.[1]

### I. PROFESSOR SHEPARD DISAGREES WITH THE IRS

Ira Shepard is currently a member of the faculty of the University of Houston Law Center, where he teaches federal income tax courses. He also regularly speaks about tax developments at tax institutions across the country. (Shepard Report, attached as Exhibit 1, pp. 1-2.) According to Professor Shepard, plaintiffs retained him to provide "opinions regarding the allegations of the United States of America ("the IRS") in connection with its examination of [Stobie Creek's] income tax returns . . ." (Shepard Report, p. 1.) At the beginning of the report he submitted in this case, after summarizing his view of the facts, Professor Shepard aptly describes his opinions (at 10):

> Throughout the remainder of this report, I assess the IRS's arguments and my more reasonable interpretation of the tax laws as they apply to the matters at issue in these lawsuits.

---

[1] "Plaintiffs" in this motion refers to JFW Investments LLC and JFW Enterprises, Inc., the only two participating partners in these consolidated cases.

Professor Shepard then discusses numerous cases and Code provisions in an attempt to show why Stobie Creek is entitled to the tax benefits it claims. (Shepard Report, pp. 12-82.) Later in the report, Professor Shepard addresses the applicability penalties and states (at 82):

> Throughout the remainder of this part of my report, I assess whether the Stobie Creek Plaintiffs are entitled to waiver of the accuracy-related penalties under the exception provided in § 6664 or on some other grounds.

Professor Shepard again discusses what he believes are the applicable legal authorities, and tests Stobie Creek's actions and the Jenkens & Gilchrist opinion letters given to the Welleses against the authorities that he believes should control the resolution of this dispute. (Shepard Report, pp. 82-106.)

Professor Shepard's ultimate conclusion is that "the Stobie Creek Plaintiffs did not violate the intent of Congress when they chose to participate in the DOIS Strategy." He closes by urging this Court to "rein in the IRS." (Shepard Report, p. 106.)

## II. STUART SMITH GIVES AN OPINION ABOUT THE APPLICABLE LAW AND HOW IT APPLIES HERE

Stuart Smith is a tax lawyer practicing in New York City. He used to work at the Department of Justice as Tax Assistant to the Solicitor General. According to Mr. Smith, plaintiffs asked him to "address the question whether the Opinion of this law firm [J&G] is of the quality and character upon which taxpayers such as [Jeff] Welles could reasonably rely in preparing his tax returns." (Smith Report, attached as Exhibit 3, p. 1.) As Mr. Smith admitted in deposition, his opinion about the quality of the J&G opinion letter and whether Jeff Welles could

reasonably rely upon it addresses the "propriety of the imposition of penalties" in this case. (Smith Deposition, attached as Exhibit 4, p. 42.)[2]

To address the issue, Mr. Smith purportedly examined numerous "statutory, judicial and administrative authorities," reviewed depositions and documents produced in discovery in this case, and drew upon his "experience as a tax lawyer for more than 40 years." (Smith Report, p. 3-5.) In particular, Mr. Smith's opinion is based on his comparison of the J&G opinion letter to the requirements of Treasury Circular 230 as it existed in 2001. Mr. Smith admits that Treasury Circular 230, by its own terms, did not apply to the J&G opinion letter, but nevertheless believes it is a useful "litmus test." (Smith Report, p. 8, n. 4 and Smith Dep. p. 58.) Additionally, although Mr. Smith did not bother to cite or discuss the cases in his report, he also bases his opinion on his reading of what he believes to be the relevant case law that the Court should apply in deciding this dispute, and how that particular view of the law applies to the facts which the plaintiffs have alleged here. (Smith Report, pp. 8 and Smith Dep. pp. 108-09, 114-16.)

Based on this legal analysis, Mr. Smith concludes that the J&G opinion letter is "objectively reasonable," and is an opinion letter on which Jeff Welles could reasonably rely. (Smith Report, p. 22 and Smith Dep. pp. 71-72, 153.)[3]

---

[2] Only Stobie Creek can present a reasonable cause defense to penalties in this partnership-level TEFRA proceeding. (*See* The United States' Response to Plaintiff's Motion for an Order "Confirming Jurisdiction" to Decide the Applicability of Penalties and Any Defenses Thereto, filed February 11, 2008.) Accordingly, to the extent Mr. Smith and Mr. Shepard are opining on partner-level defenses to penalties, their opinions not only constitute improper expert testimony, they are also irrelevant to the issues before the Court in this case.

[3] The J&G attorneys – Paul Daugerdas and Donna Guerin – that sold the tax shelter to the Welleses and were responsible for providing the opinion letter to them both refused to testify when the United States deposed them in this case. They asserted their Fifth Amendment privilege against self-incrimination.

## ARGUMENT

This Court has "broad discretion to exclude expert opinion evidence about the law that would impinge on the roles of the judge and the jury." *Pelletier v. Main Street Textiles*, LP 470 F.3d 48, 54 - 55 (1st Cir. 2006). *See also Abbott Laboratories v. Brennan* 952 F.2d 1346, 1352 (Fed. Cir. 1991) (trial court has broad discretion to admit or exclude expert testimony). The burden to show that an expert witness should not be excluded is on the party offering the expert. *See, e.g., United States v. Vargas*, 471 F.3d 255, 265 (1st Cir. 2006). Here, the "expert legal opinions" of both Professor Shepard and Mr. Smith clearly impinge on the role of this Court, and should be excluded.

### I. THE COURTS ROUTINELY PROHIBIT PARTIES FROM OFFERING OPINION TESTIMONY ON THE LAW, BECAUSE THAT TESTIMONY IMPROPERLY INVADES THE COURT'S PROVINCE

Rule 702 of the Federal Rules of Evidence governs expert testimony, and limits the scope of such testimony to specialized knowledge regarding factual matters (emphasis added):

> If scientific, technical, or other specialized knowledge *will assist the trier of fact* to understand the evidence or to determine *a fact in issue*, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . .

In construing this rule, the Court of Appeals for the Sixth Circuit succinctly described the proper scope of expert testimony:

> Experts are supposed to interpret and analyze factual evidence. They do not testify about the law because the judge's special knowledge is presumed to be sufficient . . .

*United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986). Indeed, it is an "axiomatic principle" that expert testimony about domestic law is not admissible. *See, e.g.*, *The Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) ("The principle that legal

opinion evidence concerning the law is inadmissible is so well-established that it is often deemed a basic premise or assumption of evidence law – a kind of axiomatic principle") (internal quotations omitted). As the court in *Burkhart v. Washington Metropolitan Area Transit Authority*, 112 F.3d 1207, 1213 (D.C. Cir. 1997), stated, "Each courtroom comes equipped with a 'legal expert,' called a judge."[4]

Similarly, testimony that consists of legal conclusions – the application of law to facts – is inadmissible because it does not assist the trier of fact, but, instead, impermissibly invades the role of the court. *See, e.g., Burkhart*, 112 F.3d at 1212; *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant"); *Marx*, 550 F.2d at 510 (2nd Cir. 1977) ("[S]uch testimony 'amounts to no more than an expression of the [witness's] general belief as to how the case should be decided" (quoting *McCormick on Evidence*, § 12 at 26-27)); *Peterson v. City of Plymouth*, 60 F.3d 469 (8th Cir. 1995); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("An expert may not, however, merely tell the jury what result to reach.... A witness also may not testify to the legal implications of conduct").

---

[4] Thus, courts have uniformly prohibited testimony on legal issues. *See, e.g.*, *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997); *Marx & Co., Inc. v. Diners' Club*, 550 F.2d 505, 509-10 (2nd Cir. 1977); *United States v. Leo*, 941 F.2d 181, 196 (3rd Cir. 1991); *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 365-68 (4th Cir. 1986); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Curtis*, 782 F.2d at 599 (6th Cir. 1986); *Loeb v. Hammond*, 407 F.2d 779, 781 (7th Cir. 1969); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995); *Ward v. Westland Plastics, Inc.*, 651 F.2d 1266, 1270 (9th Cir. 1980); *United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990); *Burkhart*, 112 F.3d at 1213 (D.C. Cir.); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) ("Every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law") (citing cases).

The case of *Casper v. SMG*, 389 F.Supp.2d 618 (D. N.J. 2005), is particularly instructive. In *Casper,* an antitrust case, plaintiff sought to have a law professor testify as an expert witness. Just as Messrs. Shepard and Smith do here, the expert in *Casper* "relies on case law and statutes, applying them to the contemporaneous documentary record and oral testimony ... to answer legal questions." *Id.* at 621. The court in *Casper* held that the proposed testimony, whether it was characterized as addressing an issue of fact or law, was inadmissible. The court concluded by saying that plaintiff "is free when the time comes to make such arguments and offer such conclusions in legal memoranda, [but] he may not do so through the expert testimony of a law professor." *Id*. at 622. *See also Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (proposed legal expert's testimony that "articulates and applies the relevant law" is inadmissible).

## II. PROFESSOR SHEPARD'S REPORT AND TESTIMONY CONSIST SOLELY OF LEGAL OPINIONS AND CONCLUSIONS, AND THE COURT SHOULD EXCLUDE THEM

A review of Mr. Shepard's report, which is to serve as the basis of his trial testimony,[5] quickly reveals that it consists of nothing but legal analysis and application of his view of the law to his view of the facts of this case. The report, consuming more than 100 pages, contains lengthy descriptions of numerous cases and sets forth in detail the manner in which Mr. Shepard would decide this case if he were the judge. Mr. Shepard's deposition and plaintiffs' Memorandum and Contentions of Fact and Law confirm this conclusion.

Like a legal brief, Professor Shepard's report begins (at 11) by identifying as "primary issues" each of the eight bases for the IRS's issuance of the FPAA to Stobie Creek, and then

[5] Plaintiffs' witness list, filed with the Court on February 7, 2008, states simply that Mr. Shepard's and Mr. Smith's testimony at trial will discuss the "[t]opics addressed in report and deposition."

proceeds (at 12-end) to attempt to refute them, one by one, based on Mr. Shepard's "more reasonable interpretation of the tax laws" as they apply to this case. Every opinion contained in the report is an inadmissible legal conclusion. For the Court's convenience, listed below are the opinions contained in the report, which are based on the report's own section headings. Also cited are the excerpts of Mr. Shepard's deposition (attached as Exhibit 2) that confirm each of the opinions was derived by Mr. Shepard solely by applying his interpretation of the law to his view of the facts in this case.

1. "The Potential Liability on the DOIS Short Position Did Not Reduce Basis in Early 2000" (Report, pp. 43-45; Dep. pp. 17-19);

2. "The Stobie Creek Partnership DOIS Transactions Were Separate Offsetting Options" [6] (Report, pp. 45-47; Dep. pp. 20-21);

3. "The Stobie Creek Partnership DOIS Transactions Were Entered Into With a Profit Motive" (Report, pp. 47-48; Dep. pp. 22-25);

4. "The §465 At-Risk Provisions are Inapplicable to the Stobie Creek Partnership" (Report, p. 48; Dep. p. 25);

5. "Reg. §1.701-2 is Inapplicable to the Stobie Creek DOIS Transactions in March-April 2000" (Report, pp. 49-51; Dep. pp. 26-28);

6. "The Stobie Creek LLC and the DOIS Strategy Were Not Shams in Early 2000" (Report, pp. 51-52; Dep. pp. 28-29);

7. "The Stobie Creek LLC and DOIS Strategy Had Business Purposes Other Than Tax Avoidance" [7] (Report, pp. 52-74; Dep. pp. 29-33);

---

[6] This conclusion is "one of law and not of economics," as confirmed by Mr. Shepard at his deposition. (Shepard Dep. p. 21.)

[7] Mr. Shepard also opines (at 73-74) that the full amount of transaction costs in this case should not be considered in determining whether a reasonable opportunity for a non-tax profit existed. This conclusion is based, not on any financial expertise possessed by Mr. Shepard, but rather on his interpretation and application of a private letter ruling issued by the Internal Revenue Service that is cited in the report. (Shepard Report, p. 73; *see also* Shepard Dep. pp. 50,

8. “The §6662 Accuracy-Related Penalties are Inapplicable to the Stobie Creek Partnership” (Report, pp. 74-106; Dep. pp. 56-57, 59-61).

Not surprisingly, each of the report’s “opinions” is also included as an argument in plaintiffs’ Memorandum and Contentions of Fact and Law, filed with the Court on February 7, 2008.

In fact, in their memorandum, plaintiffs confirm that Professor Shepard’s proposed “expert opinions” are legal argument when they claim that his testimony “will demonstrate [that] Plaintiffs relied on established rules of tax law for which substantial authority existed at the time of the transaction.” (Plaintiffs’ Memorandum, p. 33) Whether “substantial authority” existed for the purpose of imposing an understatement penalty at the partnership level is a question of law to be determined by this Court. *See* Treas. Reg. § 1.6662-4(d)(2) (“The substantial authority standard is an objective standard involving an analysis of the law and application of the law to relevant facts.”). Plaintiff’s are free to argue this issue to the Court in their legal memoranda, and to ask Professor Shepard to join their trial team. But Professor Shepard cannot present plaintiffs’ arguments from the witness stand.

Because Professor Shepard’s opinions are pure legal argument, will not assist the trier of fact, and improperly invade the role of this Court, the Court should exclude him from providing any testimony at trial.

---

52.) Mr. Shepard candidly acknowledged during his deposition that he does not possess the requisite expertise in economics to otherwise support such an “expert” opinion. (Shepard Dep. pp. 21-22.)

## III. STUART SMITH'S REPORT AND TESTIMONY CONSIST OF IMPERMISSIBLE LEGAL CONCLUSIONS BASED ON INAPPLICABLE LAW, AND THE COURT SHOULD EXCLUDE HIM AS WELL

Although more limited in scope, Mr. Smith's opinion – based on his review of the discovery in this case and research of the law he deems applicable – is also legal argument dressed up as an opinion of an expert witness. Mr. Smith intends to testify that Jeff Welles could reasonably rely upon the opinion letter he received from J&G (*i.e.* from Daugerdas and Guerin) because that letter, according to his analysis, meets the requirements of Treasury Circular 230, a set of rules issued by the Secretary of Treasury, and set forth in the Code of Federal Regulations. Not only is this opinion a legal conclusion, it is a conclusion based on the wrong law.

Treasury Circular 230 has no relevance to this case.[8] That circular contained only "the rules governing the recognition of attorneys, certified public accountants, enrolled agents and other persons representing clients before the Internal Revenue Service." 31 C.F.R. § 10.0 (1994). The relevant law for an "advice of counsel" defense to penalties, including a determination of whether the advice is worthy of reliance, is provided by § 6664(c) of the Code, Treas. Reg. § 1.6664-4(c), and related case law. *See, e.g., Long Term Capital Holdings v. United States*, 330 F.Supp.2d 122, 205 - 12 (D. Conn. 2004). For instance, Treas. Reg. § 1.6664-4(c)(1) sets forth some minimum requirements for the defense, including requirements that: (i) the advice must be based on all the pertinent facts and circumstances, and the law as it relates to those facts and circumstances; (ii) the advice must take into account the taxpayer's purpose for entering into the transaction and for structuring it in a particular manner; and (iii) the advice cannot be based on

---

[8] Mr. Smith applies Treasuary Circular 230 as it existed in 2001, when the J&G opinion letter was purportedly given to Jeff Welles. It has since been amended, and remains inapplicable.

unreasonable factual or legal assumptions. Mr. Smith makes no attempt to analyze this applicable regulation – nor could he, for the same reasons that apply to Professor Shepard's proposed testimony. And Mr. Smith cannot, as an "expert witness," testify as to what the relevant law is for a reasonable cause defense, or that it should include an application of Circular 230. The legal requirements or "elements" for a reasonable cause defense are questions of law solely for this Court to determine, and are not proper subjects of "expert" testimony. *See United States v. Boyle,* 469 U.S. 241, 249 n. 8 (1985).

Not only is Circular 230 irrelevant to the determination of a reasonable cause defense to penalties at the partnership level, Mr. Smith's application of the circular clearly impinges on the role of this Court, just as his application of any legal rules to the facts of this case would. In his report, Mr. Smith sets forth the "five elements" he believes are required by § 10.33 of Circular 230 for a "tax shelter opinion." (Smith Report, p. 8 and Smith Dep. p. 11.) He then proceeds to determine whether the J&G opinion letter satisfies these requirements, assuming that the factual representations of the letter are true. (Smith Dep. p. 11.) For example, with regard to one issue, he discusses § 752 and § 754 of the Code and states that J&G's opinion is "objectively reasonable because it is squarely supported by the language of the applicable provisions that were extant." (Smith Report, p. 13.) He also identifies the "central tax issue in this case" and states that he agrees with J&G's legal conclusion on the issue. (*Ibid*.)

Thus Mr. Smith clearly plans to present his explicit legal analysis and argument on the merits of the case. Indeed, Mr. Smith admitted in his deposition that his conclusion that the letter is "objectively reasonable" is based on his review of the cited authorities and knowledge of tax law. (Smith Dep. pp. 51-59, 71-72.) For all the reasons discussed above with regard to the

Shepard report, this is not a proper subject for expert testimony. Similarly, Mr. Smith's opinion that Jeff Welles could reasonably rely on the letter is an impermissible legal conclusion. *See, e.g., Peterson,* 60 F.2d at 475 (expert testimony on "reasonableness" of conduct was a legal conclusion, and its admission was an abuse of discretion).

In sum, Mr. Smith does not offer any "scientific, technical or other specialized knowledge" that will assist this Court determine a "*fact* in issue." To the contrary, he intends to tell this Court what legal criteria are relevant for a reasonable cause defense to penalties, whether they are met in this case and – just as Professor Shepard plans to opine – whether the law supported the tax benefits Stobie Creek claimed. These opinions are inadmissible as expert testimony, and the Court should exclude Mr. Smith from offering evidence at trial.[9]

---

[9] Plaintiffs may argue that because Mr. Smith testified in *Klamath Strategic Investment Fund v. United States*, 472 F.Supp.2d 885 (E.D. Tex. 2007) (*appeal pending*, Fifth Circuit Court of Appeals), he should be allowed to testify here. But the United States did not challenge the admission of Mr. Smith's testimony in *Klamath*. Thus, the *Klamath* court had no occasion to rule on whether Smith's testimony was proper or admissible. More importantly, the admission of testimony in another case does not determine its admission here: "the admissibility or exclusion of ... expert testimony in other cases has no bearing whatsoever on the court's inquiry in the present case." *In re Northwest Airlines Corp. Antitrust Litig*., 197 F.Supp.2d 908, 914 n.6 (E.D. Mich. 2002).

## **Conclusion**

For all the above reasons, this Court should exclude from evidence at trial the report and testimony of Ira Shepard and Stuart Smith.

Respectfully submitted,
*/s/ Stuart D. Gibson*
Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
P.O. Box 403, Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

John A. DiCicco
Deputy Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney, Court of Federal Claims Section
Jacob E. Christensen
Trial Attorney, Court of Federal Claims Section

*/s/ David Gustafson*
Of Counsel

Dated: February 19, 2008