# EXHIBIT C

**FORM 6**
**SUBPOENA**

# United States Court of Federal Claims

STOBIE CREEK INVESTMENTS LLC,
JFW ENTERPRISES, INC., Tax Matters
and Notice Partner, Plaintiff

*vs.* *No.* 05-00748

*THE UNITED STATES*

**SUBPOENA**

To: David F. DeRosa

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
*Place of Testimony*:
*Date and Time*:
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
*Place of Deposition:* 1666 K Street, N.W., Suite 300, Washington, DC 20006
*Date and Time:* October 25, 2007 at 9:00 a.m.
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attached Rider
*Place:* Schiff Hardin LLP, 6600 Sears Tower, Chicago, IL 60606
*Date and Time:* October 23, 2007 at 9:00 a.m.
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
*Premises:*
*Date and Time:*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

Colleen M Feeney Attorney for Plaintiff Oct. 22, 2007
ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Colleen M. Feeney, 6600 Sears Tower, Chicago, IL 60606 (312-258-5717)
ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | Personal Service |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

□ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________ DATE

______________________ SIGNATURE OF SERVER

______________________ ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

**(3)(A)** On timely motion, the court shall quash or modify the subpoena if it

**(i)** fails to allow reasonable time for compliance;

**(ii)** requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

**(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies, or

**(iv)** subjects a person to undue burden.

**(B)** If a subpoena

**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or

**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

**(iii)** requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)** A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(2)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br>Plaintiff<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 05-748 T & 07-520 T<br><br>Judge Christine O. C. Miller |

**NOTICE OF DEPOSITION**

To: Stuart D. Gibson, Esq.
Cory A. Johnson, Esq.
U.S. Department of Justice
Room 8108, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

PLEASE TAKE NOTICE that, pursuant to United States Court of Federal Claims Rule 30, we will take the deposition of David DeRosa on October 25, 2007 at 9:00 a.m. The deposition will take place at the offices of Schiff Hardin LLP, 1666 K Street, N.W., Suite 300, Washington, DC 20006. The deposition will be recorded by stenographic means and by videotape.

The witness is requested to produce or permit inspection of originals or copies of all documents requested by the document rider attached to this Notice of Deposition on or before October 23, 2007 at 6600 Sears Tower, Chicago, IL 60606.

Dated: October 22, 2007

SCHIFF HARDIN LLP

Colleen M Feeney

Robert E. Kolek
Thomas R. Wechter
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500
Attorneys for Plaintiffs

**DOCUMENT RIDER**

**DEFINITIONS**

1. The term "Document" as used herein, shall mean and include every writing or record of every type and description that is or has been in your possession, custody or control, or of which you have knowledge, including without limitation, correspondence, memoranda, stenographic or handwritten notes, communications conveyed through the use of any message system using telecommunications network lines between computers, e-mail, studies, publications, books, pamphlets, pictures, films, voice recordings, maps, surveys, minutes or statistical data, data processing cards, computer record or type or printout, computer tapes, cards and printouts, and other data compilation from which information can be obtained or translated, if necessary, by Plaintiff through detection devices into reasonably usable form, as well as any and all copies of all documents; every copy of such writing or record where the original is not in the possession, custody or control of Defendant, and every copy of every such writing or record where such copy is not an identical copy of any original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

2. The terms "and" and "or" shall be construed conjunctively or disjunctively, or both conjunctively and disjunctively, so as to acquire the broadest meaning possible. The singular form of a word shall be interpreted as a plural as well, and vice-versa.

3. The terms "relating to" and "relate" mean directly or indirectly referring to, pertaining to, constituting, discussing, describing, referencing, evidencing, concerning, describing, constituting, or having anything to do with, in whole or in part.

4. "Defendant" as used herein, is intended to and shall embrace and include the named Defendant, all agencies of the federal government involved any time in this matter at any

stage (at the administrative, judicial, or other stage specifically including the Internal Revenue Service, Treasury Department, and Department of Justice), current and prior counsel for Defendant, and all agents, servants, employees, representatives, private investigators, contractors, experts, and others who are in possession of or who may have obtained information for or on behalf of Defendant.

5. "Plaintiff" as used herein shall mean and refer to Stobie Creek and its partners.

6. "You" or "deponent" as used herein shall mean David DeRosa.

7. The terms "refer" or "relate" as used herein shall mean, in addition to the customary and usual meaning, evidence, consist, refer to, relate to, embody, contain, mention, discuss, criticize, contradict, is based upon, pertain, constitute, or connect in any logical or factual way with the referenced matter.

## INSTRUCTIONS

1. Please produce complete copies of all requested documents within your possession, access, custody, and/or control.

2. To the extent that a given request relates to a document that has been previously produced or is requested elsewhere, you need not produce it again provided that you specifically identify that document in response to each applicable request.

3. If you object to any portion of any request, state the specific grounds for such objection and produce all documents which you do not object to producing.

4. Any document responsive to any request should be identified as being responsive to the specific request involved. If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

5. This request for production of documents shall be deemed continuing in nature, and Defendant is under a duty to supplement its responses promptly with respect to any document requests contained herein, if additional documents should come to its attention at any time prior to the conclusion of the trial of this case.

6. If any privilege is claimed as to any information called for by any request: (a) identify the privilege claimed; (b) state the basis for the claim of privilege as to each specific item of information, document, or oral communication; (c) state the title and type of document or communication and the date thereof; (d) identify each person who prepared or made the document or communication, and each person, if any, who signed any such document; (e) identify each person to whom the document or communication or any copy, summary, digest, or other description thereof was directed, circulated, or distributed; (f) identify each person now in possession of the document or such copy, summary, digest, or other description; and (g) give a brief summary of the subject matter and content of the document or communication.

**DEPOSITION RIDER FOR DAVID DeROSA**

1. Deponent's current *Curriculum Vitae* and Bibliography.

2. All deposition transcripts, books, articles, treatises, or other documents or things reviewed by the deponent in conjunction with this case or upon which he is relying in formulating opinions in this case.

3. All notes, preliminary impressions, test results, opinions, reports, draft reports, bills and other documents or things generated by the deponent, or those working for the deponent, in conjunction with this case.

4. Copies and citations of any articles, texts, cases, statutes, or other literature or rules and regulations upon which the deponent relies to support his opinions in this case.

5. Any materials upon which the deponent relies in support of, or which form a basis of, his opinions in this case.

6. Any and all materials to which the deponent referred, or sources of information which he consulted in this case, including, but not limited to legal memoranda prepared by the Department of Justice.

7. Any correspondence relating to this lawsuit to or from this deponent and the Department of Justice, including, but not limited to all billing statements from the deponent to the attorney and/or entity by whom he was retained.

8. Any correspondence to or from this deponent on any matter other than this case, in which he has testified, at deposition or at trial, as an expert witness, and the attorney and entity by whom he was retained.

9. A list of all other cases in which the deponent has testified, at deposition or at trial, including the attorney by whom he was retained and the jurisdiction in which the matters are or were pending.

10. Copies of any documents regarding, or correspondence between, the deponent and any service which finds consultants for litigation or any advertising service in which the deponent has been listed.

11. The court reporter's name and date of any deposition or trial testimony of this witness as an expert in any case, and any such transcripts in possession of the deponent, defendant's counsel, or Defendant.

12. Any notes prepared or materials collected or retained by the witness in connection with the review of materials in this case, or in the preparation of any oral or written reports.

13. Any and all articles, testimony, transcripts, studies, books, computer database information, videotapes, literature, materials or other tangible items relating to the opinions reached, or facts, issues, or work involved in this case. These include, but are not limited to, those items which the deponent has either prepared or authored, or those studies in which the deponent has participated.

14. All materials sent by deponent to the Department of Justice, its agents or employees, including correspondence, invoices, etc., during or as a result of any matter in which deponent was retained by the Department of Justice.

15. All materials sent by the Department of Justice, its agents or employees, to the deponent, including correspondence, invoices, etc., during or as a result of any matter in which deponent was retained by the Department of Justice.

16. All documents and records used as source data for Appendix III to the deponent's expert report.

## CERTIFICATE OF SERVICE

I, Colleen M. Feeney, an attorney, hereby certify that, on Monday, October 22, 2007, I caused a copy of the foregoing **NOTICE OF DEPOSITION** to be served upon the following by e-mail:

Stuart.D.Gibson@usdoj.gov; Cory.A.Johnson@usdoj.gov

Colleen M. Feeney

CHI\ 4799451.2