# EXHIBIT D

Case 5:04-cv-00278-TJW Document 149-12 Filed 08/31/2006 Page 2 of 4

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 22, 2005

Steven M. Bauer, Esq.
Latham & Watkins
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562

**United States v. Stein et al., 05 Cr. 888 (LAK)**

Dear Mr. Bauer:

We write in response to your letter of December 4, 2005, in which you request production of certain documents and propound various interrogatories, all of which you claim to be *Brady* material. The Government is aware of its obligations under *Brady*, has fully complied with them, and will continue fully to comply with them.

As you know, "[n]either *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), nor any other case requires the government to afford a criminal defendant a general right of discovery." *United States v. Evanchik*, 413 F.2d 950, 953 (2d Cir. 1969); *see United States v. Rueb*, 2001 WL 96177, at *6 (S.D.N.Y. Feb. 5, 2001) ("*Brady* establishes no general right of pretrial discovery and gives rise to no pretrial remedies."). Thus, *Brady* does not provide any basis to compel the Government to answer the various interrogatories you propound, (e.g., "Did every investor tell the government that his or her engagement letter was a lie?"), or to compel the Government to produce the materials you request that may memorialize statements made to the Government by various persons. *See United States v. Frank*, 11 F. Supp. 2d 322, 327 (S.D.N.Y. 1998) ("the Government may fulfull its *Brady* obligation by directing the defendant's attention to witnesses who may have exculpatory evidence."). *Brady* does not require the Government to disclose materially exculpatory evidence that is either known to the defense or that the defense could discover with diligence. Nor does *Brady* require the disclosure of all matter that the defense believes to be marginally favorable; required disclosure applies to information that is of such an exculpatory character as to create a reasonable probability of acquittal. *See Wood v. Bartholomew*, 516 U.S. 1, 5 (1995); *accord United States v. Bagley*, 473 U.S. 667, 682 (1985).

Under these standards, your requests are not subject to disclosure under *Brady* for various reasons, including that they call for material that is not exculpatory. For example, you claim that "evidence that the IRS or DOJ or any employee of the IRS or DOJ believed or stated that the FLIP, OPIS, BLIPS or Son of BOSS" shelters "complied or might comply with the then-existing Internal Revenue Code and regulations" is exculpatory. We disagree. At trial, we intend to prove that your client did not act in good faith, but instead operated with criminal intent. The fact that, unknown to your client, other individuals held or did not hold certain beliefs does not bear on your client's mental state. To the extent any such third parties shared these beliefs with your client, you are in as good a position as the Government to investigate those matters and offer the evidence, to the extent it is admissible and exculpatory. Thus, *Brady* would not require disclosure of the names of such persons, let alone disclosure of documents reflecting those beliefs. To the extent you believe that the beliefs of third parties unknown to your client is pertinent to some other issue at trial, please explain how.

Similarly, you request various materials, including internal IRS documents regarding certain IRS notices and the interpretation of various regulations and Internal Revenue Code provisions, without any indication that such materials were known to your client at the time he committed the crimes charged in the Indictment. Absent such a connection, we do not believe that such materials (assuming they exist and are in the custody or control of the prosecution team) would be subject to disclosure under either the discovery rules or pursuant to *Brady* because the meaning of regulations or Internal Revenue Code provisions is a legal matter to be decided by the Court, not a matter upon which evidence should be admitted at trial. Moreover, such a legal question would not be decided based on the internal deliberations of individual IRS employees, but by reference to the tools of statutory construction typically used by courts. To the extent your client claims to have known of or relied on such materials at the time of the events described in the Indictment, you are in as good a position as we are to investigate the matter and offer the evidence, to the extent it is admissible and exculpatory. Thus, *Brady* would not require disclosure of the materials you describe. Moreover, the allegations of the Indictment show that the defendants and their co-conspirators deliberately attempted to conceal the fraudulent shelters from the IRS, to misrepresent the facts regarding those shelters, and to conceal the true facts from the IRS. Thus, the views of an IRS employee subjected to the defendants' fraud regarding the validity of certain legal positions claimed by the defendants in their fraudulent opinion letters could hardly be exculpatory, even if such an employees' views were known to your client. To the extent you believe that internal communications among IRS employees or among others unknown to your client is pertinent to some other issue at trial to be decided by the

jury, please explain how.

Your requests also sweep well beyond the scope of the Government's *Brady* obligations in that they purport to request information known to the "IRS and the Department of Justice Civil and Criminal Divisions." As you know, when *Brady* claims are raised after trial, material is not deemed to be "suppressed" just because it is within the knowledge of some government employee; rather only matters known to the prosecution team are those that can be "suppressed" under *Brady*. To the extent you are aware of any authority that would impute the knowledge of all IRS and Department of Justice employees to the prosecution team for purposes of conducting a *Brady* analysis, please share it with us and we will review it.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: [signature]
JUSTIN S. WEDDLE
KEVIN M. DOWNING
STANLEY J. OKULA, JR.
MARGARET GARNETT
Assistant United States Attorneys
(212) 637-2312/1117/1585/2520