**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748T |
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-520 T<br>Consolidated with 05-748T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SETTLEMENT AND SETTLEMENT NEGOTIATIONS**

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
*ATTORNEYS FOR PLAINTIFFS*

Plaintiffs submit this motion in limine under Federal Rules of Evidence 408, 401, 402, 403, 801(C), and 802 to preclude admission of evidence or argument regarding party and non-party settlements with the IRS.

**I. INTRODUCTION**

On May 5, 2004, the IRS, under Announcement 2004-46, issued a settlement initiative targeting individuals purportedly involved in "Son of Boss" transactions. While Plaintiffs declined to participate in this initiative, other individuals, including Stephen J. Bores, the former Chief Executive Officer and a shareholder of Therma-Tru Corporation ("Therma-Tru"), settled with the IRS with respect to the tax treatment of his sale of Therma-Tru stock in 2000. Mr. Bores' settlement with the IRS is documented in a "Closing Agreement on Final Determination." In addition, on March 27, 2007, Jenkens and Gilchrest ("J&G") entered in a "Non-Prosecution Agreement" with the IRS for alleged criminal tax violations relating to tax shelter opinion letters that it issued, one of which was provided to Plaintiffs.

The Defendant seeks to offer into evidence documents and testimony relating to party and non-party settlements and negotiations under Announcement 2004-46. For example, the Defendant has identified as a proposed exhibit Mr. Bores' Closing Agreement on Final Determination along with numerous other documents relating to Mr. Bores' settlement with the IRS. In addition, the Defendant has identified as an exhibit the Non-Prosecution Agreement entered into with J&G. The Defendant should not be permitted to introduce such evidence or testimony at trial. The IRS' settlements and its negotiations with Plaintiffs or other non-parties cannot be used to prove or buttress its allegations against Plaintiffs in this case. Under Federal Rule of Evidence 408, settlement agreements are not admissible to prove liability. Moreover, even if such evidence were otherwise admissible, the settlements and related negotiations are

excludable under Federal Rules of Evidence 401, 402, and 403, because they lack probative value with respect to the issues in this case and any possible probative value is substantially outweighed by the damage of undue prejudice, confusion of the issues, and undue delay.

## II. ARGUMENT

### a. Evidence and Argument Regarding Settlements with Plaintiffs or Other Third Parties Are Inadmissible and Should Be Precluded

Federal Rule of Evidence 408 precludes evidence of compromise or settlement and/or conduct or statements made in compromise negotiations. Rule 408 provides:

> (a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a).

Evidence of settlement is considered inadmissible for two reasons. First, evidence of settlement is "irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position." Fed. R. Evid. 408, Advisory Committee's Notes. Second, Rule 408's bar to evidence of settlement embodies Congress's desire to facilitate the non-litigious settlement of disputes, which concomitantly lessens the overall burdens placed on the judicial system and allows litigants to reach mutually beneficial results. *Id.*; *see also Reichenbach v. Smith*, 528 F.2d 1072, 1074-75 (5th Cir. 1976) (recognizing that Rule 408 is designed to "encourage settlement" and provide relief to the courts' burgeoning dockets).

Moreover, the scope of Rule 408's exclusion is not limited to settlements or offers of settlement among parties to the present action, but also applies to settlements between a litigating

party and a third party. *See McHann v. Firestone Tire & Rubber Co.*, 713 F.2d 161, 166 (5th Cir. 1983) (liability may not established by proof of settlement with a third party); *Crigger v. Fahnestock & Co.*, No. 01 Civ. 781, 2005 WL 857368, at *1 (S.D.N.Y. April 14, 2005) (noting that Rule 408 "applies with equal force whether the settlement involves the litigants or a litigant and a third party"); *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (D. Iowa 2003) (holding "rule is not restricted to parties who were involved in the settlement"); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (2d Cir. 1992) ("We prefer to apply Rule 408 as written and exclude evidence of settlement offers to prove liability for or the amount of a claim regardless of which party attempts to offer the evidence."); 10 MCCORMICK ON EVIDENCE §266 (5th ed. 2003) (Evidence of settlements is inadmissible even if the settlements are between one party to the pending litigation and a third party). The Advisory Committee notes to Rule 408 expressly recognize that, although the rule is phrased in terms of "offers of compromise," a similar attitude must be taken with respect to completed compromises when offered where a "party to the present litigation has compromised with a third person." Fed. R. Evid. 408, Advisory Committee's Notes. Thus, Rule 408 precludes the Defendant from introducing evidence of its settlements and settlement negotiations with Plaintiffs, as well as any third-parties, such as Mr. Bores and J&G[1].

---

[1] The IRS may attempt to evade the reach of Rule 408 by arguing that its non-prosecution agreement with J&G is not a settlement. Such a position is without basis. While no case has addressed the applicability of Rule 408 to non-prosecution agreements, courts have applied the rule to similar arrangements. For example, Rule 408 has been applied by the courts to consent decrees, reasoning that these types of agreements between a governmental entity and a private party, by which the latter agrees to corrective conduct, are essentially the result of compromised civil claims. *See e.g., Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1413 (4th Cir. 1992); *U.S. v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981) (a civil consent decree, as settlement of a civil suit, is governed by Fed. R. Evid. 408.); *see also In re Cenco Inc. Sec. Litig.*, 601 F. Supp. 336, 337 n.3 (N.D. Ill. 1984) (SEC "accounting series release," which is "analogous to a consent decree," was

**b. Evidence Pertaining to Settlements, Whether With Plaintiffs or Third-Parties, Is Irrelevant and Unduly Prejudicial.**

Any evidence relating to the IRS' settlements, whether with Plaintiffs or third-parties, is also irrelevant and thus inadmissible under Federal Rules of Evidence 401, 402, and 403. Settlement agreements are often motivated by the parties' desire to avoid litigation and not the relative merits of the case. *See U.S. v. Arias*, 2005 WL 3354934, at *6 (11th Cir. Dec. 12, 2005) (acknowledging that a basic premise underlying Rule 408 is that "evidence of compromise is not necessarily probative of liability"); *Goodyear Tire & Rubber Co. v. Chile's Power Supply*, 332 F 3d 976, 983 (6th Circuit 2003) (noting that the rationale behind the enactment of Federal Rule of Evidence 408 is that the statements made in furtherance of settlement are never relevant).

In *McPike, Inc. v. United States*, 15 Cl. Ct. 94, 90-1 U.S. Tax Case (CCH) P50-092 (Ct. Fed. Cl. 1988), this court affirmed the Magistrate Judge's grant of a motion in limine to exclude settlement information in a tax case. Pursuant to Rule 408 of the Federal Rules of Evidence, the plaintiff was excluded from introducing evidence at trial regarding particular circumstances surrounding the settlement by the IRS of similar claims in prior years. The Court noted, "to interpret Rule 408 otherwise would discourage meritorious settlement attempts, whether justified because of the small size of the amount involved, limited time and resources, avoidance of delay or similar reasons. Moreover, to allow the plaintiffs to introduce testimony . . . could introduce collateral issues not material in this case that would tend to 'confuse and obfuscate the central issues in the case.'" *Id.* at 99.

---

inadmissible under Fed. R. Evid. 408 for the purpose of demonstrating liability). Moreover, consent decrees have further been barred as evidence of culpability even when they are offered as evidence against a third party. *See Wentz v. Comm. of Internal Rev.*, 105 T.C. 1, 5-6 (1995) (holding that a consent order by petitioner's former insurance agent was inadmissible to demonstrate guilt on fraud allegations). It is inappropriate to attempt to enter into evidence statements reached through a process of compromise by J&G.

Under Federal Rule of Evidence 402, the court should bar evidence of settlement in the instant action because any probative value that it may have is substantially outweighed by the damage of unfair prejudice to Plaintiffs. Settlement agreements and negotiations with non-parties would inject an undue amount of confusion and waste of time, such that any probative information gained from its introduction will be substantially and unfairly outweighed by the ill effects of introducing the information. If the Court were to allow an inquiry into the issue of settlement with non-parties at trial, Plaintiffs will have to present additional evidence to put the settlement agreements and negotiations in context -- wasting time on ancillary issues. *United States v. Russell*, 707 F.2d 518, 520 (11th Cir. 1983) ("The Federal Rules of Evidence discourage the admission of extrinsic evidence to prove or disprove issues which are collateral to the subject matter of the case."); *Anderson v. WBMG-42*, 253 F.3d 561, 567 (2001) (Rule 403 permits exclusion when the probative value of the evidence is outweighed by considerations of time.) Evidence or testimony regarding actual settlements or settlement negotiations with either Mr. Bores or J&G, is simply not probative of Plaintiffs' conduct, is unduly prejudicial, and should be excluded.

**c. The Settlement Agreements Are Also Inadmissible Hearsay Under Rule 802**

The Closing Agreement on Final Determination entered into with Mr. Bores and the J&G Non-Prosecution Agreement are also inadmissible hearsay under Federal Rules of Evidence 801(C) and 802, if offered against the Plaintiffs here. Moreover, neither agreement qualifies for any exception to the hearsay rule, including the exception under Rule 803(8)(C) for certain public records or reports. Like business records, the records of a public agency are admissible hearsay under Rule 803(8), which allows, in relevant part: "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the

office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report … or (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicate lack of trustworthiness."

The contents of the Closing Agreement on Final Determination and the J&G Non-Prosecution Agreement are not admissible "factual findings" under 803(8)(C). Each agreement is riddled with legal conclusions, which are not admissible as findings of a public investigation. *See e.g.*, *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302-03 (11th Cir. 1989) (holding that legal conclusions were inadmissible "because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires"); *E.E.O.C. v. Columbia Alaska Reg'n Hosp.*, 126 Fed. Appx. 382, 383-84 (9th Cir. 2005) (holding that "an investigator's legal conclusion that the evidence constituted a prima facie case of discrimination would not have been admissible.").

Moreover, since these documents were prepared under adversarial circumstances, they do not meet the general trustworthiness requirement for admissibility as a public record. It has long been recognized that the trustworthiness of any report prepared in anticipation of litigation is questionable. *See Beech Aircraft*, 488 U.S. at 167 n. 11 (citing "possible bias when reports are prepared with a view towards litigation" as a factor in Rule 803(8)(C) analysis); *United States v. Durrani*, 659 F. Supp. 1183, 1187 (D. Conn. 1987) (Rule 803(8)(C) requires a report be "compiled for the purpose of impartially finding the facts, not in anticipation of litigation"); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1342 (3d Cir. 2002) (noting that an EEOC report "might also be untrustworthy where it is made in contemplation of litigation). Moreover, the

problem of untrustworthiness is particularly pronounced where, as here, the IRS who made the findings and is a party to the agreements, is the same party that then seeks to use those findings to its advantage in litigation.

## III. CONCLUSION

For the reasons set forth above and consistent with the law cited herein, Plaintiffs request that the Court bar the Defendant from introducing any evidence or argument whatsoever regarding party or third party settlements with the IRS.

Dated: February 19, 2008

Respectfully Submitted

SCHIFF HARDIN LLP

/s/ Robert E. Kolek

Attorneys for Plaintiffs
Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th of February, 2008, the undersigned counsel caused to be electronically filed *Plaintiffs' Motion in Limine to Exclude Evidence Of Settlement and Settlement Negotiations* using the CM/ECF system, which will send notification of such filing to the following named counsel of record:

Stuart D. Gibson, Esq.
Cory A. Johnson, Esq.
Trial Attorney
Tax Division
U. S. Department of Justice
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Colleen M. Feeney