# EXHIBIT A

UNITED STATES COURT OF FEDERAL CLAIMS

STOBIE CREEK INVESTMENTS, LLC, )
JFW ENTERPRISES, INC., Tax )
Matters and Notice Partner, )
Plaintiff, )
vs. ) 05-748 T
THE UNITED STATES OF AMERICA, )(Judge Block)
Defendant. )

The deposition of PAUL M. DAUGERDAS, called for examination, taken before ELLEN DUSZA, CSR No. 84-3386, a Notary Public within and for the County of DuPage, State of Illinois, and a Certified Shorthand Reporter of said state, at Suite 500, 219 South Dearborn Street, Chicago, Illinois, on the 30th day of August, A.D. 2007, at 9:07 a.m.



PRESENT:
SCHIFF HARDIN, LLP,
(6600 Sears Tower,
Chicago, Illinois 60606,
312-258-5717), by:
MS. COLLEEN M. FEENEY,
appeared on behalf of the Plaintiffs;

U.S. DEPARTMENT OF JUSTICE,
(Room 7201, Judiciary Center Building,
555 Fourth Street, NW,
Washington, DC 20001,
202-307-3046), by:
MR. CORY A. JOHNSON,
Trial Attorney, Tax Division,
appeared on behalf of the Defendant;

JENNER & BLOCK LLP,
(330 North Wabash Avenue,
Chicago, Illinois 60607,
312-222-9350), by:
MS. SHANNON BARTLETT,
appeared on behalf of the Deponent.
REPORTED BY: ELLEN DUSZA, CSR No. 84-3386.



(WHEREUPON, the witness was duly sworn.)
PAUL M. DAUGERDAS,
called as a witness herein, having been first duly sworn, was examined and testified as follows:
EXAMINATION
BY MR. JOHNSON:
Q. Good morning. Could you tell us your name and home residence for the record, sir?
A. My name is Paul Daugerdas and I live at 816 Forest Avenue in Wilmette, Illinois.
Q. Is that a single-family home on Forest Avenue?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Do you operate any business out of that residence?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States



Constitution
MR. JOHNSON: Counsel, do you want to agree that the witness can short-hand his response if he's going to give the same response that he's just given the last two times, that we can shorthand it somehow?
MS. BARTLETT: That sounds like a good idea to me.
MR. JOHNSON: Mr. Daugerdas, if you're intending to assert the same rights that you just did, if you want to shorthand it and say "Same response" or "I assert the Fifth," I think that's fine with counsel here.
MS. FEENEY: Yes.
MS. BARTLETT: That's fine.
BY MR. JOHNSON:
Q. Are you a lawyer, Mr. Daugerdas?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Are you licensed by Illinois as a lawyer?

A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. How long have you been a lawyer?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Did you work for the firm Jenkens & Gilchrist during the years 1999 through at least 2001?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Can you tell me what your practice was while you were at Jenkens & Gilchrist?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by



the Fifth Amendment to the United States Constitution.
Q. Did you have any specialties?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Did you specialize in tax law?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Do you have any education or training in finance or investments?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Do you have any education, training or expertise in foreign currency options?
A. Based upon the advice given to me by my



attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Do you have any education, training or expertise or experience in foreign currency markets?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Have you ever been in the business of providing investment advice?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Prior to joining Jenkins & Gilchrist were you with the law firm Altheimer & Gray in Chicago?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that



question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. When you were at Altheimer & Gray, did you work with Donna Guerin and Erwin Mayer?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Did Ms. Guerin and Mr. Mayer also work at Jenkens & Gilchrist when you were there?
A. Privileged.
Q. During the time period you were at Jenkens & Gilchrist, did you ever represent or provide advice to any member of the Welles family, and by that I mean David Welles, Sr. and his wife Georgia, and their children, David Welles, Jr., Jeff Welles, Peter Welles, Chris Welles or Virginia Welles Jordan?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States

Constitution.
Q. If we consider those individuals I just listed as the Welles family, can you tell me if you have ever had any communications with any members of the Welles family?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Have you ever provided any advice to the members of the Welles family regarding the tax results or tax consequences of any transactions they may have entered into?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Did you provide them any advice as to the tax benefits or tax consequences of a foreign exchange digital currency transaction?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that



question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Have you ever heard of the Welles family before, prior to receiving the subpoena in this case?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Mr. Daugerdas, I'd like to show you what has been previously marked as Welles Exhibit 96.
(WHEREUPON, the document marked Exhibit No. 96 was first referred to.)
BY MR. JOHNSON:
Q. This is a document that's been previously marked as Exhibit 96, Mr. Daugerdas, produced by plaintiff in this case or perhaps Jeff Welles. Could you turn to the fifth page of the document that's Bates stamped JFW-0651?
Is that your signature there?
A. Based upon the advice given to me by my



attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Can you tell me if this document is a copy of a confidentiality agreement that you signed on behalf of Jenkins & Gilchrist?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. I'd also like to show you -- ask you to take a look on the second page of the exhibit and that's the page Bates stamped JFW-0648. In the first paragraph there, the second sentence says, quote, "The confidential, proprietary information, (confidential information) involves certain financing structures (the structures) developed by J&G and/or its clients, consultants or co-counsel that provide economic, financial, business and tax advantages for individuals and companies through the use of the structures."
Do you see that sentence?



A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Did you have any involvement in developing the structures that are referenced here?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Do you understand the structures that are being referred to here, do you know what they are?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Do you know who else at Jenkins & Gilchrist -- do you know who at Jenkins & Gilchrist may have been involved in developing these structures?

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STOBIE CREEK INVESTMENTS, L.L.C., )
JFW ENTERPRISES, INC., Tax )
Matters and Notice Partner, )
Plaintiff, )
vs. ) NO. 05-748 T
UNITED STATES OF AMERICA, ) (Judge Block)
Defendant. )

The deposition of DONNA GUERIN, called as a witness for examination, taken before PAULINE M. VARGO, a Notary Public within and for the County of DuPage, State of Illinois, and a Certified Shorthand Reporter of said state, C.S.R. No. 84-1573, at Suite 500, 219 South Dearborn Street, Chicago, Illinois, on the 3rd day of August A.D. 2007, at 2:01 p.m.

PRESENT:
SCHIFF HARDIN, L.L.P.,
(6600 Sears Tower,
233 South Wacker Drive,
Chicago, Illinois 60606,
312.258.5500), by:
MR. AYAD JACOB,
ajacob@schiffhardin.com,
appeared on behalf of the Plaintiff;

U.S. DEPARTMENT OF JUSTICE,
(Room 7201, Judiciary Center Building,
555 Fourth Street, N.W.,
Washington, D.C. 20001,
202.307.3046), by:
MR. CORY A. JOHNSON,
Trial Attorney, Tax Division,
appeared on behalf of the Defendant.



PRESENT (Continued):
STETLER & DUFFY, LTD.,
(11 South LaSalle Street,
Chicago, Illinois 60603,
312.338.0214), by:
MR. MARK L. ROTERT,
mrotert@stetlerandduffy.com,
appeared on behalf of the Deponent.

REPORTED BY:
PAULINE M. VARGO,
C.S.R. No. 84-1573.



(WHEREUPON, certain documents were marked Guerin Deposition Exhibit Nos. 1 through 14, for identification, as of 8/3/07.)
(WHEREUPON, the witness was duly sworn.)
DONNA GUERIN,
called as a witness herein, having been first duly sworn, was examined and testified as follows:
EXAMINATION
BY MR. JOHNSON:
Q. Good morning.
A. Good afternoon.
Q. Or good afternoon. I am sorry. I don't know what time it is.
Could you tell us your name for the record?
A. Donna Guerin, G-u-e-r-i-n.
Q. And what is your current home address?
A. 500 South Kenilworth in Elmhurst, Illinois, 60126.
Q. Could you tell me -- I understand that you are a lawyer, Ms. Guerin, is that correct?
A. Based upon the advice given to me by my



attorney, I respectfully decline to answer that question based on the privileges granted to me by the Fifth Amendment to the United States Constitution.
Q. Did you formerly work for the law firm Jenkens & Gilchrist?
A. Based upon the advice given to me by my attorney, I respectfully decline to answer that question based upon the privileges granted to me by the Fifth Amendment to the United States Constitution.
MR. JOHNSON: Could we go off the record for a second, or do you want to put this on the record?
MR. ROTERT: I would like to put it on the record.
MR. JOHNSON: Okay.
MR. ROTERT: It would possibly help us all get through the afternoon more rapidly if we could have an agreement and it's all right with counsel that Donna would answer questions where she intends to assert the privilege by just saying "I assert the privilege," but I would ask if we could agree that in the event that this transcript ever were to be read or considered that it would be considered as

though she read the entire assertion that she has read into the record a couple of times, but just to shorthand that, if we could just have her say "I assert the privilege."

MR. JOHNSON: That's what I was going to suggest, that she say something like "same answer" or "I assert the privilege."

MR. ROTERT: Right. She will just say "assert the privilege," but it will be understood that the entire phraseology that I have used here would have been the one that she would give.

MR. JOHNSON: That's fine with me.

MR. ROTERT: Thank you.

BY MR. JOHNSON:

Q. Can you tell me the years during which you worked at Jenkens & Gilchrist?

A. I assert the privilege.

Q. Are you currently licensed by Illinois as an attorney?

MR. ROTERT: Assert.

BY THE WITNESS:

A. I assert the privilege.

BY MR. JOHNSON:

Q. Assuming -- well, never mind.



When you left Jenkens, did you take any files with you?

A. I assert the privilege.

Q. Did you bring any documents with you today responsive to the subpoena?

MR. ROTERT: We have no documents to supply today. We have not brought any documents with us today.

BY MR. JOHNSON:

Q. Ms. Guerin, did you search for any documents responsive to the subpoena?

A. I assert the privilege.

MR. ROTERT: If I could make a statement for the record, Cory.

MR. JOHNSON: Sure.

MR. ROTERT: I confess that I haven't had these discussions with you or with the Department of Justice personnel, but Larry Black, who has previously dealt with some of these issues in his capacity as Donna's lawyer for some of the civil litigation that's going on, he has expressed to the Department and I will tell you that it's also my understanding that every document that was ever requested, and that means just about every document



that Donna ever saw, already were produced years ago to the IRS and to the Department of Justice and that we have no documents to provide and are aware of no documents other than those that have already been produced pursuant to the various subpoenas issued by private and public agencies and litigants throughout the course of the last four or five years. So that understanding I have from Larry Black is something that he has been in discussion with in connection with various requests for deposition. But we can discuss this again off line if you'd like, but the answer is, shortly, we have no documents with us today.

MR. JOHNSON: Okay. Well, I haven't had a discussion with Larry black about any documents on behalf of Ms. Guerin, so that's all news to me, I guess.

MR. ROTERT: And I take that and understand that. I will just represent to you that any document that Ms. Guerin ever has had any association with so far as we know -- and we are not in charge of the document production, but so far as we are aware, we are given to understand that all of that material has long since been made



available to the Department and to the Service.

MR. JOHNSON: Okay. That makes me think that Ms. Guerin does have documents or Mr. Black does have documents on her behalf and that he thinks they have been produced to somebody at DOJ previously, but I guess implicit in your answer is that there are such documents that Ms. Guerin has or Mr. Black has custody of.

MR. ROTERT: Mr. Black may have possession of some documents that are copies or duplicates of things that have been produced to the government. That is my understanding, is that that may well be correct.

MR. JOHNSON: Well, I will then follow up with Mr. Black then to find out if they are indeed copies.

MR. ROTERT: Okay.

BY MR. JOHNSON:

Q. Ms. Guerin, have you ever been the subject of a complaint or disciplinary proceeding by the Illinois ARDC?

A. I assert the privilege.

Q. Have you been sued in connection with any work you did when you were with Jenkens?

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STOBIE CREEK INVESTMENTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 05-748-T |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

Videotaped deposition of DAVID PARSE, taken before DONNA L. POLICICCHIO, C.S.R., and Notary Public, pursuant to the Federal Rules of Civil Procedure for the United States Courts pertaining to the taking of depositions for the purpose of discovery, at Room 3051, 219 South Dearborn Street, Chicago, Illinois, commencing at 2:18 p.m., on the 6th day of August, 2007.

2

There were present at the taking of this deposition the following counsel:

SCHIFF HARDIN LLP by
MS. COLLEEN M. FEENEY
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5717
on behalf of the Plaintiff;

U.S. DEPARTMENT OF JUSTICE - TAX DIVISION by
MR. STUART D. GIBSON
P.O. Box 403
Washington, D.C. 20044
(202) 307-6586
on behalf of the Defendant;

DEWEY BALLANTINE LLP by
MS. KATHRYN E. LEONE
1301 Avenue of the Americas
New York, New York 10019-6092
(212) 259-8414
on behalf of Deutsch Bank;

BRUNE & RICHARD LLP by
MS. THERESA TRZASKOMA
80 Broad Street
New York, New York 10004
(212) 668-1900
on behalf of the witness.

ALSO PRESENT: Mr. Walter Cwik, Videographer

******

3

DEPOSITION OF DAVID PARSE
August 6, 2007


| EXAMINATION BY: | PAGE |
|---|---|
| Mr. Gibson | 5 |
| Ms. Feeney | 112 |


******

EXHIBITS


| | |
|---|---|
| Deposition Exhibit 500 | 5 |
| Deposition Exhibit 501 | 6 |
| Deposition Exhibit 502 | 28 |
| Deposition Exhibit 503 | 29 |
| Deposition Exhibit 504 | 29 |
| Deposition Exhibit 505 | 30 |
| Deposition Exhibit 506 | 31 |
| Deposition Exhibit 507 | 32 |
| Deposition Exhibit 508 | 32 |
| Deposition Exhibit 509 | 37 |
| Deposition Exhibit 510 | 40 |
| Deposition Exhibit 511 | 41 |
| Deposition Exhibit 512 | 42 |
| Deposition Exhibit 513 | 48 |
| Deposition Exhibit 514 | 49 |
| Deposition Exhibit 515 | 50 |
| Deposition Exhibit 516 | 51 |
| Deposition Exhibit 517 | 52 |
| Deposition Exhibit 518 | 56 |
| Deposition Exhibit 519 | 59 |
| Deposition Exhibit 520 | 61 |
| Deposition Exhibit 521 | 63 |
| Deposition Exhibit 522 | 66 |
| Deposition Exhibit 523 | 70 |
| Deposition Exhibit 524 | 72 |
| Deposition Exhibit 525 | 73 |
| Deposition Exhibit 526 | 74 |
| Deposition Exhibit 527 | 76 |
| Deposition Exhibit 528 | 78 |
| Deposition Exhibit 529 | 80 |
| Deposition Exhibit 530 | 81 |
| Deposition Exhibit 531 | 82 |
| Deposition Exhibit 532 | 83 |
| Deposition Exhibit 533 | 86 |
| Deposition Exhibit 534 | 88 |
| Deposition Exhibit 535 | 102 |
| Deposition Exhibit 536 | 106 |


4

14:22:49 THE VIDEOGRAPHER: Here begins Tape No. 1 in the
14:22:51 videotaped deposition of David Parse in the matter of
14:22:55 Stobie Creek Investments LLC versus The United
14:23:00 States, in the United States Court of Federal Claims,
14:23:04 No. 05-748T. This deposition is being held at 219
14:23:11 South Dearborn, Chicago, Illinois, on August 6, 2007,
14:23:18 at approximately 2:18.
14:23:22 My name is Walter Cwik and I am a certified
14:23:25 legal specialist from Merrill Legal Solutions. The
14:23:29 court reporter today is Donna Policicchio in
14:23:31 association with Merrill Legal Solutions.
14:23:34 Will counsel please introduce themselves for
14:23:36 the record.
14:23:39 MS. FEENEY: Colleen Feeney for plaintiff.
14:23:41 MR. GIBSON: Stuart D. Gibson, Tax Division,
14:23:44 Department of Justice, for the United States.
14:23:46 MS. TRZASKOMA: Theresa Trzaskoma on behalf of
14:23:48 the witness, Mr. Parse.
14:23:49 MS. LEONE: Kathryn Leone for Deutsche Bank.
THE VIDEOGRAPHER: Will the court reporter please
swear in the witness.
(Witness duly sworn.)

5

DAVID PARSE,
called as a witness herein, having been first duly sworn,
was examined upon oral interrogatories and testified as
follows:

EXAMINATION

14:24:04 by Mr. Gibson:
14:24:04 BY MR. GIBSON:
14:24:04 Q Please state your name for the record.
14:24:06 A David Parse.
14:24:07 Q And where do you live, Mr. Parse?
14:24:12 MS. TRZASKOMA: You can answer.
14:24:13 A A suburb of Chicago.
14:24:16 (Exhibit 500 marked as requested.)
14:24:16 BY MR. GIBSON:
14:24:17 Q Okay. And I have marked -- I've had the
14:24:20 court reporter mark, and it's in front of you,
14:24:23 Deposition Exhibit 500.
14:24:26 Have you ever seen this document -- Just for
14:24:28 the record, this is the notice of this deposition for
14:24:31 today for you, Mr. Parse.
14:24:33 Have you ever seen this document before?
14:24:35 A Based upon the advice of counsel, I am going
14:24:37 to invoke my Fifth Amendment privilege and decline to
14:24:41 answer.

6

14:24:41 MS. TRZASKOMA: I'm sorry. You can answer that
14:24:42 question. I was signaling I don't know if you --
14:24:48 THE WITNESS: I think I've seen this.
14:24:49 (Exhibit 501 marked as requested.)
14:24:49 BY MR. GIBSON:
14:24:50 Q Okay. And I show you what we've marked, and
14:24:54 you're holding in your hand, Deposition Exhibit 501,
14:24:58 which is the subpoena that we issued that your
14:25:01 attorney agreed to accept service on your behalf
14:25:04 calling for you to appear today and produce documents
14:25:05 as listed in the attachment.
14:25:07 Have you seen this document before,
14:25:08 Mr. Parse?
14:25:09 **A Yes, I think I have.**
14:25:11 Q And have you searched for any of the
14:25:14 documents that are called for in the attachment to
14:25:17 the subpoena?
14:25:17 **A Based upon the advice of counsel, I am going**
14:25:19 **to invoke my Fifth Amendment privilege and decline to**
14:25:24 **answer.**
14:25:25 Q Okay. Now, have you ever had your deposition
14:25:27 taken before, Mr. Parse?
14:25:28 **A Based upon the advice of counsel, I am going**
14:25:30 **to invoke my Fifth Amendment privilege and decline to**

7

14:25:32 **answer.**
14:25:33 Q Okay. Well, I'm going to give you a few of
14:25:35 the ground rules, which are that I'm going to ask you
14:25:37 a series of questions and you are to testify
14:25:42 truthfully, and if at any time I ask you a question
14:25:46 and you don't understand the question, if you tell me
14:25:49 that you don't understand it, I'll try to rephrase it
14:25:52 in a way that you will understand. It's important
14:25:54 that you verbalize all your answers because the court
14:25:58 reporter, although the videographer will get shakes
14:26:01 of the head and nods of the head and that sort of
14:26:03 thing and uh-huhs and uh-uhs, it comes out very
14:26:05 difficult to understand on a written transcript.
14:26:08 Do you understand what I just said?
14:26:09 **A Yes.**
14:26:10 Q And if you want to take a break at any time,
14:26:15 just say so and we'll take a break.
14:26:17 Is that okay?
14:26:18 **A Yes.**
14:26:19 Q Now, please tell me about your education
14:26:30 starting with high school graduation.
14:26:32 **A Based upon the advice of counsel, I am going**
14:26:34 **to invoke my Fifth Amendment privilege and decline to**
14:26:36 **answer.**

8

14:26:37 Q Please tell me about your job history
14:26:42 beginning with after graduation from high school.
14:26:45 **A Based upon the advice of counsel, I am going**
14:26:47 **to invoke my Fifth Amendment privilege and decline to**
14:26:50 **answer.**
14:26:50 Q Have you ever worked for Alex. Brown?
14:26:55 **A Based upon the advice of counsel, I am going**
14:26:57 **to invoke my Fifth Amendment privilege and decline to**
14:27:01 **answer.**
14:27:01 Q Have you ever worked at what is now known as
14:27:04 Deutsche Bank?
14:27:05 **A Based upon the advice of counsel, I am going**
14:27:06 **to invoke my Fifth Amendment privilege and decline to**
14:27:09 **answer.**
14:27:09 Q Have you ever worked at a company that was
14:27:12 known as BT Alex. Brown?
14:27:14 **A Based upon the advice of counsel, I am going**
14:27:16 **to invoke my Fifth Amendment privilege and decline to**
14:27:19 **answer.**
14:27:19 Q Have you ever worked at a company that was
14:27:24 called Deutsche Bank Alex. Brown?
14:27:26 **A Based upon the advice of counsel, I am going**
14:27:29 **to invoke my Fifth Amendment privilege and decline to**
14:27:32 **answer.**

9

14:27:32 Q Have you ever been fired from any job,
14:27:35 Mr. Parse?
14:27:35 **A Based upon the advice of counsel, I am going**
14:27:37 **to invoke my Fifth Amendment privilege and decline to**
14:27:40 **answer.**
14:27:41 Q Have you ever resigned or quit a job?
14:27:43 **A Based upon the advice of counsel, I am going**
14:27:45 **to invoke my Fifth Amendment privilege and decline to**
14:27:48 **answer.**
14:27:48 Q Please describe the circumstances under which
14:27:51 you left Deutsche Bank -- your employment at Deutsche
14:27:54 Bank.
14:27:54 **A Based upon the advice of counsel, I am going**
14:27:56 **to invoke my Fifth Amendment privilege and decline to**
14:27:58 **answer.**
14:27:58 Q Do you currently hold any professional
14:28:05 licenses?
14:28:05 **A Based upon the advice of counsel, I am going**
14:28:08 **to invoke my Fifth Amendment privilege and decline to**
14:28:10 **answer.**
14:28:11 Q Have you ever had a professional license
14:28:14 revoked in any state?
14:28:15 **A Based upon the advice of counsel, I am going**
14:28:18 **to invoke my Fifth Amendment privilege and decline to**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STOBIE CREEK INVESTMENTS, )
LLC, )
)
PLAINTIFF, )
)
VS. ) CIVIL ACTION
)
THE UNITED STATES, ) NO.: 05-748-T
)
DEFENDANT. )

---

ORAL AND VIDEOTAPED DEPOSITION OF
CRAIG BRUBAKER
AUGUST 7, 2007

---

ORAL DEPOSITION OF CRAIG BRUBAKER, produced as a witness at the instance of the DEFENDANT, and duly sworn, was taken in the above-styled and numbered cause on the 7th of August, 2007, from 2:02 p.m. to 4:47 p.m., before Tami G. Lewis, CSR in and for the State of Texas, reported by machine shorthand, at the law offices of Bracewell & Guiliani, located at 1445 Ross Avenue, Suite 3800, Dallas, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.



APPEARANCES

FOR THE PLAINTIFF:
MS. COLLEEN FEENEY (Via Videoconference)
Schiff Hardin
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
312.258.5717
312.258.5600 (Fax)
cfeeney@schiffhardin.com

FOR THE DEFENDANT THE UNITED STATES:
MR. STUART D. GIBSON
U.S. Department of Justice
Tax Division
P.O. Box 403
Washington, D.C. 20044
202.307.6586
202.307.2504 (Fax)
stuart.d.gibson@usdoj.gov

FOR DEUTSCHE BANK:
MS. KATHRYN E. LEONE
Dewey Ballantine, LLP
1301 Avenue of the Americas
New York, New York 10019-6092
212.259.8414
212.259.6333 (Fax)
kleone@deweyballantine.com

FOR THE WITNESS:
MS. THERESA TRZASKOMA
Brune & Richard, LLP
80 Broad Street
New York, New York 10004
212.668.1900
212.668.0315 (Fax)
ttrzaskoma@bruneandrichard.com



ALSO PRESENT:
Carlos Garcia, Videographer

INDEX


| | PAGE |
|---|---|
| Appearances | 2 |
| CRAIG BRUBAKER | |
| EXAMINATION BY MR. GIBSON | 5 |
| EXAMINATION BY MS. FEENEY | 117 |
| Changes and Signature | 119 |
| Reporter's Certificate | 120 |


EXHIBITS


| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 537 | Notice of Deposition | 6 |
| 538 | Subpoena | 7 |
| 539 | Fax Cover Sheet With Memo and Attachments - JG-NC 38014 through 38033 | 26 |
| 540 | JG-NC 37998 through 38011 | 29 |
| 541 | E-mail - DOJ-Stobie 25 | 35 |
| 542 | DOJ-Stobie 133 through 140 | 36 |
| 543 | E-mail - DOJ-Stobie 70 through 73 | 38 |
| 544 | PowerPoint Presentation Headed "Tax Planning Ideas R. Craig Brubaker, BT Alex Brown, Inc." | 40 |
| 545 | E-mail - DOJ-Stobie 236334 | 42 |
| 546 | E-mail String - DOJ-Stobie 4891 Through 4893 | 43 |
| 547 | E-mail - DOJ-Stobie 235974 | 45 |
| 548 | Fax - JG-NC 38918 through 20 | 47 |
| 549 | E-mail - DOJ-Stobie 235864 | 48 |
| 550 | E-mail - DOJ-Stobie 337351 | 50 |
| 551 | E-mail from Craig Brubaker to Erwin Mayer at Jenkens dated May 16, 2000 | 51 |
| 552 | E-mail - DOJ-Stobie 235950 | 54 |
| 553 | E-mail - DOJ-Stobie 236322i | 55 |
| 554 | E-mail with Attachment - Bates DOJ-Stobie 33731 Through 33 | 58 |
| 555 | E-mail - DOJ-Stobie 236328 and 9 | 61 |
| 556 | Excel Spreadsheet - DOJ-Stobie 2462 Through 2466 | 63 |
| 531A | E-mail Attachment - DOJ-Stobie 33744 and 45 | 85 |




PROCEEDINGS

THE VIDEOGRAPHER: Here begins volume 1, videotape number 1 in the deposition of Craig Bu -- Brubaker in the matter of Stobie Creek Investments, LLC versus the United States, in the United States Court of Federal Claims. This case number is 05-748 T. Today's date is August the 7th, 2007. We're on the record. The time now is 2:02 p.m.

The video operator today is Carlos Garcia of Merrill Legal Solutions. This video deposition is taking place at Bracewell & Guiliani at 1445 Ross Avenue, Suite 3800, Dallas, Texas. Will counsel please voice identify yourselves and state for whom you represent.

MR. GIBSON: This is Stuart D. Gibson, tax division, Department of Justice for the United States.

MS. TRZASKOMA: Teresa Trzaskoma from Brune & Richard on behalf of the witness, Mr. Brubaker.

MS. LEONE: Kathryn Leone from Dewey Ballantine on behalf of Deutsche Bank.

MS. FEENEY: Colleen Feeney from Schiff Hardin on behalf of the plaintiff.

THE VIDEOGRAPHER: The court reporter today is Tami Lewis of Merrill Legal Solutions. Would the reporter please swear in the witness.

Page 5

CRAIG BRUBAKER,
having been first duly sworn, testified as follows:
MR. GIBSON: And -- and the record should also reflect Ms. Feeney is participating remotely by video teleconference in her office in Chicago.
EXAMINATION
BY MR. GIBSON:
Q. Mr. Brubaker, could you please state and spell your complete name for the record.
A. It's Raymond Craig Brubaker, R-a-y-m-o-n-d. Craig, C-r-a-i-g. Brubaker, B-r-u-b-a-k-e-r.
Q. And Mr. Brubaker, where do you live?
A. In Plano, Texas.
Q. Have you ever had your deposition taken before?
A. Upon advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United States not to be compelled to be a witness against myself.
Q. The way this deposition is going to proceed, Mr. Brubaker, is that I will be asking you a series of questions, and you -- you're to testify under oath and it's -- the oath is as though you were in a court of law in front of a judge. And if at any time I ask you a question and you don't understand the question, ask me and I'll try to rephrase it in a way that you'll

Page 6

understand what information I'm trying to obtain from you in the question. If at any time you want to take a break, just say let's take a break and we'll take a break. If -- if you'd like to speak with your lawyer and there's not a question pending, just ask and -- and speak with your lawyer. Beginning with -- beginning with high school graduation, Mr. Brubaker, could you describe your educational background?
A. Upon the advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United States not to be compelled to be a witness against myself.
Q. Beginning with high school graduation, could you tell us your employment history?
A. Upon the advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United -- the United States not to be compelled to be a witness against myself.
(Exhibit Number 537 marked.)
Q. Mr. Brubaker, I've had the court reporter mark and I'll have her hand you what is identified as Exhibit 537. That's a copy of the notice of deposition being taken today in this case, a deposition of you.

Page 7

Have you ever seen this document before, Mr. Brubaker?
A. Yes.
(Exhibit Number 538 marked.)
Q. And I'll have the court reporter hand you what we've marked as Deposition Exhibit 538, which is a copy of the subpoena that your lawyer agreed to accept service of on your behalf to appear and produce documents today. Have you ever seen this Document 538, Mr. Brubaker?
A. Yes.
Q. And if you turn to the third page of the exhibit, attachment A, it lists a number of documents that the subpoena requires you to produce. Have you brought any documents with you today, Mr. Brubaker?
A. Upon the advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United States not to be compelled to be a witness against myself.
Q. Have you done a search for any of the documents that are called for in attachment A to the subpoena, Mr. Brubaker?
A. Upon the advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the

Page 8

United States not to be compelled to be a witness against myself.
Q. Mr. Brubaker, have you ever worked at Alex Brown?
A. Upon the advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United States not to be compelled to be a witness against myself.
Q. Have you -- were you at Alex Brown when it changed to BT Alex Brown?
A. Upon the advice of counsel, I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United States not to be compelled to be a witness against myself.
Q. Have you ever worked at -- at what is now known as Deutsche Bank?
A. Upon the advice of counsel I respectfully decline to answer this question based upon my rights under the Fifth Amendment of the constitution of the United States not to be compelled to be a witness against myself.
Q. Have you ever worked at a company called Deutsche Bank Alex Brown?

1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STOBIE CREEK INVESTMENTS, LLC, )
Plaintiff, ) Case No.
v. ) 05-748T
THE UNITED STATES, )
Defendant. )
------------------------------)

VIDEOTAPED DEPOSITION OF:
PERRY E. PARKER
WEDNESDAY, AUGUST 8, 2007
2:02 P.M.

REPORTED BY:
SUSAN NELSON
C.S.R. No. 3202

2

Videotaped deposition of PERRY E. PARKER, the witness, taken on behalf of the Defendant, commencing at 2:02 P.M., on WEDNESDAY, AUGUST 8, 2007, at 2450 Colorado Boulevard, Santa Monica, California, before SUSAN NELSON, C.S.R. No. 3202.

APPEARANCES OF COUNSEL

FOR PLAINTIFF:
SCHIFF HARDIN LLP
BY: COLLEEN M. FEENEY, ESQ.
JOHN BANNON, ESQ.
(Via Video Conferencing)
6600 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6473
(312) 258-5500

FOR DEFENDANT THE UNITED STATES:
U.S. DEPARTMENT OF JUSTICE
BY: STUART D. GIBSON, ESQ.
555 4th Street, N.W.
Judiciary Center Building
Washington, D.C. 20001
(202) 307-6586

3

APPEARANCES OF COUNSEL (CONTINUED):

FOR DEUTSCHE BANK:
DEWEY BALLANTINE LLP
BY: KATHRYN E. LEONE, ESQ.
1301 Avenue of the Americas
New York, New York 10019-6092
(212) 259-8414

FOR THE WITNESS:
GREENBERG TRAURIG, LLP
BY: GEOFFREY S. BERMAN, ESQ.
200 Park Avenue
New York, New York 10166
(212) 801-9200

ALSO APPEARING:
HEATHER ZAMORA HAGUE, VIDEOGRAPHER

4

INDEX


| WITNESS | EXAMINATION | PAGE |
|---|---|---|
| PERRY E. PARKER | | |
| | By Mr. Gibson | 7 |
| | By Ms. Feeney | 87 |

EXHIBITS
(ALL EXHIBITS RETAINED BY COUNSEL)


| NO. | PAGE |
|---|---|
| Exhibit 510 | 65 |
| Exhibit 518 | 48 |
| Exhibit 521 | 28 |
| Exhibit 522 | 31 |
| Exhibit 523 | 33 |
| Exhibit 524 | 35 |
| Exhibit 525 | 35 |
| Exhibit 528 | 36 |
| Exhibit 531 | 37 |
| Exhibit 531A | 38 |
| Exhibit 532 | 39 |
| Exhibit 535 | 68 |
| Exhibit 536 | 42 |
| Exhibit 557 | 9 |
| Exhibit 558 | 10 |
| Exhibit 559 | 50 |
| Exhibit 560 | 54 |
| Exhibit 561 | 57 |
| Exhibit 562 | 76 |




SANTA MONICA, CALIFORNIA;
WEDNESDAY, AUGUST 8, 2007;
2:02 P.M.

THE VIDEOGRAPHER: Good afternoon. This is the video operator speaking, Heather Zamora Hague of Lad Reporting. Today is August 8, 2007, and the time is 2:02 p.m. We're at the offices of Greenberg, Traurig, LLP, 2450 Colorado Avenue, Santa Monica, California, to take the videotaped deposition of Perry E. Parker in the matter of Stobie Creek Investments, LLC, versus The United States in The United States Court of Federal Claims.

Would counsel please introduce themselves for the record.

MR. GIBSON: Stuart Gibson, Tax Division, Department of Justice for The United States.

MR. BERMAN: Jeffrey Berman, Greenberg, Traurig, for Perry Parker.

MS. LEONE: Kate -- Kathleen Leone from Dewey Ballantine for Deutsche Bank.

MR. BANNON: Is it our turn? John Bannon, Schiff Hardin in Chicago on behalf of the plaintiff.

MS. FEENEY: Colleen Feeney, Schiff Hardin, on behalf of the plaintiff.



THE VIDEOGRAPHER: The court reporter day -- today is Susan Nelson.

Would the reporter please swear in the witness.

PERRY E. PARKER,
having been first duly sworn, was
examined and testified as follows:

EXAMINATION

BY MR. GIBSON:

Q. Please state your full name for the record.

**A. Perry Edward Parker.**

Q. And where do you live, Mr. Parker?

**A. 4739 Calle Las Brisas, Santa Barbara, California. That's 93110.**

Q. Is that B-r-i-s-a-s?

**A. Correct.**

Q. Did you say Santa Monica or Santa Barbara?

**A. Santa Barbara.**

Q. That's what I thought.

Have you ever had your deposition taken before, Mr. Parker?

**A. Upon advice of the counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**



Q. I'm going to give you just a brief rundown of how this is going to work today.

And my name is Stuart Gibson. I represent The United States of America in the civil lawsuit over the -- the -- involving Stobie Creek Investments and members of the Wells family.

I'll be asking a series of questions. If at any time I ask you a question and you don't understand what I'm trying to get at, it -- just say something, and I'll repeat it in a way that -- that -- that will be clearer, I hope.

If at any time you need a break, just say so, and we'll take a break. And if you need to talk with your lawyer about any question and there's not a question pending, feel free. We'll go off the record, and you can speak with your lawyer.

Do you under- -- and the other thing is that not only are we making a video, but there's a court reporter here who's making a verbatim transcript of everything that's said. So it's important that you verbalize your answers as opposed to shaking or nodding your head or saying "uh-huh" or "uh-uh."

Do you understand?

MR. BERMAN: I've gone over with -- all these things with him. He understands.

MR. GIBSON: Oh, okay. Well, I just want to make sure. I -- I always hesitate to ask a lawyer -- ask a witness what his lawyer told him. Thank you.
Q. Beginning with high school graduation, Mr. Parker, please just go over your educational background.
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
MR. GIBSON: I guess I should have done this before I -- before.
We're going to be using a number of exhibits, and I've had the court reporter mark the first two, and I'm handing you what we've marked for identi- -- for identification as Exhibit 557. 557 is the amended notice for this deposition.
(The document referred to was marked as Exhibit 557 and retained by counsel.)
BY MR. GIBSON:
Q. Have you seen this document, Mr. -- before, Mr. Parker?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
MR. GIBSON: Okay. I'll hand you what we've marked as Exhibit 558. 558 is the subpoena that



Mr. Berman agreed to accept service of on your behalf for this deposition.
(The document referred to was marked as Exhibit 558 and retained by counsel.)
BY MR. GIBSON:
Q. First, let me ask you, Mr. Parker, you're appearing today pursuant to subpoena. Is that right?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
MR. GIBSON: Mr. Berman, I'd like to ask you to ask your client to reconsider that answer. I mean, he is appearing here pursuant to subpoena, and I don't see anything incriminating -- potentially incriminating about the fact --
MR. BERMAN: I will -- I will stipulate that he's appearing here pursuant to subpoena.
MR. GIBSON: Okay. Thank you.
Q. If you'd turn in Exhibit 558, Mr. Parker, to the third page, there's an attachment. The subpoena called for you to produce and to permit inspection and copying of the documents that are described in that attachment, Attachment A, and it consists of three paragraphs.
Have you conducted a search for documents



that are responsive to this subpoena?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you -- do you possess or control any documents that are responsive to any of the three paragraphs in Attachment A to the subpoena?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Did you go to college, Mr. Parker?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Ending -- beginning with the end of high school, please describe your employment history.
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you ever worked for a company that's now known as Deutsche Bank?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you ever been fired from any job?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you ever resigned from or quit a job?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**



Q. Could you please describe the circumstances under which you left Deutsche Bank.
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Do you currently hold any professional licenses?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you ever had a professional license revoked by any state?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you ever had a license revoked by the federal government?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Have you ever been disciplined by a federal or state regulatory agency?
**A. Upon advice of counsel, I respectfully invoke my Fifth Amendment privilege not to answer.**
Q. Are there any complaints filed against you or disciplinary charges pending against you at this time before any federal or state governmental regulatory agency?
**A. Upon advice of counsel, I respectfully**

IN THE UNITED STATES COURTS OF FEDERAL CLAIM

STOBIE CREEK INVESTMENTS,
LLC.
Plaintiff,
vs.

THE UNITED STATES
Defendant.

Deposition of John Ivsan, taken on behalf of the Defendant, pursuant to the stipulations agreed to herein, before LeShaunda D. Cass-Byrd, Certified Shorthand Reporter and Notary Public, at Poyner & Spruill LLP, 301 South College Street, Suite 2300, Charlotte, North Carolina, taken on the 17th day of August 2007, commencing at 9:00 am.

COPY

Page 2

APPEARANCES OF COUNSEL:
On behalf of the Plaintiffs:
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
312.258.5500
Xu@schiffhardin.com
On behalf of the Witness:
E. FITZGERALD PARNELL, Esq.
Poyner & Spruill LLP
301 South College Street
Suite 2300
One Wachovia Center
Charlotte, North Carolina 28202
704.342.5250
Parnell@poynerspruill.com
On behalf of the United States:
CORY A. JOHNSON, Esq.
U.S. Department of Justice
555 4th Street Northwest
Room 8108
Washington, D.C. 20001
202-307-3046
Cory.a.johnson@usdoj.gov

Page 3

INDEX TO EXHIBITS


| Exhibit | Page |
|---|---|
| 1. | 9 |
| 2. | 12 |
| 3. | 20 |
| 4. | 20 |
| 5. | 22 |
| 6. | 34 |
| 7. | 36 |
| 8. | 50 |
| 9. | 51 |
| 10. | 61 |
| 11. | 64 |
| 12. | 67 |
| 13. | 82 |
| 14. | 84 |


(Exhibits are not attached to the deposition transcript and were retained by the Government)

Page 4

JOHN IVSAN,
having been first duly sworn, was examined and testified as follows:
EXAMINATION
BY MR. JOHNSON:
Q. Good morning, Mr. Ivsan.
A. Good morning.
Q. Could you tell us your full name and current home address for the record.
MR. PARNELL: Before we begin, let me put this on the record, that before this deposition was taken, I notified counsel for the Government and counsel for the taxpayer that it was Mr. Ivsan's intention to rely upon the Fifth Amendment privileges accorded by the United States Constitution.
I can advise that that remains Mr. Ivsan's intention. And other than answering the question that is on the table concerning his name and address, Mr. Ivsan will invoke his Fifth Amendment privileges against self-incrimination as to every question that is asked him today.

Page 5

You may answer the question, your name and address.
THE WITNESS: John Vincent Ivsan. My address is 17222 Sulky Plough Road, Charlotte, North Carolina 28277.
Q. (By Mr. Johnson) Mr. Ivsan, are you represented here today by counsel?
MR. PARNELL: Mr. Ivsan is represented by me. My name is E. Fitzgerald Parnell III of Poyner & Spruill of Charlotte, North Carolina.
Q. (By Mr. Johnson) Mr. Ivsan, I would like to start by getting some background information.
Can you tell me about your employment history, starting with upon your graduation from law school?
A. Yes, I hereby invoke my privileges against self-incrimination under the Fifth Amendment to the United States Constitution and respectfully decline to answer that question.
MR. JOHNSON: For purposes of today, Mr. Parnell, would you like to have the witness shorthand his -- that response

Page 6

rather than having to repeat it every time?

MR. PARNELL: I think that would make excellent good sense and would be prepared to adopt any word or shorthand expression.

But what I would propose to do is to give the court reporter what Mr. Ivsan just read and have him say "ditto" every time he wishes to invoke his Fifth Amendment privileges against self-incrimination. Although I'll take any other word that you find more appropriate than the word "ditto."

MR. JOHNSON: Well, I guess, maybe, "I assert the same rights" or "I assert my rights."

MR. PARNELL: "I assert the same rights I previously asserted."

MR. JOHNSON: That's fine.

MR. PARNELL: Is that satisfactory with you?

THE WITNESS: That is fine.

MR. JOHNSON: Mr. Xu, is that okay with you?

Page 7

MR. XU: That is fine.

Q. (By Mr. Johnson) Okay. Mr. Ivsan, were you previously employed by Shumaker, Loop & Kendrick?

A. I assert the same rights I previously asserted.

Q. During the years at Shumaker, Loop & Kendrick, did you have a specialty?

A. I assert the same rights I previously asserted.

Q. Did you leave Shumaker, Loop & Kendrick in 2001?

A. I assert the same rights I previously asserted.

Q. When you left in 2001, did you go to work for a firm called Cantley & Sedacca?

A. I assert the same rights I previously asserted.

Q. And am I correct that Deutsche Bank assisted you or recommended you to the firm Cantley & Sedacca?

A. I assert the same rights I previously asserted.

Q. Did you also work for an accounting firm called BDO Seidman?

Page 8

A. I assert the same rights I previously asserted.

Q. And did there come a time when you went to work for Shumaker, Loop & Kendrick again, after leaving in 2001?

A. I assert the same rights I previously asserted.

Q. Are you licensed as an attorney by North Carolina?

A. I assert the same rights I previously asserted.

Q. Are you licensed by any state?

A. I assert the same rights I previously asserted.

Q. Can you tell me if you have been named as a defendant in any lawsuits that stem from your work at Shumaker, Loop & Kendrick or Cantley & Sedacca?

A. I assert the same rights I previously asserted.

Q. Mr. Ivsan, have you had any conversations with any of the lawyers for Schiff Hardin that represent the plaintiffs in this case?

A. I assert the same rights I

Page 9

previously asserted.

Q. Can you tell me when the -- when -- the last time you talked to any member of the Welles family?

A. I assert the same rights I previously asserted.

MR. JOHNSON: Can you mark that as Ivsan Exhibit 1, please.

And, Mr. Xu, this is the document entitled "Declaration of John Ivsan," Bates-stamped JVI. . .

(Defendant's Exhibit No. 1 was marked for identification.)

MR. JOHNSON: Mr. Xu, did you find that?

MR. XU: Is it JVI 0044?

MR. JOHNSON: 0067. It's the declaration of Mr. Ivsan in the USA v. Jenkens & Gilchrist case.

MR. XU: Yes.

Q. (By Mr. Johnson) Mr. Ivsan, we've marked as Exhibit 1 a document produced by you in response to a subpoena in this case, Bates-stamped JVI 67 through 71.

Is this a declaration you signed