**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748T |
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-520 T<br>Consolidated with 05-748T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER CONFIRMING JURISDICTION TO DECIDE THE APPLICABILITY OF PENALTIES AND ANY DEFENSES THERETO**

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
*ATTORNEYS FOR PLAINTIFFS*

**TABLE OF CONTENTS**

**Page**

I. PENALTIES ARE PROPERLY DECIDED IN THIS PROCEEDING ........................... 1

II. THE STOBIE CREEK PARTNERS ARE PROPERLY BEFORE THIS COURT .......... 5

A. Under Section 26 USC § 6226(c) and RCFC Appendix F, the Parties are Properly Before the Court ........................................................................ 6

B. The Government Has Not Been Prejudiced .......................................................... 9

C. Judicial Economy Dictates That This Court Should Hear "Reasonable Cause" Defenses ......................................................................................... 11

D. Alternatively, Plaintiffs Request Leave to Amend the Complaints or File Elections ........................................................................................................ 12

III. SUBSTANCE OF PLEADING NOT FORM................................................................. 12

IV. CONCLUSION ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Internal-Costal XPress v. U.S.*, 49 Fed. Cl. 531 (Fed. Cl. 2001) ........ 12
*Jade Trading LLC v. United States*, 2007 WL 4553043 (Fed. Cl. 2007) ........ 1, 5
*Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007), *reconsid. denied*, 2007 WL 1051766 (E.D. Tex. 2007) ........ 1, 2, 11
*Saladino v. U.S.*, 62 Fed.Cl. 782 (Fed. Cl. 2004) ........ 12
*Santa Monica Pictures v. Comm.*, 2005 WL 1111792 ........ 11

**Cases**

26 U.S.C. § 1491(a) ........ 12
26 U.S.C. § 6221 ........ 2, 4
26 U.S.C. § 6221(f) ........ 4
26 U.S.C. § 6224(c) ........ 4
26 U.S.C. § 6226(c) ........ 6, 7, 8
26 U.S.C. § 6226(f) ........ 2
26 U.S.C. § 6228(a) ........ 8
26 U.S.C. § 6230 ........ 1
26 U.S.C. § 6664 ........ 3
28 U.S.C. § 1653 ........ 12

**Federal Statutes**

Appendix F ........ 6
Appendix F, Rule 2(c)(1) ........ 8
Appendix F, Rule 2(c)(2) ........ 8
Appendix F, Rule 6(a) ........ 7, 8
Rule 15(a) ........ 12

**State Rules**

T.D. 8808, 1999-1 C.B.682 ........ 3, 11

**Rules**

26 C.F.R. § 301.6226-1T(d) (1999) ........ 3

Plaintiffs, Stobie Creek Investments LLC ("Stobie Creek"), JFW Enterprises, Inc. and JFW Investments LLC, Tax Matters and Notice Partners, and Welles Asset Management, Inc., DKW Senior Enterprises, Inc., DKW Junior Enterprises, Inc., VJ Enterprises, Inc., PCW Enterprises, Inc., CSW Asset Management, Inc., DKW Senior Investments LLC, DKW Junior Investments LLC, VJ Investments LLC, PCW Investments LLC, CSW Investments LLC, and Family trust under the David K. Welles 1994 Trust, as parties to this action (collectively the "Plaintiffs"), by and through their attorneys, submit the following reply:

## I. <u>**Penalties are Properly Decided in This Proceeding**</u>

Prior to filing the petitions in this Court and in accordance with 26 U.S.C. § 6226, the partners of Stobie Creek deposited with the IRS the amount by which their tax liability would be increased if the partnership items on their tax returns were made consistent with the treatment of partnership items on the partnership return, as adjusted by the FPAA. See Exhibit A, which sets forth a copy of the payments that were made by the Welles family in both dockets. Accordingly, this Court has jurisdiction to determine all partnership items and the applicability of any penalty "which relates to an adjustment to a partnership item." 26 U.S.C. § 6221.

In *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007), *reconsid. denied*, 2007 WL 1051766 (E.D. Tex. 2007), and *Jade Trading LLC v. United States*, 2007 WL 4553043 (Fed. Cl. 2007), the government, as in the instant case, sought to bar the plaintiffs from advancing their reasonable cause defenses on the contention that so doing constituted partner-level defenses that could only be asserted at the partner-level proceedings. The court in *Klamath* held that 26 U.S.C. § 6230 should not be as narrowly interpreted as the government argued, reasoning:

> Similarly, this case involves claims by Klamath and Kinabalu through St. Croix and Rogue [the two investors' single member LLCs]. The FPAAs were based, in part, on the agreements

> between St. Croix and Rogue, on the one hand, and NatWest, on the other. The determination of the partners' proper bases in the partnership is affected by the court's decision that the loans must be disregarded—*a decision that all concede the court has jurisdiction to make.* The FPAAs for Klamath and Kinabalu implicate the information and advice received by St. Croix and Rogue. It is also undisputed that the IRS delved into these taxpayers' defenses to penalties during the administrative process proceeding adjustments. (Tr. II, 212-214). *As a result, no administrative benefit would be gained by requiring additional proceedings.* The court, therefore, determines that the reasonable cause defenses involving St. Croix and Rogue may be considered in connection with "the applicability of any penalty, addition to tax, or additional amount which relates to a partnership item." 26 U.S.C. § 6226(f).

*Klamath*, 472 F. Supp. 2d at 904 (emphasis added). This holding applies with equal force in this case to the Welles family, their single member LLCs, the options, the FPAAs, the penalties, and the family's reasonable reliance defenses. Indeed, the Court in this case confirmed that 26 U.S.C. § 6221 provides jurisdiction over this proceeding:

> Well, I have a problem with [the government] position, too, because I think I read 26 I.R.C. Code 6221 the same way [plaintiffs] do, which is, you look at . . . [r]easonable basis at the partnership level. If you do that, it seems to me that if there's an enforcement action against the partners, and we haven't decided that issue here, they might well be precluded from offering evidence in support of a defense. And I think if we made a decision here, that should, I think, have a collateral estoppel effect with respect to pertinent findings that would come up in any subsequent action but definitely, in my opinion, would be made at this level as well.

Hearing, March 12, 2007, at 11.[1] The Plaintiffs and Defendant agree that jurisdiction exists in this partnership proceeding under 26 U.S.C. §§ 6221 and 6226(f) with respect to "the *applicability of any penalty* . . . which relates to an *adjustment to a partnership item.*" Pl.

[1] Furthermore, the hearing transcript is clear that the Order entered on March 14, 2007, denying Plaintiffs' motion to compel, was without prejudice and on the basis that the Court understood that the evidence sought was not relevant to assist in the decision of retroactivity or penalties.

Motion, at 5; Def. Response, at 10, 12 ("[T]here is no dispute that this Court has jurisdiction to determine all the partnership items of Stobie Creek and the 'applicability of any penalty' for the two taxable years for which the IRS issued FPAAs.").

However, it is after that, that the parties disagree. Defendant does not agree that the legal and factual determinations that underlie the determination of a penalty, i.e., the defenses to it, are also within the jurisdiction of the Court. Defendant points to the government's conflicting regulation to bar the 26 U.S.C. § 6664 reasonable cause defense, not just for *non*-partnership items but also with respect to "'any penalty . . . that relates to an adjustment to a partnership items.'" Def. Response, at 16 (*quoting* Treas. Reg. § 301.6226-1T(d) (1999)). Under Treas. Reg. § 301.6226-1T(d), the partners are barred from asserting defenses to partnership-based penalties in the partnership proceeding, penalties are imposed upon those partners incident to the partnership proceeding, the partners must pay the imposed penalty (that they do not owe), and then the partners must seek a refund of the imposed penalty in separate partner-level refund actions. *Id.*

While Defendant cites to the legislative history of the 1997 Taxpayer Relief Act ("the 1997 Act"), it apparently misunderstands that the clear import of the changes was to be permissive:

> The applicability of these defenses *may* be resolved at the partnership level *during the partnership proceeding*. In addition, the temporary regulations modify the computational adjustment rules to allow the Service to assess penalties under those procedures.

T.D. 8808, 1999-1 C.B.682 (emphasis supplied). The purpose for the 1997 Act was to achieve IRS and judicial economy. *Id.* ("Forcing the Service to open deficiency proceedings against the individual partners was inconsistent with the efficiency goal of the unified partnership audit rules. The 1997 Act cured this problem by providing that . . . partnership level proceedings

include the determination of applicable penalties at the partnership level.”). Congress did not state that partnership defenses “must” be determined at the partner-level. Rather, the 1997 Act was designed to assure that partners are allowed an opportunity to proffer defenses as appropriate. Thus, for example, if the partnership-level action finds that a claimed partnership item is, in fact, a non-partnership item, the partner-level defenses would appropriately be handled at the partner-level and not at the partnership-level. Moreover, partner-level defenses as to some issues unique to a position claimed by the partner could apply separately and be asserted at the individual partner-level in a separate proceeding.

Defendant does not explain (because it cannot) how the adverse statutory authority directly on point in 26 U.S.C. § 6664(c) fits into its theory that partner-level defenses can only be asserted in a refund action. The express language of the statute is clear:

> *No penalty shall be imposed* under this part with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such potion and that the taxpayer acted in good faith with respect to such portion.

26 U.S.C. § 6664(c) (emphasis added).

Defendant argues that the regulation is valid. However, one cannot overlook that the regulation contradicts the unambiguous language of three separate Code sections: the requirement in 26 U.S.C. § 6221 that “*the applicability of any penalty* . . . which relates to an adjustment to a *partnership item shall be determined at the partnership level*” (26 U.S.C. § 6221 (emphasis added)); the prescription of the “SCOPE OF JUDICIAL REVIEW” in 26 U.S.C. § 6226(f) as including “*the applicability of any penalty* . . . which relates to an *adjustment to a partnership item*” (26 U.S.C. § 6226(f) (emphasis added)); and the prohibition in 26 U.S.C. § 6224(c) that “*No penalty shall be imposed* under this part [Sections 6662-6664]” where the taxpayer proceeds in good faith with reasonable cause (26 U.S.C. § 6224(c) (emphasis added)).

Defendant also argues that partner-level defenses should not be heard in this proceeding, citing *Jade Trading LLC v. United States*, 2007 WL 4553043 (Fed. Cl. 2007). Def. Response, at 14. However, the Court in *Jade* followed the analysis of *Klamath*, reaching a different result because none of the parties were the managing member. *Id.* at *60. The Court in *Jade* deferred consideration of the individual defenses to a partner-level proceeding because such defenses were "unique" to the individual partners. *Id.* at *60. As discussed in Sections II, B and C, the defenses to reasonable reliance by each of the Stobie Partners are not "unique individual defenses." The evidence will show that each of the Welles Family members relied upon the expertise and due diligence of Jeffrey Welles in reporting their transactions. As the Court is aware, JFW Investments LLC[2] (the Tax Matters Partner) and JFW Enterprises Inc. are two of the parties bringing this lawsuit. In holding that it did not have jurisdiction to hear partner-level defenses to penalties, the *Jade* Court reasoned that the managing member was not before it. This case is clearly different from *Jade,* as JFW Investments, LLC, Tax Matters Partner, is before this Court.

## II. <u>The Stobie Creek Partners are Properly Before this Court</u>

In its response, the government asserts that none of the Stobie Creek Partners, except Jeffrey Welles' LLC (JFW Enterprises, Inc.), "are even properly before the Court." *See* Def. Response at 1. The government is wrong.

---

[2] Jeffrey Welles is the single member of JFW Investments LLC.

Based upon the complaints filed in this case, as well as compliance with 26 U.S.C. § 6226 and RCFC Appendix F, all of the Stobie Creek Partners[3] are parties to this action and properly before this Court. Moreover, the government would not be prejudiced by this Court considering "reasonable cause" defenses to penalties by all such parties during the upcoming trial, because the government has taken full discovery relating to these issues. Finally, judicial economy strongly counsels that this Court should consider "reasonable cause" defenses to penalties as to all parties during one proceeding, rather than hearing such defenses now as to Stobie Creek and Jeffrey Welles' LLC, and then later in six separate lawsuits brought by the other Stobie Creek partners, all of whom, for the reasons stated below, are already parties to this lawsuit.

### A. <u>Under Section 26 USC § 6226(c) and RCFC Appendix F, the Parties are Properly Before the Court</u>

Section 6226 of the Internal Revenue Code addresses judicial review of the final partnership administrative adjustments at issue in this case. *See* 26 U.S.C. § 6226. Specifically, Section 6226(c) defines which partners are treated as parties to a lawsuit:

> <u>Partners treated as parties</u>. If an action is brought under subsection (a)[4] or (b) with respect to a partnership for any partnership taxable year –

---

[3] The Stobie Creek Partners include JFW Enterprises, Inc. and JFW Investments LLC, Tax Matters and Notice Partners, and Welles Asset Management, Inc., DKW Senior Enterprises, Inc., DKW Junior Enterprises, Inc., VJ Enterprises, Inc., PCW Enterprises, Inc., CSW Asset Management, Inc., DKW Senior Investments LLC, DKW Junior Investments LLC, VJ Investments LLC, PCW Investments LLC, CSW Investments LLC, and Family trust under the David K. Welles 1994 Trust (collectively the "Partners").

[4] As a petition by Stobie Creek's tax matters partner, JFW Investments LLC, the instant lawsuit is brought under subsection (a) of 26 U.S.C. § 6226.

> (1) each person who was a partner in such partnership proceeding at any time during such year shall be treated as a party to such action, and
>
> (2) the court having jurisdiction of such action shall allow each such person to participate in the action.

26 U.S.C. § 6226(c). Each of the Stobie Creek partners was a partner in the two filed partnership proceedings during the relevant taxable years. Therefore, under the plain language of 26 U.S.C. § 6226(c), each of the Stobie Creek partners "shall be treated as a party to such action." *Id.*

Contrary to the government's assertions (Def. Response at 8-9), Appendix F to the Rules for the Court of Federal Claims ("RCFC") does not divest the Stobie Creek partners as parties to this lawsuit. Rule 6(a) of Appendix F of the RCFC states as follows:

> Rule 6. Parties
>
> (a) In General. For purposes of this Appendix, the United States, the partner who filed the complaint, the tax matters partner, and each person who satisfies the requirements of Code Sections 6226(c) and (d) or Section 6228(a)(4) shall be treated as parties to the action.

RCFC, Appendix F, Rule 6(a).

Each of the Stobie Creek partners is a "partner who filed the complaint" within the meaning of Rule 6(a) and thus "shall be treated as parties to the action." RCFC, Appendix F, Rule 6(a). Indeed, both of the complaints plead each of the Stobie Creek partners as parties to this lawsuit and include them in "The Parties" section of the complaints. *See* Complaints 05-748 T and 07-520 T at ¶ 8(a) (DKW Senior Investments, LLC), ¶ 8(b) (DKW Junior Investments, LLC), ¶ 8(c) (JWF Investments, LLC), ¶ 8(d) (CSW Investments, LLC), ¶ 8(e) (PCW Investments, LLC), ¶ 8(f) (VJ Investments, LLC), and ¶ 8(g) (the David Welles 1994 Trust); and Complaint 05-748 T at ¶ 9(a) (Welles Asset Management, Inc.), ¶ 9(b) (DKW Senior Enterprises, Inc.), ¶ 9(c) (DKW Junior Enterprises, Inc.), ¶ 9(d) (VJ Enterprises, Inc.), ¶ 9(e)

(JFW Enterprises, Inc.), ¶ 9(f) (PCW Enterprises, Inc.), and ¶ 9(g) (CSW Asset Management, Inc.). Appendix F, Rule 2(c) requires that all complaints in partnership actions contain the "name and address of the complainant" (RCFC, Appendix F, Rule 2(c)(1)) and the "the name, employer identification number, and principal place of business of the partnership and of each partner filing the complaint" (RCFC, Appendix F, Rule 2(c)(2)). Consistent with this rule, in the "Parties" section of both complaints, the complaints set forth the name, address, and taxpayer identification numbers of each of the Stobie Creek partners. *See* Complaints 07-520 T at ¶ 8; Complaint 05 748 T at ¶ 9.

Not only is each of the Stobie partners a party under Rule 6(a) because each is a "partner who filed the complaint," each Stobie partner is also a party under Rule 6(a) because each is a "person who satisfies the requirements of Code Section 6226(c)." RCFC, Appendix F, Rule 6(a); *and see* discussion of applicability of 26 U.S.C. § 6226(c), *supra*. Accordingly, under the plain language of Rule 6(a), the Stobie Creek partners "shall be treated as parties to this action." RCFC, Appendix F, Rule 6(a).

In an attempt to divest the Stobie Creek partners of the party status set forth in 26 U.S.C. § 6226(c) and RCFC Appendix F, Rule 6(a), the government cites to Appendix F, Rule 6(b), while ignoring Rule 6(a) entirely. Rather than undermining, Rule 6(b) supports the Stobie partners' status as parties to this lawsuit. Rule 6(b) states:

> (b) Participating Partners. Participating partners include the partner who filed the complaint and such other partners who have filed either a notice of election to intervene or a notice of election to participate in accordance with the provisions of RCFC 4. See Code Sections 6226(c), 6228(a)(4)(A). For purposes of the court's procedural rules other than those set forth in this Appendix, only participating partners, as defined in this subdivision, and the United States shall be considered to be parties.

As noted above and set forth clearly in the "parties" section of the complaints, each of the Stobie Creek partners is a "partner who filed the complaint" in this lawsuit. Accordingly, none need have filed either a notice to intervene or an election to participate in accordance with the provisions of RCFC 4, as all of the Stobie partners were already parties to this lawsuit.[5]

**B. <u>The Government Has Not Been Prejudiced</u>**

The government suggests that a ruling by this Court that the Stobie Creek partners are parties to this action would somehow prejudice the United States. Specifically, the government claims that it has not taken "any discovery designed to delve into whether any of the partners had an individual reasonable cause defense for their respective individual underpayments of tax." Def. Response at 6. This is simply not correct.

The government has taken extensive discovery of every member of the Welles family. Indeed, the government deposed each member of the Welles family not once, but twice. The government did so, in part, because each family member waived the attorney-client privilege so that the government could inquire as to communications relevant to the partners' reasonable cause defenses. Unsurprisingly, during those extensive depositions, the government asked myriad questions regarding facts relevant to the partners' reasonable cause defenses. *See, e.g.*, Virginia Welles Jordan Deposition, 12/11/06, 34-35, 38-41, 46-47, 55, 57-61, 64, 67-77, 80-83, 87-88, 97-100, 102, 134-136, 139-140; Christopher Welles Deposition, 12/14/06, pp. 60-63, 72-73, 82-85; Christopher Welles Deposition, 08/16/07, pp. 10-17, 23-29; David K. Welles Jr. Deposition 07/24/07, pp. 8-10, 15, 18; Georgia Welles Deposition, 07/31/07, pp. 24-34, 38, 42-43, 61-63, 75; Jeffrey Welles Deposition, 12/15/06, pp. 38-40, 48-50, 53-54, 65-69, 78-84, 132-

[5] The government makes much of the fact that in the JPSR, Plaintiffs represented that they did not anticipate that any other parties would join this lawsuit. Def. Response at 9. That representation makes sense, however, as the Stobie Creek partners already were parties to this lawsuit.

134, 202-209; Jeffrey Welles Deposition, 08/08/07, pp. 7-13, 17-27, 31-40, 46-48, 78, 146-147; Peter Welles Deposition, 07/19/2007, pp. 13, 39-42, 54-55; David F. Waterman Deposition, 08/01/07, pp. 49-50, 53-56, 58-60, 63-66, 78-80, 126-129, 131-146, 149-150, 172-178; attached hereto as Exhibit B.

It makes sense that the government conducted such wide-ranging discovery. The complaints in this case list all of the Stobie Creek partners as parties. Moreover, the factual allegations in the complaints relate not solely to Stobie Creek, but also to its "member partners," including allegations that "no penalty can or should be applied against Stobie Creek, as an entity or against its member partners, since all concerned proceeded in good faith based upon reasonable cause within the meaning of Code Section 6664(c)." Complaint 05-748 T at ¶ 14(gg); Complaint 07-250 T at ¶ 13(ff); *see also*, Complaint 07-250 T at ¶ 13(y) ("Stobie Creek and its member partners sought and obtained tax opinions from respected tax advisors who informed them that the tax treatment of the transactions as reported on the respective tax returns of its members was more likely than not correct); ¶ 13(bb) ("Stobie Creek and its member partners reasonably believed the opinion of their experts that the positions taken on the federal income tax returns were more likely than not correct."); ¶ 13(ee) ("Stobie Creek and each member partner had a reasonable basis for believing that the tax treatment of such items was more likely than not the proper treatment"); *and* ¶ 13(gg) ("Even if an underpayment were determined to be due, there was reasonable cause for such underpayment and Stobie Creek and its member partners, acted in good faith and reliance on their qualified tax advisors.").

The government is well aware that the members of the Welles family made a group decision regarding whether to invest in the Digital Option Investment Strategy, relying largely upon Jeffrey Welles in so doing. The nature of this decision-making has been clear since

this lawsuit was first filed in 2005. *See* Complaint 05-748 T at ¶ 14(a) and 07-520 T at ¶ 13(a) ("The members of the family of David K. Welles, Sr. are tight-knit and tend to make financial decisions jointly through discussion and consensus building.")

Accordingly, through numerous depositions of each member of the Welles family, and two lengthy depositions of Jeffrey Welles (totaling 425 pages of testimony), as well as full document discovery, the government has fully explored the parties reasonable cause defenses. The government cannot be said to be prejudiced when the parties and such defenses have been expressly pleaded in the complaints and fully explored during discovery.

### C. <u>Judicial Economy Dictates That This Court Should Hear "Reasonable Cause" Defenses</u>

Judicial economy also strongly counsels that this Court should consider "reasonable cause" defenses to penalties as to all parties during one proceeding. In any event, the Court will have to consider the conduct by all of the partners in order to decide the penalty at the Stobie Creek partnership-level. *See Santa Monica Pictures v. Comm.*, 2005 WL 1111792; *Klamath Strategic Investment Fund, LLC v. United States*, 472 F. Supp. 2d 885 (E.D. Tex. 2007), *reconsid. denied*, 2007 WL 1051766 (E.D. Tex. 2007). Indeed, the Treasury understood that many of an individual's defenses may not be specific to a particular partner:

> In order to *minimize the burden* on individual partners to defend themselves by bringing their own refund suits, the temporary regulations incorporate a large number of defenses at the partnership level. The *majority of a partner's defenses to the imposition of penalties are not specific to a particular partner,* but can be determined by reference to the activities of the partnership.

T.D. 8808, 1999-1 C.B. 682 (emphasis supplied). Judicial economy dictates that all of the parties to this lawsuit present their defenses to penalties in this action. Doing otherwise would require hearing such defenses later in six separate lawsuits brought by the Stobie Creek partners, all of whom, for the reasons stated above, are proper parties to this lawsuit.

**D. <u>Alternatively, Plaintiffs Request Leave to Amend the Complaints or File Elections</u>**

Alternatively, should this Court rule that the Stobie Creek partners are somehow not parties properly before this Court, Plaintiffs respectfully request leave to amend their complaints and/or file elections to participate pursuant to Appendix F such that this Court may hear reasonable cause defenses of all Stobie Creek partners at trial.

## III. <u>Substance of Pleading Not Form</u>

Even if partners in a TEFRA proceeding may only raise partner-level defenses to penalties *after* the penalty has been assessed and paid, this Court has jurisdiction under 26 U.S.C. § 1491(a)(1). As Defendant is aware, in December, the IRS began collection proceedings and seized certain of the Welles family tax refunds for the year 2006 to pay for penalties associated with this litigation. See attached Exhibit C. Plaintiffs did not plead jurisdiction under 26 U.S.C. § 1491(a)(1) because, at the time of the complaints, the Welles family members had not paid the penalties.

Plaintiffs would request leave to file an amended complaint including as a basis for jurisdiction 26 U.S.C. § 1491(a)(1). 28 U.S.C. § 1653 provides: "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Court in *Saladino v. U.S.*, 62 Fed.Cl. 782, 794-95 (Fed. Cl. 2004), analyzed the plaintiff's right to amend the jurisdictional allegations of his complaint under RCFC 15(a). Should the party move to amend a pleading after a responsive pleading has been filed, RCFC 15(a) provides that the party "may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . ." RCFC 15(a). Leave is liberally granted when circumstances warrant. *See Internal-Costal XPress v. U.S.*, 49 Fed. Cl. 531, 543 (Fed. Cl. 2001)

(granting plaintiff leave to amend defective jurisdictional allegations in complaint without citation to any statute, rule, or case).

## IV. Conclusion

For these reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for an Order Confirming Jurisdiction to Decide the Applicability of Penalties and Any Defenses Thereto and grant Plaintiffs leave to file an amended complaint including as a basis for jurisdiction 26 U.S.C. § 1491(a)(1). Should this Court rule that the Stobie Creek partners are somehow not parties properly before this Court, Plaintiffs respectfully request permission for leave to amend their complaints and/or file an election to participate pursuant to Appendix F such that this Court may hear reasonable cause defenses of all Stobie Creek partners at trial.

Dated: February 25, 2008

Respectfully Submitted
SCHIFF HARDIN LLP

/s/ Robert E. Kolek
Attorneys for Plaintiffs

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th of February, 2008, the undersigned counsel caused to be electronically filed *Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for an Order Confirming Jurisdiction to Decide the Applicability of Penalties and Any Defenses Thereto* using the CM/ECF system, which will send notification of such filing to the following named counsel of record:

Stuart D. Gibson, Esq.
Cory A. Johnson, Esq.
Trial Attorney
Tax Division
U. S. Department of Justice
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Colleen M. Feeney