IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748T & 07-520T** |
| | ) | **(Judge Miller)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

---

**MOTION OF THE UNITED STATES**
**FOR LEAVE TO SERVE SUBPOENAS**

---

The United States moves, pursuant to Rule 45(b), for leave to serve, at places further than 100 miles from the location of the trial of this case, subpoenas requiring the individuals identified below to testify at that trial. The individuals possess knowledge that is material to the Government's case and they will be required to travel more than 100 miles from their residence or place of regularly conducted business to attend the trial.[1] The individuals are as follows:

1. Lawrence Goldstein
2. Robert Floyd
3. Thomas Cotter

---

[1] We intend to file another motion to serve a subpoena on the designated record custodian of Deutsche Bank, but we are not yet prepared to do so.

4. David Waterman

5. John Ivsan

6. Craig Brubaker

7. Perry Parker

8. Frank Edwards

9. Neil Bresolin

10. Jeanette Michaels

11. Rick Pychewicz

12. Mark Deutsch

13. Roger Hayse

14. Richard Levich

15. Jeffrey Frankel

16. Jeffrey Welles

17. Christopher Welles

18. David Welles, Jr.

19. Virginia Welles Jordan

20. Peter Welles

21. Georgia Welles

22. Steven Bores

The Court, in its Order of February 8, 2008, already authorized service by plaintiffs on the first four individuals listed above; namely, Lawrence Goldstein, Robert Floyd, Thomas Cotter, and David Waterman. Each possesses knowledge regarding the Son of BOSS tax shelter

at issue and/or the preparation of the relevant tax returns that is material to the Government's case, and the United States wants to ensure their attendance at trial for examination during the United States' case.

John Ivsan has unique knowledge of this case as a former associate of Shumaker, Loop, & Kendrick whom the plaintiffs have identified as having provided legal assistance to the Welleses and Stobie Creek in implementing the tax shelter at issue in this case. He provided an affidavit on behalf of the Welleses in previous litigation in which the IRS sought to enforce administrative summonses issued to Jenkens & Gilchrist.

Craig Brubaker worked at Deutsche Bank in Dallas and was instrumental in developing, structuring, and marketing the tax shelter implemented by the Welleses and Stobie Creek, including designing the necessary steps to implement the shelter.

Perry Parker was a trader at Deutsche Bank whom the United States believes was involved in executing the foreign currency transactions in which the Welleses purportedly engaged as part of the tax shelter.[2]

Frank Edwards was employed by Morgan Stanley at the time of the tax shelter transactions. The plaintiffs identified him as a person who allegedly analysed the foreign currency transactions that were part of the tax shelter and as a person upon whom they relied in deciding to enter into the transactions.

Neil Bresolin is employed by Goldman Sachs, and he was also employed by Goldman Sachs at the time of the tax shelter transactions. The plaintiffs identified him as someone who

[2]During his deposition, Mr. Parker repeatedly invoked his Fifth Amendment privilege against self-incrimination, in response to specific questions designed to elicit information about his participation in the Welles transactions, among others.

allegedly analysed the transactions and as a person upon whom they relied in deciding to enter into the transactions.

Jeanette Michaels and Rick Pychewicz were employees of Deutsche Bank at the time of the tax shelter transactions at issue. They were involved in generating the trade confirmations for the transactions, and each has knowledge about the creation and use of templates to generate trade confirmations for foreign currency transactions, including the transactions at issue here.

Mark Deutsch was an employee of Kenner & Co. when it assisted in the recapitalization of Therma-Tru in 2000. The recapitalization included the redemption of Therma-Tru stock owned by members of the Welles family, which redemption generated the capital gains that were sheltered by the Welleses by the tax shelter at issue in this case. Mr. Deutsch also discussed aspects of the tax shelter with Jeff Welles.

Roger Hayse is the record custodian of Jenkens & Gilchrist. His testimony may be necessary to establish the authenticity and admissibility of certain documents produced by Jenkens & Gilchrist in this case.

Richard Levich and Jeffrey Frankel were identified by plaintiff as expert witnesses in this case, and both were deposed by the United States.

Each member of the Welles family has unique knowledge as participants in the tax shelter transaction at issue in this case.

Last, Steven Bores is a former shareholder of Therma-Tru, who participated in the same tax shelter as the Welleses, in order to shelter from taxation his gain from the redemption of his stock in Therma-Tru, with the assistance of the law firm Shumaker, Loop, & Kendrick.

WHEREFORE, the United States prays that this motion be granted, and that the Court issue an order granting the United States leave to serve, at places further than 100 miles from the location of the trial of this case, subpoenas requiring the individuals identified above to testify at that trial.

Respectfully submitted,

s/Stuart D. Gibson

Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

John A. DiCicco
Deputy Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Trial Attorney
Jacob E. Christensen
Trial Attorney

February 28, 2008

s/David Gustafson
Of Counsel