**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748T |
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-520 T<br>Consolidated with 05-748T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' MOTION TO COMPEL DOCUMENTARY SUPPORT FOR "SUMMARY CHART"[1] PROVIDED BY DEFENDANT**

Plaintiffs, Stobie Creek Investments LLC ("Stobie Creek"), JFW Enterprises, Inc. and JFW Investments LLC, Tax Matters and Notice Partners, and Welles Asset Management, Inc., DKW Senior Enterprises, Inc., DKW Junior Enterprises, Inc., VJ Enterprises, Inc., PCW Enterprises, Inc., CSW Asset Management, Inc., DKW Senior Investments LLC, DKW Junior Investments LLC, VJ Investments LLC, PCW Investments LLC, CSW Investments LLC, and

[1] The "summary chart" is a subject of Plaintiffs' motion *in limine* to exclude non-party pattern evidence or in the alternative motion to compel, filed on February 19, 2008. Plaintiffs note that *none* of the trades at issue in this case are listed on the "summary chart."

Family trust under the David K. Welles 1994 Trust, as parties to this action (collectively the "Plaintiffs"), by and through their attorneys, submit the following motion to compel:

**THE DISPUTE**

Plaintiffs seek information with respect to the information and sources used by IRS Agent Barbara Aprile to compile the Defendant's "summary chart," attached hereto as Exhibit A. On or about July 23, 2007, Defendant identified Agent Aprile as a proposed summary witness during the trial of this case. Defendant's counsel represented that they would "make her available" for deposition. See Exhibit B. Plaintiffs promptly requested that Defendant produce the summary chart and Agent Aprile for deposition on or about July 27, 2007. See Exhibit C. Yet, Defendant did not produce the summary chart or Agent Aprile until after the close of discovery. Agent Aprile's deposition was set by agreement of the parties for March 6, 2008. Plaintiffs issued a subpoena for her presence and additional documents supporting the preparation of her summary chart. See Exhibit D. Among the documents requested are Agent Aprile's resume, notes, drafts, and documents reviewed in the production of her summary chart. Defendant responded on March 4, 2008, refusing to produce the documentation requested in the subpoena, and arguing that the documents requested were either protected by the work-product privilege or not within the scope of Appendix A. See Exhibit E.

**ARGUMENT**

**Plaintiffs Seek Production of all Requested Documents**

In order to properly depose Agent Aprile, Plaintiffs seek production of the requested documents immediately. The trial in this matter is set for April 7, 2008, approximately one month away. Plaintiffs have requested numerous times that Defendant identify with specificity the source of the information contained within a column of the chart entitled "Type of Income Sheltered." On March 4, 2008, Defendant's counsel stated that he could not provide this

information, suggesting that Agent Aprile would know the answer. In July of 2007, Defendant stated that it would seek to introduce a summary chart in this case. On July 27, 2007, Plaintiffs requested a copy of the summary chart and to take the deposition of Agent Aprile. Defendant indicated that the chart was not complete and that pursuant to Appendix A[2] it would not produce the chart until after the close of discovery. Defendant produced the summary chart on January 22, 2008 (after the close of discovery).[3]

Appendix A in no way limits a party's right to proper discovery. The documents which Plaintiffs request are necessary to determine the completeness and accuracy of the recently-produced summary chart. Specifically, Plaintiffs seek to discover documents reviewed by Agent Aprile in conjunction with the preparation of her summary chart. See Exhibit D, para. 2. In addition, Plaintiffs seek to discover Agent Aprile's notes, drafts of the summary and other items generated by her or referred to by her in the preparation of her summary chart. See Exhibit D, para. 3, 5. Defendant objects to these requests.

---

[2] Appendix A provides:

> In the case of exhibits to be offered as summaries under Fed. R. Evid. 1006, the offering party shall provide opposing counsel with a statement with respect to each summary exhibit describing the source(s) for the items or figures listed (e.g., ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), a time when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each summary and who will be made available to the opposing party during any examination or audit of the source material to provide information, and explanations necessary for verification of the information in the summary.

[3] Defendant cannot object that Agent Aprile's deposition will be conducted after the close of discovery. Without objection from Plaintiffs, Defendant is conducting a discovery deposition of William Chung on March 17, 2008, even though Defendant has known of this witness since August 13, 2007.

Federal Rule of Evidence 1006 provides that the contents of voluminous writings, recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. However, the originals, or duplicates, must be made available for examination, copying, or both, by the offering party *at a reasonable time and place*, and *the court may order* that they be produced in court. *See id*. (emphasis added).

Importantly, summaries are admissible only when a proper foundation has been laid. *See e.g.*, *United States v. Driver*, 798 F.2d 248 (7th Cir. 1986). The contents of charts or summaries admitted as evidence under Rule 1006 must fairly represent and be taken from underlying documentary proof which is too voluminous for convenient in-court examination, *and* they must be accurate and nonprejudicial. *See e.g.*, *United States v.* Bray, 139 F.3d 1104 (6th Cir. 1998); *see also*, *United States v. Scales*, 594 F.2d 558, 561-563 (6th Cir. 1979), *cert. denied* 441 U.S. 946 (1979). Similarly, the chart must be complete. United *States v. Robinson*, 774 F.2d 261, 276 (8th Cir. 1985) (emphasis added) ("The summary *properly included all* 105 applicants."). *See generally* 5 J. Weinstein and M. Berger, *Weinstein's Evidence*, para. 1006[1]-[07] (1986). Summaries or charts admitted into evidence under Rule 1006 are distinguishable from summaries or charts used as pedagogical devices which organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence. *Scales*, 594 F.2d at 563-64. Such pedagogical devices "are more akin to argument than evidence.... Quite often they are used on summation." J. Weinstein and M. Berger, *supra* at para. 1006 [07].

Defendant argues that the scope of the documents Agent Aprile examined for her summary chart is work-product and not subject to disclosure. However, Defendant seeks to offer the summary chart *into evidence* under Rule 1006. Under Rule 1006, the chart must be complete, accurate, and nonprejudical. It is only proper that Plaintiffs be afforded the right to

discover the methods by which she prepared the summary, the scope of the documents she was given to review, and whether there are documents she chose not to summarize.[4] Plaintiffs' document requests to Agent Aprile are proper discovery into the summary chart Defendant argues is admissible pursuant to Rule 1006.

Appendix A is not inconsistent with Plaintiffs' document requests. In order to "audit" the summary chart, Plaintiffs must have Defendant's sources for the chart, especially the column on the summary chart entitled "Type of Income Sheltered", which purports to identify the amount or type of income sheltered. The cites to the source of this information or the documents themselves should be provided to Plaintiffs' counsel immediately. *Jade Trading LLC v. United States*, 67 Fed. Cl. 608 (Fed. Cl. 2005) (holding that Government's summary chart exhibits, tendered one month before complex two-week trial in tax case would be excluded, where Government was unable to articulate any compelling reason for its failure to timely identify all sources for items in the summaries).

WHEREFORE, Plaintiffs request that this Honorable Court enter an Order which compels Agent Aprile to produce documents requested in Exhibit D within seven days and to appear at a discovery deposition (at a time and place to be determined). Given the impending trial date in this matter, Plaintiffs also request that the Court set an expedited briefing schedule for this motion.

---

[4] It is clear on its face that the chart does not summarize all trades completed by Deutsche Bank in the time period referenced. It does not even summarize all trades produced in this case. Furthermore, it is clear from the Defendant's argument that the information and documents sought by the Plaintiffs in their subpoena are not protected by the work product privilege. Agent Aprile's summary chart is nothing more than a pedagogical device that is more akin to an argument than to evidence.

Dated: March 5, 2008

Respectfully Submitted

SCHIFF HARDIN LLP

/s/ Thomas R. Wechter
Attorneys for Plaintiffs

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th of March, 2008, the undersigned counsel caused to be electronically filed *Plaintiffs' Motion to Compel Documentary Support for "Summary Chart" Prepared by Defendant* using the CM/ECF system, which will send notification of such filing to the following named counsel of record:

Stuart D. Gibson, Esq.
Cory A. Johnson, Esq.
Trial Attorney
Tax Division
U. S. Department of Justice
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Colleen M. Feeney