# Exhibit B

**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: Cory A. Johnson*
*Attorney's Direct Line: 202-307-3046*

RTM:DG:CAJohnson
154-2322
CMN 2005105383

July 23, 2007

***Via Fax and U.S. Mail***

Mr. Robert E. Kolek
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

Re: *Stobie Creek Investments v. United States*

Dear Mr. Kolek:

I am writing to supplement the initial disclosures of the United States pursuant to RCFC 26(a). This information supplements the disclosures of February 24, 2006, and the information in Exhibit F to the United States' Motion for Leave to Enlarge the Number of Allowable Fact Discovery Depositions, served on March 16, 2007. We make these disclosures based on the information that is currently reasonably available to us.

Individuals that May Have Discoverable Information

The following individuals may have discoverable information that we may use to defend against plaintiff's claims. The subject matter on which they have knowledge has been disclosed in Exhibit F. Most of the individuals listed below have already been disclosed by us. We are listing them again because we now have additional contact information.

Current or Former Employees of Deutsche Bank

David Parse
Rick Pychewicz
William Vogel
Jeanette Michaels
Craig Brubaker
William Boyle
Perry Parker
Carrie Yackee

Rod Mackay
Jason Shih

All current or former employees of Deutsche Bank, except for Mssrs. Shih, Parse and Brubaker, are represented by Larry Hill of the Dewey Ballantine law firm in New York. Mr. Hill's phone number is 212-259-8330. Mr. Shih is represented by Deirdre Daly, 203-255-6700. Mr. Parse and Mr. Brubaker are represented by Teresa Trzaskoma, 212-668-1900. Mr. Pychewicz, Ms. Yackee, and Mr. Parker are represented by Larry Hill and Geoff Berman, 973-443-3570. Mr. Mackay is represented by Larry Hill and George Canellos, 212-530-5174.

Current or Former Employees of Shumaker, Loop & Kendrick

John Ivsan
David Waterman
Thomas Cotter

Mr. Ivsan is represented by E. Fitzgerald Parnell, 704-342-5252. Mr. Waterman and Mr. Cotter are represented by Christopher Rizek, 202-862-8852.

Former Employees of Jenkens & Gilchrist

Paul Daugerdas
Donna Guerin

Mr. Daugerdas is represented by Larry Black, 512-266-6730. Ms. Guerin is represented by Mark Rotert, 312-236-8115.

Other Individuals

Neil Bresolin
Frank Edwards
Larry Goldstein
Barbara Aprile, Internal Revenue Service

Mr. Bresolin is represented by Don Griffith, 212-357-7885. Mr. Edwards is not represented, but may be reached at 704-973-9920. Larry Goldstein is represented by Ronald Minkhoff, 212-705-4837. Ms. Aprile is an Internal Revenue Agent who is preparing summaries (within the meaning of Fed.R.Evid. 1006) of voluminous documents containing details of purported digital option transactions done by the Welles and others with Jenkens & Gilchrist and Deutsche Bank during 1999 and 2000. The summaries reflect documents produced by the plaintiff and third-parties pursuant to subpoenas issued in this case. We will provide the summaries to you shortly. If you wish to depose her about the summaries, please let us know,

and we will make her available.

Documents that the United States May Use

In addition to the documents identified previously, the United States may use the documents produced by the plaintiff, and by the following third parties – all of which have been produced to you – to defend against the plaintiff's claims:

Individual members of the Welles family
Deutsche Bank
Jenkens & Gilchrist
Shumaker, Loop & Kendrick
McDermott, Will & Emery
John Ivsan
North Channel, LLC
Robert Floyd

Please call me if you wish to discuss these matters further.

Sincerely,

Cory A. Johnson
Trial Attorney
Court of Federal Claims Section

cc: Stuart D. Gibson

# Exhibit C

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 05-748 T<br>Judge Christine O.C. Miller |

**NOTICE OF DEPOSITION**
**PURSUANT TO SUBPOENA**

PLEASE TAKE NOTICE that the Plaintiff will take the deposition of Barbara Aprile pursuant to the attached subpoena, on August 28, 2007, beginning at 9:00 a.m., at 1666 K Street, N.W., Suite 300, Washington, DC 20006-2803. The Plaintiff has also requested the production of certain documents by Ms. Aprile on or before August 10, 2007. The deposition will be taken before a court reporter authorized to administer oaths, and will also be recorded by a videographer.

Dated: July 27, 2007

Robert E. Kolek
Thomas R. Wechter
John A. Bannon
Colleen M. Feeney
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

This is to certify that service of the foregoing Notice of Deposition Pursuant to Subpoena for Barbara Aprile has, this 27th day of July 2007, been made upon counsel for the United States by mailing the original via Federal Express, addressed as follows:

Stuart Gibson, Esq.
Cory A. Johnson, Esq.
U.S. Department of Justice
Room 8108, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

Colleen M Feeney
Colleen M. Feeney

FORM 6
SUBPOENA

# United States Court of Federal Claims

STOBIE CREEK INVESTMENTS LLC,
JFW ENTERPRISES, INC., Tax Matters
and Notice Partner, Plaintiff

*vs.* *No.* 05-00748

*THE UNITED STATES*

## SUBPOENA

To: Barbara Aprile c/o Cory Johnson
Room 8108, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
   *Place of Testimony:* ______
   *Date and Time:* ______
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
   *Place of Deposition:* 1666 K Street, N.W., Suite 300, Washington, DC 20006
   *Date and Time:* August 28, 2007 at 9:00 a.m.
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attached Rider
   *Place:* Schiff Hardin LLP, 6600 Sears Tower, Chicago, IL 60606
   *Date and Time:* August 10, 2007 at 9:00 a.m.
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
   *Premises:* ______
   *Date and Time:* ______

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

[signature] Attorney for Plaintiff July 27, 2007

ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

John A. Bannon, 6600 Sears Tower, Chicago, IL 60606 (312-258-5597)

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | Personal Service |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

☐ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ____________________
DATE

____________________
SIGNATURE OF SERVER

____________________
ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## ATTACHMENT A

The following documents should be produced:

1. All "summaries (within the meaning of Fed. R. Evid. 1006) of voluminous documents containing details of the purported digital option transactions done by the Welles and others with Jenkens & Gilchrist and Deutsche Bank during 1999 and 2000."

2. All documents (or their bates numbers) used to prepare the "summaries" described in item 1, above.

# Exhibit D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br>Plaintiff<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 05-748T |
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br>Plaintiff<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Case No. 07-520 T<br>Consolidated with 05-748T<br><br>Judge Christine O.C. Miller |

NOTICE OF SUBPOENA

To: Cory Johnson
U.S. Department of Justice, Tax Division
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

PLEASE TAKE NOTICE that, pursuant to United States Court of Federal Claims Rules, we will take the deposition of Barbara Aprile on March 6, 2008 at 9:00 a.m. The deposition will take place at the offices of Schiff Hardin LLP, 1666 K Street, N.W., Suite 300, Washington, DC 20006. The deposition will be recorded by stenographic means and by videotape.

The witness is requested to produce or permit inspection of originals or copies of all documents requested by the document rider attached to this Notice of Deposition on or before her deposition.

Dated: February 28, 2008

**STOBIE CREEK INVESTMENTS, LLC, et al.**

By: [signature]
One Of Its Attorneys

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

I, Colleen M. Feeney, an attorney, hereby certify that on this day, the 27th day of February, 2008, I caused a copy of the foregoing Notice of Subpoena to be served upon the attorney below by email and U.S. Regular Mail:

Cory Johnson
U.S. Department of Justice, Tax Division
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

Colleen M. Feeney

CHI\5489553.1

**FORM 6**
**SUBPOENA**

# United States Court of Federal Claims

STOBIE CREEK INVESTMENTS LLC,
JFW ENTERPRISES, INC., Tax Matters
and Notice Partner, Plaintiff

*vs.* *No.* 05-748/07-520

*THE UNITED STATES*

**SUBPOENA**

To: Barbara Aprile c/o Cory Johnson
Room 8108, Judiciary Center Building
555 Fourth St., N.W.
Washington, D.C. 20001

1. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above-captioned case.
   *Place of Testimony*:
   *Date and Time*:
2. YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-captioned case.
   *Place of Deposition:* 1666 K Street, N.W., Suite 300, Washington, DC 20006
   *Date and Time:* March 6, 2008 at 9:00 a.m.
3. YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attached Rider
   *Place:*
   *Date and Time:*
4. YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.
   *Premises:*
   *Date and Time:*

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

[signature] Attorney for Plaintiff 02/28/2008
ISSUING OFFICER SIGNATURE, AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE

Colleen M. Feeney, 6600 Sears Tower, Chicago, IL 60606 (312-258-5717)
ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

NOTE - If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the deposition is more than 100 miles from the place where the deponent resides, is employed, or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | Personal Service |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

☐ Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

RCFC 45.

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# DEPOSITION RIDER FOR BARBARA APRILE

1. Deponent's current Resume.

2. All documents or things reviewed by the deponent in conjunction with the preparation of the summary chart produced in this case.

3. All notes, preliminary impressions, drafts of the summary, and other documents or things generated by the deponent, or those working for the deponent, in conjunction with the preparation of the summary exhibit.

4. Any materials, including but not limited to the documents upon which the deponent relied to prepare summary chart.

5. Any and all materials to which the deponent referred, or sources of information which she consulted in this case, including, but not limited to legal memoranda prepared by Department of Justice.

6. Any correspondence relating to this lawsuit to or from this deponent and the Department of Justice, including, but not limited to any documents and/or records relating to compensation of the deponent.

7. A list of all other cases in which the deponent has testified, at deposition or at trial, and the jurisdiction in which the matters were pending.

8. The court reporter's name and date of any deposition or trial testimony of this witness as a witness in any case, and any such transcripts in possession of the deponent, defendant's counsel, or Defendant.

9. Any notes prepared or materials collected or retained by the witness in connection with the review of materials in this case, or in the preparation of the summary chart.

CHI\5494116.2

# Exhibit E

**U.S. Department of Justice**

**Tax Division**

*Facsimile No. (202) 307-2504*
*Trial Attorney: Jacob E. Christensen*
*Attorney's Direct Line: 202-307-0878*

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

NJH:DG:SDG:jec
154-2322
CMN 2005105383

***Via Email***

March 4, 2008

Robert E. Kolek
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500

Re: *Stobie Creek Investments v. United States*

Dear Mr. Kolek:

We are in receipt of your subpoena for the "deposition" of Barbara Aprile on March 6. Because the subpoena is also accompanied by a request for documents, we find it necessary to remind you that Ms. Aprile is being made available to you on March 6 in accordance with RCFC, Appendix A, 13(a), as the preparer of a summary exhibit that the United States will offer at trial under Fed. R. Evid. 1006.

Appendix A does not require that Ms. Aprile produce documents, but only that she "be made available" to provide information and explanations "necessary for verification of the information *in the summary*." The summary explicitly references the documents upon which it relies and which are already in your possession. Other documents that could have been summarized in the exhibit but were not are simply not within the scope of Appendix A. The documents which are the subject of the request are also work product material that is privileged. For these reasons, Ms. Aprile will not be producing the requested documents, but is being made available to you on March 6, as agreed, for the purposes set forth in Appendix A.

Sincerely,

s/Stuart D. Gibson
STUART D. GIBSON
Senior Litigation Counsel