# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, and JFW ENTERPRISES, INC.,** | * | |
| Plaintiffs, | * | |
| v. | * | Nos. 05-748T & 07-520T |
| **THE UNITED STATES,** | * | (Filed Mar. 10, 2008) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER ON MOTION TO CONFIRM JURISDICTION

Plaintiffs on January 16, 2008, filed Plaintiffs' Motion for an Order Confirming Jurisdiction To Decide the Applicability of Penalties and Any Defenses Thereto. After an extension of time, defendant responded on February 11, 2008, and plaintiffs filed their reply on February 25, 2008. Argument was held on February 29, 2008.

These actions challenge two Notices of Final Partnership Administrative Adjustment ("FPAAs") issued to Stobie Creek Investments, LLC ("the partnership") for the partnership's taxable year ending April 30, 2000, and December 31, 2000, pursuant to the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. ("I.R.C.") §§ 6221-6234 (2000) ("TEFRA"). Compl. in Stobie Creek Investments, LLC v. United States, No. 05-748T, ¶ 1 (Fed. Cl. July 12, 2005); Compl. in Stobie Creek Investments, LLC v. United States, No. 07-520T, ¶ 1 (Fed. Cl. July 11, 2007). Plaintiffs Stobie Creek Investments LLC and JFW Enterprises, Inc., Tax Matters and Notice Partner ("Stobie Creek"); DKW Sr. Enterprises, Inc.; DKW Jr. Enterprises, Inc.; PCW Enterprises, Inc.; CSW Enterprises, Inc.; and VJ Enterprises, Inc., seek to confirm that the United States Court of Federal Claims has statutory jurisdiction to determine penalties and partner-level defenses at the forthcoming trial in these actions.

The Internal Revenue Service (the "IRS") asserted four different accuracy-related penalties pursuant to I.R.C. §§ 6662(c), (d), (e), and (h) (2000): a 40% gross valuation misstatement penalty under sections 6662(e) and 6662(h); a 20% substantial valuation misstatement penalty under section 6662(e) (in the alternative); a 20% penalty for "negligence" or "disregard" of rules and regulations under section 6662(c); and a 20%

substantial understatement of income tax penalty under section 6662(d). See Compl. in Stobie Creek Invs., No. 05-748T, ¶¶ 13(*l*)-(o); Compl. in Stobie Creek Invs., No. 07-520T, ¶¶ 12(bb)-(ee); Def.'s Br. filed Feb. 11, 2008, at 12-13. The IRS has applied tax overpayments to these penalties, see Pls.' Br. filed Feb. 25, 2008, at 12; Pls.' Br. filed Jan. 16, 2008, at 9 n.2, 14, and plaintiffs can be considered to have paid them.

TEFRA establishes a two-tiered process for auditing a partnership return, making tax assessments thereon binding upon the member partners. See I.R.C. §§ 6221, 6226(f). No dispute is present that the pending action is a TEFRA proceeding to determine all adjustments to partnership income and related items, including penalties, pursuant to I.R.C. § 6226 and 28 U.S.C. § 1508 (2000). See Compl. in Stobie Creek Invs., No. 05-748T, ¶¶ 7-8, 11; Compl. in Stobie Creek Invs., No. 07-520T, ¶¶ 7-8, 10; see also Pls.' Br. filed Feb. 25, 2008, at 12-13. Nor do the parties dispute that the defense of "good faith" based upon "reasonable cause" may be presented by a partner on behalf of the partnership. See I.R.C. § 6664(c)(1).

The partnership is family-run and family-constituted and advised by a family member regarding investment decisions. Plaintiffs contend that partner-level defenses should be determined in the forthcoming trial because defendant has had full discovery of all partnership-level defenses to adjustments and of all partner-level defenses based on reasonable cause. For purposes of ruling on this motion, the court will assume that the member partners, including the managing partner, rely on the conduct of the managing partner, an LLC managed by Jeffrey F. Welles, a family member and the family's designated investment advisor for many years. The court will also assume that defendant has completed discovery of all member partners' actions or statements that would support a claim that each individual partner acted in "good faith" based upon "reasonable cause."

"The United States agrees that the court has jurisdiction to determine whether [the partnership] *itself has a partnership-level* reasonable cause defense to any of the penalties, as provided in 26 U.S.C. § 6664(c)." Def.'s Br. filed Feb. 11, 2008, at 13. Defendant observes that, "in making the determination of "'reasonable cause'" and other defenses at the partnership level, courts look to the conduct of the managing partner of the partnership. Id. at 15 n.11. Here, the managing partner of Stobie Creek is North Channel LLC, and the manager of North Channel LLC is allegedly Jeffrey F. Welles. See id. Determination of whether the partnership can avail itself of the "reasonable cause" defense may turn on the same facts as a determination of whether the partnership's general partner can substantiate a "reasonable cause" defense. See Industry Specialization Program Coordinated Issue, *National Principal Contracts*, 2005 WL 43711 (Jan. 6, 2005); Industry Specialization Program Coordinated Issue, *"Basis Shifting" Tax Shelter*, 2002 WL 32351285 (Dec. 3,

2002). The court accepts the following statement by defendant as agreement with this proposition:

> [I]f an individual partner is the partnership's general partner, that partner's partner-level reasonable cause defense may be disposed of by the determination of the partnership-level reasonable cause defense, which is based on the actions of that partner because he or she was the general partner. The IRS is, therefore, simply acknowledging the possible application of collateral estoppel.

Def.'s Br. filed Feb. 11, 2008, at 23.

Plaintiffs proffer that member partners, through their individual LLCs, will defend against penalties on the basis that they acted in "good faith" based upon "reasonable cause" in relying on the advice of Jeffrey F. Welles. Thus, the member partners argue that trial should resolve conclusively the pending partnership-level adjustments that will be binding upon them, as well as the "reasonable cause" defenses of member partners to penalties. In essence, plaintiffs make the eminently reasonable argument that confirming jurisdiction to resolve the partnership and member-partner defenses based upon "reasonable cause" will promote judicial economy. In the particular circumstances presented, plaintiffs urge, such a ruling will avoid obviously duplicative proceedings – one at the partnership level and another at the partner level.

Plaintiffs face daunting statutory and regulatory hurdles–first, because TEFRA itself plainly delineates two judicial proceedings–one at the partnership level, the other at the partner level; and second, because Judge Frank H. Easterbrook in <u>Cemco Investors, LLC v. United States</u>, No. 07-220, 2008 WL 321270 (7th Cir. Feb. 7, 2008), just issued a withering rejection of the attempt of a federal court in another judicial circuit to declare the applicable implementing regulation invalid in <u>Klamath Strategic Inv. Fund v. United States</u>, 472 F. Supp. 2d 885 (E.D. Tex. 2006). Plaintiffs rely on legislative history, but it is not inconsistent with the regulation. They also charge that Appendix F to the Rules of the Court of Federal Claims, which prescribes rules for TEFRA proceedings, cannot be read to foreclose their participation. <u>See</u> RCFC App. F, Rules 2, 4, and 6. However, even if these rules are confusing, their shortcomings could not resolve a jurisdictional imbroglio in favor of a ruling more liberal than that afforded by the TEFRA statutory scheme and applicable implementing regulations.

1. I.R.C. § 6221 entitled "Tax treatment determined at partnership level," distills the two-tier approach in TEFRA proceedings and provides in full: "Except as otherwise provided in this subchapter, the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership

item) shall be determined at the partnership level." Judicial review by the Court of Federal Claims of adjustments imposed at the partnership level is authorized by I.R.C. § 6226(a)(3). The scope of judicial review is explicit. I.R.C. § 6226(f) provides:

> Scope of judicial review.– A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

I.R.C. § 6228(a)(4) treats a partner as a party to such action and directs the court to "allow each such person to participate in the action." Id. § 6228(a)(4)(ii). Judicial review, however, is circumscribed, as follows:

> Scope of judicial review. –Except in the case described in subparagraph (B) of paragraph (3), a court with which a petition is filed in accordance with this subsection shall have jurisdiction to determine only those partnership items to which the part of the request under section 6227 not allowed by the Secretary relates and those items with respect to which the Secretary asserts adjustments as offsets to the adjustments requested by the tax matters partner.

I.R.C. § 6228(a)(5).

A partner may challenge in a refund action an erroneous computational adjustment in imposing a partnership adjustment on a partner and may raise his individual defenses to any penalty related to an adjustment to a partnership item. See I.R.C. §§ 6230(c)(1), 6231(a)(2)(B). TEFRA could not be more explicit, however, that a partnership adjustment and a partnership penalty, as confirmed judicially, both flow directly through to and are conclusive with respect to the member partners. I.R.C. § 6230(c)(4) provides in full:

> No review of substantive issues.–For purposes of any claim or suit under this subsection, the treatment of partnership items on the partnership return, under the settlement, under the final partnership administrative adjustment, or under the decision of the court (whichever is appropriate) shall be conclusive. In addition, the determination under the final partnership administrative adjustment or under the decision of the court (whichever is appropriate) concerning the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item shall also be conclusive. Notwithstanding the preceding sentence, the partner shall be

> allowed to assert any partner level defenses that may apply or to challenge the amount of the computational adjustment.

See also id. § 6230(c)(5)(D) (decision of court on treatment of partnership items binding). See generally Callaway v. Comm'r, 231 F.3d 106, 108 (2d Cir. 2000) (cogent summary of TEFRA's interlocking provisions) (cited in AD Global Fund v. United States, 67 Fed. Cl. 657, 660-61 (2005)).

The putatively offending regulation in question, Treasury Regulation § 301.6221-1T(c) (2001), carries forward TEFRA's bifurcation of partnership-level determinations and partner-level proceedings. Treasury Regulation § 301.6221-1T(c), states, in full:

> Penalties determined at partnership level (partnership taxable years ending after August 5, 1997). Any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be determined at the partnership level. Partner-level defenses to such items can only be asserted through refund actions following assessment and payment. Assessment of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be made based on partnership-level determinations. Partnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses specified in paragraph (d) of this section.

Subsection (d) limits "[P]artner-level defenses . . . to those that are personal to the partner or are dependent upon the partner's separate return and cannot be determined at the partnership level." Id. § 301.6221-1(d). The section 6664(c)(1) reasonable cause exception is listed as an example of a defense that cannot be determined at the partnership level. Id. (citing I.R.C. § 6664-1(c)(1)).

Plaintiffs argue that the legislative history of the Tax Refund Act of 1997 with respect to I.R.C. § 6221 and defenses at the partnership-level proceeding supports their position that partners may raise their particular reasonable cause defenses at a partnership-level proceeding. For support, plaintiffs cite to the Joint Committee on Taxation's General Explanation of Tax Legislation Enacted in 1997. Discussing section 6221, the "Explanation of Provision" recites: "The Act provides that the partnership-level proceeding is to include a determination of the applicability of penalties at the partnership level. However, the provision *allows* partners to raise any partner-level defenses in a refund forum." Staff of J. Comm. on Taxation, 105th Cong., General Explanation of Tax Legislation Enacted in 1997, at 377 (Comm. Print 1997) (emphasis added).

Plaintiffs suggest that the permissive nature of the word "allows" signified Congress's intent to allow partners to raise particular defenses at either the partner level or at the partnership level. Plaintiffs' interpretation of the relevant legislative history misapprehends the import of the word "allows." The legislative history highlights the two-tiered structure of TEFRA proceedings. The applicability of penalties at the partnership level first is determined during the partnership-level proceeding. Partners may then raise particular defenses, if they have any, at the partner level. To say that partners are "allowed" to raise particular defenses in a refund forum merely emphasizes that the refund forum (*i.e.*, a claim for refund based on assessment of additional tax and application of penalties determined in the partnership-level proceeding) is the appropriate forum for raising such defenses and that no partner need raise any defenses if he elects not to do so.

The court has parsed plaintiffs' constructions of the TEFRA provisions and the Treasury regulation. They can be read to encourage presentation of defenses by partners to the determination of partnership items and the applicability of penalties in a partnership proceeding, but they do not allow for binding determinations of partner-level defenses until they are presented at the partner level. Therefore, in partnership-level proceedings, partners can participate by raising their own arguments in defending the partnership against proposed adjustments and penalties, but they are not bound to; they may defend against imposition of partnership adjustments and penalties later at the partner level administrative proceedings, but only in respect of adjustments and penalties that have been determined to be binding on the partnership. Significantly, the former are limited to computational errors and the like. See I.R.C. § 6230(a)(1).

2. The court declines to put its head in the Klamath noose now established by the Seventh Circuit in Cemco, or to follow Judge Mary Ellen Coster Williams' recent decision in Jade Trading v. United States, 80 Fed. Cl. 11, 59-60 (2007), appeal docketed, No. 08-5045 (Fed. Cir. filed Feb. 26, 2008), because a motion for reconsideration on point is pending. See Sentinel Advisors LLC's Mtn. for Reconsideration, No. 03-2164T (Fed. Cl. filed Jan. 4, 2008) (to be argued Mar. 12, 2008).

3. Turning to the Rules of the Court of Federal Claims, plaintiffs argue that they are parties to the lawsuit and therefore can raise their individual defenses to assessments and penalties. The RCFC implement TEFRA's directive to allow the member partners to participate in the partnership-level judicial proceedings. See I.R.C. § 6228(a)(4)(ii). All complaints in TEFRA proceedings shall contain the name and address of the complainant. RCFC App. F, Rule 2(c)(1). However, Rule 4(b) prescribes that a partner who wishes to participate in a partnership-level proceeding shall file a notice of election. Rule 6(b) stipulates that the parties to the proceeding are "the partner who filed the complaint and such other partners who have filed . . . a notice of election to participate in accordance with the

provisions of RCFC 4." Because no member partner filed a notice under Rule 4, defendant contends that none cannot participate in the action. Plaintiffs rejoin with the primacy of Rule 2, which acknowledges that complainants are statutory parties, listing the member partner LLCs that were named as parties in the two complaints. See Compl. in Stobie Creek Invs., No. 05-748T, ¶¶ 8-9; Compl. in Stobie Creek Invs., No. 07-520T, ¶ 8.

The court recognizes the inconsistency, but it does not create any right to demand partner-level defense determinations as part of the partnership-level judicial proceedings. Although individual plaintiff LLCs may stipulate with the IRS to be bound by findings in the partnership-level proceedings insofar as they relate to the imposition of penalties on individual partners, a partner cannot obtain a ruling that would foreclose the Government from challenging in any later partner-level proceeding the defense that an individual partner's reliance on Jeffrey F. Welles (including his actions and whatever he relied upon) was reasonable.

4. Finally, plaintiffs ask for leave to amend their complaint to seek a refund under 28 U.S.C. § 1491(a)(1) (2000), the Court of Federal Claims' general jurisdictional statute. Because the IRS has seized refunds for tax year 2006, which plaintiffs duly have sought to curtail, plaintiffs contend that they have perfected refund claims. The Court of Federal Claims cannot turn this partnership-level proceeding under TEFRA's scripted procedures into a refund action. Partnership-level proceedings under TEFRA do not result in refunds; rather, they normalize in one proceeding the tax treatment of partnership items for all partners' returns. TEFRA creates a self-contained two-tiered process that provides for determination in a partner-level proceeding of defenses to penalties applicable to the partners. The Tucker Act refund action is available should the involved partner entities or entities whose tax liabilities flow therefrom challenge the IRS's computational adjustments to their eventual income tax liabilities. I.R.C. §§ 6230(c)(1), (4), 6231(a)(2)(A), (B). Partner-level defenses to the imposition of penalties also may be asserted in those proceedings. Other than with respect to Jeffrey F. Welles, as discussed above, the court will not determine partner-level penalties or rule on partner-level defenses in making findings of fact and conclusions of law at trial. Accordingly,

**IT IS ORDERED**, as follows:

Plaintiffs' motion is denied.

s/ Christine O.C. Miller

_________________________________

**Christine Odell Cook Miller**
Judge