**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-748 T** |
| | ) | **07-520 T** |
| **v.** | ) | |
| | ) | **(Judge Christine O. C. Miller)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**THE UNITED STATES' MOTION**
**FOR LEAVE TO FILE DEPOSITION TRANSCRIPTS**

The United States, pursuant to RCFC Appendix A, ¶ 15(b) and RCFC 32, moves for leave to file all of some deposition transcripts and portions of one other deposition transcript as substantive evidence in this case. All the depositions sought to be admitted were taken in this case. The witnesses the United States intends to present by deposition are as follows:

Stephen J. Bores: Mr. Bores resides in California, and is a former officer and shareholder of Therma-Tru. In 2000, upon the impendaing purchase of Therma-Tru by Kenner & Co., Mr. Bores was approached by one of the plaintiffs' witnesses, David Waterman, about participating in the BEDS tax shelter that the plaintiffs participated in anticipation of the sale of their Therma-Tru stock. Mr. Bores did, in fact, also participate in the BEDS tax shelter. His brief testimony can be presented through the following excerpts from his September 29, 2006 deposition:

5:1 - 7:3
7:21- 9:13
22:10 - 23:13
27:16 - 28:6
54:10 - 55:7

55:24 - 56:2
62:6 - 62:12

Donna Guerin: Donna Guerin, a former partner at Jenkens & Gilchrist, was one of the two "engagement partners" for the tax opinion letters issued to members of the Welles family in connection with their participation in the BEDS tax shelter at issue in this case. The plaintiffs claim that they relied upon Ms. Guerin to support the tax benefits claimed from the BEDS tax shelter. When she was deposed on August 3, 2007, Ms. Guerin refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon her Fifth Amendment privilege against self-incrimination. Although Ms. Guerin lives in the Chicago area and could appear for trial, her attorneys have advised that if subpoenaed for trial, she would again refuse to answer any questions. Because defendant's counsel would ask her essentially the same questions at trial that were asked during her deposition, the defendant moves for leave to present her testimony by filing the transcript of her deposition.[1]

Paul Daugerdas: Paul Daugerdas, a former partner at Jenkens & Gilchrist, was one of the two "engagement partners" for the tax opinion letters issued to members of the Welles family in connection with their participation in the BEDS tax shelter at issue in this case. The plaintiffs claim that they relied upon Mr. Daugerdas to support the tax benefits claimed from the BEDS tax shelter. When he was deposed on August 30, 2007, Mr. Daugerdas refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon his Fifth Amendment privilege against self-incrimination. Although Mr. Daugerdas lives in the Chicago

[1]The plaintiffs have filed a motion in limine to exclude any testimony from this witness, and all but one of the other witnesses whose deposition testimony is the subject of this motion. The defendant opposes the motion, for reasons that will be discussed in the response that is due on March 19, 2008.

area, and could appear for trial, his attorneys have advised that if subpoenaed for trial, he would again refuse to answer any questions.[2] Because defendant's counsel would ask him essentially the same questions at trial that were asked during his deposition, moves for leave to present his testimony by filing the transcript of his deposition.

John Ivsan: John Ivsan, a former partner at Shumaker, Loop & Kendrick who now lives in North Carolina, is one of the persons upon whom the plaintiffs claim to have relied to support the tax benefits claimed from the BEDS tax shelter. The plaintiffs claim that they relied upon Mr. Ivsan in deciding to participate in the BEDS tax shelter. When he was deposed on August 17, 2007, Mr. Ivsan refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon his Fifth Amendment privilege against self-incrimination. Because defendant's counsel would ask him essentially the same questions at trial that were asked during his deposition, the defendant moves for leave to present his testimony by filing the transcript of his deposition.

David Parse: David Parse, a former account representative at Deutsche Bank in Chicago, is one of the persons who helped design and execute the foreign currency option transactions that the Welles family members engaged in as part of the BEDS tax shelter. The plaintiffs have identified Mr. Parse as someone upon whom they relied to analyze the potential economic benefits from, and to execute, their foreign currency option transactions. When he was deposed on August 6, 2007, Mr. Parse refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon his Fifth Amendment privilege against self-

[2]We expect Mr. Daugerdas to move to quash any trial subpoena, on the ground that requiring him to appear and testify at trial would not result in any different responses than the ones he gave during his deposition.

incrimination. Although Mr. Parse lives in the Chicago area, and could appear for trial, his attorneys have advised that if subpoenaed for trial, he would again refuse to answer any questions. Because defendant's counsel would ask him essentially the same questions at trial that were asked during his deposition, the defendant moves for leave to present his testimony by filing the transcript of his deposition.

Craig Brubaker: Craig Brubaker, a former account representative at Deutsche Bank in Texas, is one of the two principal architects (along with Paul Daugerdas) of the BEDS tax shelter that the plaintiffs engaged in. When he was deposed on August 7, 2007, Mr. Brubaker refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon his Fifth Amendment privilege against self-incrimination. Because defendant's counsel would ask him essentially the same questions at trial that were asked during his deposition, the defendant moves for leave to present his testimony by filing the transcript of his deposition.

Perry Parker: Perry Parker, a former currency trader for Deutsche Bank who now lives in California, was responsible for executing the foreign currency transactions at the heart of the BEDS tax shelter, including (on information and belief) the transactions that the Welles family members engaged in. When he was deposed on August 8, 2007, Mr. Parker refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon his Fifth Amendment privilege against self-incrimination. Because defendant's counsel would ask him essentially the same questions at trial that were asked during his deposition, the defendant moves for leave to present his testimony by filing the transcript of his deposition.

Jason Shih: Jason Shih, a former executive at Deutsche Bank who now lives in the Chicago area, was one of the Deutsche Bank officials who was responsible for approving the

bank's participation in, and structure of, foreign currency option transactions engaged in by hundred of clients (including the Welles family members) who participated in the BEDS tax shelter. When he was deposed on August 16, 2007, Mr. Shih refused to answer any of the specific, substantive questions asked by defendant's counsel, relying upon his Fifth Amendment privilege against self-incrimination. Although Mr. Shih lives in the Chicago area, and could appear for trial, his attorneys have advised that if subpoenaed for trial, he would again refuse to answer any questions. Because defendant's counsel would ask him essentially the same questions at trial that were asked during his deposition, the defendant moves for leave to present his testimony by filing the transcript of his deposition.

The United States understands that the Court has already granted its motion for leave to serve trial subpoenas on the witnesses who live more than 100 miles from Chicago, Mr. Ivsan, Mr. Brubaker, and Mr. Parse. The United States still plans to subpoena them for trial, so that they can testify in person, if the Court so desires, or if the United States determines that their presence is required.

Respectfully submitted,

*/s/ Stuart D. Gibson*
Stuart D. Gibson
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

John A. DiCicco
Deputy Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Cory A. Johnson
Jacob E. Christensen
Trial Attorneys, Court of Federal
Claims Section

/s/ *David Gustafson*
Of Counsel

Dated: March 12, 2008