# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STOBIE CREEK INVESTMENTS, LLC, and JFW ENTERPRISES, INC.,** *

Plaintiffs, *

v. * No. 05-748T

**THE UNITED STATES,** * (Filed Mar. 14, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiffs' Motion To Compel Production of Documentary Support for "Summary Chart" Provided by Defendant was filed on March 5, 2008. By order entered on March 7, 2008, the court ordered defendant to respond by March 12, 2008, and notified the parties that the court would rule without a reply. An extension of that time limit was granted by order of March 10, 2008, and defendant filed its response this date.

Because this matter implicates on-going discovery for a trial scheduled to begin on April 9, 2008, the court determined both to rule without a reply brief and to enter its ruling as soon as practicable. Plaintiffs on February 19, 2008, filed a motion *in limine* to exclude non-party pattern evidence. This motion is addressed to the discovery that prompts plaintiffs' motion to compel and has not been briefed fully. The court will rule on the motion *in limine* by separate order. The court's ruling on the present motion to compel is directed only to the issue whether and to what extent, as preparer of a summary chart to be introduced through Fed. R. Evid. 1006, Internal Revenue Service Agent Barbara Aprile must respond to a subpoena *duces tecum* issued on July 27, 2007 (Pls.' Mot. filed Mar. 5, 2008, Ex. C), and examination concerning communications with government attorneys.

In order to admit a summary of evidence in chart form under Fed. R. Evid. 1006, the proponent of the exhibit must establish that (1) it accurately reflects the contents of voluminous writings that cannot conveniently be examined in court, and (2) the source documentation has been made available to the opponent within a reasonable time prior to its

listing as an exhibit. A Rule 1006 summary is evidence that must satisfy other standards for admissibility, such as relevance (Fed. R. Evid. 401), and relevance weighted against offsetting considerations, including unfair prejudicial effect, cumulativeness, and confusion of the issues (Fed. R. Evid. 403). The ruling on this motion addresses (1) and (2) above.

Defendant represents that only two columns of information captioned "Type of Income Sheltered" lack pin-point cites, by Bates number, to the source documents, see Def.'s Br. filed Mar. 14, 2008, at 3 n.5, that defendant presented to plaintiffs over one year ago, see id. at 2. Morever, defendant represents that the "United States intends to exclude these two columns from the summary offered into evidence." Id. at 3.n.5. Thus, defendant represents that all the documents reflecting entries in the chart have been made available to plaintiffs in a timely manner and that each referent has been identified on the chart itself. The court assumes the veracity of both representations. Defendant shall deliver to plaintiffs forthwith a revised version of the chart that excludes the two columns dealing with income sheltered. This revised chart shall be the basis of Ms. Aprile's examination, as well as serve as the exhibit that defendant will seek to admit at trial.

As the unrevised chart was produced after the close of discovery, plaintiffs may take Ms. Aprile's deposition to cover any aspect of its preparation, including directions or instructions from counsel; supervision by counsel or anyone else; collaboration in preparation with anyone else; methodology; verification of entries against the source data; and calculations, extrapolations, and so forth. Ms. Aprile is testifying as to the foundation that will support admission of the revised chart into evidence. She is not offered as an expert. To the extent that the chart reflects analyses of, or modifications to, or calculations of, or extrapolations from the source data, plaintiffs may examine Ms. Aprile. Beyond straightforward calculations, any such interpretative work could represent opinion testimony that would not be admissible unless an expert were to render an opinion based on the Rule 1006 summary and testify that Ms. Aprile worked under his direction and supervision in compiling it.

Deficiencies in accuracy of data go not only to the qualification of the chart as a Rule 1006 summary, but to its weight as an exhibit if it is admitted (of course, errors may render it prejudicially erroneous and therefore inadmissible, apart from consideration of the summary chart as prejudicial under Fed. R. Evid. 403). To the extent that Ms. Aprile compiled the chart based on any documents other than the source documents listed, she must provide them at her deposition. To the extent that Ms. Aprile did not record information in the chart as a scrivener, but was required to make analyses, interpretations, calculations, or judgments, she may be examined on point.

Appendix A to the rules of the United States Court of Federal Claims, see RCFC App. A, § VI. 13(a), by obligating the proponent of a Rule 1006 summary to produce a preparer who can provide "information[] and explanations necessary for verification of the information in the summary," does not limit plaintiffs' right to discover the information listed above. Moreover, Exhibit A, Part 1 to plaintiffs' motion to compel does not give pin-point cites to any information on the chart. The document may be revelatory of the source documents in other ways or may have been delivered to plaintiffs in another iteration that gives Bates numbers. However, to the extent that plaintiffs do not have the proposed Rule 1006 summary chart today in a form that admits identification of and verification of the source material for the entries, the court will exclude the exhibit. It is far too late for defendant to be delivering to plaintiffs a key to "a million pages of documents." Def.'s Br. filed Mar. 14, 2008, at 3. It is far too late for plaintiffs to correlate entries in such a proposed exhibit with pin-point cites to Bates numbers that were not made available to plaintiffs before they filed their instant motion. Accordingly,

**IT IS ORDERED**, as follows:

1. Plaintiffs' motion is granted insofar as they may examine Ms. Aprile consistent with the guidelines set forth in this order, and the motion is otherwise denied.

2. Defendant shall deliver to plaintiffs forthwith a revised version of the Aprile summary chart that excludes the two columns dealing with income sheltered. This revised chart shall be the basis of Ms. Aprile's examination, as well as serve as the exhibit that defendant will seek to admit at trial.

3. The deposition of Ms. Aprile shall take place before the pretrial conference scheduled for April 3, 2008.

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge