**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STOBIE CREEK INVESTMENTS LLC, JFW ENTERPRISES, INC., Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 05-748T |
| STOBIE CREEK INVESTMENTS LLC, by and through JFW INVESTMENTS LLC, Tax Matters and Notice Partner,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07-520 T<br>Consolidated with 05-748T<br><br>Judge Christine O.C. Miller |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT REPORTS AND TESTIMONY OF IRA SHEPARD AND STUART SMITH**

Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600
*ATTORNEYS FOR PLAINTIFFS*

Plaintiffs submit this memorandum in opposition to the Motion of the United States *In Limine* to Exclude the Expert Reports and Testimony of Professor Ira Shepard and Stuart Smith (the "Motion"). The United States ("Defendant"), in its Motion, seeks to exclude the expert reports and testimony of Professor Ira Shepard ("Professor Shepard") and Stuart Smith ("Mr. Smith") on the grounds that they consist solely of impermissible legal conclusions that apply the law to the facts. (Def. Mot. at 1.) Defendant's Motion not only mischaracterizes the opinions offered by Professor Shepard and Mr. Smith, but also misstates the law governing the admission of expert testimony.

## I. INTRODUCTION

The reports of Professor Shepard and Mr. Smith bear on ultimate issues of fact on which expert testimony is appropriate and will assist the Court in determining issues central to this action. Defendant asserts that Professor Shepard and Mr. Smith intend to "testify about the law they want the Court to apply in this case, and how the Court should treat the plaintiffs' tax shelter under that law." (Def. Mot. at 2) This is simply not the case. Professor Shepard will address whether the opinion provided by Jenkens & Gilchrist to the Welles family was an appropriate "more likely than not opinion" at the time that it was issued such that a taxpayer could reasonably rely on it. (Def. Mot., Ex. 1, Shepard Report at 104-106.)

Defendants also contend that Mr. Smith will opine as to the "propriety of the imposition of penalties" by the Court. (Def. Mot. at 3.) Again, Defendant mischaracterizes the scope of the intended testimony. Mr. Smith will testify as to the quality of the Jenkens & Gilchrist opinion, which is relevant to the taxpayer's ability to rely in good faith on that opinion. (Def. Mot., Ex. 4, Deposition of Stuart Smith at 42.) Neither Professor Shepard's nor Mr. Smith's opinions will usurp the role of the Court in determining the appropriate legal standards to apply in this matter

or interfere with the Court's role as fact finder. On the contrary, Professor Shepard and Mr. Smith will provide an expert evaluation of the contents of the Jenkens & Gilchrist opinion to standards and practices regarding tax opinions. Testimony of this nature is not only permissible but routinely admitted.

## II. ARGUMENT

A party offering expert opinions must prove by a preponderance of the evidence that the proffered testimony satisfies the *liberal* requirements of Federal Rule of Evidence 702. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Indeed, the presumption under the Federal Rules is that expert testimony is admissible. *See e.g. United States v. Paul*, 175 F.3d 906, 910 (6th Cir. 2001) ("[R]ules 702 and 703 give all expert witnesses testimonial leeway unavailable to other witnesses on the presumption that the expert's opinion 'will have a reliable basis in the knowledge and experience of his discipline.'") (*quoting Kimho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)); *see generally*, 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 702.02[1], page 702-6 (2d ed. 2005) ("The presumption under the Rules is that expert testimony is admissible."). This relaxed standard is in accord with the "liberal thrust" of the Federal Rules of Evidence. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993) (Rule 702 is part of the "liberal thrust" of Federal Rules of Evidence and their general

approach of relaxing the traditional barriers to opinion testimony); *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 682 (5th Cir. 1997) ("[T]he basic principles of the Federal Rules of Evidence [include] the liberal standards of admissibility . . . ." (*quoting* Daubert, 509 U.S. at 592)).

Moreover, Federal Rule of Evidence 704 specifically allows "testimony in the form of an opinion or inference . . . [that] embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). Accordingly, an expert witness may testify in the form of an opinion or inference, even if the opinion or inference embraces an ultimate fact issue. *See A.E. By and Through Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991).

In its Motion, the Defendant does not assert that either Professor Shepard or Mr. Smith is unqualified to testify as experts in this matter. Indeed, by virtue of their education, training, experience, and general knowledge, Professor Shepard and Mr. Smith are unquestionably qualified to offer expert testimony. (*See* Curriculum Vitae at Def. Mot., Ex. 1, Shepard Report, Ex. A; Def. Mot., Ex. 2, Stuart Report, Appendix A.) Rather, Defendant premises its request that the Court exclude the testimony of Professor Shepard and Mr. Smith on the grounds that their opinions are comprised purely of legal conclusions that are *per se* inadmissible. Defendant's contentions have no basis in fact or law.

**a. An Expert Opinion That Touches Upon Legal Issues Is Not *Per Se* Inadmissible**

**i. Courts Routinely Allow Expert Testimony on Legal Issues Where Complex Regulatory Schemes Are At Issue**

While it is true that "matters of law" have been excluded as inappropriate subjects for expert testimony in some cases, no *per se* rule exists as Defendant would have this Court believe. Indeed, courts have routinely admitted testimony of a legal nature in instances were the law presents complex issues. Courts have permitted expert testimony as to governing law and regulations in the areas of insurance, banking, and securities. For example, in *Amerco, Inc. v.*

*Commissioner*, the U.S. Tax Court permitted experts in insurance regulation to testify to the key issues of regulatory procedure that was before the Court. 96 T.C. 18 (U.S. Tax Court 1991), *affirmed* 979 F.2d 162 (9th Cir. 1992). Similarly, in the case of *Peckham v. Continental Casualty Ins. Co.*, the Eighth Circuit affirmed the trial court's decision to allow testimony by legal experts because the "defendant presented two well-credentialed experts-attorneys versed in the nuances of insurance law--who offered opinion evidence as to proximate cause." 895 F.2d 830, 837 (1st Cir. 1990).

In *United States v. Van Dyke*, which involved prosecution for bank fraud, the Eighth Circuit determined that the trial court erred in precluding a defense expert from testifying as to the meaning of lengthy and detailed banking regulations. 14 F.3d 415, 422 (8th Cir. 1994). Similarly, in *United States v. Riddle*, the Fifth Circuit held that the district court erred in excluding the expert testimony of a law professor who was to provide information on banking regulations. 103 F.3d 423, 430 (5th Cir. 1997). Again, in *United States v. Jensen*, the Tenth Circuit deemed it permissible to allow the prosecution's expert witness to testify about his interpretation of NASD rules. 608 F.2d 1349, 1356 (10th Cir. 1979).

Like the areas of insurance, banking, and securities, courts have also recognized that the Tax Code is a complex area of the law that operates as an exception to the general rule excluding expert opinions that implicate legal issues. It is surprising that Defendants fail to bring to the Court's attention cases highlighting this fact, particularly in light of the fact that it is usually the government that introduces expert testimony regarding the tax consequences of transactions. For instance, in *United States v. Mikutowicz*, the First Circuit noted that it is well established that "[e]xpert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence." 365 F.3d 65, 72 (1st Cir. 2004); *see also*

*United States v. Toushin,* 899 F.2d 617, 620 (7th Cir. 1990) (in prosecution for making false statements on tax returns, trial court properly permitted IRS agent to testify that cash in defendant's safe was not "income" reportable in earlier tax years); *United States* v. Clardy, 612 F.2d 1139, 1153 (9th Cir. 1980) (trial court did not err in permitting IRS agent to testify that interest deduction was not proper).

Defendant attempts to straddle both sides of this issue, depending on which position yields some marginal benefit. In *Fidelity International Currency Advisor A Fund LLC v. United States*, Case No. 05-40151, a readjustment action pending before the United States District Court for the District of Massachusetts, Plaintiff sought to exclude the testimony of a government expert on the basis that the expert was offering a legal opinion on the "income tax consequences of each step" of the transaction at issue by applying applicable "tax law to the facts of each transaction." In resisting Plaintiffs motion to exclude its expert, the government argued that "[C]ourts specifically allow expert opinions on the application of complex tax or accounting concepts." (*See* U.S. Combined Resp. in Opp. To Mot. To Exclude the Expert Test and Reports of Dr. A. Lawerence Kolbe and Dr. Gordon Rausser at 21, relevant portions of which are attached hereto as Exhibit 1.)

The expected expert testimony of Professor Shepard and Mr. Smith involves, in part, an analysis of the tax laws as they existed in 2000 when Jenkens & Gilchrist issued its tax opinion to the Welles family members. Their testimony falls squarely within the precedent (discussed above) in which courts have permitted experts to give their opinions. A point conceded by Defendant in *Fidelity*. *Id.* Indeed Mr. Smith offered similar expert testimony in the recent case of *Klamath v. Strategic Investment Fund v. United States,* 472 F.Supp.2d 885 (E.D. Tex. 2007),

where the court found such testimony not only admissible but persuasive. The *Klamath* court noted:

> Mr. Stuart Smith provided expert opinion and testimony that substantial authority supported the tax treatment at issue in this case. Smith's experience includes over 40 years as a tax lawyer, both as Tax Assistant to the Solicitor General in the Department of Justice and now in private practice. (Tr. II, 118-125). After examining the material issues identified in the Holland & Hart and Olson Lemons opinions, Smith concluded that the opinions provide an objective analysis of law and its application to the relevant facts. (Tr. II, 135-36). The court agrees with Smith's opinions and concludes that the Holland & Hart and Olson Lemons opinions provide "substantial authority" for the plaintiffs' treatment of their basis in their respective partnerships.

*Id.* at 901. Defendant attempts to downplay the relevance of Mr. Smith's testimony by noting that the *Klamath* court "had no occasion to rule on whether Smith's testimony was proper or admissible." (Def. Mot. at 12, fn. 9) That is true, but it is so because the government filed no motion to exclude Mr. Stuart's testimony. Moreover, counsel for the government, Mr. Stuart Gibson (lead counsel in this action), failed to lodge a single objection to Mr. Stuart's testimony, which included an evaluation of whether certain tax opinions were of the sort that taxpayers could reasonably rely. (*See* Examination of Stuart Smith at 15, attached hereto as Exhibit 2.)

Apparently unsatisfied with the results in *Klamath*, the Defendant now desires to advance a challenge to Mr. Smith's similar testimony that has little basis in the law. Contrary to the Defendant's contentions, the expert reports of Professor Shepard and Mr. Smith do not address pure questions of law. The ultimate question of a taxpayer's negligence in underpaying taxes and the taxpayer's reasonable reliance on tax advice are questions of fact. *See, Allison v. U.S.*, --- Fed.Cl. ----, Case Nos. Nos. 99-419T, 99-726T, 98-718T, 2008 WL 568607, at *16 (Fed. Cl. 2008); *see also Westbrook v. Comm'r*, 68 F.3d 868, 880 (5th Cir.1995); *Pasternak v. Comm'r*, 990 F.2d 893, 902 (6th Cir.1993); *Allen v. Comm'r*, 925 F.2d 348, 353 (9th Cir.1991). Additionally, whether substantial authority exists for treating a transaction in a given manner is a

mixed question of fact and law. *See Intertan Inc. v. C.I.R.*, 117 Fed.Appx. 348 (5th Cir. 2004). The opinions of Professor Shepard and Mr. Smith are not "pure legal argument" as Defendants argue, but rather are relevant to Defendant's assertion of penalties and the potential application of the reasonable cause exception to Plaintiffs.

**b. An Evaluation of the Substantive Law is Necessary and Permissible Where An Expert Is Opining on the Standard of Care.**

Courts have routinely held that "an expert should be permitted to testify to the substantive law applicable to the underlying proceeding, at least to the extent necessary to explain the expert's conclusions that the defendant did or did not exercise the appropriate standard of care." *Middle Market Fin. Corp. v. D'Orazio*, 2002 U.S. Dist. LEXIS 17817 *26 (S.D.N.Y. Sept. 23, 2002). For example, in *Wulfing v. Kansas City Southern Industries, Inc.*, the court rejected a challenge to an expert on the grounds that he was providing a legal opinion, noting that securities regulation experts should be allowed to testify about dealings with the Securities and Exchange Commission or other practices in the securities industry to establish the standard of care to evaluate the conduct of a party. 842 S.W.2d 133, 153-54 (Mo. App. W.D. 1992), *overruled on other grounds, Executive Bd. Of Missouri Baptist Convention v. Carnahan*, 170 S.W.3d 437, 447 (Mo. App. W.D. 2005); *see also Scott v. Matlack, Inc.*, 39 P.3d 1160, 1168 (Co. banc 2002) (OSHA regulations are evidence of standard of care in the relevant industry); *see also U.S. v. Van Dyke*, 14 F.3d 415, 422 (8th Cir. 1994) (error to refuse testimony of expert witness that was author of regulation at issue and an attorney concerning the intent and scope of the regulation as it would be important for jury to understand the regulation).

The present case is analogous. Professor Shepard's and Mr. Smith's reports provide guidance on the relevant standards in the field of tax law. Professor Shepard analyzes the tax law as it existed at the time of the Jenkens & Gilchrist opinion in order to provide assistance to

the Court in determining whether Plaintiffs were negligent or had a reasonable basis to rely on the Jenkens & Gilchrist tax opinions. Mr. Smith's report opines on whether the Jenkens & Gilchrist opinions met both the standards common to the field of tax law and those set forth in Circular 230. Assessing the quality of these opinions requires an understanding of both the substantive tax law as it existed in 2000 and the professional standards of the tax profession, appropriate areas for assistance through expert testimony.

Moreover, Defendant's contention that Circular 230 is irrelevant to the determination of reasonable cause defense to penalties at the partnership level is misplaced. First, Mr. Smith does not contend, as Defendant asserts, that Circular 230 governs the reasonable cause defense. Rather, the fact that the Jenkens & Gilchrist opinion meets, on its face, the requirements set forth in Circular 230 is merely evidence that it was reasonable for a taxpayer to rely on the opinion offered by Jenkens & Gilchrist. Indeed, consideration of Circular 230 is appropriate because it represents the view of the Treasury Department as to what an opinion should appropriately include and evaluate. Accordingly, Circular 230 is relevant to Mr. Smith's conclusions regarding whether the Jenkens & Gilchrist opinion was one on which taxpayers could reasonably rely.

**c. No Risk of Prejudice Exists by Admitting the Expert Testimony of Shepard and Smith**

In a bench trial there is little danger that a jury, as finder of fact, might give too much credence to a legal expert. In the recent case of *Flores v. Arizona*, 2008 WL 484339, Case No. Nos. 07-15603, 07-15605, at *20 (9th Cir. 2008 ), the Ninth Circuit found no abuse of discretion with regard to the admission of expert testimony on federal educational funding law. While noting that such testimony is appropriate in complex and technical matters, the court reasoned that the testimony was, in any event, not prejudicial in a "bench trial, where there was no danger

that a jury might give too much credence to a legal expert." Similarly, no risk of prejudice to Defendants exists here. The Court can allow the testimony of Professor Shepard and Mr. Smith and give it the weight it deems appropriate.

## III. CONCLUSION

For these reasons, this Court should deny Defendant's Motion to exclude the expert reports and testimony of Professor Shepard and Mr. Smith.

Dated: March 19, 2008

Respectfully Submitted

SCHIFF HARDIN LLP

/s/ Robert E. Kolek

Attorneys for Plaintiffs
Robert E. Kolek
Thomas R. Wechter
Matthew C. Crowl
Colleen M. Feeney
Ayad P. Jacob
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: 312-258-5500
Fax: 312-258-5600

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th of March, 2008, the undersigned counsel caused to be electronically filed *Plaintiffs' Response to the United States Motion in Limine to Exclude the Expert Report and Testimony of Ira Shepard and Stuart Smith* using the CM/ECF system, which will send notification of such filing to the following named counsel of record:

Stuart D. Gibson, Esq.
Cory A. Johnson, Esq.
Trial Attorney
Tax Division
U. S. Department of Justice
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Colleen M. Feeney