# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FIDELITY INTERNATIONAL CURRENCY ADVISOR A FUND, L.L.C., by the Tax Matters Partner, | ) | |
| Plaintiff, | ) | Civil Nos. 05-40151-FDS (D. Mass.) 06-40130-FDS (D. Mass.) |
| v. | ) | Judge Saylor |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**UNITED STATES OF AMERICA'S COMBINED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT TESTIMONY AND REPORTS OF DR. A. LAWRENCE KOLBE AND DR. GORDON RAUSSER**

Plaintiff's attempts to exclude the reports and testimony of the United States' expert witnesses represent three more unsupported and unsupportable motions in a long line of groundless motions. Due to the similarity of plaintiff's motions to exclude A. Lawrence Kolbe (Dr. Kolbe) and Gordon Rausser (Dr. Rausser), the United States combines its opposition in response to those two motions below.[1] Even the most cursory reading of the painstakingly-detailed, superbly-supported and professionally-written reports of Dr. Rausser and Dr. Kolbe make it eminently clear that plaintiff's attacks on these two extremely well-qualified, indeed distinguished, experts are unfounded and unwarranted.[2] What is more, plaintiff's motions

[1]We address plaintiff's motion to exclude the report and testimony of David W. LaRue in a separate response since his report is focused on a separate subject matter, *i.e.*, the tax reporting of the transactions.

[2]When plaintiffs filed their motions to exclude Dr. Kolbe and Dr. Rausser, they filed under seal only the reports of the experts. At the January 25, 2008 status conference in this case, counsel for the United States suggested that the Court would benefit from the bounded hard-copies of its experts' reports, which contained numerous tables, charts, and graphs. Moreover, plaintiff noticeably failed to provide the Court with the exhibits and appendices relating to these

(continued...)

each transaction."[61] Plaintiff's citations of Dr. Rausser's opening and rebuttal reports do not support his conclusion that Dr. Rausser opines on the income tax consequences of the transactions at issue. Even if he did, it would not necessarily be improper as courts specifically allow expert opinions on the application of complex tax or accounting concepts.[62] Finally, plaintiff's argument that Dr. Rausser's opinion is based on the "step transaction" doctrine borders on the ridiculous. Not only does Dr. Rausser not mention or allude to the step transaction doctrine in his reports, but as he explains in his Declaration:

> I am [] as a financial economist, capable of determining the way in which the outcome would have been altered if the various trades, transfers and investments that make up the transaction had been carried out in a different order. My assignment in this case called upon me to evaluate the actual and reasonably expected pre-tax economic impacts of the transaction and to compare them with the after-tax results claimed by Plaintiff. My opinion is limited to those fundamental observations: what their implications may be for the application of the 'Step Transaction Doctrine' is beyond the scope of my reports and any testimony I might offer at trial.[63]

**4. Dr. Rausser Does Not Use Legal Terms to Offer a Legal Opinion.**

Plaintiff's argument that Dr. Rausser improperly uses "specialized" legal terms is difficult to respond to, mostly because it makes little, if any, sense. Plaintiff's argument starts with the proposition that "[a]n expert witness crosses the line by explicitly or implicitly using a legal standard to instruct the trier of fact in how to interpret the evidence."[64] Plaintiffs argument is that "[t]he Rausser Reports use numerous specialized legal terms that one would not expect an objective financial economist to use," and cites Dr. Rausser's use of "form over substance,"

---

[61]Rausser Memorandum, p. 22.

[62]See 29 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure* § 6284 & fn. 24 (2007) and the cases cited in that footnote.

[63]Rausser Declaration, ¶19.

[64]Rausser Memorandum, p. 22.