# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **STOBIE CREEK INVESTMENTS, LLC, and JFW ENTERPRISES, INC.,** | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | No. 05-748T & 07-520T |
| **THE UNITED STATES,** | * | (Filed Mar. 24, 2008) |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER ON MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENT AND SETTLEMENT NEGOTIATIONS

Plaintiffs on February 19, 2008, filed Plaintiffs' Motion *in Limine* To Exclude Evidence of Settlement and Settlement Negotiations. Defendant responded on March 19, 2008. See Order entered on Dec. 10, 2007, ¶ 2 (notifying parties that, pursuant to RCFC 7.2(a), motions *in limine* subject to ruling without reply briefs).

Plaintiffs' motion is addressed to a "Nonprosecution Agreement" that Jenkins & Gilchrist entered into with the U.S. Department of Justice, United States Attorney, Southern District of New York, including a Closing Agreement with the Internal Revenue Service (the "IRS"). Defendant has withdrawn the Closing Agreement dated October 28, 2004, signed by Stephen Bores (defendant's proposed Exhibit 2 in the exhibit list filed on March 12, 2008). See Def's Br. filed Mar. 19, 2008, at 1-2.

The documents appended to defendant's response as Exhibit A (defendant's proposed Exhibit 362 in the exhibit list filed on March 12, 2008), which defendant represents constitute the Nonprosecution Agreement, including a press release from Jenkins & Gilchrist, refer to the agreements with the United States Attorney's Office for the Southern District of New York and the IRS as resolving outstanding issues between the parties and use the term "final settlement" in connection with the Closing Agreement with the IRS. Introduction of this composite exhibit is proscribed by Fed. R. Evid. 408 . The composite exhibit would tend to prove liability of Jenkins & Gilchrist for fraudulent activity in connection with issuance

of an tax opinion letter related to the subject transaction and/or the invalidity of the claim that plaintiffs reasonably relied on the opinion letter.

Insofar as plaintiffs will rely on an opinion letter provided by Jenkins & Gilchrist as a bulwark of their reasonable cause defense under 26 I.R.C. § 6444(c) (2000), however, defendant may introduce into the record evidence that Jenkins & Gilchrist has disavowed such opinion letter per its statement, assuming that defendant can show that the statement was released publicly. See Fed. R. Evid. 804(b)(3) (recognizing exception to rule against hearsay for statements against declarant's interest); 801(c) (excluding statements not offered for the truth of the matter asserted from rule against hearsay).

The court appreciates the dilemma that plaintiffs face: they will rely on advice that subsequently was discredited by the law firm that prepared it. If plaintiffs succeed in arguing that the relevant period for assessing reasonable reliance is the time frame before plaintiffs embarked upon the transactions that led to the increased basis in the Therma-Tru stock, this evidence bearing on subsequent conduct of Jenkins & Gilchrist would be admissible to show that the opinion letter ultimately met a legal fate tantamount to being withdrawn. The investigation of, vetting of, familiarity with, and due diligence exercised by plaintiffs, through their investment advisor, Jeffrey F. Welles, in relying on an opinion letter from the law firm that sold plaintiffs the use of its proprietary tax plan will be plaintiffs' proof of reasonable reliance. The existence *vel non* of contemporaneous indications of unreliability that were known by, or should have been known by, an investment advisor in the position of Jeffery F. Welles will be explored by defendant either in cross-examination or as part of its case-in-chief. If plaintiffs are relying on legal advice indicating that they could rely with confidence on the opinion letter (advice to Mr. Welles to that effect), plaintiffs must be prepared to discuss that advice on direct or cross-examination. To the extent that one or more of the partners was privy to such advice when it was given to Mr. Welles, plaintiffs may develop that testimony and documentary evidence insofar as it represents advice given to the partnership. Accordingly,

**IT IS ORDERED**, as follows:

Plaintiffs' motion is granted as to DX 362. Defendant may offer the "Statement of Jenkins and Gilchrist," if plaintiffs put the press release in issue by relying on a Jenkins & Gilchrist opinion letter or other evidence of advice from Jenkins & Gilchrist or that of another attorney or law firm approving or evaluating the reasonableness of relying on the Jenkins & Gilchrist opinion letter.

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge