# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STOBIE CREEK INVESTMENTS, LLC, and JFW ENTERPRISES, INC.,** *
Plaintiffs, *

v. * Nos. 05-748T & 07-520T

**THE UNITED STATES,** * (Filed Apr. 30, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER CLOSING PROOFS AND SETTING BRIEFING SCHEDULE

Trial in this matter concluded on April 23, 2008, after the parties presented closing arguments. At the outset of proceedings on April 23, 2008, plaintiffs' counsel furnished the court and defense counsel with a copy of the recent decision in Sala v. United States, Civ. No. 05-cv-00636-LTB, 2008 WL 1836693 (D. Colo. Apr. 22, 2008). Counsel for the parties did not argue the case.

In its pretrial brief, defendant had listed the following issue as an issue of law that the court should resolve: "Whether Treas. Reg. § 1.752-6 is valid as applied retroactively, and disallows all but $2 million of the $204 million increase in the outside basis of Stobie Creeks' partners that plaintiffs claim resulted from the contribution of the options." Def.'s Br. filed Mar. 12, 2008, at 29. Given the United States Court of Appeals for the Federal Circuit's holding in Coltec Industries, Inc. v. United States, 454 F.3d 1340 (Fed. Cir. 2006), *cert. denied*, 127 S. Ct. 1261 (2007), defendant may be correct that "the regulation is simply a backdrop to the result that otherwise obtains under the existing law of economic substance and substance-over-form." Def.'s Br. filed Mar. 12, 2008, at 36 n.25. Significantly, the Federal Circuit in Coltec did not rule on the regulation or its retroactive effect. Coupled with the 2006 summary judgment opinion in Klamath Strategic Inv. Fund, LLC v. United States, 440 F. Supp. 2d 608, 623-25 (E.D. Tex. 2006) (granting partial summary judgment on invalidity of retroactive application of regulation); see also Klamath Strategic Inv. Fund, LLC v. United States, 472 F. Supp. 2d 885, 895 (E.D. Tex. 2007), *appeals docketed*, Nos. 07-40861 & 07-40915 (5th Cir. Sept. 6 and 14, 2007). Sala, Civ. No. 05-cv-00636-LTB, 2008 WL 1836693, lends support to plaintiffs' argument that Treas. Reg. § 1.752-6 cannot

apply retroactively. Therefore, the court will rule on the applicability of Treas. Reg. § 1.752-6 (and the applicability of I.R.C. § 358(h)(3)).

This court commented gratuitously on the 2006 Klamath summary judgment opinion in connection with its now vacated order entered on March 10, 2008, denying Plaintiffs' Motion for an Order Confirming Jurisdiction. The United States Court of Appeals for the Seventh Circuit summarily rejected Klamath's ruling on retroactivity in Cemco Investors, LLC v. United States, 515 F.3d 749 (7th Cir. 2008). The recent opinion in Sala confirms that the Seventh Circuit's treatment of Klamath disserves the analysis that the issue calls for and that both the Klamath and Sala opinions set out strong legal arguments. Specifically, the trial court in Sala was not dissuaded by Judge Easterbrook's critical rejection of the Klamath court's analysis of the statutory and regulatory authority and case law and fully engaged the issue of retroactivity. See Sala, Civ. No. 05-cv-00636-LTB, 2008 WL 1836693, at *30 ("Further (in an opinion curiously lacking substantive analysis) the Cemco court did not analyze whether the Treasury exceeded its statutory authority in promulgating 26 C.F.R. § 1.752-6."). In the circumstances, when the analysis of the Seventh Circuit was both superficial and more disdainful than analytical, defendant should set forth its argument why both Klamath and Sala were wrongly decided or distinguish the opinions from the case at bar. Plaintiffs shall have an opportunity to respond.

**IT IS ORDERED**, as follows:

1. The proofs shall be closed upon the filing of the official transcript of trial and exhibits.

2. By May 15, 2008, defendant shall file a supplemental brief, not to exceed twenty pages, addressing the opinions in Klamath, Sala, and Cemco, as they relate to retroactive application of Treas. Reg. § 1.752-6 (and the applicability of I.R.C. § 358(h)(3)).

3. By May 30, 2008, plaintiffs shall file their response thereto, not to exceed twenty pages.

________________________________________s/ Christine O. C. Miller

**Christine Odell Cook Miller**
Judge