# EXHIBIT B

§ 1.752-7, applying to assumptions of contingent liabilities by partnerships on or after June 24, 2003.

## [2] Regulations § 1.752-6 (October 18, 1999, to June 23, 2003)

During the limited period of its effectiveness, from October 18, 1999, to June 23, 2003, Regulations § 1.752-6 provides that if a partnership, in a § 721(a) transaction, assumes an obligation of a partner that is not treated as a liability under § 752(a) or 752(b), then the partner's basis in the partnership is reduced by the amount of the obligation unless one of several exceptions applies. The reduction may not reduce the partner's basis in his partnership interest below the fair market value of the interest increased by the partner's share of partnership liabilities under the § 752 Regulations. This reduction is made following all other adjustments under § 752 and does not affect the partnership's basis in any contributed property.

Application of Regulations § 1.752-6 is illustrated by the following example:

**EXAMPLE 7-5:** In 2000, *A* and *B* form equal partnership *PRS*. In exchange for a 50 percent interest in *PRS*, *A* contributes property with a value and a basis of $200, subject to two obligations: (1) a nonrecourse liability of $50, which is a liability for § 752 purposes, and (2) an obligation in the amount of $100 that is not a § 752 liability and is not associated with a trade or business or any assets contributed to *PRS* by *A*. *PRS* has no other liabilities. After the contribution, *A*'s share of partnership liabilities under the § 752 regulations is $25. *A*'s basis in his *PRS* interest is $75, calculated as follows:

1. *A*'s tentative basis in its *PRS* interest is $125 (*A*'s basis in the contributed land ($150) reduced by the § 752 liability assumed by *PRS* ($50) and increased by *A*'s share of partnership § 752 liabilities (50 percent of $50, or $25));
2. The adjusted value of *A*'s interest is $75 (the fair market value of *A*'s interest ($50) increased by *A*'s share of partnership liabilities ($25)); and
3. Finally, Regulations § 1.752-6(a) reduces *A*'s tentative basis of $125 in the *PRS* interest by the value of the non-§ 752 liability ($100), but not below the adjusted fair value of the *PRS* interest ($75). Accordingly, *A*'s basis in *PRS* is reduced to $75.

There are a few significant exceptions to the application of Regulations § 1.752-6. First, a basis reduction generally is not required if the trade or business with which the liability is associated is transferred to the partnership assuming the liability. Additionally, a partner's basis is not reduced if substantially all of the assets with which a liability is associated are contributed to the partnership assuming the liability. This latter exception does not

apply to any transaction that is the same as, or substantially similar to, a transaction described in Notice 2000-44.[78]

The application of Regulations § 1.752-6 can be unduly harsh. To illustrate, assume that, in Example 7-5, the non–§ 752 liability matures following the contribution of the property, resulting in a $100 deduction to *PRS*. Assume further that the entire amount of the deduction is allocated to *A*. *A*'s deduction would be limited to $75 as a result of the § 704(d) limitation, and this allocation would reduce *A*'s basis in its partnership interest to zero. Any sale of *A*'s interest for its economic value of $50 would result in a $50 gain to *A*, despite the fact that no economic gain had accrued to *A*.

The harsh operation of Regulations § 1.752-6 seems to be entirely intentional; its principal function appears to be addressing abuse in transactions such as those described in Notice 2000-44.[79] Taxpayers are, however, offered the option of electing out of this harsh treatment and into the regime created by Regulations § 1.752-7,[80] including the definition of "liability" in Regulations § 1.752-1(a)(4).[81]

The validity of Regulations § 1.752-6 is questionable. A district court has held these Regulations invalid, at least with respect to transactions entered into before the issuance of Notice 2000-44,[81.1] based on the apparent belief that they adopt a retroactive definition of "liability" that "changes settled law" under § 752.[81.2] However, Regulations § 1.752-6 does not address the defini-

---

[78] Notice 2000-44, 2000-2 CB 255 (assumption by a partnership of an obligation to deliver property under a sold call option, or the assumption by a partnership of premium indebtedness).

[79] It is questionable whether the Regulations, as they apply to transactions described in Notice 2000-44, 2000-2 CB 255, are valid. See Whitmire & Lemons, "The Partnership Temporary Regulations—Placing a Premium on Validity," 101 Tax Notes 635 (Nov. 3, 2003). The Treasury reiterated its belief in the validity of the Regulations in the Treasury Decision accompanying their finalization, arguing that the Regulations carry out their purportedly authorizing directive by creating results for the transactions described in Notice 2000-44 identical to those that would result if the transactions had used corporations rather than partnerships. See TD 9207, 70 Fed. Reg. 30,334 (June 1, 2005).

This argument misses the point of the authorizing language for the partnership analog to § 358(h). The Treasury was not authorized to create results for partnerships that duplicate those that would result if the transfer had been to a corporation. The Treasury was authorized to issue Regulations preventing the duplication or acceleration of losses through the assumption of liabilities described in § 358(h)(3). Pub. L. No. 106-554, § 309(c). Regulations § 1.752-6 prevents deduction of losses that have not been duplicated or accelerated.

[80] See infra ¶ 7.04[3]. See TD 9207, 70 Fed. Reg. 30,334 (June 1, 2005).

[81] See supra ¶ 7.03.

[81.1] Klamath Strategic Inv. Fund, LLC v. United States, 440 F. Supp. 2d 608 (ED Tex. 2006). Notice 2000-44, 2000-2 CB 255, was issued on September 5, 2000.

[81.2] Klamath Strategic Inv. Fund, LLC v. United States, 440 F. Supp. 2d 608, 620 (ED Tex. 2006).

tion of "liability," and the new definition of "liability" in Regulations § 1.752-1(a)(4)(iv), which was promulgated concurrently with Regulations § 1.752-6, applies only prospectively. While good arguments exist for finding Regulations § 1.752-6 invalid,[81.3] the contention that taxpayers were entitled to rely on "*Helmer* and its progeny,"[81.4] rather than the new liability definition, is not one of them.

## [3] Regulations § 1.752-7 (June 24, 2003, and Thereafter)

Simultaneously with the issuance of Regulations § 1.752-6, discussed in ¶ 7.04[2] above, the Treasury issued a more comprehensive and infinitely more complex regulatory regime to prevent the acceleration or duplication of loss through transfers and assumptions of obligations that are not liabilities for § 752 purposes and which, therefore, do not affect basis under the generally applicable rules of Subchapter K.

### [a] General Principles

Regulations § 1.752-7 was intended to prevent the duplication or acceleration of loss resulting from transfers and assumptions of obligations that are not liabilities for § 752 purposes. This category of obligations is referred to by the Regulations as "§ 1.752-7 liabilities," a peculiar and unhelpful shorthand for obligations that are not treated as liabilities under the § 752 Regulations. Because these obligations are not treated as liabilities under the generally applicable portions of the § 752 Regulations, they only affect the basis of partners' partnership interests at the times and to the extent provided by Regulations § 1.752-7.

The complexity of Regulations § 1.752-7 is attributable to the difficulty of accomplishing Congress's goal of preventing the acceleration or duplication of loss while allowing the contributing partner sufficient outside basis to utilize the deduction arising from the satisfaction of the contingent liability if the liability matures at a time when the contributor is still a partner.[82] The methodology adopted by the Regulations is to reduce the outside basis of the partner from whom the § 1.752-7 liability is assumed (i.e., the "§ 1.752-7 liability-partner") by the amount of the § 1.752-7 liability, but defer the reduction until the occurrence of a "triggering event," which is any event that affects the

---

[81.3] See supra note 79.

[81.4] Klamath Strategic Inv. Fund, LLC v. United States, 440 F. Supp. 2d 608, 626 (ED Tex. 2006).

[82] The Regulations are effective for liability transfers occurring on or after June 24, 2003, or for any transfer after October 18, 1999, and before June 24, 2003, if an election is made. Reg. § 1.752-7(k)(2).